The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MCKENNA DUFFY and MICHAEL BRETT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YARDI SYSTEMS, INC., *et al.*,<br><br>Defendants. | No. 2:23-cv-01391-RSL<br><br>**REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR APPOINTMENT OF HAGENS BERMAN SOBOL SHAPIRO LLP AS INTERIM LEAD CLASS COUNSEL**<br><br>**NOTE ON MOTION CALENDAR**:<br>March 15, 2024 |

REPLY BRIEF ISO PLAINTIFFS' MOTION FOR APPOINTMENT OF HAGENS BERMAN SOBOL SHAPIRO LLP AS INTERIM LEAD CLASS COUNSEL
011188-11/2461499 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

## ARGUMENT

Defendants' opposition does not contest the qualification of Hagens Berman Sobol Shapiro LLP to serve as interim lead counsel under Fed. R. Civ. P. 23(g). Rather, it asserts that this designation is "unnecessary" because there have been no competing cases filed in other federal courts.[1] For the following reasons, the argument is unpersuasive.

First, Defendants are incorrect to suggest that there is no need for interim lead counsel without multiple competing suits. This Court "does not find the absence of any competing cases or applications for appointment of counsel particularly helpful to the resolution of plaintiff's motion" for the purpose of appointing interim lead counsel, because "courts routinely reach opposite conclusions under these same circumstances." *McFadden v. Microsoft Corp.*, 2020 WL 5642822, at *2 (W.D. Wash. Sept. 22, 2020) (granting plaintiffs' motion to appoint interim class counsel where proposed counsel satisfied Rule 23(g)(1)(A) factors and the defendant did not "identify any tangible prejudice it would suffer through the appointment of interim lead and liaison counsel"); *see also Gallagher v. Bayer AG*, 2015 WL 4932292, at *8 (N.D. Cal. Aug. 18, 2015) (appointing interim class counsel over defendant's objection that no competing cases existed because plaintiffs showed they met the Rule 23(g)(1) factors and because of "several cases in which courts have appointed interim class counsel in the absence of other class suits").

Indeed, the Rule 23 Advisory Committee note makes clear that the prevailing consideration in appointing interim class counsel is to protect the interests of the class. Particularly, the Committee recognizes that significant work takes place before a case reaches class certification: "[S]ome discovery is often necessary for that determination. It also may be important to make or respond to motions before certification. Settlement may be discussed before certification." Fed. R. Civ. P. 23(g)(2)(A) advisory committee note to 2003 amendment. Appointment of interim class counsel is a valuable tool for maximizing and streamlining those pre-certification efforts here, given the complexity of this antitrust action, the involvement of 11 defendants, and the existence of a competing case pending in another court. *See* Order Appointing Hagens Berman Sobol

---

[1] Defs.' Resp. to Pls.' Mot. for Appointment of Hagens Berman Sobol Shapiro LLP as Interim Lead Class Counsel at 1-2, ECF No. 151.

REPLY BRIEF ISO PLAINTIFFS' MOTION FOR APPOINTMENT OF HAGENS BERMAN SOBOL SHAPIRO LLP AS INTERIM LEAD CLASS COUNSEL - 1
011188-11/2461499 V1


1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

Shapiro LLP as Interim Class Counsel with Respect to the Student Housing Class at 1, *Navarro v. RealPage Inc. et al.*, No. 2:22-cv-01552-RSL (W.D. Wash. Jan. 13, 2023), ECF No. 78 (appointing Hagens Berman Sobol Shapiro LLP as interim class counsel because such appointment "will aid in achieving efficiency and economy in what is likely to be expensive and complicated litigation, and that such appointment will enhance fairness to all parties concerned, as well as the proposed class"); *McFadden*, 2020 WL 5642822, at *2 (the proposed counsel's satisfaction of Rule 23(g)(1) factors and the lack of prejudice to defendants was sufficient to appoint interim class counsel).

Second, Defendants do not dispute that a competing class suit is currently pending before a court, asserting the same basic allegations of anticompetitive conduct against substantially overlapping defendants.[2] Defendants cite no cases showing that considerations for appointing interim lead counsel under Rule 23(g)(3) apply differently depending on whether the overlapping class suit is filed before a federal or state court. Courts regularly appoint interim lead or co-lead counsel with two pending actions. *See, e.g.*, *Bartling v. Apple Inc.*, 2018 WL 4804735, at *2 (N.D. Cal. Apr. 27, 2018) (appointing three firms as interim co-lead class counsel where two actions were pending); *Friedman v. Guthy-Renker LLC*, 2016 WL 2758240, at *2 (C.D. Cal. May 12, 2016) (appointing interim class counsel when there were two pending actions); *Adedipe v. U.S. Bank, Nat'l Ass'n*, 2016 WL 7131574, at *1 (D. Minn. Mar. 18, 2016) (court appointed two firms as interim co-lead class counsel when two pending actions were consolidated); *Hohenberg v. Ferrero U.S.A., Inc.*, 2011 WL 13134161, at *1 (S.D. Cal. Mar. 22, 2011) (same). Appointing Hagens Berman as interim lead class counsel will serve the best interests of the class and ensure this case is litigated without duplication of effort or incurring unnecessary expense.

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion to appoint Hagens Berman Sobol Shapiro LLP as interim lead class counsel.

---

[2] *Mach, et al. v. Yardi Systems, Inc., et al.*, No. 24–CV–063117 (Cal. Super. Ct. Feb. 8, 2023).
REPLY BRIEF ISO PLAINTIFFS' MOTION FOR APPOINTMENT OF HAGENS BERMAN SOBOL SHAPIRO LLP AS INTERIM LEAD CLASS COUNSEL - 2
011188-11/2461499 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

| | | |
|---|---|---|
| 1 | DATED: March 15, 2024. | Respectfully submitted, |
| 2 | | HAGENS BERMAN SOBOL SHAPIRO LLP |

*/s/ Steve W. Berman*
Steve W. Berman (WSBA No. 12536)

*/s/ Theodore Wojcik*
Theodore Wojcik (WSBA No. 55553)

*/s/Breanna Van Engelen*
Breanna Van Engelen (WSBA No. 49213)

*/s/ Stephanie A. Verdoia*
Stephanie A. Verdoia (WSBA No. 58636)

*/s/ Xiaoyi Fan*
Xiaoyi Fan (WSBA No. 56703)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: tedw@hbsslaw.com
Email: breannav@hbsslaw.com
Email: stephaniev@hbsslaw.com
Email: kellyf@hbsslaw.com

Rio S. Pierce (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: riop@hbsslaw.com

*Attorneys for Plaintiffs MCKENNA DUFFY and MICHAEL BRETT*

REPLY BRIEF ISO PLAINTIFFS' MOTION FOR APPOINTMENT OF HAGENS BERMAN SOBOL SHAPIRO LLP AS INTERIM LEAD CLASS COUNSEL - 3
011188-11/2461499 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX