1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

8

9

MCKENNA DUFFY and MICHAEL BRETT, individually and on behalf of all others similarly situated,

10

Plaintiffs,

11

12

v.

13

14

15

16

17

18

19

YARDI SYSTEMS, INC., BRIDGE PROPERTY MANAGEMENT, L.C., CALIBRATE PROPERTY MANAGEMENT, LLC, DALTON MANAGEMENT, INC., HNN ASSOCIATES, LLC, LEFEVER MATTSON PROPERTY MANAGEMENT, MANCO ABBOTT, INC., MORGUARD MANAGEMENT COMPANY, R.D. MERRILL REAL ESTATE HOLDINGS, LLC, SUMMIT MANAGEMENT SERVICES, INC., and CREEKWOOD PROPERTY CORPORATION,

20

Defendants.

21

Case No. 2:23-cv-01391-RSL

**STIPULATED MOTION FOR ENTRY OF PROTECTIVE ORDER AND ORDER**

22

23

24

25

26

27

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**1.      PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

This Order has been agreed to by the Parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any document, information, or the like as Confidential material or Highly Confidential material, nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

By stipulating to the entry of this Order, the Parties do not waive any right to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, the Parties do not waive any right to object on any ground to the use in evidence of any documents or information, including Confidential material or Highly Confidential material covered by this Order.

**2.      "CONFIDENTIAL" MATERIAL**

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: (a) information prohibited from disclosure by statute or contractual agreement; (b) information that reveals trade secrets; (c) research, development, technical, commercial, financial, or corporate information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identifying information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Confidential material shall be marked or otherwise designated "CONFIDENTIAL." The parties will make reasonable efforts to

Matthew Carvalho,
Attorney at Law, PLLC
720 Seneca Street
Seattle, Washington 98101
206.799.6888

1  ensure that information or documents that are available to the public are not designated as
2  Confidential material.

3  **3.    "HIGHLY CONFIDENTIAL" MATERIAL**

4           3.1    "Highly Confidential—Source Code" material. "Highly Confidential—Source
5  Code" material shall include extremely sensitive "Confidential" material representing computer
6  code and associated comments and revision histories, formulas, engineering specifications, or
7  schematics that define or otherwise describe in detail the algorithms or structure of software or
8  hardware designs, disclosure of which to another Party or Non-Party would create a substantial
9  risk of serious harm that could not be avoided by less restrictive means.

10          3.2    "Highly Confidential—Attorneys' Eyes Only" material. "Highly Confidential—
11  Attorneys' Eyes Only" material, such as competitive internal business information and
12  communications, shall include extremely sensitive "Confidential" material that the producing
13  party reasonably believes to be so sensitive that it is entitled to additional protection via an
14  "Attorneys' Eyes Only" designation, and disclosure of which to another Party or Non-Party
15  would create a substantial risk of serious harm that could not be avoided by less restrictive means.

16  **4.    SCOPE**

17  The protections conferred by this agreement cover not only Confidential and Highly Confidential
18  material (as defined above), but also (1) any information copied or extracted from Confidential or
19  Highly Confidential material; (2) all copies, excerpts, summaries, or compilations of Confidential
20  or Highly Confidential material; and (3) any testimony, conversations, or presentations by parties
21  or their counsel that might reveal Confidential or Highly Confidential material.

22  However, the protections conferred by this agreement do not cover information that is in the
23  public domain or becomes part of the public domain through trial or otherwise.

24  **5.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

25          5.1    <u>Basic Principles</u>. A receiving party may use Confidential material that is disclosed
26  or produced by another party or by a non-party in connection with this case only for prosecuting,
27  defending, or attempting to settle this litigation. Confidential material may be disclosed only to

28  STIPULATED PROTECTIVE ORDER – 2
    (Case No. 2:23–cv–01391-RSL)

**Matthew Carvalho,**
**Attorney at Law, PLLC**
720 Seneca Street
Seattle, Washington 98101
206.799.6888

1 the categories of persons and under the conditions described in this agreement. Confidential

2 material must be stored and maintained by a receiving party at a location and in a secure manner

3 that ensures that access is limited to the persons authorized under this agreement.

4      5.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered

5 by the court or permitted in writing by the designating party, a receiving party may disclose any

6 Confidential material only to:

7      (a)    the receiving party's counsel of record in this action, as well as employees

8 of counsel to whom it is reasonably necessary to disclose the information for this litigation;

9      (b)    the officers, directors, and employees (including in-house counsel) of the

10 receiving party to whom disclosure is reasonably necessary for this litigation;

11      (c)    experts, their staff, and consultants to whom disclosure is reasonably

12 necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be

13 Bound" (Exhibit A);

14      (d)    the court, court personnel, and court reporters and their staff;

15      (e)    copy or imaging services retained by counsel to assist in the duplication of

16 Confidential material, provided that counsel for the party retaining the copy or imaging service

17 instructs the service not to disclose any Confidential material to third parties and to immediately

18 return all originals and copies of any Confidential material;

19      (f)    during their depositions, witnesses in the action to whom disclosure is

20 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

21 (Exhibit A), provided that counsel for the party intending to disclose the information has a good-

22 faith basis for believing such Confidential information is relevant to events, transactions,

23 discussions, communications or data about which the witness is expected to testify or about which

24 the witness may have knowledge, unless otherwise ordered by the court. Pages of transcribed

25 deposition testimony or exhibits to depositions that reveal Confidential material must be

26 separately bound by the court reporter and may not be disclosed to anyone except as permitted

27 under this agreement;

28 STIPULATED PROTECTIVE ORDER – 3
(Case No. 2:23–cv–01391-RSL)

Matthew Carvalho,
Attorney at Law, PLLC
720 Seneca Street
Seattle, Washington 98101
206.799.6888

1    (g)    the author or recipient of a document containing the information or a

2 custodian or other person who otherwise possessed or knew the information;

3    (h)    identified persons who are referenced in the document or whose conduct is

4 purported to be identified in the document, provided that counsel for the party intending to

5 disclose the information has a good-faith basis for believing such Confidential information is

6 relevant to events, transactions, discussions, communications, or data about which the person has

7 knowledge; disclosure to such person is limited to the portion of the document in which the

8 person or person's conduct is identified or referenced; and such person has signed the

9 "Acknowledgment and Agree to Be Bound" (Exhibit A); and

10    (i)    other persons only by written consent of the producing party or upon order

11 of the court and on such conditions as may be agreed or ordered, but such consent shall not be

12 unreasonably withheld.

13    5.3    <u>Filing "CONFIDENTIAL" Material</u>. Before filing Confidential material or

14 discussing or referencing such material in court filings, the filing party shall confer with the

15 designating party, in accordance with Local Civil Rule 5(g). Any motion to seal filed by the

16 receiving party, where a designating party must make a showing required by Local Civil Rule

17 5(g)(3)(B) in response to the motion, must be noted for consideration no earlier than the fourth

18 Friday after filing. A party who seeks to maintain the confidentiality of its information must

19 satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion

20 to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in

21 accordance with the strong presumption of public access to the court's files.

22 **6.    ACCESS TO AND USE OF HIGHLY CONFIDENTIAL—SOURCE CODE**
**MATERIAL**

23

24    6.1    <u>Basic Principles</u>. A receiving party may use Highly Confidential—Source Code

25 material that is disclosed or produced by another party or by a non-party in connection with this

26 case only for prosecuting, defending, or attempting to settle this litigation. Highly Confidential—

27

28 STIPULATED PROTECTIVE ORDER – 4
(Case No. 2:23–cv–01391-RSL)

Matthew Carvalho,
Attorney at Law, PLLC
720 Seneca Street
Seattle, Washington 98101
206.799.6888

Source Code material may be disclosed only to the categories of persons and under the conditions described in this agreement.

(a)     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the producing party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without internet access or network access to other computers, and the receiving party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The producing party may visually monitor the activities of the receiving party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(b)     The receiving party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The producing party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL—SOURCE CODE." The producing party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Section 9 whereby the producing party is the "challenging party" and the receiving party is the "designating party" for purposes of dispute resolution.

(c)     The receiving party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The receiving party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The receiving party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The receiving party shall only make additional paper copies if such additional copies are (1) necessary to prepare

STIPULATED PROTECTIVE ORDER – 5
(Case No. 2:23–cv–01391-RSL)

Matthew Carvalho,
Attorney at Law, PLLC
720 Seneca Street
Seattle, Washington 98101
206.799.6888

1  court filings, pleadings, or other papers (including a testifying expert's expert report), (2)

2  necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper

3  copies used during a deposition shall be retrieved by the producing party at the end of each day

4  and must not be given to or left with a court reporter or any other unauthorized individual.

5      6.2    Disclosure of "HIGHLY CONFIDENTIAL—SOURCE CODE" Material. Unless

6  otherwise ordered by the court or permitted in writing by the designating party, a receiving party

7  may disclose any Highly Confidential—Source Code Material only to:

8          (a)    receiving party's outside counsel of record in this action, as well as

9  employees of said outside counsel of record to whom it is reasonably necessary to disclose the

10  information for this litigation;

11          (b)    experts and staff of the receiving party (1) to whom disclosure is

12  reasonably necessary for this litigation; (2) who have signed the "Acknowledgment and

13  Agreement to Be Bound" (Exhibit A);

14          (c)    the court and its personnel subject to paragraph 6.3 below;

15          (d)    court reporters and their staff, professional jury or trial consultants and

16  professional vendors to whom disclosure is reasonably necessary for this litigation and who have

17  signed the "Acknowledgment and Agree to Be Bound" (Exhibit A);

18          (e)    witnesses during depositions or testimony at trial or any hearing, witnesses

19  in this action to whom disclosure is reasonably necessary, provided that counsel for the party

20  intending to disclose the information has a good-faith basis for believing such Highly

21  Confidential—Source Code material is relevant to events, transactions, discussions,

22  communications, or data about which the witness is expected to testify or about which the witness

23  may have knowledge. Before disclosing any document pursuant to this paragraph, counsel who

24  intends to disclose the document must first notify counsel for the designating party of their intent

25  to do so. At depositions, trial, or hearings, such notice may be accomplished by presenting a copy

26  of the Highly Confidential—Source Code material to counsel for the designating party and

27  permitting counsel an opportunity to object before the document is shown to the witness. Until the

28
STIPULATED PROTECTIVE ORDER – 6
(Case No. 2:23–cv–01391-RSL)

**Matthew Carvalho,**
**Attorney at Law, PLLC**
720 Seneca Street
Seattle, Washington 98101
206.799.6888

1  designating party agrees to the disclosure, or the court orders such disclosure, Highly
2  Confidential—Source Code material shall not be disclosed to or discussed with any witness.
3  Witnesses shall not retain a copy of documents containing Highly Confidential—Source Code
4  material, except witnesses may receive a copy of all exhibits marked at their depositions in
5  connection with review of the transcripts. Pages of transcribed testimony or exhibits to
6  depositions that are designated as Highly Confidential—Source Code material must be separately
7  bound by the court reporter and may not be disclosed to anyone except as permitted under this
8  Order.;

9        (f)     the author or recipient of the document (not including a person who received the
10  document solely in the course of litigation); and

11        (g)     other persons only by written consent of the producing party or upon order of the
12  court and on such conditions as may be agreed or ordered, but such consent shall not be
13  unreasonably withheld.

14        To the extent any person is required to complete the certification contained in Attachment
15  A to this Order, facsimile signatures or signatures transferred in electronic format (*e.g.*, PDF)
16  shall be treated as original signatures for purposes of this Order.

17        6.3     <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY</u>
18  <u>CONFIDENTIAL—SOURCE CODE" Material to Designated Experts</u>.

19            (a)     Unless otherwise ordered by the court or agreed to in writing by the
20  designating party, a party that seeks to disclose to an expert any information or item that has been
21  designated Highly Confidential—Source Code pursuant to Section 3 first must make a written
22  request to the designating party that (1) identifies the general categories of Highly Confidential—
23  Source Code material that the receiving party seeks permission to disclose to the expert, (2) sets
24  forth the full name of the expert and the city and state of his or her primary residence, (3) attaches
25  a copy of the expert's current resume, (4) identifies the expert's current employer(s), (5) identifies
26  each person or entity from whom the expert has provided professional services, including in
27  connection with a litigation, at any time during the preceding five years, and (6) identifies (by

28  STIPULATED PROTECTIVE ORDER – 7
   (Case No. 2:23–cv–01391-RSL)

**Matthew Carvalho,**
**Attorney at Law, PLLC**
720 Seneca Street
Seattle, Washington 98101
206.799.6888

name and number of the case, filing date, and location of court) any litigation in connection with which the expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. The party receiving that disclosure may not disclose the identity of the expert to any other party in the litigation, unless the identity of that expert has already been disclosed to that party or unless the identity of that expert is learned another way, for example as part of the source code review process. The party receiving the disclosure must also not disclose the identity of the expert to experts, consultants, or staff retained by the party receiving that disclosure at any point prior to the expert disclosures set forth in the pre-existing schedule, or unless the identity of that expert is learned another way, for example as part of the source code review process.

(b)     A party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the protected material to the identified expert unless, within 14 calendar days of delivering the request, the Party receives a written objection from the designating party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the designating party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven business days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the expert may file a motion seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the designating party for its refusal to approve the disclosure.

STIPULATED PROTECTIVE ORDER – 8
(Case No. 2:23–cv–01391-RSL)

In any such proceeding, the Party opposing disclosure to the expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to an expert.

6.4   <u>Filing "HIGHLY CONFIDENTIAL—SOURCE CODE" Material</u>. Before filing Highly Confidential—Source Code material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g). Any motion to seal filed by the receiving party, where a designating party must make a showing required by Local Civil Rule 5(g)(3)(B) in response to the motion, must be noted for consideration no earlier than the fourth Friday after filing. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the court's files.

**7.    ACCESS TO AND USE OF HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY MATERIAL**

7.1   Basic Principles. A receiving party may use Highly Confidential—Attorneys' Eyes Only material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Highly Confidential—Attorneys' Eyes Only material may be disclosed only to the categories of persons and under the conditions described in this agreement.

7.2   <u>Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY material</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose Highly Confidential—Attorneys' Eyes Only material only to:

(a)   the receiving party's outside counsel of record in this action, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

STIPULATED PROTECTIVE ORDER – 9
(Case No. 2:23–cv–01391-RSL)

Matthew Carvalho,
Attorney at Law, PLLC
720 Seneca Street
Seattle, Washington 98101
206.799.6888

(b)    in-house litigation counsel and legal assistants at Yardi Systems, Inc., none of whom advise on business transactions involving competitive decisionmaking where Yardi and any named Defendant in this action are on opposite sides of the transaction;

(c)    experts and staff of the receiving party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A)

(d)    the court and its personnel subject to paragraph 7.3 below;

(e)    court reporters and their staff, professional jury or trial consultants and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agree to Be Bound" (Exhibit A);

(f)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(g)    witnesses during depositions or testimony at trial or any hearing, witnesses in this action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Highly Confidential—Attorneys' Eyes Only material is relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge. Before disclosing any designating party's document to a non-designating party's witness pursuant to this paragraph, counsel who intends to disclose the document must first notify counsel for the designating party of their intent to do so. At depositions, trial, or hearings, such notice may be accomplished by presenting a copy of the Highly Confidential—Attorneys' Eyes Only material to counsel for the designating party and permitting counsel an opportunity to object before the document is shown to the non-designating party's witness. Until the designating party agrees to the disclosure, or the court orders such disclosure, Highly Confidential—Attorneys' Eyes Only material shall not be disclosed to or discussed with any

STIPULATED PROTECTIVE ORDER – 10
(Case No. 2:23–cv–01391-RSL)

**Matthew Carvalho,**
**Attorney at Law, PLLC**
720 Seneca Street
Seattle, Washington 98101
206.799.6888

witness of the non-designating party. Witnesses shall not retain a copy of documents containing Highly Confidential—Attorneys' Eyes Only material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed testimony or exhibits to depositions that are designated as Highly Confidential— Source Code material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

        (h)    the author or recipient of the document (not including a person who received the document solely in the course of litigation); and

        (i)    other persons only by written consent of the producing party or upon order of the court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

To the extent any person is required to complete the certification contained in Attachment A to this Order, facsimile signatures or signatures transferred in electronic format (*e.g.*, PDF) shall be treated as original signatures for purposes of this Order.

    7.3    Filing "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Material. Before filing Highly Confidential—Attorneys' Eyes Only material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g). Any motion to seal filed by the receiving party, where a designating party must make a showing required by Local Civil rule 5(g)(3)(B) in response to the motion, must be noted for consideration no earlier than the fourth Friday after filing. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

**Matthew Carvalho,**
**Attorney at Law, PLLC**
720 Seneca Street
Seattle, Washington 98101
206.799.6888

**8.     DESIGNATING PROTECTED MATERIAL**

8.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates material for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are expressly prohibited and shall expose the designating party to sanctions, to the extent that such designations unnecessarily encumber or delay the case development process or impose unnecessary expenses and burdens on other parties, prevent a party to this litigation with demonstrated subject matter expertise from using it to advance a claim or defense, and the like.

If it comes to a designating party's attention that material designated for protection does not qualify for protection, the designating party shall promptly notify all other parties that it is withdrawing the mistaken designation.

8.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     <u>Material in documentary form (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings)</u>: the designating party must affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—SOURCE CODE," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" to each page that contains confidential material. In the case of material produced in native electronic format, the designating party must append to the file names of such material the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—SOURCE CODE," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY".

(b)     <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other

**Matthew Carvalho,
Attorney at Law, PLLC**
720 Seneca Street
Seattle, Washington 98101
206.799.6888

testimony after reviewing the transcript. Any party or non-party may, within 15 calendar days after receiving the transcript of the deposition or other pretrial proceeding, provide written notice that designated portions of the transcript, or exhibits thereto, will be treated as Confidential, Highly Confidential—Source Code, or Highly Confidential—Attorneys' Eyes Only. No later than 60 days after receiving the transcript of the deposition or other pretrial proceeding, a designating party may serve a Notice of Designation to all parties of record and the court reporter for the deposition in question as to specific pages of the transcript that are designated Confidential, Highly Confidential—Source Code, or Highly Confidential—Attorneys' Eyes Only. The court reporter shall provide a final copy of the transcript that reflects any designations of pages of the transcript as Confidential or Highly Confidential Information in the lower left-hand corner of each designated page. A party may request additional time for good cause shown if the party is unable to meet the above deadline. The Parties agree to meet and confer about any such requests in an effort to limit disputes that are brought to the Court's attention. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)     Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the material is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—SOURCE CODE or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

8.3     Inadvertent Failures to Designate. If timely corrected after being identified, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

**9.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

9.1     Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

STIPULATED PROTECTIVE ORDER – 13
(Case No. 2:23–cv–01391-RSL)

**Matthew Carvalho,**
**Attorney at Law, PLLC**
720 Seneca Street
Seattle, Washington 98101
206.799.6888

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

9.2     <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

9.3     <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, within 10 business days of the conclusion of the good faith effort to resolve the dispute, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

## 10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—SOURCE CODE," or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

STIPULATED PROTECTIVE ORDER – 14
(Case No. 2:23–cv–01391-RSL)

Matthew Carvalho,
Attorney at Law, PLLC
720 Seneca Street
Seattle, Washington 98101
206.799.6888

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

**11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). In addition, any Party receiving a document or information that appears to be privileged or work product shall promptly notify the producing Party. These provisions are not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

**13.     NON TERMINATION AND RETURN OF DOCUMENTS**

Within 60 calendar days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies,

STIPULATED PROTECTIVE ORDER – 15
(Case No. 2:23–cv–01391-RSL)

Matthew Carvalho,
Attorney at Law, PLLC
720 Seneca Street
Seattle, Washington 98101
206.799.6888

extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.


IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: April 1, 2024

**HAGENS BERMAN SOBOL SHAPIRO LLP**

*/s/ Steve W. Berman*
Steve W. Berman (WSBA No. 12536)
Theodore Wojcik (WSBA No. 55553)
Stephanie A. Verdoia (WSBA No. 58636)
Xiaoyi Fan (WSBA No. 56703)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: tedw@hbsslaw.com
Email: stephaniev@hbsslaw.com
Email: kellyf@hbsslaw.com

Rio S. Pierce (*pro hac vice*)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: riop@hbsslaw.com

*Attorneys for Plaintiffs*


STIPULATED PROTECTIVE ORDER – 16
(Case No. 2:23–cv–01391-RSL)

1

**VAN KAMPEN & CROWE PLLC**

2

*/s/ Al Van Kampen*

3
Al Van Kampen (WSBA No. 13670)
P.O. Box 33632

4
Seattle, WA 98133
Telephone: (206) 441–1121

5
Email: avankampen@vkclaw.com

6
**VINSON & ELKINS LLP**

7
Michael W. Scarborough (*pro hac vice*)

8
Dylan I. Ballard (*pro hac vice*)
M. Kevin Costello (*pro hac vice*)

9
Madison Lo (*pro hac vice*)
555 Mission Street, Suite 2000

10
San Francisco, CA 94105
Telephone: (415) 979–6900

11
Email: mscarborough@velaw.com

12
Email: dballard@velaw.com
Email: kcostello@velaw.com

13
Email: mlo@velaw.com

14
Stephen Medlock (*pro hac vice*)

15
2200 Pennsylvania Avenue NW
Suite 500 West

16
Washington, DC 20037
Telephone: (202) 639–6500

17
Email: smedlock@velaw.com

18
Mackenzie Newman (*pro hac vice*)

19
1114 Avenue of the Americas
32nd Floor

20
New York, NY 10036
Telephone: (212) 237–0000

21
Email:  mnewman@velaw.com

22
*Attorneys for Defendant Bridge Property*

23
*Management, L.C.*

24
**CABLE HUSTON LLP**

25

*/s/ Brian S. Epley*

26
Brian S. Epley (WSBA No. 48412)

27
Jon W. Monson (WSBA No. 43912)

28
STIPULATED PROTECTIVE ORDER – 17
(Case No. 2:23–cv–01391-RSL)

**MATTHEW CARVALHO,
ATTORNEY AT LAW, PLLC**

*/s/ Matthew A. Carvalho*
Matthew A. Carvalho (WSBA No. 31201)
720 Seneca Street
Seattle, WA 98101
Telephone: (206) 799–6888
Email: matt@mattcarvalholaw.com

**DEBEVOISE & PLIMPTON LLP**

Maura K. Monaghan (*pro hac vice*)
Michael Schaper (*pro hac vice*)
Kristin D. Kiehn (*pro hac vice*)
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909–6000
Email:  mkmonaghan@debevoise.com
Email:  mschaper@debevoise.com
Email:  kdkiehn@debevoise.com

Abraham Tabaie (*pro hac vice*)
650 California Street
San Francisco, CA 94108
Telephone: (415) 738–5700
Email:  atabaie@debevoise.com

*Attorneys for Defendant Yardi Systems, Inc.*

**BAILEY DUQUETTE PC**

*/s/ Hozaifa Cassubhai*
Hozaifa Cassubhai (WSBN No. 39512)
William Burnside (WSBN No. 36002)
800 Fifth Ave, Suite 101-800
Seattle, WA 98104
Phone: (206) 225–2250
Fax : (866) 233–5869
Email: hozaifa@baileyduquette.com
Email:  will@baileyduquette.com

*Attorneys for Defendant Calibrate Property*
*Management, LLC*

**FOGARTY LAW GROUP PLLC**

*/s/ Paul E. Fogarty*

1455 SW Broadway, Suite 1500
Portland, OR 97201–3412
Telephone: (503) 224–3092
Email:  jmonson@cablehuston.com
Email:  bepley@cablehuston.com

*Attorneys for Defendant Dalton
Management, Inc.*

**SHOOK, HARDY & BACON L.L.P.**

*/s/ Steven Rich*
Steven Rich (WSBA No. 48444)
701 Fifth Avenue, Suite 6800
Seattle, WA 98104
Telephone: (206) 344–7600
Email:  srich@shb.com

Ryan Sandrock (*pro hac vice*)
555 Mission Street, Suite 2300
San Francisco, CA 94105
Telephone: (415) 544–1900
Email:  rsandrock@shb.com

*Attorneys for Defendant LeFever Mattson
Property Management*

**K&L GATES LLP**

*/s/ Christopher M. Wyant*
Christopher M. Wyant (WSBA No. 35561)
Tyler Lichter (WSBA No. 51090)
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Phone: (206) 623–7580
Fax: (206) 623–7022
Email: chris.wyant@klgates.com
Email: tyler.lichter@klgates.com

Lauren Norris Donahue (*pro hac vice*)
70 W. Madison St., Suite 3300
Chicago, IL 60602
Telephone: (312) 372–1121
Fax: (312) 827–8000
Email: lauren.donahue@klgates.com

Paul E. Fogarty (WSBN No. 26929)
1904 Third Avenue, Ste 933
Seattle, WA 98101
Telephone: (206) 441–0172
Email: pfogarty@fogartylawgroup.com

**NORTON ROSE FULBRIGHT US LLP**

Michael Swarztendruber (*pro hac vice*)
2200 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone: (214) 855–8067
michael.swarztendruber@nortonrosefulbright.com

Eliot Turner (*pro hac vice*)
1301 McKinney, Suite 5100
Houston, TX 77010
Telephone: (713) 651–5113
Email: eliot.turner@nortonrosefulbright.com

*Attorneys for Defendant Creekwood Property
Corporation*

**PERKINS COIE LLP**

*/s/ David A. Perez*
David A. Perez (WSBA No. 43959)
Elvira Castillo (WSBA No. 43893)
Tiffany Lee (WSBA No. 51979)
Marten King (WSBA No. 57106)
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.6767
Email: DPerez@perkinscoie.com
Email: ECastillo@perkinscoie.com
Email: TiffanyLee@perkinscoie.com
Email: MKing@perkinscoie.com

Adrianna Simonelli (WSBA No. 58472)
1120 NW Couch Street, Tenth Floor
Portland, OR 97209–4128
Telephone: 503–727–2000
Facsimile: 503–727–2222
Email: ASimonelli@perkinscoie.com

*Attorneys for Defendant HNN Associates, LLC*

STIPULATED PROTECTIVE ORDER – 18
(Case No. 2:23–cv–01391-RSL)

1

2   Derek Sutton (*pro hac vice*)
    301 Hillsborough St., Suite 1200
3   Raleigh, NC 27603
    Telephone: (919) 743–7331
4   Fax: (919) 516–2122
    Email: derek.sutton@klgates.com
5

6   *Attorneys for Defendant R.D. Merrill Real*
    *Estate Holdings, LLC*
7

8   **GORDON REES SCULLY**
    **MANSUKHANI, LLP**
9

10  */s/ Todd A. Bowers*
    Todd A. Bowers (WSBA No. 24638)
11  701 5th Avenue, Suite 2100
    Seattle, WA 98104
12  Telephone: (206) 695–5197
    Email: tbowers@grsm.com
13

14  **ROETZEL & ANDRESS**

15  Stephen W. Funk (*pro hac vice*)
    222 South Main Street, Suite 400
16  Akron, OH 44308
    Telephone: (330) 849–6602
17  Cell: (330) 819–5387
    Email: sfunk@ralaw.com
18

19  *Attorneys for Defendant Summit*
    *Management Services, Inc.*
20

21

22

23

24

25

26

27

28  STIPULATED PROTECTIVE ORDER – 19
    (Case No. 2:23–cv–01391-RSL)

**STOKES LAWRENCE, P.S.**

*/s/ Mathew Harrington*
Mathew Harrington
Valerie Walker
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101–2393
Telephone: (206) 626–6000
Email: mathew.harrington@stokeslaw.com
Email: valerie.walker@stokeslaw.com

**SPENCER FANE LLP**

Jessica Nelson (*pro hac vice*)
Donald Heeman (*pro hac vice*)
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
Telephone: (612) 268–7006
Email: jnelson@spencerfane.com
Email: dheeman@spencerfane.com

*Attorneys for Defendant Manco Abbott, Inc.*

**BRADLEY BERNSTEIN SANDS LLP**

*/s/ Heidi B. Bradley*
Heidi B. Bradley (WSBA No. 35759)
2800 First Avenue, Suite 326
Seattle, WA 98121
Telephone: (206) 337–6551
Email: hbradley@bradleybernstein.com

Darin M. Sands (WSBA No. 35865)
1425 SW 20th Ave., Suite 201
Portland, OR 97201
Telephone: (503)734–2480
Email: dsands@bradleybernstein.com

*Attorneys for Defendant Morguard Management*
*Company Inc.*

1    PURSUANT TO STIPULATION, IT IS SO ORDERED.

2    IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

3    documents, electronically stored information (ESI), or information, whether inadvertent or otherwise,

4    in this proceeding shall not, for the purposes of this proceeding or any other federal or state

5    proceeding, constitute a waiver by the producing party of any privilege applicable to those documents,

6    including the attorney-client privilege, attorney work-product protection, or any other privilege or

7    protection recognized by law.  This Order shall be interpreted to provide the maximum protection

8    allowed by Fed. R. Evid. 502(d).

9

10    Dated this 2nd day of April, 2024.

11

12    Robert S. Lasnik
       United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    STIPULATED PROTECTIVE ORDER – 20
       (Case No. 2:23–cv–01391-RSL)

**Matthew Carvalho,
Attorney at Law, PLLC**
720 Seneca Street
Seattle, Washington 98101
206.799.6888

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print   or   type   full   name],   of
_____ [print or type full address], declare under penalty of
perjury that I have read in its entirety and understand the Stipulated Protective Order that was
issued by the United States District Court for the Western District of Washington on
_____ [date] in the case of *Duffy v. Yardi Systems, Inc., et al*. (Case No. 2:23-cv-01391-
RSL). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order
and I understand and acknowledge that failure to so comply could expose me to sanctions and
punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner
any information or item that is subject to this Stipulated Protective Order to any person or entity
except in strict compliance with the provisions of this Order. I will use any confidential material
disclosed to me solely for purposes of this action, and I will take appropriate steps and assume
full responsibility to assure that any other people working for me, including clerical or secretarial
personnel, will abide by the Stipulated Protective Order. I will not use, either directly or
indirectly, any confidential material disclosed to me for any other purpose or proceeding. I will
return all confidential material that comes into my possession to counsel for the party by whom I
am employed or retained when requested to do so by that counsel.

I further agree to submit to the jurisdiction of the United States District Court for the
Western District of Washington for the purpose of enforcing the terms of this Stipulated
Protective Order and for civil remedies in the form of legal and equitable relief, including
damages, for any breach thereof, even if such enforcement proceedings occur after termination of
this action.

DATE: _____

City and State where sworn and signed:

_____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER – EXHIBIT A
(Case No. 2:23–cv–01391-RSL)