UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MCKENNA DUFFY and MICHAEL BRETT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YARDI SYSTEMS, INC., *et al.*,<br><br>Defendants. | No. 2:23-cv-01391-RSL<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY** |

This matter comes before the Court on the parties' "LCR 37 Joint Submission Regarding Plaintiffs' Request for Production No. 1." Dkt. # 163. Having reviewed the submissions of the parties, the operative pleading, and the pending motions to dismiss, the Court finds as follows:

Plaintiffs need information regarding who uses or used RENTmaximizer (or Revenue IQ), when they subscribed to the service, and where they are located for a number of reasons, including (a) identifying the Doe defendants and (b) proving that use of the service allows users to charge higher rates than they would otherwise be able to in a competitive market. Plaintiffs are willing to narrow the request for this information to entities that use RENTmaximizer (or Revenue IQ) in states in which two or more named defendants operate multifamily properties. At this stage of the litigation, this more limited

ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL DISCOVERY – 1

production will allow plaintiffs to test their economic theories and is therefore appropriate.

Yardi Systems, Inc., the alleged administrator of RENTmaximizer and Revenue IQ, argues that the discovery is premature because there are motions to dismiss pending. The Federal Rules of Civil Procedure impose clear duties to disclose that are triggered by certain, specified events. *See* Fed. R. Civ. P. 26(a)(1) and 26(d)(1). The rules do not provide an automatic stay of discovery if a motion to dismiss is filed: such motions are often unsuccessful, and a stay could cause unnecessary and significant delays at the outset of the litigation. While the Court has discretion to stay discovery if defendant shows that it is entitled to a protective order under Rule 26(c) "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .", *Lazar v. Kroncke*, 862 F.3d 1186, 1203 (9th Cir. 2017), Yardi has not made the necessary showing. Although it points to cases in which courts recognize that discovery in antitrust cases can be broad, time-consuming, and expensive, Yardi makes no effort to show that responding to this particular request for production will require more than the production of readily available customer data. A brief review of the motions to dismiss shows that, even if defendants have raised "a real question whether" plaintiffs have adequately pled the elements of a conspiracy, it has not shown that the limited expense and burden of the requested discovery is "undue" and therefore justifies a protective order. *Wood v. McEwen*, 644 F.2d 797, 802 (9th Cir. 1981). Defendants argue that the alleged conspiracy is facially implausible because the named landlord defendants are too geographically distant from each other to be considered a single market. Plaintiffs have, however, alleged that there are 1-100 unnamed landlord defendants using RENTmaximizer (or Revenue IQ) across the nation that may remedy this defect Yardi identifies. In the circumstances presented here, plaintiffs would be prejudiced if discovery were stayed.

ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL DISCOVERY – 2

For good cause shown, plaintiffs' request to compel production in response to Request for Production No. 1 is GRANTED. Yardi shall, within fourteen days of this Order, produce:

Documents sufficient to show during the Relevant Time Period each Entity that uses Your RENTmaximizer and/or Revenue IQ service, including but not limited to, the identity of each Subscriber [in states in which two or more named defendants operate multifamily properties], each property, including address and number of units, that uses RENTmaximizer and/or Revenue IQ, the date of the beginning of the subscription (specifying month and year) for each property, the end, if any, of the subscription (specifying month and year) for each property, and the number of units at each property covered by the subscription.

Dated this 18th day of April, 2024.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge