1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MCKENNA DUFFY, *et al.*,

                 Plaintiffs,

      v.

YARDI SYSTEMS, INC., *et al.*,

                 Defendants.

CASE NO. 2:23-cv-01391-RSL

ORDER DENYING HNN
ASSOCIATES, LLC'S MOTION TO
DISMISS

This matter comes before the Court on defendant "HNN Associates, LLC's Individual Motion to Dismiss." Dkt. # 141. HNN Associates, LLC (hereinafter, "HNN") leases mulitfamily residential units at 52 properties in the State of Washington. HNN argues that plaintiffs have failed to plausibly allege that it unlawfully conspired to restrain competition. The Court has denied a similar, less specific motion filed on behalf of all of the defendants, including HNN, by separate order.

## BACKGROUND

Plaintiffs allege that, in or before 2015, HNN joined an on-going conspiracy to share detailed, competitively sensitive, non-public information that would be used by a third party, Yardi Systems, Inc., to establish supracompetitive rental rates in the

multifamily housing market in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. Dkt. # 113 at ¶¶ 39 and 178-208. The alleged combination and conspiracy involved (a) a set of vertical agreements between Yardi and each individual lessor defendant for the use of Yardi's revenue management software, (b) a continuing horizontal agreement between and among the lessor defendants and other co-conspirators to provide their commercially sensitive information to Yardi, to use Yardi's revenue management software, and to implement the recommendations generated thereby, and (c) a shared understanding that Yardi would use the commercially sensitive information provided by the putative competitors to recommended rental rates above what would be earned in a truly competitive market.

Plaintiffs allege that HNN publicly touted the benefits of turning pricing decisions over to Yardi, emphasizing that the revenue management software boosts pricing as long as participating landlords are disciplined. Dkt. # 113 at ¶¶ 19 and 90. Plaintiffs also allege that HNN engaged in direct communications with competitors about pricing data, in part to ensure that competitors were adopting Yardi's pricing recommendations and in part to feed additional pricing information from comparable properties into Yardi's database. Dkt. # 113 at ¶¶ 139, 141-42.

### DISCUSSION

To state a claim under § 1 of the Sherman Act, plaintiffs must plead "(1) a contract, combination or conspiracy among two or more persons or distinct business entities; (2) which is intended to restrain or harm trade; (3) which actually injures competition; and (4) harm to the

plaintiff from the anticompetitive conduct." *Name.Space, Inc. v. Internet Corp. for Assigned Names & Nos.*, 795 F.3d 1124, 1129 (9th Cir. 2015) (internal quotation mark and citation omitted). For the reasons stated in the Order Denying Defendants' Joint Motion to Dismiss, Dkt. # 187 at 5-11, plaintiffs have adequately alleged "'a conscious commitment to a common scheme designed to achieve an unlawful objective'" on the part of the lessor defendants, including HNN. *PLS.com, LLC v. Nat'l Ass'n of Realtors*, 32 F.4th 824, 842 (9th Cir. 2022), *cert. denied sub nom. The Nat'l Ass'n of Realtors v. The PLS.com, LLC*, __ U.S. __ 143 S. Ct. 567 (2023)) (quoting *Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 764 (1984)). The who, what, with whom, where, and when of the scheme are adequately alleged. In a nutshell, HNN entered into a formal agreement with Yardi as early as 2015 to provide its commercially sensitive data, knowing Yardi was collecting similar data from HNN's competitors which it would use to generate rental rate recommendations that would result in supracompetitive returns. According to the allegations, Yardi advertised its services as automating the lessors' pricing decisions, HNN understood that implementing the recommendations was critical to the success of the enterprise, the lessor defendants generally adopted Yardi's pricing recommendations, HNN engaged in conduct to facilitate and enforce the implementation of the pricing recommendation, and Yardi was, in fact, able to generate above-market prices for its clients using a system that required adoption of its recommendations for success. Taking these allegations in the light most favorable to plaintiff gives rise to a plausible inference that HNN unlawfully conspired with Yardi and the other lessor defendants to restrain competition.[1]

---

[1] HNN argues that plaintiffs' allegations against all "defendants" or the "landlord defendants" do not plausibly allege that HNN participated in the alleged anti-competitive scheme. Although plaintiffs often refer to the lessor defendants as a collective in the First Amended Class Action Complaint, they individually identify each lessor, their corporate headquarters, and the year in which they began using Yardi's revenue management software. Dkt. # 113 at ¶¶ 36-45. For most of the lessor defendants, plaintiffs also specify the number of units or apartment complexes

1    For all of the foregoing reasons, HNN's motion to dismiss (Dkt. # 141) is DENIED.

2

3    DATED this 5th day of December, 2024.

4

5

6    _MrS Lasnik_
     Robert S. Lasnik
7    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

_____

owned/operated and the geographical breadth of their operations. Plaintiffs allege that the lessor defendants and other
25   Yardi clients engaged in a coordinated effort, organized through Yardi, to fix rental prices at supracompetitive rates.
     The allegation is that all of the lessor defendants engaged in the same anti-competitive scheme, namely entering into
26   express agreements with Yardi with the understanding that their collective actions would allow them to restrain trade.
     In such circumstances, there is no need to name each lessor defendant individually in each paragraph of the complaint.

ORDER DENYING HNN ASSOCIATES, LLC'S MOTION
TO DISMISS - 4