Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

*In re YARDI REVENUE MANAGEMENT ANTITRUST LITIGATION.*

MCKENNA DUFFY, individually and on behalf of all others similarly situated,

    Plaintiffs.

v.

YARDI SYSTEMS, INC., *et al.*,

    Defendants.

No. 2:23-cv-01391-RSL

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PHASED DISCOVERY

**NOTE ON MOTION CALENDAR: March 14, 2025**

(Consolidated with Case Nos. 2:24-cv-01948; 2:24-cv-02053)

Defendant Yardi Systems, Inc. ("Yardi") and the joining defendants hereby file this reply in support of their Motion for Phased Discovery ("Motion").

**I. PRELIMINARY STATEMENT**

Plaintiffs object to a strawman—a purported bifurcation between merits and class issues—claiming Yardi's proposed phased discovery will delay this litigation, undermine judicial economy, and prejudice Plaintiffs. But bifurcating class and merits discovery implies messy line drawing between procedure and substance that is simply not at issue. Here, Defendants propose cutting to the heart of this case first: (1) does the Revenue IQ software share clients' confidential information to create pricing outputs, as Plaintiffs repeatedly allege; and (2) are Revenue IQ users able to "fix prices," given the overwhelming number of independent client-selected software configurations? The

answer to both questions is unequivocally "no." Plaintiffs attempt to sidestep the court in *Mach*'s decision to phase discovery, arguing their case differs on the margins. Both cases, however, make Revenue IQ's functionality the discrete "hub" of their purported hub-and-spoke conspiracies. Plaintiffs would likewise be left with "a very different case than what was pled" if the software does not function as alleged.[1] Resolving how Revenue IQ works will either dispose of Plaintiffs' claims or sharply narrow any remaining issues.

Phasing discovery by resolving this threshold issue—before proceeding to wide-ranging and expensive discovery that will ensnare nearly 40 parties, entail myriad discovery disputes, and result in enormous and avoidable burden and expense on the Court and parties—is more efficient under any circumstances. Phase One is nearly finished in *Mach*, and Yardi has, pre-packaged and ready to produce, source code, technical documentation, nearly 37,500 custodial documents, and numerous other supporting materials. Despite Plaintiffs' baseless speculation, the parties in *Mach* have had precisely one quickly-resolved disagreement before the Court.

Yardi is offering to be an open book in proving how the at-issue software functions. Revenue IQ simply does not permit the conspiracy alleged. Phasing discovery is within this Court's discretion and, given Yardi's representations to this Court in its Motion and in discovery responses to date, will avoid tremendous waste of resources.

## II. HOW REVENUE IQ FUNCTIONS IS A THRESHOLD, DISPOSITIVE ISSUE THAT SHOULD BE RESOLVED FIRST.

Plaintiffs absurdly argue that Revenue IQ's functionality is not a threshold issue. Opp. at 4–5. The Consolidated Class Action Complaint ("CCAC") repeatedly alleges that Revenue IQ pools confidential information[2] and that the software fixes prices.[3] This Court

---

[1] Motion at 2.

[2] CCAC ¶¶ 119, 123, 127, 142, 172, 196.

[3] *Id*. ¶¶ 20, 24, 98, 108, 109, 123, 126, 236.

even cited the purported generation of pricing outputs based on pooled competitor data as "key to plaintiffs' antitrust claims." MTD Order at 12.[4] The software source code, exemplary data, and other technical information produced in Phase One will directly prove that Revenue IQ does not do what Plaintiffs allege.

In opposition, Plaintiffs make disingenuous assertions about Yardi's customer agreements. Opp. at 4–5. No contract produced suggests Yardi uses confidential information from one client *to generate pricing outputs for any other client*. The contract language Plaintiffs cite relates to use of Yardi's Voyager property management software *as a whole* and various Yardi products, not just Revenue IQ. The contract language says nothing about using confidential information for pricing purposes. Indeed, the reference to aggregating data has nothing to do with *Revenue IQ* pricing outputs. Regardless, the contracts are not the software; Revenue IQ's source code will definitively demonstrate that confidential client information is neither aggregated nor fed into Revenue IQ to generate pricing outputs, despite Plaintiffs' baseless allegations.

Equally off-base is Plaintiffs' assertion that Yardi "admitted" Revenue IQ provides pricing outputs from Revenue IQ "hand in hand" with "benchmarking information" revealing other clients' confidential, competitively sensitive information. Opp. at 5. To the contrary, Yardi has made clear that "***Benchmarking data is never used by Yardi to make pricing recommendations as part of Revenue IQ or any other Yardi service***," and any benchmarking data is anonymized and displayed in aggregate and therefore not competitively sensitive. ECF 182-2 at 17. In any event, Yardi agreed to include the benchmarking source code as part of Phase One, negating Plaintiffs' argument.

No discovery conducted to date supports Plaintiffs' claim that users delegate pricing to Revenue IQ or that Revenue IQ's pricing outputs rely on confidential, commercially sensitive information of other Yardi users. The at-issue software—for

---

[4] *Id.* at 7.

which Yardi is going to produce annual snapshots—shows the exact opposite. Those false claims should be tested up front through a review of underlying source code and other technical information—precisely the information Yardi will produce in Phase One—and a targeted motion for summary judgment. Motion at 8.

### III. PHASED DISCOVERY IS PRACTICAL, EFFICIENT, AND PROMOTES JUDICIAL ECONOMY.

The fact that Phase One discovery will guide any necessary further discovery also demonstrates why it is appropriate.[5] By addressing the threshold issue of how the software works first, the Court can resolve a dispositive factual issue that should terminate this litigation entirely. Even if Defendants are unsuccessful on a threshold summary judgment motion, Phase One discovery will sharply narrow whatever additional merits and class discovery might follow. It makes little sense to seek discovery from dozens of Lessor Defendants about their use of the software without an understanding about what that software does and—most critically—does not do. *See Little Traverse Bay Bands of Odawa Indians v. Snyder*, 194 F. Supp. 3d 648, 650 (W.D. Mich. 2016) (bifurcating discovery of "threshold issue" would "either obviate the need for a second phase or crystallize the issues in that later phase").

Plaintiffs erroneously claim that phased discovery will unduly delay class certification. Opp. at 7. If Defendants prevail on a threshold summary judgment motion, it will moot the need for class certification entirely. If not, evidence as to how Revenue IQ functions would be critical in assessing the certifiability of Plaintiffs' proposed class. For example, source code showing what data and information Revenue IQ does and does not utilize and the extent to which individual users are able to customize the software's

---

[5] As noted, Plaintiffs' reliance on cases rejecting bifurcation of merits and class discovery is inapt. Opp. at 5–6. Typically, such bifurcation is disfavored due to overlap between merits and class issues, *see, e.g., Blair v. Assurance IQ LLC*, 2023 WL 6622415, at *8 (W.D. Wash. Oct. 11, 2023), but Yardi's proposed Phase One considers a single, distinct merits question.

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
PHASED DISCOVERY
(No. 2:23-cv-01391-RSL) – Page 4

settings will show that individualized issues of proof predominate over common issues.[6] The completion of fulsome discovery regarding the functioning of Revenue IQ first will enable the parties to more efficiently take any further discovery in advance of class certification and further merits proceedings.

Plaintiffs also overstate the potential discovery disputes that could arise in phased discovery by again focusing on cases contemplating attempted bifurcation of interrelated merits and class-related issues. Opp. at 8. But here, Defendants' proposed phases are clear: Phase One focuses on how the Revenue IQ software works as reflected in software source code, custodial documents and other Yardi documentation already produced in *Mach*, and Phase Two is all other merits and class-related discovery. To the extent discovery disputes arise on the scope of Phase One, they will present the same fundamental and easily resolvable sorting question. In fact, the only phased discovery dispute requiring court intervention in *Mach* concerned whether Yardi needed to produce custodial data (like emails) regarding how the software worked. Tabaie Decl. ¶ 3. The *Mach* court held that some limited custodial emails would be relevant to Phase One, and the documents were produced. *Id.* ¶ 4. Since then, Yardi and the *Mach* plaintiffs resolved any discovery issues without raising them with the court. *Id.* ¶ 6.

Plaintiffs already served 102 document requests on Yardi and another 91 on each Lessor Defendant. Motion at 8. The requests are unduly burdensome, even individually. Motion at 9 n.7. It makes no sense to subject everyone to this wide-ranging discovery if the core of Plaintiffs' allegations is demonstrably false—as Yardi contends and has repeatedly explained, under oath.

---

[6] Yardi does not "concede" Revenue IQ functionality is common to the putative class. Opp. at 6. To the contrary, the configuration information included in Phase One will establish that the system offers a plethora of bespoke configuration options, and that Lessor Defendants indeed use Revenue IQ in unique ways that preclude class certification, *infra* n. 7, and undercut Plaintiffs' complaints regarding delay in adjudicating it.

## IV. PHASED DISCOVERY WILL NOT PREJUDICE PLAINTIFFS.

Yardi's proposal for phased discovery is not "unfairly vague." Opp. at 11–12. The *Mach* court considered and rejected that argument. Motion Ex. 6, at 21:8–12. Yardi outlined to Plaintiffs the materials produced in Phase One in *Mach* that it intends to produce here, including, among other things, the underlying source code for Revenue IQ and other Yardi products that feed data into Revenue IQ, technical documents and specifications, Revenue IQ contract templates, tens of thousands of custodial documents from marketing and other key Yardi custodians, and other information pertaining to the operation of Revenue IQ. Tabaie Decl. ¶ 7, Ex. 7. Plaintiffs acknowledge that Yardi committed to begin production of *Mach* discovery next week, Opp. Ex. 3 at 7, and this material can be produced quickly given it is a reproduction.

Moreover, Yardi has made clear that it intends to move for summary judgment on the basis that undisputed facts—the relevant source code in particular—will demonstrate Revenue IQ simply does not function the way Plaintiffs allege and cannot be a basis for an antitrust claim. In *Mach*, the parties already have nearly completed Phase One fact discovery—including the California equivalent of a 30(b)(6) deposition of Yardi's lead software designer—and agreed to a schedule to serve expert reports addressing this discrete issue alongside targeted summary judgment briefing. Nothing prevents the parties from doing the same here. Plaintiffs' laments over difficulty in executing Yardi's proposal is belied by the parties in *Mach* developing an entirely workable process that is nearly complete.

Nor is limiting initial Phase One discovery to that which has been produced in *Mach* unfair. Opp. at 12–13. The central allegation undergirding the two cases is the same: Revenue IQ users provide Yardi "sensitive commercial information in order to obtain and implement the supracompetitive rental rates generated by Yardi's algorithm." MTD Order

at 12; Motion at 7–8.[7] Plaintiffs' core allegations as to how Revenue IQ functions are false, and the Phase One discovery provided in *Mach* and proposed here is specifically targeted to address that threshold issue. If anything, the nationwide class and additional named co-defendants underscore why a phased discovery approach is necessary here: the potential savings in Court resources and the number of parties named here are even greater than they were in *Mach*. *See Zahedi v. Miramax, LLC*, 2021 WL 3260603, at *2 (C.D. Cal. Mar. 24, 2021).[8]

Finally, non-phased discovery will prejudice Defendants. Plaintiffs center their case on easily rebuttable allegations regarding how Revenue IQ functions. Yardi should be permitted to disprove them before all parties are forced to endure wide-ranging discovery pertaining to meritless claims. *See Thoma v. VXN Group LLC*, 2024 WL 4800648, at *3 (C.D. Cal. May 16, 2024) (citing the risk of "expensive, exhaustive discovery").

## V. CONCLUSION

Yardi respectfully asks this Court to order phased discovery as set forth herein and allow Defendants to bring a targeted summary judgment motion thereafter. To the extent the Court believes certain subjects of discovery should be included in any Phase One, Defendants welcome that discussion at oral argument or discovery conference in fashioning a focused discovery process. The point of the Motion is to provide a rational

---

[7] Yardi attempted to compromise with Plaintiffs by agreeing to produce materials beyond the *Mach* production, including benchmarking source code. Opp. Ex. 3 at 2. Yardi is further amenable to producing data showing Lessor Defendants' system configurations over time, negating Plaintiffs' argument on this point. Opp. at 8–9. Because the pricing outputs are entirely dependent on these bespoke configurations made by the client, producing data that shows how a client has accepted or rejected its own pricing outputs over time is irrelevant and unnecessary. *Id*.

[8] The Court should disregard Plaintiffs' protestations that the four-month window is insufficient. Opp. at 11–13. It contradicts their complaint that phased discovery would unduly delay the litigation, and it can easily be handled by an extension, to which Defendants will consent. *See Young v. Mophie, Inc.*, 2020 WL 1000578, at *4 (C.D. Cal. Jan. 7, 2020) (permitting conferral on revised phased discovery schedule).

path to efficiently adjudicate core liability issues before needlessly incurring wide-ranging and expensive discovery.

\* \* \*

RESPECTFULLY SUBMITTED this 14th day of March, 2025.

**McNAUL EBEL NAWROT & HELGREN PLLC**

By: */s/ Claire Martirosian*
Claire Martirosian, WSBA No. 49528
Richard W. Redmond, WSBA No. 58835
600 University Street, Suite 2700
Seattle, WA 98101
(206) 467-1816
cmartirosian@mcnaul.com
rredmond@mcnaul.com

**DEBEVOISE & PLIMPTON LLP**

By: */s/ Abraham Tabaie*

Abraham Tabaie (*pro hac vice*)
David Sarratt (*pro hac vice forthcoming*)
650 California Street
San Francisco, CA 94108
(415) 738-5700
atabaie@debevoise.com
dsarratt@debevoise.com

Maura K. Monaghan (*pro hac vice*)
Michael Schaper (*pro hac vice*)
Kristin D. Kiehn (*pro hac vice*)
66 Hudson Boulevard
New York, NY 10001
(212) 909-6000
mkmonaghan@debevoise.com
mschaper@debevoise.com
kdkiehn@debevoise.com

*Attorneys for Defendant YARDI SYSTEMS, INC.*

AND

| | |
|---|---|
| **CABLE HUSTON LLP** | **FOGARTY LAW GROUP PLLC** |
| By: /s/ Brian S. Epley<br>Brian S. Epley, WSBA No. 48412<br>Jon W. Monson, WSBA No. 43912<br>1455 SW Broadway, Suite 1500<br>Portland, OR 97201-3412<br>(503) 224-3092<br>jmonson@cablehuston.com<br>bepley@cablehuston.com | By: /s/ Paul E Fogarty<br>Paul E. Fogarty, WSBA No. 26929<br>1904 3rd Avenue, Suite 933<br>Seattle, WA 98101<br>(206) 826-9400<br>pfogarty@fogartylawgroup.com |
| *Attorneys for Defendant, DALTON MANAGEMENT, INC.* | **NORTON ROSE FULBRIGHT US LLP**<br>Michael Swarztendruber<br>2200 Ross Avenue, Suite 3600<br>Dallas, TX 75201<br>(214) 855-8067<br>michael.swarztendruber@nortonrosefulbright.com |
| **VAN KAMPEN & CROWE PLLC**<br>By: /s/ Al Van Kampen<br>Al Van Kampen, WSBA No. 13670<br>P.O. BOX 33632<br>Seattle, WA 98133<br>(206) 441-112<br>avankampen@vkclaw.com | Eliot Turner<br>1301 McKinney, Suite 5100<br>Houston, TX 77010<br>(713) 651-5113<br>eliot.turner@nortonrosefulbright.com |
| **VINSON & ELKINS LLP** | *Attorneys for Defendant,<br>CREEKWOOD PROPERTY CORPORATION* |
| Michael W. Scarborough (*pro hac vice*)<br>Dylan I. Ballard (*pro hac vice*)<br>M. Kevin Costello (*pro hac vice*)<br>Madison Lo (*pro hac vice*)<br>555 Mission Street, Suite 2000<br>San Francisco, CA 94105<br>Telephone: (415) 979-6900<br>mscarborough@velaw.com<br>dballard@velaw.com<br>kcostello@velaw.com<br>mlo@velaw.com | **STOKES LAWRENCE, P.S.**<br>By: /s/ Mathew Harrington<br>Mathew Harrington (WSBA #33276)<br>Valerie Walker (WSBA #52584)<br>1420 Fifth Avenue, Suite 3000<br>Seattle, WA 98101-2393<br>Telephone: (206) 626-6000<br>Fax: (206) 464-1496<br>Mathew.Harrington@stokeslaw.com |
| Stephen Medlock (*pro hac vice*) | **SPENCER FANE LLP** |

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
PHASED DISCOVERY
(No. 2:23-cv-01391-RSL) – Page 9

| | |
|---|---|
| 2200 Pennsylvania Avenue NW, Suite 500 West<br>Washington, DC 20037<br>(202) 639-6500<br>smedlock@velaw.com | Shelby B Menard (*pro hac vice*)<br>5700 Granite Pkwy, Suite 650<br>Plano, TX 75024<br>Telephone: 972-324-0352<br>Fax: 972-324-0301<br>smenard@spencerfane.com |
| Mackenzie Newman (*pro hac vice*)<br>1114 Avenue of the Americas<br>32nd Floor<br>New York, NY 10036<br>(212) 237-0000<br>mnewman@velaw.com | Donald Heeman (*pro hac vice*)<br>100 South Fifth Street, Suite 2500<br>Minneapolis, MN 55402<br>Telephone : 612-268-7006<br>dheeman@spencerfane.com |
| *Attorneys for Defendant BRIDGE PROPERTY MANAGEMENT, L.C.* | *Attorneys for Defendant, MANCO ABBOTT, INC.* |

**BAKER BOTTS LLP**

By: */s/ James Kress*

Danny David (*pro hac vice forthcoming*)
danny.david@bakerbotts.com
910 Louisiana Street
Houston, TX 77002
Telephone: (713) 229-4055

James Kress (*pro hac vice forthcoming*)
james.kress@bakerbotts.com
700 K. Street, NW
Washington, DC 20001
Telephone: (202) 639-7884

**ASHBAUGH BEAL LLP**
Rebecca S. Ashbaugh, WSBA #38186
bashbaugh@ashbaughbeal.com
Brittney S. Rivers, WSBA # 54068
brivers@ashbaughbeal.com
920 5th Ave Ste 3400
Seattle, WA 98104
206-386-5900

*Counsel for Defendant Avenue5*

Right column:

**BRADLEY BERNSTEIN SANDS LLP**

By: */s/ Heidi B. Bradley*
Heidi B Bradley, WSBA No. 35759
2800 First Avenue, Suite 326
Seattle, WA 98121
(206) 337-6551
hbradley@bradleybernstein.com

Darin M Sands, WSBA No. 35865
1211 NW Glisan Street, Suite 204
Portland, OR 97209
(503) 734-2480
dsands@bradleybernsteinllp.com

*Attorney for Defendant MORGUARD MANAGEMENT COMPANY, INC.*

*Residential, LLC*

| | |
|---|---|
| **SUMMIT LAW GROUP, PLLC** | **DLA PIPER LLP (US)** |
| By: */s/ Christopher T. Wion* <br> Christopher T. Wion <br> WSBA No. 33207 <br> 315 Fifth Avenue S., Suite 1000 <br> Seattle, WA 98104 <br> Telephone: (206) 676-7000 <br> Email: chrisw@summitlaw.com | By: */s/ Anthony Todaro* <br> Anthony Todaro, WSBA No. 30391 <br> 701 Fifth Avenue, Suite 6900 <br> Seattle, WA 98104-7029 <br> (206) 839-4800 <br> anthony.todaro@us.dlapiper.com |
| By: */s/ Molly J. Gibbons* <br> Molly J. Gibbons <br> WSBA No. 58357 <br> 315 Fifth Avenue S., Suite 1000 Seattle, WA 98104 <br> Telephone: (206) 676-7000 <br> Email: mollyg@summitlaw.com | Gregory J. Casas (*pro hac vice*) <br> Texas State Bar No. 00787213 <br> DLA PIPER LLP (US) <br> 303 Colorado Street, Suite 3000 <br> Austin, TX 78701 <br> (512) 457-7290 <br> greg.casas@us.dlapiper.com |
| **BELL NUNNALLY & MARTIN, LLP** | *Attorneys for Defendant WILLOW BRIDGE PROPERTY COMPANY (fka Lincoln Property Company)* |
| David A. Walton (*pro hac vice*) <br> dwalton@bellnunnally.com | **K&L GATES LLP** |

| | |
|---|---|
| Troy Lee (T.J.) Hales (*pro hac vice*)<br>thales@bellnunnally.com<br>John F. Guild (*pro hac vice*)<br>jguild@bellnunnally.com<br>2323 Ross Avenue, Suite 1900<br>Dallas, TX 75201<br>Telephone: (214) 740-1400<br><br>*Attorneys for Defendants ASSET LIVING LLC*<br><br>**GORDON REES SCULLY MANSUKHANI LLP**<br><br>By: /s/ *Todd A Bowers*<br>Todd A Bowers, WSBA No. 24638<br>701 Fifth Ave, Suite 2100<br>Seattle, WA 98104<br>Telephone: 206-695-5100<br>tbowers@grsm.com<br><br>**ROETZEL & ANDRESS**<br><br>Stephen W. Funk *(Pro Hac Vice)*<br>222 South Main Street, Suite 200<br>Akron, OH 44308<br>Telephone: 330.849.6602<br>sfunk@ralaw.com<br><br>*Attorneys for Defendant Summit Management Services*<br><br>**ORRICK HERRINGTON & SUTCLIFFE**<br><br>By: /s/ *Bryn Resser Pallesen*<br>401 Union St Ste 3300<br>Seattle, WA 98101<br>206-839-4392<br>Email: bryn.pallesen@orrick.com<br><br>**SKADDEN ARPS SLATE MEAGHER & FLOM LLP**<br><br>Karen Hoffman Lent (*pro hac vice forthcoming*)<br>karen.lent@skadden.com | By: /s/ *Tyler Lichter*<br>Tyler Lichter, WSBA # 51090<br>925 Fourth Avenue, Suite 2900<br>Seattle, WA 98104<br>Phone: (206) 623-7580<br>Fax: (206) 623-7022<br>Email: tyler.lichter@klgates.com<br><br>Lauren Norris Donahue (*pro hac vice*)<br>70 W. Madison St., Ste. 3300<br>Chicago, IL 60602<br>Phone: (312) 372-1121<br>Fax: (312) 827-8000<br>Email: lauren.donahue@klgates.com<br><br>Derek Sutton (*pro hac vice*)<br>301 Hillsborough St., Ste. 1200<br>Raleigh, NC 27603<br>Phone: (919) 743-7331<br>Fax: (919) 516-2122<br>Email: derek.sutton@klgates.com<br><br>**CLARK HILL LLP**<br><br>By: /s/ *Penelope M. Deihl*<br>Penelope M. Deihl (*pro hac vice forthcoming*)<br>555 South Flower Street, 24th Floor<br>Los Angeles, CA 90071<br>(213) 417-5313 (office)<br>(310) 387-3899 (cell)<br>pdeihl@clarkhill.com<br>*Attorneys for Defendant RAM PARTNERS, LLC*<br><br>**HONIGMAN LLP**<br><br>By: /s/ *David A. Ettinger*<br>David A. Ettinger (P26537) (*pro hac vice forthcoming*)<br>2290 First National Building<br>660 Woodward Avenue<br>Detroit, MI 48226-3506<br>Tel: (313) 465-7368<br>dettinger@honigman.com<br><br>*Attorney for Defendant EDWARD ROSE AND* |

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
PHASED DISCOVERY
(No. 2:23-cv-01391-RSL) – Page 12

| | | |
|---|---|---|
| 1 | Boris Bershteyn (*pro hac vice forthcoming*) | SONS |
| 2 | boris.bershteyn@skadden.com | **SUMMIT LAW GROUP, PLLC** |
| 3 | Adam Gabriel Kochman (*pro hac vice forthcoming*) | By: */s/ Christopher T. Wion* |
| 4 | adam.kochman@skadden.com | Christopher T. Wion |
| 5 | Evan R. Kreiner (*pro hac vice forthcoming*) | WSBA No. 33207<br>315 Fifth Avenue S., Suite 1000 |
| 6 | evan.kreiner@skadden.com | Seattle, WA 98104 |
|   | Sammuel Auld (*pro hac vice* | Telephone: (206) 676-7000 |
| 7 | *forthcoming*) | Email: chrisw@summitlaw.com |
|   | sam.auld@skadden.com | |
| 8 | One Manhattan West | By: */s/ Molly J. Gibbons* |
|   | New York, New York 10001 | Molly J. Gibbons |
| 9 | Telephone: (212) 735-3000 | WSBA No. 58357 |
| 10 | | 315 Fifth Avenue S., Suite |
|    | *Attorneys for Defendant* | 1000 Seattle, WA 98104 |
| 11 | *GREYSTAR REAL ESTATE* | Telephone: (206) 676-7000 |
|    | *PARTNERS, LLC* | Email: mollyg@summitlaw.com |

**BELL NUNNALLY & MARTIN, LLP**

David A. Walton (pro hac vice)
dwalton@bellnunnally.com
Troy Lee (T.J.) Hales (pro hac vice)
thales@bellnunnally.com
John F. Guild (pro hac vice)
jguild@bellnunnally.com
2323 Ross Avenue, Suite 1900
Dallas, TX 75201
Telephone: (214) 740-1400

*Attorneys for Defendants RPM LIVING, LLC*

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
PHASED DISCOVERY
(No. 2:23-cv-01391-RSL) – Page 13

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Yardi Systems certifies that this brief contains 2,099 words, in compliance with LCR 7(e)(4).

*/s/ Abraham Tabaie*