UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

*In re* YARDI REVENUE MANAGEMENT ANTITRUST LITIGATION.

CASE NO. 2:23-cv-01391-RSL

MCKENNA DUFFY, individually and on behalf of all others similarly situated,

Plaintiffs.

v.

YARDI SYSTEMS, INC., *et al.*,

Defendants.

ORDER GRANTING IN PART DEFENDANTS' MOTION FOR PHASED DISCOVERY

This matter comes before the Court on "Defendants' Motion for Phased Discovery." Dkt. # 212. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the motion is GRANTED in part. As became clear during consideration of the omnibus motion to dismiss filed in this case, plaintiffs' antitrust claims depend largely on the allegations that Yardi utilizes its clients' confidential and commercially sensitive data to recommend pricing, leasing, and renewal strategies and that its clients generally adopt those recommendations. *See* Dkt. # 187.[1] Defendants say the allegations are untrue, an

---

[1] In their moving papers, defendants focus on the functionality of one Yardi product, Revenue IQ. Plaintiffs have alleged an antitrust violation that uses Yardi's revenue management software more generally, including

ORDER GRANTING IN PART DEFENDANTS' MOTION
FOR PHASED DISCOVERY - 1

argument that was unavailing in the context of a motion to dismiss where the allegations of the complaint were accepted as true. Defendants now seek a period of time in which discovery is focused on these issues and aimed only at Yardi. Given the importance of these threshold issues and the likelihood that they can be resolved through targeted discovery, the Court will temporarily stay discovery against the landlord defendants.

Plaintiffs argue that it would be inappropriate to entertain a motion for summary judgment following phased discovery because (1) there is other evidence out there, not encompassed in phase one, that supports an antitrust claim based on the landlord defendants' communications amongst themselves, unrelated to Yardi or its software and (2) even if the phase one discovery shows Yardi's software uses only the client's own confidential data and publicly-available information to make pricing recommendations, the software might still be the hub that unlawfully fixed prices for new and renewal leases. Plaintiffs may, of course, oppose a motion for summary judgment on these grounds or seek a continuance under Fed. R. Civ. P. 56(d). The Court will not have forgotten that discovery was phased when considering a dispositive motion regarding how Yardi's revenue management software works and whether genuine issues of material fact remain regarding plaintiff's antitrust claims.[2]

---

RENTmaximizer, Revenue IQ, and a commercial real estate intelligence source, Yardi Matrix. Dkt. # 113 at ¶¶ 7 and 10. The first phase of discovery shall cover how the suite of Yardi products works, how it is used in practice, and the benefits it provides Yardi's clients.

[2] The Court acknowledges and appreciates plaintiffs' concern that phased discovery will generate disputes regarding what information falls within and what falls outside of the first phase, but is confident that disputes can be avoided through the good faith of and regular communication between the parties. Plaintiffs shall use their best judgment in crafting discovery requests that are focused on Yardi and the topics described in this Order. For its part, Yardi shall be over-inclusive in its responses in light of the fact that the antitrust analysis is contextual. Phase one is not simply about the computer code, algorithm inputs, or the narrow topics Yardi put forth in its motion. For instance, what Yardi told clients and prospective clients about the operation and benefits of its software programs will shed light on how the programs actually operate and how they benefit clients. Whether any clients chose unique configurations or rejected Yardi's pricing recommendations are relevant to the existence of a conspiracy. If, at the time defendants seek summary judgment, it appears that plaintiffs have been deprived of discovery necessary to respond to the motion, the motion will be continued or denied under Fed. R. Civ. P. 56(d).

ORDER GRANTING IN PART DEFENDANTS' MOTION
FOR PHASED DISCOVERY - 2

The Court finds that there is good cause to conduct an initial four-month phase of discovery from Yardi focused on how its revenue management software functions, what inputs are used, how it generates pricing recommendations, whether it uses or shares confidential, non-public information and for what purposes, how clients can control or impact the pricing recommendations, how clients actually configure the software, and the rate at which Yardi's pricing recommendations are adopted. Yardi may, on or before July 24, 2025, file a motion for summary judgment regarding the continued viability of plaintiffs' antitrust claims. The motion will be noted on the Court's calendar for consideration on the fourth Friday after filing.

If no motion is filed, the parties shall file a Joint Status Report and Discovery Plan within fourteen days of July 24, 2025. If a motion is filed, the parties shall file a Joint Status Report and Discovery Plan within fourteen days of the note date.

Dated this 24th day of March, 2025.

Robert S. Lasnik
United States District Judge