The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| *In Re YARDI REVENUE MANAGEMENT ANTITRUST LITIGATION*, | Case No. 2:23-cv-01391-RSL |
| MCKENNA DUFFY, *et al*., individually and on behalf of all others similarly situated, | **DEFENDANT WILLOW BRIDGE PROPERTY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINITFFS' CONSOLIDATED CLASS ACTION COMPLAINT** |
| Plaintiffs, | |
| v. | |
| YARDI SYSTEMS, INC., et al., | |
| Defendants. | |

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Defendant Willow Bridge Property Company f/k/a/ Lincoln Property Company ("Willow Bridge") by and through its undersigned counsel, hereby answers Plaintiffs' Consolidated Class Action Complaint ("Complaint"), Dkt. No. 226, as follows:

**PRELIMINARY STATEMENT**

All factual allegations are denied unless expressly admitted. Admissions are limited to specific facts addressed, and not to any characterizations, conclusions, or inferences from those facts, or to the relevance of any admission of facts relative to the merits of the action or claims purposed set forth in the Complaint.

WILLOW BRIDGE PROPERTY COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES - 1

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

Any acknowledgement that the Complaint purports to characterize or quote particular documents is not an admission as to the authenticity of any document, nor an adoption of its contents, nor an admission of any other fact or conclusion averred by Plaintiffs.

Solely for the reader's convenience, Willow Bridge has organized this Answer to correspond with the headings, subheadings, and numbering used within the Complaint. In doing so, Willow Bridge does not admit that the headings or subheadings are factually accurate, and to the extent any such headings or subheadings can be read to contain factual allegation to which an answer is required, Willow Bridge denies each and every one of the allegations. In addition, the Complaint contains footnotes. To the extent the contents of those footnotes are not addressed in the text of the response to the Complaint paragraph to which the footnote relates and/or to the extent that the content of any footnotes can be read to contact factual allegations Willow Bridge denies each and every one of them. The numbers below correspond to the paragraph numbers in Plaintiffs' Complaint.

## I.      NATURE OF THE ACTION

1.      Paragraph 1 cites documents that speak for themselves. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 1 and therefore denies them.

2.      Paragraph 2 contains legal assertions that do not require any response. To the extent a response is required, paragraph 2 cites documents that speak for themselves. Further, Willow Bridge admits that merely 2.76% of the properties Willow Bridge currently manages use Revenue IQ. Willow Bridge denies Plaintiffs' characterization of the use of Yardi revenue management software. To the extent paragraph 2 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 2.

3.      Willow Bridge admits that it manages multifamily rental properties in various states. To the extent paragraph 3 contains allegations that do not pertain to Willow Bridge, Willow

WILLOW BRIDGE PROPERTY COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES - 2

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Except as expressly admitted, Willow Bridge denies any remaining allegations of paragraph 3.

4.      To the extent paragraph 4 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 4.

5.      Paragraph 5 contains legal assertions that do not require any response. To the extent a response is required, paragraph 5 cites documents that speak for themselves. To the extent paragraph 5 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 5.

6.      Paragraph 6 contains legal assertions that do not require any response. To the extent a response is required, paragraph 6 cites documents that speak for themselves. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 6 and therefore denies them. Willow Bridge denies any remaining allegations of Paragraph 6.

7.      Paragraph 7 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 7 and therefore denies them.

8.      Paragraph 8 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 8 and therefore denies them.

9.      Paragraph 9 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 9 and therefore denies them.

10.     Paragraph 10 cites a document that speaks for itself. To the extent paragraph 10 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 10.

11.     Paragraph 11 cites documents that speak for themselves. To the extent paragraph 11 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 11.

12.     Paragraph 12 cites a document that speaks for itself. To the extent paragraph 12 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 12.

13.     Paragraph 13 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 13 and therefore denies them.

14.     Paragraph 14 cites a document that speaks for itself. To the extent paragraph 14 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 14.

15.     Paragraph 15 contains legal assertions that do not require any response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 15. Paragraph 15 cites documents that speak for themselves.

16.     Paragraph 16 cites documents that speak for themselves. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 16 and therefore denies them.

17.     Willow Bridge denies the allegations in paragraph 17. Paragraph 17 cites documents that speak for themselves.

18.    Paragraph 18 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 18 and therefore denies them.

19.    Paragraph 19 contains legal assertions that do not require any response. To the extent a response is required, paragraph 19 cites documents that speak for themselves. To the extent paragraph 19 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 19.

20.    Paragraph 20 contains legal assertions that do not require any response. To the extent paragraph 20 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 20.

21.    Paragraph 21 contains legal assertions that do not require any response. To the extent a response is required, paragraph 21 cites a document that speaks for itself. To the extent paragraph 21 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 21.

22.    Paragraph 22 cites documents that speak for themselves. To the extent paragraph 22 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 22.

23.    Paragraph 23 cites a document that speaks for itself. To the extent paragraph 23 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 23.

24.    To the extent paragraph 24 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth

of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 24.

25.     To the extent paragraph 25 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 25.

26.     Paragraph 26 cites a document that speaks for itself. To the extent paragraph 26 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 26.

27.     Paragraph 27 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 27 and therefore denies them.

28.     Paragraph 28 contains legal assertions that do not require any response. To the extent a response is required, paragraph 28 cites documents that speak for themselves. Willow Bridge admits that its employees conduct market surveys to obtain certain, limited types of information. Willow Bridge denies that this constitutes any unlawful conduct or strategy as characterized by the allegations in Plaintiffs' Complaint. To the extent paragraph 28 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Except as expressly admitted, Willow Bridge denies any remaining allegations of paragraph 28.

29.     Paragraph 29 contains legal assertions that do not require any response. To the extent a response is required, paragraph 29 cites documents that speak for themselves. Willow Bridge admits that its employees previously conducted "call arounds" to obtain certain, limited types of information. Willow Bridge denies that this constituted any unlawful conduct or strategy as characterized by the allegations in Plaintiffs' Complaint. To the extent paragraph 29 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or

information sufficient to form a belief as to the truth of those allegations and therefore denies them. Except as expressly admitted, Willow Bridge denies any remaining allegations of paragraph 29.

30. Paragraph 30 cites documents that speak for themselves. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 30 and therefore denies them.

31. Paragraph 31 contains legal assertions that do not require any response. To the extent a response is required, paragraph 31 cites a document that speaks for itself. To the extent paragraph 31 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 31.

32. Paragraph 32 contains legal assertions that do not require any response. To the extent a response is required, paragraph 32 cites documents that speak for themselves. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 32 and therefore denies them.

33. Paragraph 33 contains legal assertions that do not require any response. To the extent a response is required, paragraph 33 cites documents that speak for themselves. To the extent paragraph 33 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Except as expressly admitted, Willow Bridge denies any remaining allegations of paragraph 33.

34. Paragraph 34 contains legal assertions that do not require any response. To the extent paragraph 34 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 34.

35. Paragraph 35 contains legal assertions that do not require any response. To the extent paragraph 35 contains factual allegations that do not pertain to Willow Bridge, Willow

Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 35.

## II.    PARTIES

### A.    Plaintiffs

36.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies them.

37.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies them.

### B.    Defendants

#### 1.    Defendant Yardi Systems, Inc.

38.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies them.

#### 2.    Landlord Defendants

39.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies them.

40.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies them.

41.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies them.

42.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies them.

43.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies them.

44.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies them.

45.    Willow Bridge lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 45 and therefore denies them.

46.     Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore denies them.

47.     Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore denies them.

48.     Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore denies them.

49.     Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore denies them.

50.     Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore denies them.

51.     Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore denies them.

52.     Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore denies them.

53.     Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore denies them.

54.     Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore denies them.

55.     Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies them.

56.     Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore denies them.

57.     Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore denies them.

58.     Willow Bridge lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 58 and therefore denies them.

59.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and therefore denies them.

60.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 and therefore denies them.

61.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and therefore denies them.

62.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and therefore denies them.

63.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore denies them.

64.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 and therefore denies them.

65.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 and therefore denies them.

66.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and therefore denies them.

67.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore denies them.

68.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 and therefore denies them.

69.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore denies them.

70.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 and therefore denies them.

71.    Willow Bridge lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 71 and therefore denies them.

72.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 and therefore denies them.

73.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore denies them.

74.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 and therefore denies them.

75.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 and therefore denies them.

76.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 and therefore denies them.

77.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 and therefore denies them.

78.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 and therefore denies them.

79.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 and therefore denies them.

80.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 and therefore denies them.

81.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 and therefore denies them.

82.    Willow Bridge admits that it is a Delaware limited liability company headquartered in Dallas, Texas. Willow Bridge admits that it is a property manager, investor, and property owner. Willow Bridge admits that it currently manages over 180,000 apartment units and currently operates in over 20 states. While denying the legal assertions contained in Plaintiffs' definition of "Relevant Time Period," Willow Bridge admits that 2.98% of properties it managed during the Relevant Time Period used RENTmaximizer or

Revenue IQ. Willow Bridge denies that either of the two properties it managed in Washington State during the Relevant Time Period utilized RENTmaximizer or Revenue IQ. Except as expressly admitted, Willow Bridge denies any remaining allegations of paragraph 82.

83.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 and therefore denies them.

**3.    Co-Conspirators and Agents**

84.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 and therefore denies them.

85.    Paragraph 85 contains legal assertions that do not require any response. To the extent paragraph 85 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 85.

86.    Paragraph 86 contains legal assertions that do not require any response. To the extent paragraph 86 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 86.

87.    Paragraph 87 contains legal assertions that do not require any response. To the extent paragraph 87 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 87.

88.    Paragraph 88 contains legal assertions that do not require any response. To the extent paragraph 88 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of

those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 88.

### III. JURISDICTION AND VENUE

89.    Willow Bridge is not presently challenging the Court's subject matter jurisdiction over this action.

90.    Willow Bridge is not presently challenging the Court's personal jurisdiction over it. To the extent paragraph 90 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

91.    Paragraph 91 contains legal assertions that do not require any response. To the extent paragraph 91 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 91.

92.    Paragraph 92 contains legal assertions that do not require any response. To the extent a response is required, Willow Bridge is not presently challenging venue in this District.

### IV.    FACTUAL BACKGROUND

**A.    Yardi's RENTmaximizer is widely used in the national multifamily rental market to set lessors' prices.**

93.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 and therefore denies them.

94.    Paragraph 94 cites documents that speak for themselves. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 94 and therefore denies them.

95.    Paragraph 95 cites documents that speak for themselves. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining

allegations in paragraph 95 and therefore denies them.

96.    Paragraph 96 cites documents that speak for themselves. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 96 and therefore denies them.

97.    Paragraph 97 cites documents that speak for themselves. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 97 and therefore denies them.

98.    Paragraph 98 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 98 and therefore denies them.

99.    Paragraph 99 cites documents that speak for themselves. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 99 and therefore denies them.

100.    Paragraph 100 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 100 and therefore denies them.

101.    Paragraph 101 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 101 and therefore denies them.

102.    Paragraph 102 cites documents that speak for themselves. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 102 and therefore denies them.

103.    Paragraph 103 cites documents that speak for themselves. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 103 and therefore denies them.

104.    Paragraph 104 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining

allegations in paragraph 104 and therefore denies them.

105.    Paragraph 105 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 105 and therefore denies them.

106.    Paragraph 106 cites documents that speak for themselves. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 106 and therefore denies them.

107.    Willow Bridge denies the allegations of paragraph 107. Paragraph 107 cites a document that speaks for itself.

108.    Paragraph 108 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 108 and therefore denies them.

109.    Willow Bridge denies the allegations of paragraph 109. Paragraph 109 cites a document that speaks for itself.

110.    Willow Bridge denies the allegations of paragraph 110. Paragraph 110 cites documents that speak for themselves.

111.    Paragraph 111 cites a document that speaks for itself. To the extent paragraph 111 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 111.

112.    Paragraph 112 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 112 and therefore denies them.

113.    Paragraph 113 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 113 and therefore denies them.

114.    Paragraph 114 cites documents that speak for themselves. Willow Bridge

lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 114 and therefore denies them.

**A.    Yardi and Landlord Defendants conspired to eliminate competition by outsourcing independent pricing and supply decisions to RENTmaximizer.**

115.    Paragraph 115 contains legal assertions that do not require any response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 115. To the extent paragraph 115 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

116.    Paragraph 116 cites a document that speaks for itself. To the extent paragraph 116 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 116.

117.    Paragraph 117 contains legal assertions that do not require any response. To the extent paragraph 117 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 117.

118.    Paragraph 118 contains legal assertions that do not require any response. To the extent a response is required, paragraph 118 cites a document that speaks for itself. To the extent paragraph 118 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 118.

119.    Paragraph 119 contains legal assertions that do not require any response. To the extent a response is required, paragraph 119 cites documents that speak for themselves. To the extent paragraph 119 contains factual allegations that do not pertain to Willow

Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 119.

120.    Paragraph 120 cites a document that speaks for itself. To the extent paragraph 120 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 120.

121.    Paragraph 121 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 121 and therefore denies them.

122.    Paragraph 122 cites a document that speaks for itself. To the extent paragraph 122 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 122.

123.    Paragraph 123 contains legal assertions that do not require any response. To the extent a response is required, paragraph 123 cites documents that speak for themselves. To the extent paragraph 123 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 123.

124.    Paragraph 124 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 124 and therefore denies them.

125.    Paragraph 125 cites documents that speak for themselves. To the extent paragraph 125 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those

allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 125.

126.    Paragraph 126 contains legal assertions that do not require any response. To the extent a response is required, paragraph 126 cites documents that speak for themselves. To the extent paragraph 126 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 126.

127.    Paragraph 127 contains legal assertions that do not require any response. To the extent paragraph 127 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 127.

128.    Paragraph 128 contains legal assertions that do not require any response. To the extent paragraph 128 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 128.

129.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 129 and therefore denies them.

130.    Paragraph 130 contains legal assertions that do not require any response. To the extent paragraph 130 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 130.

**C.      Yardi collects extensive data from landlords, including confidential pricing and occupancy data, that it inputs into its "Yardi Matrix Multifamily" product—which is then used to feed RENTmaximizer.**

131.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 131 and therefore denies them.

132.    Paragraph 132 cites documents that speak for themselves. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 132 and therefore denies them.

133.    Paragraph 133 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 133 and therefore denies them.

134.    Paragraph 134 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 134 and therefore denies them.

135.    Paragraph 135 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 135 and therefore denies them.

136.    Paragraph 136 cites a document that speaks for itself. To the extent paragraph 136 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 136.

137.    Paragraph 137 cites documents that speak for themselves. To the extent paragraph 137 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations

and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 137.

138.    Paragraph 138 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 138 and therefore denies them.

139.    Paragraph 139 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 139 and therefore denies them.

140.    Paragraph 140 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 140 and therefore denies them.

141.    Paragraph 141 cites documents that speak for themselves. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 and therefore denies them.

142.    To the extent paragraph 142 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 142.

143.    Willow Bridge denies the allegations of paragraph 143. To the extent paragraph 143 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

144.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 and therefore denies them.

145.    To the extent paragraph 145 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the

truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 145.

146.    Paragraph 146 cites documents that speak for themselves. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 146 and therefore denies them.

147.    Paragraph 147 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 147 and therefore denies them.

148.    Paragraph 148 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 148 and therefore denies them.

149.    Paragraph 149 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 149 and therefore denies them.

150.    To the extent paragraph 150 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 150.

**D.    Economic analysis confirms that usage of Yardi produces anticompetitive effects in the form of higher prices for RENTmaximizer users.**

151.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151 and therefore denies them.

152.    Paragraph 152 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 152 and therefore denies them.

153.    Paragraph 153 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining

allegations in paragraph 152 and therefore denies them.

154.    Paragraph 154 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 154 and therefore denies them.

155.    Paragraph 155 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 155 and therefore denies them.

**E.    Defendants' conduct has no pro-competitive benefits**

156.    Paragraph 156 contains legal assertions that do not require any response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 156. To the extent paragraph 156 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

157.    Paragraph 157 contains legal assertions that do not require any response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 157. To the extent paragraph 157 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

158.    Paragraph 158 contains legal assertions that do not require any response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 158. To the extent paragraph 158 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

159.    Paragraph 159 contains legal assertions that do not require any response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 159. To the extent paragraph 159 contains factual allegations that do not pertain to Willow

Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

**F.      Studies show that industry-wide usage of a shared pricing algorithm leads to anticompetitive effects.**

160.    Paragraph 160 contains legal assertions that do not require any response. To the extent a response is required, paragraph 160 cites a document that speaks for itself. Further, Willow Bridge denies the allegations of paragraph 160. To the extent paragraph 160 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

161.    Paragraph 161 contains legal assertions that do not require any response. To the extent a response is required, paragraph 161 cites a document that speaks for itself. Further, Willow Bridge denies the allegations of paragraph 161. To the extent paragraph 161 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

162.    Paragraph 162 contains legal assertions that do not require any response. To the extent a response is required, paragraph 162 cites a document that speaks for itself. Further, Willow Bridge denies the allegations of paragraph 162. To the extent paragraph 162 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

163.    Paragraph 163 contains legal assertions that do not require any response. To the extent a response is required, cites a document that speaks for itself. Further, Willow Bridge denies the allegations of paragraph 163. To the extent paragraph 163 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or

information sufficient to form a belief as to the truth of those allegations and therefore denies them.

164.    Paragraph 164 contains legal assertions that do not require any response. To the extent a response is required, paragraph 164 cites a document that speaks for itself. Further, Willow Bridge denies the allegations of paragraph 164. To the extent paragraph 164 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

165.    Paragraph 165 contains legal assertions that do not require any response. To the extent a response is required, paragraph 165 cites documents that speak for themselves. Further, Willow Bridge denies the allegations of paragraph 165. To the extent paragraph 165 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

166.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 166 and therefore denies them.

167.    Paragraph 167 contains legal assertions that do not require any response. To the extent a response is required, paragraph 167 cites a document that speaks for itself. Further, Willow Bridge denies the allegations of paragraph 167. To the extent paragraph 167 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

168.    Paragraph 168 contains legal assertions that do not require any response. To the extent a response is required, paragraph 168 cites a document that speaks for itself. Further, Willow Bridge denies the allegations of paragraph 168. To the extent paragraph 168 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

169.    Willow Bridge denies the allegations of paragraph 169. To the extent paragraph 169 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

**G.      Parallel conduct and "plus factors" indicate an existence of a price-fixing conspiracy.**

170.    Paragraph 170 contains legal assertions that do not require any response. To the extent paragraph a response is required, Willow Bridge denies the allegations of paragraph 170. To the extent paragraph 170 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

171.    Paragraph 171 contains legal assertions that do not require any response. To the extent paragraph a response is required, Willow Bridge denies the allegations of paragraph 171. To the extent paragraph 171 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

**1.      Exchanges of competitively sensitive information**

172.    Willow Bridge denies the allegations of paragraph 172. To the extent paragraph 172 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

173.    Willow Bridge denies the allegations of paragraph 173. To the extent paragraph 173 contains factual allegations that do not pertain to Willow Bridge, Willow

Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

174. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174 and therefore denies them.

175. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175 and therefore denies them.

**3. Actions against economic self-interest.**

176. Paragraph 176 contains legal assertions that do not require any response. To the extent paragraph a response is required, Willow Bridge denies the allegations of paragraph 176. To the extent paragraph 176 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

**4. High barriers to entry**

177. Paragraph 177 contains legal assertions that do not require any response. To the extent paragraph a response is required, Willow Bridge denies the allegations of paragraph 177. To the extent paragraph 177 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

178. Paragraph 178 contains legal assertions that do not require any response. To the extent paragraph a response is required, Willow Bridge denies the allegations of paragraph 178.

**4. Fungible products subject to inelastic consumer demand.**

179. Paragraph 179 contains legal assertions that do not require any response. To the extent paragraph a response is required, Willow Bridge denies the allegations of paragraph 179. To the extent paragraph 179 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief

as to the truth of those allegations and therefore denies them.

180. Paragraph 180 contains legal assertions that do not require any response. To the extent paragraph a response is required, Willow Bridge denies the allegations of paragraph 180. To the extent paragraph 180 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

### 5.    High switching costs

181. Paragraph 181 contains legal assertions that do not require any response. To the extent paragraph a response is required, Willow Bridge denies the allegations of paragraph 181. To the extent paragraph 181 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

182. Paragraph 182 contains legal assertions that do not require any response. To the extent paragraph a response is required, Willow Bridge denies the allegations of paragraph 182. To the extent paragraph 182 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

### 6.    Ample opportunities to collude

183. Willow Bridge admits to the existence of the Yardi Advanced Solutions Conference but denies Plaintiffs' characterization of the same. Paragraph 183 contains legal assertions that do not require any response. To the extent paragraph a response is required, paragraph 183 cites documents that speak for themselves. Further, Willow Bridge denies the allegations of paragraph 183. To the extent paragraph 183 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

184. Willow Bridge admits to the existence of the Yardi Advanced Solutions Conference but denies Plaintiffs' characterization of the same. Paragraph 184 cites a

document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 184 and therefore denies them.

185.    Paragraph 185 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 185 and therefore denies them.

186.    Paragraph 186 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 186 and therefore denies them.

187.    Paragraph 187 cites a document that speaks for itself. To the extent paragraph 187 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 187.

188.    Paragraph 188 cites a document that speaks for itself. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 188 and therefore denies them.

189.    Paragraph 189 cites documents that speak for themselves. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 189 and therefore denies them.

190.    Willow Bridge admits that its employees previously conducted "call arounds" to obtain certain, limited types of information. Willow Bridge denies that this constituted any unlawful conduct as characterized by the allegations in Plaintiffs' Complaint. To the extent paragraph 190 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Except as expressly admitted, Willow Bridge denies any remaining allegations of paragraph 190.

**7.      Related government investigation.**

191.    Paragraph 191 cites a document that speaks for itself and Willow Bridge denies any characterizations of it by Plaintiffs. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191 and therefore denies them.

192.    Paragraph 192 cites a document that speaks for itself and Willow Bridge denies any characterizations of it by Plaintiffs.

193.    Paragraph 193 cites a document that speaks for itself and Willow Bridge denies any characterizations of it by Plaintiffs. To the extent that the allegations in paragraph 193 relate to conduct by the DOJ, they are not factual allegations that require a denial or admission.

194.    Willow Bridge denies the allegations of paragraph 194. Paragraph 194 cites a document that speaks for itself and Willow Bridge denies any characterizations of it by Plaintiffs.

195.    Paragraph 195 cites a document that speaks for itself and Willow Bridge denies any characterizations of it by Plaintiffs.

### V.      RELEVANT MARKET

196.    Paragraph 196 contains legal assertions that do not require any response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 196.

197.    Paragraph 197 contains legal assertions that do not require any response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 197.

198.    Paragraph 198 contains legal assertions that do not require any response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 198.

199.    Paragraph 199 contains legal assertions that do not require any response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 199. To the extent paragraph 199 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the

truth of those allegations and therefore denies them.

200.    Paragraph 200 contains legal assertions that do not require any response. To the extent a response is required, paragraph 200 cites a document that speaks for itself. Further, Willow Bridge denies the allegations of paragraph 200. To the extent paragraph 200 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

## A.    Regional Submarkets

201.    Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 201 and therefore denies them.

202.    Paragraph 202 contains legal assertions that do not require any response. To the extent a response is required, paragraph 202 cites a document that speaks for itself. Further, Willow Bridge denies the allegations of paragraph 202. To the extent paragraph 202 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

203.    Paragraph 203 contains legal assertions that do not require any response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 203.

204.    Paragraph 204 contains legal assertions that do not require any response. To the extent a response is required, paragraph 204 cites a document that speaks for itself. Further, Willow Bridge denies the allegations of paragraph 204.

205.    Paragraph 205 contains legal assertions that do not require any response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 205.

206.    Paragraph 206 purports to characterize the Census Bureau MSA definition, which speaks for itself. Willow Bridge specifically denies that Plaintiffs sufficiently allege a cognizable market or submarket. Further, during the Relevant Time Period, Willow Bridge managed only two properties in Washington State, neither of which utilized Yardi's revenue

management software. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 206 and therefore denies them.

207. Paragraph 207 purports to characterize the Census Bureau MSA definition, which speaks for itself. Willow Bridge specifically denies that Plaintiffs sufficiently allege a cognizable market or submarket. Further, while Willow Bridge does manage properties in Georgia, none of those properties utilize Yardi's revenue management software. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 207 and therefore denies them.

208. Paragraph 208 purports to characterize the Census Bureau MSA definition, which speaks for itself. Willow Bridge specifically denies that Plaintiffs sufficiently allege a cognizable market or submarket. Further, while Willow Bridge does manage properties in Virginia, none of those properties utilize Yardi's revenue management software. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 208 and therefore denies them.

209. Paragraph 209 purports to characterize the Census Bureau MSA definition, which speaks for itself. Willow Bridge specifically denies that Plaintiffs sufficiently allege a cognizable market or submarket. Willow Bridge does manage properties in Texas, some of which utilize Yardi's revenue management software. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 209 and therefore denies them.

210. Paragraph 210 purports to characterize the Census Bureau MSA definition, which speaks for itself. Willow Bridge specifically denies that Plaintiffs sufficiently allege a cognizable market or submarket. Willow Bridge does manage properties in Maryland, a small minority of which utilize Yardi's revenue management software. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining

allegations in paragraph 210 and therefore denies them.

211.   Paragraph 211 purports to characterize the Census Bureau MSA definition, which speaks for itself. Willow Bridge specifically denies that Plaintiffs sufficiently allege a cognizable market or submarket. Willow Bridge does manage properties in Illinois, a small minority of which utilize Yardi's revenue management software. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 211 and therefore denies them.

212.   Paragraph 212 purports to characterize the Census Bureau MSA definition, which speaks for itself. Willow Bridge specifically denies that Plaintiffs sufficiently allege a cognizable market or submarket. Further, while Willow Bridge does manage properties in North Carolina, none of those properties utilize Yardi's revenue management software. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 212 and therefore denies them.

213.   Paragraph 213 purports to characterize the Census Bureau MSA definition, which speaks for itself. Willow Bridge specifically denies that Plaintiffs sufficiently allege a cognizable market or submarket. Further, while Willow Bridge does manage properties in Colorado, none of those properties utilize Yardi's revenue management software. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 213 and therefore denies them.

214.   Paragraph 214 purports to characterize the Census Bureau MSA definition, which speaks for itself. Willow Bridge specifically denies that Plaintiffs sufficiently allege a cognizable market or submarket. Further, while Willow Bridge does manage properties in Florida, none of those properties currently utilize Yardi's revenue management software. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 214 and therefore denies them.

215.   Paragraph 215 purports to characterize the Census Bureau MSA definition, which speaks for itself. Willow Bridge specifically denies that Plaintiffs sufficiently allege

a cognizable market or submarket. Further, while Willow Bridge does manage properties in California, none of those properties utilize Yardi revenue management software. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 215 and therefore denies them.

216.   Paragraph 216 purports to characterize the Census Bureau MSA definition, which speaks for itself. Willow Bridge specifically denies that Plaintiffs sufficiently allege a cognizable market or submarket. Willow Bridge does manage properties in Arizona, a small number of which utilize Yardi's revenue management software. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 216 and therefore denies them.

217.   Paragraph 217 purports to characterize the Census Bureau MSA definition, which speaks for itself. Willow Bridge specifically denies that Plaintiffs sufficiently allege a cognizable market or submarket. Further, while Willow Bridge does manage properties in Oregon, Willow Bridge does not manage any properties in Oregon that utilize Yardi's revenue management. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 217 and therefore denies them.

218.   Willow Bridge specifically denies that Plaintiffs sufficiently allege a cognizable market or submarket. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 218 and therefore denies them.

### VI.   CLASS ACTION ALLEGATIONS

219.   Willow Bridge denies that any class may be certified in this action, denies that Plaintiffs are entitled to any relief, and denies any remaining allegations of paragraph 219.

220. Willow Bridge denies the allegations of paragraph 220.

221. Willow Bridge denies the allegations of paragraph 221.

222. Willow Bridge denies the allegations of paragraph 222.

223. Willow Bridge denies the allegations of paragraph 223.

224. Willow Bridge denies the allegations of paragraph 224.

225. Willow Bridge denies the allegations of paragraph 225.

226. Willow Bridge denies the allegations of paragraph 226.

227. Willow Bridge denies the allegations of paragraph 227.

## VII. CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

### VIOLATION OF SECTION 1 OF THE SHERMAN ACT

### FOR AGREEMENT IN RESTRAINT OF TRADE (HUB AND SPOKE CONSPIRACY)

### 15 U.S.C. § 1

### (On Behalf of Nationwide Class for Injunctive and

### Equitable Relief and Compensatory Damages)

228. Willow Bridge denies the allegations of paragraph 228.

229. Willow Bridge denies the allegations of paragraph 229.

230. Willow Bridge denies the allegations of paragraph 230.

231. Willow Bridge denies the allegations of paragraph 231.

232. Willow Bridge denies the allegations of paragraph 232.

233. Willow Bridge denies the allegations of paragraph 233.

### SECOND CLAIM FOR RELIEF

### VIOLATION OF SECTION 1 OF THE SHERMAN ACT

### FOR AGREEMENT IN RESTRAINT OF TRADE (SET OF VERTICAL AGREEMENTS)

### 15 U.S.C. § 1

### (On Behalf of Nationwide Class for Injunctive and

### Equitable Relief and Compensatory Damages)

234.    Willow Bridge denies the allegations of paragraph 234. Willow Bridge incorporates by reference its answers to each preceding and succeeding paragraph, as if fully set forth herein in response to paragraph 234.

235.    Willow Bridge denies the allegations of paragraph 235.

236.    Willow Bridge denies the allegations of paragraph 236.

237.    Willow Bridge denies the allegations of paragraph 237.

238.    Willow Bridge denies the allegations of paragraph 238.

239.    Willow Bridge denies the allegations of paragraph 239.

240.    Willow Bridge denies the allegations of paragraph 240.

241.    Willow Bridge denies the allegations of paragraph 241.

**THIRD CLAIM FOR RELIEF**

**VIOLATION OF SECTION 1 OF THE SHERMAN ACT**

**FOR CONSPIRACY TO EXCHANGE COMPETITIVE INFORMATION**

**15 U.S.C. § 1**

**(On Behalf of Nationwide Class for Injunctive and**

**Equitable Relief and Compensatory Damages)**

242.    Willow Bridge denies the allegations of paragraph 242. Willow Bridge incorporates by reference its answers to each preceding and succeeding paragraph, as if fully set forth herein in response to paragraph 242.

243.    Willow Bridge denies the allegations of paragraph 243.

244.    Willow Bridge denies the allegations of paragraph 244.

245.    Willow Bridge denies the allegations of paragraph 245.

246.    Willow Bridge denies the allegations of paragraph 246.

247.    Willow Bridge denies the allegations of paragraph 247.

248.    Willow Bridge denies the allegations of paragraph 248.

249.    Willow Bridge denies the allegations of paragraph 249.

250.    Willow Bridge denies the allegations of paragraph 250.

251.    Willow Bridge denies the allegations of paragraph 251.

252.    Willow Bridge denies the allegations of paragraph 252.

253.    Willow Bridge denies the allegations of paragraph 253.

254.    Willow Bridge denies the allegations of paragraph 254.

255.    Willow Bridge denies the allegations of paragraph 255.

256.    Willow Bridge denies the allegations of paragraph 256.

257.    Willow Bridge denies the allegations of paragraph 257.

258.    Willow Bridge denies the allegations of paragraph 258.

## REQUEST FOR RELIEF

**ANSWER TO REQUEST FOR RELIEF:**    Willow Bridge denies any and all allegations contained in Plaintiffs' request for relief, denies that Plaintiffs are entitled to any relief, and requests that Plaintiffs take nothing in this suit and that this matter be dismissed with prejudice, with costs and fees awarded to Willow Bridge.

## JURY TRIAL DEMANDED

**ANSWER TO JURY TRIAL DEMAND:**    Plaintiffs' Jury Trial Demand contains no factual assertions to which a response is required. Plaintiffs' Jury Trial Demand further states legal assertions and Plaintiffs' characterization of this action, with which Willow Bridge disagrees and to which no response is required. Willow Bridge further states that if named Plaintiffs and unnamed putative class members signed leases for Willow Bridge managed properties that utilized Yardi revenue management during the class period, including but not limited to in Arizona, Texas, Florida, Illinois, and Pennsylvania, those named Plaintiffs and unnamed putative class members agreed to valid and enforceable jury waivers, and/or arbitration agreements, and/or class action waivers that Willow Bridge intends to enforce. Further, Willow Bridge states that form leases signed by putative class members in other states also contain enforceable jury waivers, and/or arbitration agreements, and/or class action waivers. Willow Bridge further denies that Plaintiffs

have stated claims that are triable. Willow Bridge denies any remaining allegations of Plaintiffs' Jury Trial Demand.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, Willow Bridge asserts the following avoidances and defenses to Plaintiffs' and putative unnamed class members' claims. Willow Bridge incorporates by reference the admissions, allegations, and denials contained in its Answer, and reserves the right to amend this Answer and to assert other defenses as this action proceeds.

Federal Rule of Civil Procedure 8 sets forth the avoidances and defenses that must be affirmatively stated in a pleading. *See* Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense[.]").

To the extent necessary, Willow Bridge alleges Plaintiffs' claims are barred because the acts Plaintiffs allege Willow Bridge undertook in furtherance of the alleged conspiracy were in Willow Bridge's unilateral business interest. Willow Bridge reserves the right to assert additional avoidances and defenses as they become known during discovery and based on the record as it develops, up to and including the time of trial.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Willow Bridge's alleged conduct has not unreasonably restrained trade and was lawful, fair, non-deceptive, expressly authorized by law, justified, and pro-competitive, constituted bona fide business practices, and was carried out in furtherance of Willow Bridge's independent and legitimate business interests.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver and/or by Plaintiffs' knowing acquiescence to the restraints of trade alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that any alleged harm or damages suffered by Plaintiffs were not proximately caused by any actions or conduct of Willow

WILLOW BRIDGE PROPERTY COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES - 37

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

Bridge.  In particular, any harm suffered by Plaintiffs was not a direct result of Willow Bridge's conduct but rather resulted from other intervening factors or superseding events that broke the causal chain between Willow Bridge's conduct and Plaintiffs' alleged injuries. These intervening causes include, but are not limited to, actions by third parties, market forces, or other external factors beyond Willow Bridge's control.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs suffered no antitrust injury. To allege antitrust injury, Plaintiffs must show that they suffered a type of injury that the antitrust laws were intended to prevent as a result of a defendant's unlawful, competition-reducing conduct. Defendants' independent decisions to license a revenue management product that generates pricing outputs based on individualized decisions does not mean those users somehow conspired to (and succeeded in) inflating apartment rents nationwide. Mere use of revenue management software is not unlawful conduct, and it is not the type of injury that the antitrust laws were intended to prevent.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, by the applicable statute of limitations because they were not commenced within four years of the date when they accrued. *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055 (9th Cir. 2012).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate, minimize, or avoid their alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they seek improper multiple damage awards, and damage awards duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution and of the Eighth Amendment of the United States Constitution.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claim for damages is barred because their alleged damages, if any, are speculative and uncertain, and because of the impossibility of ascertaining and allocating their alleged damages.

**NINTH AFFIRMATIVE DEFENSE**

Without admitting the existence of any contract, combination, or conspiracy in restraint of trade, and expressly denying same, Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs entered into contracts that do not include any purported overcharge.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole and/or in part, because Willow Bridge's alleged conduct has not unreasonably restrained trade and was lawful, fair, non-deceptive, expressly authorized by law, justified, and pro-competitive, constituted bona fide business practices, and was carried out in furtherance of Willow Bridge's independent and legitimate business interests.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Willow Bridge's actions were not *per se* unlawful.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Willow Bridge and other Defendants do not possess market power, individually or collectively, in any relevant market.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because there are no anticompetitive effects in any relevant geographic market.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to allege a properly defined geographic market.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because a class cannot be certified because, among other reasons, Plaintiffs and putative class members entered into contracts that require arbitration of the claims at issue, require suit in a different forum, precludes a jury trial, or precludes a class or other representative proceeding.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because Willow Bridge's actions did not lessen competition in a relevant market.

Wherefore, Willow Bridge requests that all of Plaintiffs' claims be dismissed with prejudice and that judgment be entered in Willow Bridge's favor, with costs and fees to Willow Bridge.

WILLOW BRIDGE PROPERTY COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES - 40

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

RESPECTFULLY SUBMITTED this 21st day of April, 2025.

**DLA PIPER LLP (US)**

*/s/ Anthony Todaro*
Anthony Todaro, WSBA No. 30391
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
Tel: (206) 839-4800
Fax:(206) 839-4801
E-mail: anthony.todaro@us.dlapiper.com

Gregory J. Casas, *Admitted Pro Hac Vice*
Emily Willis Collins, *Admitted Pro Hac Vice*
303 Colorado Street, Suite 3000
Austin, Texas 78701
Tel: (512) 457-7290
Fax: (512) 721-2390
E-mail: greg.casas@us.dlapiper.com
E-mail: emily.collins@us.dlapiper.com

AND

Becky L. Caruso, *Admitted Pro Hac Vice*
51 John F. Kennedy Parkway, Suite 120
Short Hills, NJ 07078-2704
Tel: (973) 520-2550
Fax: (973) 520-2551
E-mail: becky.caruso@us.dlapiper.com

*Counsel for Defendant Willow Bridge Property Company (f/k/a Lincoln Property Company)*

WILLOW BRIDGE PROPERTY COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES - 41

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties or their counsel of record.

Dated this 21st day of April, 2025.

*s/ Jacey Bittle*
Jacey Bittle, Legal Executive Assistant

WILLOW BRIDGE PROPERTY COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES - 42

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800