HON. ROBERT S. LASNIK

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9 *In Re: YARDI REVENUE MANAGEMENT*
*ANTITRUST LITIGATION*
CASE NO. 2:23-cv-01391-RSL

10 MCKENNA DUFFY and MICHAEL BRETT,
individually and on behalf of all others similarly
11 situated,

**RPM LIVING, LLC'S ANSWER TO**
**PLAINTIFFS' CONSOLIDATED CLASS**
**ACTION COMPLAINT**

12                                    Plaintiffs,

13                   v.

14 YARDI SYSTEMS, INC., et al.

15                                    Defendants.

16

17          Defendant RPM Living, LLC (RPM) submits this answer to Plaintiffs' Consolidated Class

Action Complaint (Complaint) (ECF No. 226).

18

19                   **GENERAL RESPONSE TO PLAINTIFFS' ALLEGATIONS**

20          Each paragraph below corresponds to the same-numbered paragraph in the Complaint.  All

allegations not expressly admitted are denied.  RPM does not interpret the headings in the

21 Complaint as well-pleaded allegations to which any response is required.  To the extent a response

22 is required to the headings, RPM denies all such allegations in the headings.  Unless otherwise

23 defined, capitalized terms refer to the capitalized terms as used in the Complaint, but their use is

24 not an acknowledgment or admission of any characterization Plaintiffs may ascribe to the terms.

25

26

RPM LIVING, LLC'S ANSWER - 1
[2:23-cv-01391-RSL]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## I.    NATURE OF THE ACTION

1.    This introductory paragraph is a characterization of Plaintiffs' themes and theories of the case for which no response is required.  To the extent a response is required, RPM denies any allegations in paragraph 1 of the Complaint.  To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents.  RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document.

2.    This introductory paragraph is a characterization of Plaintiffs' themes and theories of the case for which no response is required.  To the extent a response is required, RPM denies any allegations in paragraph 2 of the Complaint.  To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents.  RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document.

3.    RPM admits that it manages multifamily rental properties.  To the extent the allegations in Paragraph 3 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  Additionally, this introductory paragraph is a characterization of Plaintiffs' theories of the case for which no response is required.  To the extent a response is required, RPM denies any allegations in paragraph 1 of the Complaint.  To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents.

4.    This introductory paragraph is a characterization of Plaintiffs' themes and theories of the case for which no response is required.  To the extent a response is required, RPM denies any allegations in paragraph 4 of the Complaint.  To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the

document or data's contents.  RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document.

5.     This introductory paragraph is a characterization of Plaintiffs' theories of the case for which no response is required.  To the extent a response is required, RPM denies any allegations in paragraph 5 of the Complaint.  To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents.  RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document.

6.     This introductory paragraph is a characterization of Plaintiffs' theories of the case for which no response is required.  To the extent a response is required, RPM denies any allegations in paragraph 6 of the Complaint.  To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents.  RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document.

7.     To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the document or data for a complete statement of the document or data's contents.  RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the document or data.  RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 7 of the Complaint and therefore denies same.

8.     This introductory paragraph is a characterization of Plaintiffs' theories of the case for which no response is required.  To the extent a response is required, RPM denies any allegations in paragraph 8 of the Complaint.  To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents.  RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

9.      To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the document or data for a complete statement of the document or data's contents.  RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the document or data.  RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 7 of the Complaint and therefore denies same.

10.     This introductory paragraph is a characterization of Plaintiffs' theories of the case for which no response is required.  To the extent a response is required, RPM denies any allegations in paragraph 8 of the Complaint.  To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents.  RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document.

11.     To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the document or data for a complete statement of the document or data's contents.  RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the document or data.  RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 11 of the Complaint and therefore denies same.

12.     To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the document or data for a complete statement of the document or data's contents.  RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the document or data.  RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 12 of the Complaint and therefore denies same.

13.     To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the document or data for a complete statement of the document or data's contents.  RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the document or data.  RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 13 of the Complaint and therefore denies same.

RPM LIVING, LLC'S ANSWER - 4
[2:23-cv-01391-RSL]

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

14.     To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the document or data for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the document or data. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 14 of the Complaint and therefore denies same.

15.     To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the document or data for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the document or data. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 15 of the Complaint and therefore denies same.

16.     To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the document or data for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the document or data. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 16 of the Complaint and therefore denies same.

17.     To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the document or data for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the document or data. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 17 of the Complaint and therefore denies same.

18.     RPM denies that Yardi emphasized it will manage pricing for RPM. To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the document or data for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the document or data. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 18 of the Complaint and therefore denies same.

RPM LIVING, LLC'S ANSWER - 5
[2:23-cv-01391-RSL]

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

19.    This introductory paragraph is a characterization of Plaintiffs' theories of the case for which no response is required.  To the extent a response is required, RPM denies any allegations in paragraph 19 of the Complaint.  To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents.  RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document.

20.    This introductory paragraph is a characterization of Plaintiffs' theories of the case for which no response is required.  To the extent a response is required, RPM denies any allegations in paragraph 19 of the Complaint.

21.    To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the document or data for a complete statement of the document or data's contents.  RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the document or data.  RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 21 of the Complaint and therefore denies same.

22.    To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the document or data for a complete statement of the document or data's contents.  RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the document or data.  RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 22 of the Complaint and therefore denies same.

23.    RPM denies that RENTmaximizer gives lessors an unfair advantage.  To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the document or data for a complete statement of the document or data's contents.  RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the document or data.  RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 23 of the Complaint and therefore denies same.

RPM LIVING, LLC'S ANSWER - 6
[2:23-cv-01391-RSL]

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

24.     To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the document or data for a complete statement of the document or data's contents.  RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the document or data.  RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 24 of the Complaint and therefore denies same.

25.     To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the document or data for a complete statement of the document or data's contents.  RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the document or data.  RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 25 of the Complaint and therefore denies same.

26.     To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the document or data for a complete statement of the document or data's contents.  RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the document or data.  RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 26 of the Complaint and therefore denies same.

27.     This introductory paragraph is a characterization of Plaintiffs' theories of the case for which no response is required.  To the extent a response is required, RPM denies any allegations in paragraph 27 of the Complaint.  To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents.  RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document.

28.     This introductory paragraph is a characterization of Plaintiffs' theories of the case for which no response is required.  To the extent a response is required, RPM denies any allegations in paragraph 28 of the Complaint.  To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

or data's contents.  RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document.

29.    This introductory paragraph is a characterization of Plaintiffs' theories of the case for which no response is required.  To the extent a response is required, RPM denies any allegations in paragraph 29 of the Complaint.  To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents.  RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document.

30.    To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the document or data for a complete statement of the document or data's contents.  RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the document or data.  RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 30 of the Complaint and therefore denies same.

31.    This introductory paragraph is a characterization of Plaintiffs' theories of the case for which no response is required.  To the extent a response is required, RPM denies any allegations in paragraph 31 of the Complaint.  To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents.  RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document.

32.    To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents.  RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document.  RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 32 of the Complaint and therefore denies same.

33.    To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 33 of the Complaint and therefore denies same.

34.    This introductory paragraph is a characterization of Plaintiffs' theories of the case for which no response is required.  To the extent a response is required, RPM denies any allegations in paragraph 34 of the Complaint.

35.    This introductory paragraph is a characterization of Plaintiffs' theories of the case for which no response is required.  To the extent a response is required, RPM denies any allegations in paragraph 34 of the Complaint.

## II.    PARTIES

### A.    Plaintiffs

36.    RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 36 of the Complaint and therefore denies same.

37.    RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 37 of the Complaint and therefore denies same.

### B.    Defendants

#### 1.    Defendant Yardi Systems, Inc.

38.    RPM admits that Yardi provides property management software and services.  RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 38 of the Complaint and therefore denies same.

#### 2.    Landlord Defendants

39.    RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 39 of the Complaint and therefore denies same.

40.    RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 40 of the Complaint and therefore denies same.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

41.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 41 of the Complaint and therefore denies same.

42.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 42 of the Complaint and therefore denies same.

43.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 43 of the Complaint and therefore denies same.

44.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 44 of the Complaint and therefore denies same.

45.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 45 of the Complaint and therefore denies same.

46.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 46 of the Complaint and therefore denies same.

47.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 47 of the Complaint and therefore denies same.

48.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 48 of the Complaint and therefore denies same.

49.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 49 of the Complaint and therefore denies same.

50.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 50 of the Complaint and therefore denies same.

51.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 51 of the Complaint and therefore denies same.

52.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 52 of the Complaint and therefore denies same.

53.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 53 of the Complaint and therefore denies same.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

54.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 54 of the Complaint and therefore denies same.

55.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 55 of the Complaint and therefore denies same.

56.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 56 of the Complaint and therefore denies same.

57.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 57 of the Complaint and therefore denies same.

58.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 58 of the Complaint and therefore denies same.

59.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 59 of the Complaint and therefore denies same.

60.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 60 of the Complaint and therefore denies same.

61.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 61 of the Complaint and therefore denies same.  35

62.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 62 of the Complaint and therefore denies same.  35

63.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 63 of the Complaint and therefore denies same.  35

64.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 64 of the Complaint and therefore denies same.

65.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 65 of the Complaint and therefore denies same.

66.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 66 of the Complaint and therefore denies same.

67.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 67 of the Complaint and therefore denies same.

68.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 68 of the Complaint and therefore denies same.

69.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 69 of the Complaint and therefore denies same.

70.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 70 of the Complaint and therefore denies same.

71.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 71 of the Complaint and therefore denies same.

72.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 72 of the Complaint and therefore denies same.

73.     RPM admits the allegations in paragraph 73 of the Complaint.

74.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 74 of the Complaint and therefore denies same.

75.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 75 of the Complaint and therefore denies same.

76.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 76 of the Complaint and therefore denies same.

77.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 77 of the Complaint and therefore denies same.

78.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 78 of the Complaint and therefore denies same.

79.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 79 of the Complaint and therefore denies same.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

80.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 80 of the Complaint and therefore denies same.

81.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 81 of the Complaint and therefore denies same.

82.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 82 of the Complaint and therefore denies same.

83.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 83 of the Complaint and therefore denies same.

### 3.     Co-Conspirators and Agents

84.     This paragraph does not contain factual allegations and thus, no response is required. To the extent a response is required, RPM denies the allegations in paragraph 84 of the Complaint.

85.     This paragraph contains legal conclusions for which no response is required.  To the extent a response is required, RPM denies the allegations in paragraph 85 of the Complaint.

86.     This paragraph contains legal conclusions for which no response is required.  To the extent a response is required, RPM denies the allegations in paragraph 86 of the Complaint.

87.     This paragraph contains legal conclusions for which no response is required.  To the extent a response is required, RPM denies the allegations in paragraph 87 of the Complaint.

88.     This paragraph contains legal conclusions for which no response is required.  To the extent a response is required, RPM denies the allegations in paragraph 88 of the Complaint.

### III.   JURISDICTION AND VENUE

89.     RPM admits this Court has subject-matter jurisdiction but denies any alleged violations of any federal statute.

90.     This paragraph contains legal conclusions for which no response is required.  To the extent a response is required, RPM does not contest the jurisdiction of this Court.

91.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 91 of the Complaint and therefore denies same.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

92.     This paragraph contains legal conclusions for which no response is required.  To the extent a response is required, RPM does not contest the venue of this action.

## IV.   FACTUAL BACKGROUND

**A.     Yardi's RENTmaximizer is widely used in the national multifamily rental market to set lessors' prices.**

93.     RPM admits that Yardi offers property management software products and services. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 93 of the Complaint and therefore denies same.

94.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 94 of the Complaint and therefore denies same.

95.     To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 95 of the Complaint and therefore denies same.

96.     To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 96 of the Complaint and therefore denies same.

97.     To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 97 of the Complaint and therefore denies same.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

98.     To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 98 of the Complaint and therefore denies same.

99.     To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 99 of the Complaint and therefore denies same.

100.     To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 100 of the Complaint and therefore denies same.

101.     To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 101 of the Complaint and therefore denies same.

102.     To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 102 of the Complaint and therefore denies same.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

103.    To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 103 of the Complaint and therefore denies same.

104.    To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 104 of the Complaint and therefore denies same.

105.    RPM denies that it was encouraged to automatically adopt any recommendations received from Yardi's system.  To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents.  RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document.  RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 105 of the Complaint and therefore denies same

106.    To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 106 of the Complaint and therefore denies same.

107.    To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 107 of the Complaint and therefore denies same.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

108.    To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 108 of the Complaint and therefore denies same.

109.    To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 109 of the Complaint and therefore denies same.

110.    To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 110 of the Complaint and therefore denies same.

111.    To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 111 of the Complaint and therefore denies same.

112.    To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 112 of the Complaint and therefore denies same.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

113.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 113 of the Complaint and therefore denies same.

114.     To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 114 of the Complaint and therefore denies same.

**B.     Yardi and Landlord Defendants conspired to eliminate competition by outsourcing independent pricing and suppl decision to RENTmaximizer.**

115.     This paragraph contains legal conclusions for which no response is required.  To the extent a response is required, RPM does not contest the jurisdiction of this Court.

116.     To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 116 of the Complaint and therefore denies same.

117.     This paragraph contains legal conclusions for which no response is required.  To the extent a response is required, RPM does not contest the jurisdiction of this Court.

118.     To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document. RPM denies remaining allegations in paragraph 116 of the Complaint.

119.     To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 119 of the Complaint and therefore denies same.

120.    To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 120 of the Complaint and therefore denies same.

121.    To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 121 of the Complaint and therefore denies same.

122.    RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 122 of the Complaint and therefore denies same.

123.    To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 123 of the Complaint and therefore denies same.

124.    RPM denies the allegation of promotion of inflating prices and inviting others "to join their scheme." To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 124 of the Complaint and therefore denies same.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

125.     To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document. RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 125 of the Complaint and therefore denies same.

126.     RPM denies the allegation of outsourcing "independent price divisions. . . and achieve supracompetitive results as a result." To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the website or document for a complete statement of the document or data's contents.  RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the website or document.  RPM lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in paragraph 126 of the Complaint and therefore denies same.

127.     RPM denies that it knew its competitors use Yardi's price setting software.  To the extent the allegations in Paragraph 127 are directed to or concern other Defendants and/or parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.

128.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 128 of the Complaint and therefore denies same.

129.     RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 129 of the Complaint and therefore denies same.

130.     RPM denies the allegations in paragraph 130 of the Complaint.

**C.     Yardi collects extensive data from landlords, including confidential pricing and occupancy data, that it inputs into its "Yardi Matrix Multifamily" product – which is then used to feed Rentmaximizer.**

131.     RPM is without knowledge or information sufficient to form a belief as to the truth of any allegation in paragraph 131 of the Complaint, so RPM denies the allegations in paragraph 131 of the Complaint.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

1    132.    RPM is without knowledge or information sufficient to form a belief as to the truth

2    of any allegation in paragraph 132 of the Complaint, so RPM denies the allegations in paragraph

3    132 of the Complaint.

4    133.    RPM is without knowledge or information sufficient to form a belief as to the truth

5    of any allegation in paragraph 133 of the Complaint, so RPM denies the allegations in paragraph

6    133 of the Complaint.

7    134.    RPM is without knowledge or information sufficient to form a belief as to the truth

8    of any allegation in paragraph 134 of the Complaint, so RPM denies the allegations in paragraph

9    134 of the Complaint.

10    135.    RPM is without knowledge or information sufficient to form a belief as to the truth

11    of any allegation in paragraph 135 of the Complaint, so RPM denies the allegations in paragraph

12    135 of the Complaint.

13    136.    RPM is without knowledge or information sufficient to form a belief as to the truth

14    of any allegation in paragraph 136 of the Complaint, so RPM denies the allegations in paragraph

15    136 of the Complaint.

16    137.    RPM is without knowledge or information sufficient to form a belief as to the truth

17    of any allegation in paragraph 137 of the Complaint, so RPM denies the allegations in paragraph

18    137 of the Complaint.

19    138.    RPM is without knowledge or information sufficient to form a belief as to the truth

20    of any allegation in paragraph 138 of the Complaint, so RPM denies the allegations in paragraph

21    138 of the Complaint.

22    139.    RPM is without knowledge or information sufficient to form a belief as to the truth

23    of any allegation in paragraph 139 of the Complaint, so RPM denies the allegations in paragraph

24    139 of the Complaint.

25

26

140.     RPM is without knowledge or information sufficient to form a belief as to the truth of any allegation in paragraph 140 of the Complaint, so RPM denies the allegations in paragraph 140 of the Complaint.

141.     RPM is without knowledge or information sufficient to form a belief as to the truth of any allegation in paragraph 141 of the Complaint, so RPM denies the allegations in paragraph 141 of the Complaint.

142.     To the extent the allegations in Paragraph 142 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  RPM admits that it agreed that some of its pricing and occupancy data would be shared with Yardi.  To the extent that Paragraph 142 contains any other factual allegations, RPM denies those allegations.

143.     To the extent the allegations in Paragraph 143 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  RPM admits that it agreed that some of its pricing and occupancy data would be shared with Yardi.  To the extent that Paragraph 143 contains any other factual allegations, RPM denies those allegations.

144.     To the extent the allegations in Paragraph 144 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  To the extent that Paragraph 144 contains any other factual allegations, RPM denies those allegations.

145.     To the extent the allegations in Paragraph 145 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  To the extent that Paragraph 145 contains any other factual allegations, RPM denies those allegations.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

146.    RPM is without knowledge or information sufficient to form a belief as to the truth of any allegation in paragraph 146 of the Complaint, so RPM denies the allegations in paragraph 146 of the Complaint.

147.    RPM is without knowledge or information sufficient to form a belief as to the truth of any allegation in paragraph 147 of the Complaint, so RPM denies the allegations in paragraph 147 of the Complaint.

148.    RPM is without knowledge or information sufficient to form a belief as to the truth of any allegation in paragraph 148 of the Complaint, so RPM denies the allegations in paragraph 148 of the Complaint.

149.    RPM is without knowledge or information sufficient to form a belief as to the truth of any allegation in paragraph 149 of the Complaint, so RPM denies the allegations in paragraph 149 of the Complaint.

150.    To the extent the allegations in Paragraph 150 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  To the extent that Paragraph 150 contains any other factual allegations, RPM denies those allegations.

**D.    Economic analysis confirms that usage of Yardi produces anticompetitive effects in the form of higher prices for RENTmaximizer users.**

151.    RPM is without knowledge or information sufficient to form a belief as to the truth of any allegation in paragraph 151 of the Complaint, so RPM denies the allegations in paragraph 151 of the Complaint.

152.    RPM is without knowledge or information sufficient to form a belief as to the truth of any allegation in paragraph 152 of the Complaint, so RPM denies the allegations in paragraph 152 of the Complaint.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

153.    RPM is without knowledge or information sufficient to form a belief as to the truth of any allegation in paragraph 153 of the Complaint, so RPM denies the allegations in paragraph 153 of the Complaint.

154.    RPM is without knowledge or information sufficient to form a belief as to the truth of any allegation in paragraph 154 of the Complaint, so RPM denies the allegations in paragraph 154 of the Complaint.

155.    RPM is without knowledge or information sufficient to form a belief as to the truth of any allegation in paragraph 155 of the Complaint, so RPM denies the allegations in paragraph 155 of the Complaint.

**E.    Defendants' conduct has no pro-competitive benefits**

156.    To the extent the allegations in Paragraph 156 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  To the extent that Paragraph 156 contains any other factual allegations, RPM denies those allegations.

157.    To the extent the allegations in Paragraph 157 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  To the extent that Paragraph 157 contains any other factual allegations, RPM denies those allegations.

158.    To the extent the allegations in Paragraph 158 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  RPM denies its participation in any alleged conspiracy.  To the extent that Paragraph 158 contains any other factual allegations, RPM denies those allegations.

159.    To the extent the allegations in Paragraph 159 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

concerning the truth of the allegations, and therefore, denies those allegations. To the extent that Paragraph 159 contains any other factual allegations, RPM denies those allegations.

**F.    Studies show that industry-wide usage of a shared pricing algorithm leads to anticompetitive effects.**

160.    To the extent the allegations in Paragraph 160 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations. To the extent that Paragraph 160 contains any other factual allegations, RPM denies those allegations.

161.    To the extent the allegations in Paragraph 161 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations. To the extent that Paragraph 161 contains any other factual allegations, RPM denies those allegations.

162.    To the extent the allegations in Paragraph 162 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations. To the extent that Paragraph 162 contains any other factual allegations, RPM denies those allegations.

163.    To the extent the allegations in Paragraph 163 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations. To the extent that Paragraph 163 contains any other factual allegations, RPM denies those allegations.

164.    To the extent the allegations in Paragraph 164 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations. To the extent that Paragraph 164 contains any other factual allegations, RPM denies those allegations.

165.    To the extent the allegations in Paragraph 165 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

1  concerning the truth of the allegations, and therefore, denies those allegations.  To the extent that

2  Paragraph 165 contains any other factual allegations, RPM denies those allegations.

3      166.    To the extent the allegations in Paragraph 166 are directed to or concern other

4  Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief

5  concerning the truth of the allegations, and therefore, denies those allegations.  To the extent that

6  Paragraph 166 contains any other factual allegations, RPM denies those allegations.

7      167.    To the extent the allegations in Paragraph 167 are directed to or concern other

8  Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief

9  concerning the truth of the allegations, and therefore, denies those allegations.  To the extent that

10  Paragraph 167 contains any other factual allegations, RPM denies those allegations.

11      168.    To the extent the allegations in Paragraph 168 are directed to or concern other

12  Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief

13  concerning the truth of the allegations, and therefore, denies those allegations.  RPM denies having

14  outsourced pricing decisions to Yardi.  To the extent that Paragraph 168 contains any other factual

15  allegations, RPM denies those allegations.

16      169.    To the extent the allegations in Paragraph 169 are directed to or concern other

17  Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief

18  concerning the truth of the allegations, and therefore, denies those allegations.  RPM denies Yardi

19  tells it how to price multifamily housing.  To the extent that Paragraph 169 contains any other factual

20  allegations, RPM denies those allegations.

21  **G.    Parallel conduct and "plus factors" indicate an existence of a price-fixing conspiracy.**

22      170.    To the extent the allegations in Paragraph 170 are directed to or concern other

23  Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief

24  concerning the truth of the allegations, and therefore, denies those allegations.  RPM denies any

25  coordination with other Lessor Defendants.  RPM denies using pricing adjustments provided by

26  RENTmaximizer with any understanding that usage would produce artificially inflated prices.  RPM

RPM LIVING, LLC'S ANSWER - 26
[2:23-cv-01391-RSL]

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

denies having increased rental rates beyond prices that would be achieved in a competitive market. To the extent that Paragraph 170 contains any other factual allegations, RPM denies those allegations.

171.    To the extent the allegations in Paragraph 171 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  RPM denies having exchanged competitively sensitive information, actions against self-interest, high barriers to entry, fungible products subject to inelastic consumer demand, high switching costs, and ample opportunities to collude.  RPM denies that a government investigation into RealPage is a "plus factor" that renders the industry susceptible to collusion or that tends to exclude the possibility of independent action.  To the extent that Paragraph 171 contains any other factual allegations, RPM denies those allegations.

### 1.    Exchanges of competitively sensitive information

172.    To the extent the allegations in Paragraph 172 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  RPM denies sharing confidential business information with Yardi with the knowledge that "the system would use that data to calculate rents for competitors."  RPM denies entering into any agreement "of mutual sharing and receiving competitors' information."  To the extent that Paragraph 172 contains any other factual allegations, RPM denies those allegations.

173.    To the extent the allegations in Paragraph 173 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  To the extent that Paragraph 173 contains any other factual allegations, RPM denies those allegations.

174.    To the extent the allegations in Paragraph 174 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

concerning the truth of the allegations, and therefore, denies those allegations. To the extent that Paragraph 174 contains any other factual allegations, RPM denies those allegations.

175. To the extent the allegations in Paragraph 175 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations. To the extent that Paragraph 175 contains any other factual allegations, RPM denies those allegations.

**2.    Actions against economic self-interest.**

176. To the extent the allegations in Paragraph 176 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations. To the extent that Paragraph 176 contains any other factual allegations, RPM denies those allegations.

**3.    High barriers to entry**

177. To the extent the allegations in Paragraph 177 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations. To the extent that Paragraph 177 contains any other factual allegations, RPM denies those allegations.

178. To the extent the allegations in Paragraph 178 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations. To the extent that Paragraph 178 contains any other factual allegations, RPM denies those allegations.

**4.    Fungible products subject to inelastic consumer demand.**

179. To the extent the allegations in Paragraph 179 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations. To the extent that Paragraph 179 contains any other factual allegations, RPM denies those allegations.

RPM LIVING, LLC'S ANSWER - 28
[2:23-cv-01391-RSL]

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

180.    To the extent the allegations in Paragraph 180 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  To the extent that Paragraph 180 contains any other factual allegations, RPM denies those allegations.

**5.    High switching costs**

181.    To the extent the allegations in Paragraph 181 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  To the extent that Paragraph 181 contains any other factual allegations, RPM denies those allegations.

182.    To the extent the allegations in Paragraph 182 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  To the extent that Paragraph 182 contains any other factual allegations, RPM denies those allegations.

**6.    Ample opportunities to collude**

183.    To the extent the allegations in Paragraph 183 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the document or data for a complete statement of the document or data's contents.  RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the document or data.  To the extent that Paragraph 183 contains any other factual allegations, RPM denies those allegations.

184.    To the extent the allegations in Paragraph 184 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the document or data for a complete statement of the document or data's contents.  RPM denies the implications Plaintiffs

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

draw from Plaintiffs' reading of the document or data. To the extent that Paragraph 184 contains any other factual allegations, RPM denies those allegations.

185. To the extent the allegations in Paragraph 185 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations. To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the document or data for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the document or data. To the extent that Paragraph 185 contains any other factual allegations, RPM denies those allegations.

186. To the extent the allegations in Paragraph 186 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations. To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the document or data for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the document or data. To the extent that Paragraph 186 contains any other factual allegations, RPM denies those allegations.

187. To the extent the allegations in Paragraph 187 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations. To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the document or data for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the document or data. To the extent that Paragraph 187 contains any other factual allegations, RPM denies those allegations.

188. To the extent the allegations in Paragraph 188 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations. To the extent this

RPM LIVING, LLC'S ANSWER - 30
[2:23-cv-01391-RSL]

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

paragraph quotes or paraphrases a document or data, RPM refers the Court to the document or data for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the document or data. To the extent that Paragraph 188 contains any other factual allegations, RPM denies those allegations.

189. To the extent the allegations in Paragraph 189 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations. To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the document or data for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the document or data. To the extent that Paragraph 189 contains any other factual allegations, RPM denies those allegations.

190. To the extent the allegations in Paragraph 190 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations. To the extent that Paragraph 190 contains any other factual allegations, RPM denies those allegations.

**7.     Related government investigation.**

191. RPM admits that RealPage is facing a lawsuit in the Middle District of Tennessee. To the extent any other allegations in Paragraph 191 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations. To the extent that Paragraph 191 contains any other factual allegations, RPM denies those allegations.

192. To the extent the allegations in Paragraph 192 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations. To the extent that Paragraph 192 contains any other factual allegations, RPM denies those allegations.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

193.    To the extent the allegations in Paragraph 193 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  To the extent that Paragraph 193 contains any other factual allegations, RPM denies those allegations.

194.    To the extent the allegations in Paragraph 194 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  To the extent that Paragraph 194 contains any other factual allegations, RPM denies those allegations.

195.    RPM admits that the Department of Justice filed a notice in the RealPage action asserting an interest in issues in that litigation.  To the extent any other allegations in Paragraph 195 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  To the extent that Paragraph 195 contains any other factual allegations, RPM denies those allegations.

## V.   RELEVANT MARKET

196.    Paragraph 196 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  RPM denies exchanging competitively sensitive information with the other Landlord Defendants and that it outsourced its independent price decisions to any common decision maker.  To the extent any additional response is required, RPM denies any allegations in Paragraph 196.

197.    Paragraph 197 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  RPM denies that any alleged conduct increased prices or reduced output.  RPM denies the existence of a relevant product market or geographic market as alleged by plaintiffs.  To the extent any additional response is required, RPM denies any allegations in Paragraph 197.

198.    RPM denies the allegations in Paragraph 198.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

199.     Paragraph 199 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any additional response is required, RPM denies any allegations in Paragraph 199.

200.     Paragraph 200 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  RPM denies entering into any agreement not to compete on price.  To the extent any other allegations in Paragraph 200 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  To the extent any additional response is required, RPM denies any allegations in Paragraph 200.

A.     **Regional Submarkets**

201.     To the extent any other allegations in Paragraph 201 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  To the extent any additional response is required, RPM denies any allegations in Paragraph 201.

202.     Paragraph 202 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any other allegations in Paragraph 202 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the document or data for a complete statement of the document or data's contents. RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the document or data.  To the extent any additional response is required, RPM denies any allegations in Paragraph 202.

203.     Paragraph 203 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any other allegations in Paragraph 203 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies

RPM LIVING, LLC'S ANSWER - 33
[2:23-cv-01391-RSL]

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

those allegations.  To the extent any additional response is required, RPM denies any allegations in Paragraph 203.

204.    Paragraph 204 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent this paragraph quotes or paraphrases a document or data, RPM refers the Court to the document or data for a complete statement of the document or data's contents.  RPM denies the implications Plaintiffs draw from Plaintiffs' reading of the document or data.  To the extent any additional response is required, RPM denies any allegations in Paragraph 204.

205.    Paragraph 205 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any additional response is required, RPM denies any allegations in Paragraph 205.

206.    Paragraph 206 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any other allegations in Paragraph 206 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  To the extent any additional response is required, RPM denies any allegations in Paragraph 206.

207.    Paragraph 207 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any other allegations in Paragraph 207 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  RPM admits to having managed rental properties in the geographic boundaries of the Census Bureau's Atlanta-Sandy Springs-Roswell MSA.  To the extent any additional response is required, RPM denies any allegations in Paragraph 207.

208.    Paragraph 208 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any other allegations in Paragraph

RPM LIVING, LLC'S ANSWER - 34
[2:23-cv-01391-RSL]

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

208 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  To the extent any additional response is required, RPM denies any allegations in Paragraph 208.

209.    Paragraph 209 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any other allegations in Paragraph 209 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  RPM admits to having managed rental properties in the geographic boundaries of the Census Bureau's Austin–Round Rock–Georgetown MSA .  To the extent any additional response is required, RPM denies any allegations in Paragraph 209.

210.    Paragraph 210 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any other allegations in Paragraph 210 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  To the extent any additional response is required, RPM denies any allegations in Paragraph 210.

211.    Paragraph 211 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any other allegations in Paragraph 211 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  RPM admits to having managed rental properties in the geographic boundaries of the Census Bureau's Chicago–Napervill–Elgin MSA.  To the extent any additional response is required, RPM denies any allegations in Paragraph 211.

212.    Paragraph 212 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any other allegations in Paragraph

212 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  RPM admits to having managed rental properties in the geographic boundaries of the Census Bureau's Charlotte–Gastonia–Concord MSA.  To the extent any additional response is required, RPM denies any allegations in Paragraph 212.

213.    Paragraph 213 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any other allegations in Paragraph 213 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  RPM admits to having managed rental properties in the geographic boundaries of the Census Bureau's Colorado Springs MSA.  To the extent any additional response is required, RPM denies any allegations in Paragraph 213.

214.    Paragraph 214 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any other allegations in Paragraph 214 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  RPM admits to having managed rental properties in the geographic boundaries of the Census Bureau's Jacksonville MSA.  To the extent any additional response is required, RPM denies any allegations in Paragraph 214.

215.    Paragraph 215 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any other allegations in Paragraph 215 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  To the extent any additional response is required, RPM denies any allegations in Paragraph 215.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

216.     Paragraph 216 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any other allegations in Paragraph 216 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  RPM admits to having managed rental properties in the geographic boundaries of the Census Bureau's Phoenix MSA.  To the extent any additional response is required, RPM denies any allegations in Paragraph 216.

217.     Paragraph 217 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any other allegations in Paragraph 217 are directed to or concern other Defendants and/or third parties, RPM lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore, denies those allegations.  To the extent any additional response is required, RPM denies any allegations in Paragraph 217.

218.     Paragraph 218 contains no factual allegations and does not require a response.  To the extent any additional response is required, RPM denies any allegations in Paragraph 218.

## VI.   CLASS ACTION ALLEGATIONS

219.     RPM denies the allegations in Paragraph 219, except admit that Plaintiffs purport to allege claims on behalf of the putative class described against the Defendants.

220.     Paragraph 220 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any additional response is required, RPM denies any allegations in Paragraph 220.

221.     Paragraph 221 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any additional response is required, RPM denies any allegations in Paragraph 221.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

222.    Paragraph 222 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required. To the extent any additional response is required, RPM denies any allegations in Paragraph 222.

223.    Paragraph 223 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required. To the extent any additional response is required, RPM denies any allegations in Paragraph 223.

224.    Paragraph 224 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required. To the extent any additional response is required, RPM denies any allegations in Paragraph 224.

225.    Paragraph 225 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required. To the extent any additional response is required, RPM denies any allegations in Paragraph 225.

226.    Paragraph 226 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required. To the extent any additional response is required, RPM denies any allegations in Paragraph 226.

227.    Paragraph 227 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required. To the extent any additional response is required, RPM denies any allegations in Paragraph 227.

## VII.  CAUSE OF ACTION

### FIRST CLAIM FOR RELIEF

### VIOLATION OF SECTION 1 OF THE SHERMAN ACT
### FOR AGREEMENT IN RESTRAINT OF TRADE (HUB AND APOKE CONSPIRACY)
### 15 U.S.C § 1

**(On Behalf of Nationwide Class for Injunctive and
Equitable Relief and Compensatory Damages)**

228.    RPM incorporates by reference the responses contained herein.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

229.    Paragraph 229 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any additional response is required, RPM denies any allegations in Paragraph 229.

230.    Paragraph 230 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any additional response is required, RPM denies any allegations in Paragraph 230.

231.    Paragraph 231 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any additional response is required, RPM denies any allegations in Paragraph 231.

232.    Paragraph 232 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any additional response is required, RPM denies any allegations in Paragraph 232.

233.    Paragraph 233 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any additional response is required, RPM denies any allegations in Paragraph 233.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF SECTION 1 OF THE SHERMAN ACT
### FOR AGREEMENT IN RESTRAINT OF TRADE (SET OF VERTICAL AGREEMENTS)
### 15 U.S.C § 1

### (On Behalf of Nationwide Class for Injunctive and
### Equitable Relief and Compensatory Damages)

234.    RPM incorporates by reference the responses contained herein.

235.    Paragraph 235 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any additional response is required, RPM denies any allegations in Paragraph 235.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

236.    Paragraph 236 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required. To the extent any additional response is required, RPM denies any allegations in Paragraph 236.

237.    Paragraph 237 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required. To the extent any additional response is required, RPM denies any allegations in Paragraph 237.

238.    Paragraph 238 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required. To the extent any additional response is required, RPM denies any allegations in Paragraph 238.

239.    Paragraph 239 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required. To the extent any additional response is required, RPM denies any allegations in Paragraph 239.

240.    Paragraph 240 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required. To the extent any additional response is required, RPM denies any allegations in Paragraph 240.

241.    Paragraph 241 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required. To the extent any additional response is required, RPM denies any allegations in Paragraph 241.

## THIRD CLAIM FOR RELIEF

### VIOLATION OF SECTION 1 OF THE SHERMAN ACT
### FOR CONSPIRACY TO EXCHAGE COMPETITIE INFORMATION
### 15 U.S.C § 1

#### (On Behalf of Nationwide Class for Injunctive
#### and Equitable Relief and Compensatory Damages)

242.    RPM incorporates by reference the responses contained herein.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

243.    Paragraph 243 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any additional response is required, RPM denies any allegations in Paragraph 243.

244.    Paragraph 244 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any additional response is required, RPM denies any allegations in Paragraph 244.

245.    Paragraph 245 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any additional response is required, RPM denies any allegations in Paragraph 245.

246.    Paragraph 246 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any additional response is required, RPM denies any allegations in Paragraph 246.

247.    Paragraph 247 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any additional response is required, RPM denies any allegations in Paragraph 247.

248.    Paragraph 248 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any additional response is required, RPM denies any allegations in Paragraph 248.

249.    Paragraph 249 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any additional response is required, RPM denies any allegations in Paragraph 249.

250.    Paragraph 250 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any additional response is required, RPM denies any allegations in Paragraph 250.

Summit Law Group, PLLC
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

251.     Paragraph 251 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any additional response is required, RPM denies any allegations in Paragraph 251.

252.     Paragraph 252 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any additional response is required, RPM denies any allegations in Paragraph 252.

253.     Paragraph 253 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any additional response is required, RPM denies any allegations in Paragraph 253.

254.     Paragraph 254 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any additional response is required, RPM denies any allegations in Paragraph 254.

255.     Paragraph 255 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any additional response is required, RPM denies any allegations in Paragraph 255.

256.     Paragraph 256 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any additional response is required, RPM denies any allegations in Paragraph 256.

257.     Paragraph 257 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any additional response is required, RPM denies any allegations in Paragraph 257.

258.     Paragraph 258 is a characterization of Plaintiffs' theories of the case and contains a legal conclusion for which no response is required.  To the extent any additional response is required, RPM denies any allegations in Paragraph 258.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## REQUEST FOR RELIEF

RPM specifically denies that Plaintiffs are entitled to the relief requested or to any relief as to the causes of action.

## JURY TRIAL DEMANADED

RPM admits that Plaintiffs demand a jury trial.

## AFFIRMATIVE DEFENSES

By asserting the following affirmative defenses, RPM does not allege or admit that it has the burden of proof or the burden of persuasion with respect to any of these matters.

### FIRST AFFIRMATIVE DEFENSE
### (Justified and Procompetitive Conduct)

Plaintiffs' claims are barred because all of RPM's conduct challenged by Plaintiffs was lawful, fair, non-deceptive, expressly authorized by law, justified, and pro-competitive. RPM's conduct constituted a bona fide business practice and was carried out in furtherance of legitimate business interests, and it was a part of RPM's lawful business operations.

### SECOND AFFIRMATIVE DEFENSE
### (Waiver/Acquiescence)

Plaintiffs affirmatively waived, by words or conduct, the rights alleged to have been violated by RPM.

### THIRD AFFIRMATIVE DEFENSE
### (Intervening and/or Supervening Cause)

Plaintiffs' claims are barred, in whole or in part, to the extent that any alleged harm or damages suffered by Plaintiffs were not proximately caused by any actions or conduct of RPM. In particular, any harm suffered by Plaintiffs was not a direct result of RPM's conduct but rather resulted from other intervening factors or superseding events that broke the causal chain between RPM's conduct and Plaintiffs' alleged injuries. These intervening causes include, but are not limited to, actions by third parties, market forces, or other external factors beyond RPM's control.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

**FOURTH AFFIRMATIVE DEFENSE**
**(Lack of Antitrust Standing)**

Plaintiffs suffered no antitrust injury.  To allege antitrust injury, Plaintiffs must show that they suffered a type of injury that the antitrust laws were intended to prevent as a result of a defendant's unlawful, competition-reducing conduct.  Defendants' independent decisions to license a revenue management product that generates pricing outputs based on individualized decisions does not mean those users somehow conspired to (and succeeded in) inflating apartment rents nationwide.  Mere use of revenue management software is not unlawful conduct, and it is not the type of injury that the antitrust laws were intended to prevent.

**FIFTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

Plaintiffs' causes of action are barred, in whole or in part, by the applicable statute of limitations.

**SIXTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

Plaintiffs have failed to mitigate, minimize, or avoid their alleged damages.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Improper Damages)**

Plaintiffs' claims are barred, in whole or in part, to the extent they seek improper multiple damage awards, and damage awards duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution and of the Eighth Amendment of the United States Constitution.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Arbitration Agreements, Class Action Waivers, or Other Contractual Terms)**

Plaintiffs' and putative class members' claims are barred, in whole or in part, to the extent Plaintiffs and putative class members entered into a contract that requires arbitration of the claims at issue, requires suit in a different forum, precludes a jury trial, or precludes a class or other representative proceeding.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

### NINTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiffs' claims for injunctive relief are barred, in whole or in part, by the applicable laches period because they were not commenced within a timely fashion after the date on which they accrued.  *See Oliver v. SD-3C LLC*, 751 F.3d 1081 (9th Cir. 2014).

### TENTH DEFENSE
### (Damages Reduced by Plaintiffs' Conduct)

Upon information and belief, Plaintiffs' claims are barred, in whole or in part, by Defendants' right to set off any amount paid to Plaintiffs by damages attributable to Plaintiffs' conduct to the extent Plaintiffs unlawfully shared information found to be competitively sensitive regarding their rental lease agreements or potential alternative rental lease agreements.

### ADDITIONAL AFFIRMATIVE DEFENSES

RPM hereby gives notice that it intends to rely on such other and further affirmative defenses as may become available or apparent during the course of discovery and trial preparation and thus reserves the right to amend its Answer to assert any such defenses.

### PRAYER FOR RELIEF

WHEREFORE, RPM prays that:

    A.  The Consolidated Class Action Complaint and its causes of action against RPM be dismissed with prejudice, without leave to amend; and

    B.  RPM be awarded its recoverable costs and such other and further relief as the Court deems just and proper.

////////
//////
////
///
//
/

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

1

DATED this 21st day of April, 2025.

2

SUMMIT LAW GROUP, PLLC

3

By *s/ Christopher T. Wion*

4

Christopher T. Wion, WSBA No. 33207
chrisw@summitlaw.com

5

Molly J. Gibbons, WSBA No. 58357
mollyg@summitlaw.com

6

315 Fifth Avenue S., Suite 1000

7

Seattle, WA 98104
Telephone: (206) 676-7000

8

BELL NUNNALLY & MARTIN, LLP

9

By *s/ David A. Walton*

10

David A. Walton, *Admitted Pro Hac Vice*
dwalton@bellnunnally.com

11

John F. Guild, *Admitted Pro Hac Vice*
jguild@bellnunnally.com

12

Troy L. Hales, *Admitted Pro Hac Vice*
thales@bellnunnally.com

13

2323 Ross Ave., Ste. 1900

14

Dallas, TX  75201
Tel: (214) 740-1445

15

16

*Attorneys for RPM Living, LLC*

17

18

19

20

21

22

23

24

25

26