Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| *In re YARDI REVENUE MANAGEMENT ANTITRUST LITIGATION.* | No. 2:23-cv-01391-RSL |
| MCKENNA DUFFY, individually and on behalf of all others similarly situated, | YARDI SYSTEMS, INC.'S ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT |
| Plaintiffs. | |
| v. | |
| YARDI SYSTEMS, INC., *et al.*, | (Consolidated with Case Nos. 2:24-cv-01948; 2:24-cv-02053) |
| Defendants. | |

Defendant Yardi Systems, Inc. ("Yardi"), by and through its undersigned counsel, respectfully submits this Answer to Plaintiffs' Consolidated Class Action Complaint ("CCAC").

**PRELIMINARY STATEMENT**

The central premise of Plaintiffs' claims is verifiably false, as Defendants have repeatedly told Plaintiffs and as discovery has already proven. The Lessor Defendants did not—and could not—conspire with Yardi or each other to fix the rental prices of multifamily units above competitive levels by using Revenue IQ (formerly RENTmaximizer, and herein collectively "Revenue IQ"), and did not—and could not— violate the Sherman Act as Plaintiffs allege.

Plaintiffs center their allegations, borrowed almost verbatim from a different case against a different defendant involving different software, on (*i*) the demonstrably false proposition that the Landlord Defendants agreed to provide their competitively sensitive information to Yardi in exchange for receiving supra-competitive pricing outputs based on that shared information and (*ii*) the equally false proposition that the Manager Defendants outsource their rent pricing decisions to Yardi.

The insurmountable problem for Plaintiffs is that Revenue IQ ***does not do*** what they allege ***and never has***. On the contrary, Revenue IQ's source code and data establish conclusively that the software ***does not*** share or use clients' confidential information to calculate pricing outputs for other clients. What Revenue IQ ***does*** is allow clients to quickly and efficiently analyze supply and demand data for the units at their own property and to price those units in response to that data in accordance with the client's own business priorities. Revenue IQ relies solely on a client's ***own*** data, the client's individualized software configurations, and, at the client's option, publicly available asking rents for comparable properties ("comps") chosen by each client.

Furthermore, Revenue IQ ***does not*** dictate or calculate pricing outputs across clients. There are hundreds of thousands of combinations that clients can apply to the software, which results in individualized pricing consistent with each property's goals and priorities. Clients also select the starting point for their rental rates, select how much their rents can go up and down, select their own "health rules," which adjust the pricing outputs consistent with the individual property's definition of a healthy property, and select how much weight to give trends specific to their own property, which in turn dictates the circumstances and extent to which their prices may change. The purpose of these myriad configuration options is to ensure that each client receives individually tailored pricing outputs that accurately reflect supply and demand for their own properties. No client's software configurations are shared with or used by any other client. Clients are also

entirely free to adopt different rental rates than the software pricing outputs, including by offering concessions and discounts.

Software can only do what its source code directs. Revenue IQ's source code will demonstrate that it does not—indeed, cannot—do what Plaintiffs allege. As a result, Plaintiffs cannot establish an unlawful price-fixing or confidential information-sharing agreement.

## I.    OVERVIEW OF REVENUE IQ

Yardi, as a developer and licensor of property and investment management software, offers various product suites through its Voyager web-based platform, including Voyager Residential.[1] Among the offerings available in Yardi's Multifamily Suite is Revenue IQ, which is designed to help real estate clients manage the rental pricing process for their own multifamily residential properties. Revenue IQ does this by calculating pricing outputs for each unit offered by a property, as directed by a client's independently chosen configurations throughout the multi-step pricing process. To do so, Revenue IQ analyzes supply and demand for each floor plan type (*e.g.*, one-bedroom units) using property-specific trend data provided by the client and, at the client's option, by considering publicly available asking rents for client-selected comps. Yardi designed Revenue IQ to be a transparent, flexible revenue management product that is individually configured by each client to adjust pricing outputs to achieve the client's business goals for that property. The value proposition behind Revenue IQ is to gather and analyze data traditionally considered by property managers using pen and paper (or a calculator or spreadsheet), but to do so more quickly and efficiently.

The Revenue IQ pricing process begins with the client setting an initial asking rent for each unit type at a property (*i.e.*, the "reference rent"), which **the client**, not Yardi, sets

---

[1] Voyager Residential allows clients to centralize operational, financial, leasing, and maintenance management for their residential properties in a single, dedicated database for each client.

for each unit type at each client property. From this client-set starting point, Revenue IQ calculates pricing outputs using a three-step process that entails a series of adjustments consistent with the client's individually selected configurations. This process includes conducting a trend analysis, setting up health rules, and applying pricing calibrations to further customize pricing outputs. Clients can update their configurations and calculate new pricing outputs at any time, as often as they like. Prices are then used or overridden at the individual lease level at the complete discretion of each Revenue IQ client.

Revenue IQ's combination of client-selected trends and accompanying weights, health rules, and pricing calibrations make it possible for Revenue IQ clients to choose from a large number—hundreds of thousands, at a minimum—of potential configurations. Each client, not Revenue IQ, decides if, when, and how to implement the individual configuration settings. A client's chosen configurations are not shared with any other client. Revenue IQ is designed to move in small steps, and clients choose the increments with which they are comfortable for potential changes in their asking rental rates. Clients can change their configurations at any time, either independently or with Yardi's technical support. In practice, there is a wide variety in how clients choose to configure Revenue IQ. Yardi data shows that Revenue IQ clients deployed approximately 4 million different configurations, and each individual property changed its configurations an average of 455 times, between January 2019 and January 2025. Based on the broad swath of configuration choices clients are required to make, it would be nearly impossible for any two clients to have the same reference rents and applied configurations.

Furthermore, Revenue IQ calculates pricing outputs based solely on a client's own property-specific data, the client's chosen settings, and publicly available data. Revenue IQ does not use, share, or combine confidential or commercially sensitive pricing data provided by its clients to calculate pricing outputs for other clients. No Revenue IQ client's confidential or competitively sensitive data or configuration settings are shared

with or accessible to any other Revenue IQ client. Indeed, Revenue IQ is designed and implemented to ensure that a client's non-public, confidential data, inputs, and configuration settings are neither shared with nor accessible to anyone but that client.

## II. PLAINTIFFS' ALLEGATIONS MUST FAIL

There is no possible Sherman Act claim based on the undisputed facts above. The supposed pooling of confidential competitor data to calculate prices is the crux of Plaintiffs' alleged anti-competitive agreement. If Revenue IQ does not calculate pricing outputs by leveraging clients' confidential leasing information, there can be no tacit agreement by the Landlord Defendants to use it for that purpose. And Revenue IQ irrefutably ***does not***. Revenue IQ calculates pricing outputs based solely on a client's own property-specific data, the individual software settings selected by the client, and, at the client's option, publicly sourced asking rents for client-selected comps. No client's confidential, competitively sensitive data is used to calculate pricing outputs for any other client's properties.

Moreover, clients ***do not*** abdicate their pricing decision-making to Yardi. That is because Revenue IQ is individually configured by each client to achieve their property's unique goals and objectives, with hundreds of thousands of unique configurations possible, starting with ***clients entering their own reference rents*** in the first instance— and which clients may update as often as they like—which Revenue IQ uses to conduct each step of the pricing process. After a client sets their reference rents and Revenue IQ has conducted the initial trends analysis based on a client's property-specific data and selected comps, clients can configure up to five health rules to adjust pricing outputs up, down, or not at all, in precise, client-specified increments. Clients can then apply various pricing calibrations to further tailor the pricing outputs. Given Revenue IQ's design and functioning, it is literally impossible for clients to agree on or adopt a uniform pricing scheme.

1    For these reasons, Plaintiffs' claims must fail.

2    ## **GENERAL DENIALS**

3    All allegations not expressly admitted herein, including those in footnotes of the

4    CCAC, are denied. Yardi does not interpret the headings and subheadings throughout the

5    CCAC as well-pleaded allegations of fact to which any response is required. To the extent

6    a response is required, Yardi denies all allegations in the headings and subheadings of the

7    CCAC.

8    By referring to or admitting the existence of any documents quoted, described, or

9    otherwise referenced in the CCAC, Yardi does not acknowledge or concede that such

10   documents are what they purport to be, are accurate as to their substance, constitute

11   business records within the meaning of the rules of evidence, or are otherwise admissible

12   on any other basis. Further, by referring to or admitting the existence of any document

13   quoted, described, or otherwise referenced in the CCAC, Yardi does not acknowledge or

14   concede that it has any knowledge or information concerning the document quoted,

15   described, or otherwise referenced at any particular point in time prior to the filing of the

16   CCAC, unless explicitly admitted herein.

17   Yardi's use herein of defined terms in the CCAC should not be interpreted as, and

18   is not, an admission that Yardi agrees with Plaintiffs' characterization or use of the

19   defined terms, that the defined terms are accurate, or that the documents or items

20   described by the defined terms actually exist. Yardi uses these defined terms solely for the

21   purposes of responding to the allegations in the CCAC.

22   Unless otherwise stated, Yardi's responses herein are based on facts available to it

23   or to its counsel as of the date of the CCAC.

24   Yardi expressly reserves the right to seek to amend and/or supplement its Answer

25   as may be necessary.

26

<u>**SPECIFIC RESPONSES**</u>

**I.  NATURE OF THE ACTION**

1.      Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 1 and, therefore, denies the same. The referenced documents and statements described in Paragraph 1 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 1.

2.      Yardi denies the allegations in Paragraph 2.

3.      Yardi denies the allegations in Paragraph 3, except that to the extent the allegations in Paragraph 3 relate to the belief, conduct, or actions of third parties other than Yardi, Yardi lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

4.      Yardi denies the allegations in Paragraph 4, including insofar as those allegations insinuate that use of Yardi's Revenue IQ (formerly RENTmaximizer) software allows competitors to have knowledge about each other's confidential pricing strategies.

5.      Yardi denies all of the allegations in the first sentence of Paragraph 5, except it admits that Yardi created a product called RENTmaximizer that launched in 2011. The referenced documents and statements described in Paragraph 5 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 5.

6.      Yardi denies the allegations in the first and second sentences of Paragraph 6. The referenced documents and statements described in Paragraph 6 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 6.

7.      Yardi admits that Revenue IQ is a rebranded version of RENTmaximizer. The referenced documents and statements described in Paragraph 7 speak for themselves,

and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 7.

8.     Yardi denies that competitor pricing data is a key input into Yardi's revenue management software. The referenced documents and statements described in Paragraph 8 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 8.

9.     Yardi denies the allegations in the first sentence of Paragraph 9. The referenced documents and statements described in Paragraph 9 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 9.

10.     Yardi denies the allegations in Paragraph 10 insofar as the characterizations therein are inconsistent in any way with Yardi's verified interrogatory responses, including Plaintiffs' insinuation that Yardi's benchmarking information forms a part of the Revenue IQ pricing software. It does not.

11.     Yardi denies the allegations in Paragraph 11, except admits that Yardi Matrix collects publicly available asking rents, which are equally available to anyone who contacts the property, via RentCafe, Internet research, and periodic telephone surveys of properties. Yardi further admits that as of August 7, 2024, Yardi Matrix maintains property profiles for approximately 120,301 properties and 22,543,728 units. The referenced documents and statements described in Paragraph 11 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 11.

12.     Yardi denies the allegations in Paragraph 12, except admits Yardi Matrix collects publicly available asking rents, which are equally available to any prospective tenant who contacts the property, via RentCafe, Internet research, and periodic telephone surveys of properties. Yardi further admits that Revenue IQ clients may, at their option,

choose to include this Matrix survey information for comp properties as part of the comp trend analysis in Revenue IQ. The referenced documents and statements described in Paragraph 12 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 12.

13.     Yardi denies the allegations in Paragraph 13, except admits the accuracy of its interrogatory responses, as written. The referenced interrogatory responses described in Paragraph 13 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 13.

14.     Yardi denies the allegations in Paragraph 14, except admits the accuracy of its interrogatory responses, as written. The referenced interrogatory responses described in Paragraph 14 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 14.

15.     Yardi denies the allegations in Paragraph 15, except admits the accuracy of its interrogatory responses and agreements, as written. The referenced interrogatory responses and contracts described in Paragraph 15 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 15.

16.     Yardi denies the allegations in Paragraph 16. The referenced documents and statements described in Paragraph 16 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 16.

17.     Yardi denies the allegation in Paragraph 17. The referenced documents and statements described in Paragraph 17 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 17.

18.    Yardi denies the allegations in Paragraph 18. The referenced documents and statements described in Paragraph 18 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 18.

19.    Yardi denies the allegations in Paragraph 19. To the extent the allegations in Paragraph 19 relate to statements made by third parties, Yardi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies the same.

20.    Yardi denies the allegations in Paragraph 20.

21.    To the extent that the allegations in Paragraph 21 relate to statements by federal regulators, they are not factual statements that require a denial or admission. Yardi denies any remaining allegations in Paragraph 21.

22.    Yardi denies the allegations in Paragraph 22. To the extent the allegations in Paragraph 22 relate to statements made by third parties, Yardi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, denies the same.

23.    Yardi denies the allegations in Paragraph 23. To the extent the allegations in Paragraph 23 relate to statements made by third parties, Yardi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies the same.

24.    Yardi denies the allegations in Paragraph 24.

25.    Yardi denies the allegations in Paragraph 25. To the extent the allegations in Paragraph 25 relate to statements made by third parties, Yardi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, denies the same.

26.     Yardi denies the allegations in Paragraph 26. To the extent the allegations in Paragraph 26 relate to statements made by third parties, Yardi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, denies the same.

27.     To the extent the allegations in Paragraph 27 relate to statements made by third parties, Yardi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies the same.

28.     Yardi denies the allegations in Paragraph 28 to the extent they pertain to the conduct of Yardi, except Yardi admits that some Revenue IQ clients choose to collect their own publicly available market survey data, which is not shared with other Yardi clients. To the extent Paragraph 28 relates to the conduct of third parties, Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 28 and, therefore, denies the same.

29.     Yardi denies the allegations in Paragraph 29, except Yardi admits that some Revenue IQ clients choose to collect their own publicly available market survey data, which is not shared with other Yardi clients.

30.     Yardi denies the allegations in Paragraph 30, except it admits that Dharmendra Sawh made statements about RENTmaximizer. With respect to any statements made by Dharmendra Sawh, the referenced statement described in Paragraph 30 speaks for itself, and Yardi denies any characterizations of it by Plaintiffs.

31.     Yardi denies the allegations in Paragraph 31, insofar as the allegations purport to refer to or address any conduct by Yardi. To the extent the allegations in Paragraph 31 relate to the conduct of third parties other than Yardi, Yardi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, therefore, denies the same.

32.     Yardi denies the allegations in Paragraph 32 insofar as the allegations purport to refer to or address any conduct by Yardi. To the extent the allegations in Paragraph 32 relate to the conduct of third parties other than Yardi, Yardi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, therefore, denies the same. To the extent that the allegations in Paragraph 32 relate to statements by federal regulators, they are not factual statements that require a denial or admission.

33.     Yardi denies the allegations in Paragraph 33 insofar as the allegations purport to refer to or address any conduct by Yardi. To the extent the allegations in Paragraph 33 relate to the conduct of third parties other than Yardi, Yardi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, therefore, denies the same. To the extent that the allegations in Paragraph 33 relate to conduct by the DOJ, they are not factual statements that require a denial or admission.

34.     Paragraph 34 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 34.

35.     Paragraph 35 does not contain factual allegations, so no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 35.

## II. PARTIES

36.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 36 and, therefore, denies the same.

37.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 37 and, therefore, denies the same.

38.     Yardi admits the allegations in Paragraph 38, except it denies any characterization that its property management software and services are "industry leading"

to the extent the characterization suggests that anything about Yardi's software or services is unlawful, and it denies that Plaintiffs' descriptions of its software described in the CCAC are accurate.

39.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 39 and, therefore, denies the same, except admits A.J. Dwoskin is a Yardi client that has licensed Revenue IQ.

40.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 40 and, therefore, denies the same, except admits Affinity is a Yardi client that has licensed Revenue IQ.

41.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 41 and, therefore, denies the same, except admits Apartment Services is a Yardi client that has licensed Revenue IQ.

42.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 42 and, therefore, denies the same, except admits Ardmore is a Yardi client that has licensed Revenue IQ.

43.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 43 and, therefore, denies the same, except admits Asset Living is a Yardi client that has licensed Revenue IQ.

44.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 44 and, therefore, denies the same, except admits Avenue5 is a Yardi client that has licensed Revenue IQ.

45.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 45 and, therefore, denies the same, except admits Balaciano is a Yardi client that has licensed Revenue IQ.

46.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 46 and, therefore, denies the same, except admits 2B Residential is a Yardi client that has licensed Revenue IQ.

47.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 47 and, therefore, denies the same, except admits Banyan is a Yardi client that has licensed Revenue IQ.

48.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 48 and, therefore, denies the same, except admits Bridge Property is a Yardi client that has licensed Revenue IQ.

49.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 49 and, therefore, denies the same, except admits Calibrate is a Yardi client that has licensed Revenue IQ.

50.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 50 and, therefore, denies the same, except admits Concord is a Yardi client that has licensed Revenue IQ.

51.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 51 and, therefore, denies the same, except admits Tonti Properties is a Yardi client that has licensed Revenue IQ.

52.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 52 and, therefore, denies the same, except admits Dalton is a Yardi client that has licensed Revenue IQ.

53.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 53 and, therefore, denies the same, except admits Dweck is a Yardi client that has licensed Revenue IQ.

54.    Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 54 and, therefore, denies the same, except admits Edward Rose is a Yardi client that has licensed Revenue IQ.

55.    Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 55 and, therefore, denies the same, except admits Envolve is a Yardi client that has licensed Revenue IQ.

56.    Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 56 and, therefore, denies the same, except admits FPI is a Yardi client that has licensed Revenue IQ.

57.    Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 57 and, therefore, denies the same, except admits GHP is a Yardi client that has licensed Revenue IQ.

58.    Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 58 and, therefore, denies the same, except admits Goodman is a Yardi client that has licensed Revenue IQ.

59.    Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 59 and, therefore, denies the same, except admits GRE is a Yardi client that has licensed Revenue IQ.

60.    Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 60 and, therefore, denies the same, except admits Greystar is a Yardi client that has licensed Revenue IQ.

61.    Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 61 and, therefore, denies the same, except admits Link Apartments is a Yardi client that has licensed Revenue IQ.

62.      Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 62 and, therefore, denies the same, except admits Guardian is a Yardi client that has licensed Revenue IQ.

63.      Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 63 and, therefore, denies the same, except admits HNN is a Yardi client that has licensed Revenue IQ.

64.      Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 64 and, therefore, denies the same, except admits KRE is a Yardi client that has licensed Revenue IQ.

65.      Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 65 and, therefore, denies the same, except admits Luma is a Yardi client that has licensed Revenue IQ.

66.      Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 66 and, therefore, denies the same, except admits Manco Abbott is a Yardi client that has licensed Revenue IQ.

67.      Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 67 and, therefore, denies the same, except admits McWhinney is a Yardi client that has licensed Revenue IQ. The referenced document described in Paragraph 67 speaks for itself, and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 67.

68.      Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 68 and, therefore, denies the same, except admits Morguard is a Yardi client that has licensed Revenue IQ.

69.      Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 69 and, therefore, denies the same, except admits Beztak is a Yardi client that has licensed Revenue IQ.

70.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 70 and, therefore, denies the same, except admits PRG is a Yardi client that has licensed Revenue IQ.

71.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 71 and, therefore, denies the same, except admits RAM is a Yardi client that has licensed Revenue IQ.

72.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 72 and, therefore, denies the same, except admits Pillar Properties is a Yardi client that has licensed Revenue IQ.

73.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 73 and, therefore, denies the same, except admits RPM is a Yardi client that has licensed Revenue IQ.

74.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 74 and, therefore, denies the same, except admits Sentinel is a Yardi client that has licensed Revenue IQ.

75.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 75 and, therefore, denies the same, except admits Singh is a Yardi client that has licensed Revenue IQ.

76.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 76 and, therefore, denies the same, except admits Southern Management is a Yardi client that has licensed Revenue IQ.

77.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 77 and, therefore, denies the same, except admits Summit is a Yardi client that has licensed Revenue IQ.

78.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 78 and, therefore, denies the same, except admits Habitat is a Yardi client that has licensed Revenue IQ.

79.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 79 and, therefore, denies the same, except admits Towne is a Yardi client that has licensed Revenue IQ.

80.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 80 and, therefore, denies the same, except admits Walton is a Yardi client that has licensed Revenue IQ.

81.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 81 and, therefore, denies the same, except admits Western National is a Yardi client that has licensed Revenue IQ.

82.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 82 and, therefore, denies the same, except admits Lincoln is a Yardi client that has licensed Revenue IQ.

83.     Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 83 and, therefore, denies the same, except admits Woodward is a Yardi client that has licensed Revenue IQ.

84.     Paragraph 84 purports to characterize the action and define terms and, as such, does not require a response.

85.     Paragraph 85 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 85.

86.     Paragraph 86 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 86.

87.     Paragraph 87 states legal conclusions or non-factual allegations to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 87.

88.     Paragraph 88 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 88.

## III. JURISDICTION AND VENUE

89.     Yardi admits that this Court has subject matter jurisdiction over the subject matter of this case, as alleged in Paragraph 89, but denies any violations of any federal statute.

90.     Yardi admits that this Court has personal jurisdiction over Yardi regarding the subject matter of this case, as alleged in Paragraph 90, but denies any violations of any federal statutes.

91.     Yardi denies the allegations in Paragraph 91.

92.     Yardi admits that venue is proper in this District for Yardi but denies any implied underlying factual allegations in Paragraph 92.

## IV. FACTUAL BACKGROUND

93.     Yardi denies the allegations in Paragraph 93, except admits that Yardi develops, licenses, and supports various property and investment management software to real estate customers and that some of its clients are managers of residential rental apartments.

94.     Yardi admits that it was established in 1984 and that it created "Basic Property management" software for the Apple II computer. Yardi further admits that it developed the property management software "Voyager." The referenced documents and statements described in Paragraph 94 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. Yardi denies that its Voyager software operates as Plaintiffs have alleged and denies any remaining allegations in Paragraph 94.

95.     Yardi admits that it has used the quoted language in Paragraph 95 as part of its marketing for its Voyager software. The referenced document and statement described in Paragraph 95 speaks for itself, and Yardi denies any characterizations of it by Plaintiffs.

96.     Yardi denies the allegations in Paragraph 96, except Yardi admits that it was involved in a litigation with RealPage in 2011, wherein RealPage made false allegations against Yardi that are irrelevant to this case. To the extent necessary for Yardi to respond to, RealPage's false allegations as reflected in Paragraph 96 are all denied.

97.     Yardi admits that it was involved in litigation with Entrada in 2015 and that Entrata made certain statements about Yardi, which can be seen in the litigation filings. To the extent any allegations in Paragraph 97 require a further response, Yardi denies them.

98.     Yardi denies the allegations in Paragraph 98, except admits that in 2011 it launched RENTmaximizer. The referenced documents and statements described in Paragraph 98 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 98.

99.     Yardi denies the allegations in Paragraph 99, except admits that Dharmendra Sawh and Terri Dowen made statements about RENTMaximizer. The referenced documents and statements described in Paragraph 99 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 99.

100.    Yardi denies the allegations in Paragraph 100, except admits it had webpages with the quoted language in Paragraph 100. The referenced documents and statements described in Paragraph 100 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs.

101.    Yardi denies the allegations in Paragraph 101. The referenced document and statements described in Paragraph 101 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs.

102.    Yardi denies the allegations in Paragraph 102, except it admits that Dharmendra Sawh made statements about RENTmaximizer. The referenced documents and statements described in Paragraph 102 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs.

103.    Yardi denies the allegations in Paragraph 103.

104.    Yardi denies that competitor pricing data is a key input into Yardi's revenue management software. The referenced documents and statements described in Paragraph 104 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 104.

105.    Yardi denies the allegations in Paragraph 105, except Yardi admits that Revenue IQ pricing outputs can be updated daily (or more frequently). The referenced documents and statements described in Paragraph 105 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 105.

106.    Yardi denies the allegations in Paragraph 106, except admits that its Revenue IQ software is transparent. The referenced documents and statements attributed to Yardi and described in Paragraph 106 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. To the extent the allegations in Paragraph 106 relate to statements made by third parties, Yardi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and, therefore, denies the same.

107.    Yardi denies the allegations in Paragraph 107. To the extent the allegations in Paragraph 107 relate to statements made by third parties, Yardi lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and, therefore, denies the same.

108.    Yardi denies the allegations in Paragraph 108. To the extent the allegations in Paragraph 108 relate to statements made by third parties, Yardi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and, therefore, denies the same.

109.    Yardi denies the allegations in Paragraph 109. To the extent the allegations in Paragraph 109 relate to statements made by third parties, Yardi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and, therefore, denies the same.

110.    Yardi denies the allegations in Paragraph 110. To the extent the allegations in Paragraph 110 relate to statements made by third parties, Yardi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and, therefore, denies the same.

111.    Yardi denies the allegations in Paragraph 111. The referenced documents and statements attributed to Yardi and described in Paragraph 111 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs.

112.    Yardi denies the allegations in Paragraph 112. The referenced document and statement attributed to Yardi and described in Paragraph 112 speaks for itself, and Yardi denies any characterizations of it by Plaintiffs.

113.    Yardi denies the allegations in Paragraph 113.

114.    Yardi denies the allegations in Paragraph 114. To the extent the allegations in Paragraph 114 relate to statements made by third parties, Yardi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and, therefore, denies the same.

115.    Paragraph 115 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 115.

116.    Paragraph 116 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 116. The referenced document and statement attributed to Yardi and described in Paragraph 116 speaks for itself, and Yardi denies any characterizations of it by Plaintiffs.

117.    Paragraph 117 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 117.

118.    Yardi denies the allegations in Paragraph 118. The referenced document and statement attributed to Yardi and described in Paragraph 118 speaks for itself, and Yardi denies any characterizations of it by Plaintiffs.

119.    Yardi denies the allegations in Paragraph 119. The referenced documents and statements attributed to Yardi and described in Paragraph 119 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 119.

120.    Yardi denies the allegations in Paragraph 120, except it admits that Dharmendra Sawh made statements about RENTmaximizer. The referenced documents and statements attributed to Yardi and described in Paragraph 120 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 120.

121.    Yardi denies the allegations in Paragraph 121. The referenced documents and statement attributed to Yardi and described in Paragraph 121 speaks for themselves, and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 121.

122.    Yardi denies the allegations in Paragraph 122.

123.    Yardi denies the allegations in Paragraph 123. To the extent the allegations in Paragraph 123 relate to statements made by third parties, Yardi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 and, therefore, denies the same as well as Plaintiffs' characterizations of them.

124.    Yardi denies the allegations in Paragraph 124. The referenced statement attributed to Yardi and described in Paragraph 124 speaks for itself, and Yardi denies any characterizations of it by Plaintiffs. To the extent the allegations in Paragraph 124 relate to statements made by third parties, Yardi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 and, therefore, denies the same.

125.    Yardi denies the allegations in Paragraph 125. The referenced documents and statements attributed to Yardi and described in Paragraph 125 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. To the extent the allegations in Paragraph 125 relate to statements made by third parties, Yardi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 and, therefore, denies the same.

126.    Yardi denies the allegations in Paragraph 126.

127.    Yardi denies the allegations in Paragraph 127.

128.    Yardi denies the allegations in Paragraph 128.

129.    Yardi denies the allegations in Paragraph 129. The referenced documents and statements attributed to Yardi and described in Paragraph 129 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs.

130.    Yardi denies the allegations in Paragraph 130.

131.    Yardi admits that certain publicly available data from Yardi Matrix can be used as an input to Revenue IQ. Yardi denies all remaining allegations in Paragraph 131.

132.    Yardi denies the allegations in Paragraph 132, except admits it acquired Pierce-Eislen. The referenced documents and statements attributed to Yardi and described

1   in Paragraph 132 speak for themselves, and Yardi denies any characterizations of them by

2   Plaintiffs.

3       133.    Yardi denies the allegations in Paragraph 133. The referenced documents

4   and statements attributed to Yardi and described in Paragraph 133 speak for themselves,

5   and Yardi denies any characterizations of them by Plaintiffs.

6       134.    The referenced documents and statements attributed to Yardi and described

7   in Paragraph 134 speak for themselves, and Yardi denies any characterizations of them by

8   Plaintiffs.

9       135.    The referenced documents and statements attributed to Yardi and described

10  in Paragraph 135 speak for themselves, and Yardi denies any characterizations of them by

11  Plaintiffs.

12      136.    The referenced documents and statements attributed to Yardi and described

13  in Paragraph 136 speak for themselves, and Yardi denies any characterizations of them by

14  Plaintiffs.

15      137.    The referenced documents and statements attributed to Yardi and described

16  in Paragraph 137 speak for themselves, and Yardi denies any characterizations of them by

17  Plaintiffs.

18      138.    Yardi denies the allegations in Paragraph 138. The referenced documents

19  and statements attributed to Yardi and described in Paragraph 138 speak for themselves,

20  and Yardi denies any characterizations of them by Plaintiffs.

21      139.    Yardi denies the allegations in Paragraph 139. The referenced documents

22  and statements attributed to Yardi and described in Paragraph 139 speak for themselves,

23  and Yardi denies any characterizations of them by Plaintiffs.

24      140.    Yardi denies the allegations in Paragraph 140. The referenced documents

25  and statements attributed to Yardi and described in Paragraph 140 speak for themselves,

26  and Yardi denies any characterizations of them by Plaintiffs.

141.    Yardi denies the allegations in Paragraph 141. The referenced documents and statements attributed to Yardi and described in Paragraph 141 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs.

142.    Yardi denies the allegations in Paragraph 142.

143.    Yardi denies the allegations in Paragraph 143.

144.    Yardi denies the allegations in Paragraph 144.

145.    Yardi denies the allegations in Paragraph 145.

146.    Yardi denies the allegations in Paragraph 146, except to the extent admitted above in response to Paragraphs 11-13. The referenced documents and statements attributed to Yardi and described in Paragraph 146 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs.

147.    Yardi denies the allegations in Paragraph 147, except to the extent admitted above in response to Paragraphs 11-13. The referenced documents and statements attributed to Yardi and described in Paragraph 147 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs.

148.    Yardi denies the allegations in Paragraph 148, except to the extent admitted above in response to Paragraphs 11-13. The referenced documents and statements attributed to Yardi and described in Paragraph 148 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs.

149.    The referenced documents and statements attributed to Yardi and described in Paragraph 149 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs.

150.    Yardi denies the allegations in Paragraph 150.

151.    Yardi denies the allegations in Paragraph 151.

152.    Yardi denies the allegations in Paragraph 152. The referenced documents and statements attributed to Yardi and described in Paragraph 152 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs.

153.    The referenced documents and statements attributed to Yardi and described in Paragraph 153 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs.

154.    Yardi denies the allegations in Paragraph 154. The referenced documents and statements attributed to Yardi and described in Paragraph 154 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs.

155.    The referenced documents and statements attributed to Yardi and described in Paragraph 155 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs.

156.    Yardi denies the allegations in Paragraph 156.

157.    Yardi denies the allegations in Paragraph 157.

158.    Yardi denies the allegations in Paragraph 158.

159.    Yardi denies the allegations in Paragraph 159.

160.    Yardi denies the allegations in Paragraph 160.

161.    The referenced documents and statements described in Paragraph 161 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 161.

162.    The referenced documents and statements described in Paragraph 162 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 162.

163.    Yardi denies the allegations in the first sentence of Paragraph 163. The referenced documents and statements described in Paragraph 163 speak for themselves,

and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 163.

164.    The referenced documents and statements described in Paragraph 164 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 164.

165.    Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 165 and, therefore, denies the same. The referenced documents and statements described in Paragraph 165 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 165.

166.    Yardi denies the allegations in Paragraph 166.

167.    The referenced documents and statements described in Paragraph 167 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 167.

168.    Yardi denies the allegations in Paragraph 168. The referenced documents and statements described in Paragraph 168 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. To the extent that the allegations in Paragraph 168 relate to statements by federal regulators, they are not factual allegations that require a denial or admission. Yardi denies the remaining allegations in Paragraph 168.

169.    Yardi denies the allegations in Paragraph 169.

170.    Paragraph 170 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 170.

171.    Paragraph 171 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 171.

172.    Yardi denies the allegations in Paragraph 172.

173.    Yardi denies the allegations in Paragraph 173.

174.    Yardi denies the allegations in Paragraph 174.

175.    Yardi denies the allegations in Paragraph 175. The referenced document and statement described in Paragraph 175 speaks for itself, and Yardi denies any characterizations of it by Plaintiffs.

176.    Yardi denies the allegations in Paragraph 176.

177.    Yardi denies the allegations in Paragraph 177.

178.    Yardi denies the allegations in Paragraph 178.

179.    Yardi denies the allegations in Paragraph 179.

180.    Yardi denies the allegations in Paragraph 180.

181.    Yardi denies the allegations in Paragraph 181.

182.    Yardi denies the allegations in Paragraph 182.

183.    Yardi denies the allegations in Paragraph 183, except that Yardi admits it typically holds a Yardi Advanced Solutions Conference on an annual basis. The referenced documents and statements described in Paragraph 183 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 183.

184.    Yardi denies the allegations in Paragraph 184. The referenced document described in Paragraph 184 speaks for itself, and Yardi denies any characterizations of it by Plaintiffs.

185.    Yardi denies the allegations in Paragraph 185. The referenced documents described in Paragraph 185 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs.

186.    The referenced document described in Paragraph 186 speaks for itself, and Yardi denies any characterizations of it by Plaintiffs.

187.    Yardi denies the allegations in Paragraph 187. The referenced document described in Paragraph 187 speaks for itself, and Yardi denies any characterizations of it

by Plaintiffs. To the extent the allegations in Paragraph 187 relate to statements made by third parties, Yardi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 and, therefore, denies the same.

188.    Yardi denies the allegations in the first sentence of Paragraph 188. The referenced document described in Paragraph 188 speaks for itself, and Yardi denies any characterizations of it by Plaintiffs.

189.    Yardi denies the allegations in Paragraph 189, except admits that Jeffrey Adler is a Board Member of the National Multifamily Housing Council. The referenced documents and statements described in Paragraph 189 speak for themselves, and Yardi denies any characterizations of them by Plaintiffs. Yardi denies the remaining allegations in Paragraph 189.

190.    Yardi denies the allegations in Paragraph 190, and states that Revenue IQ allows clients, at their option, to manually enter market survey data that they have collected on their own for purposes of the comp trend analysis. This data is not shared with other clients or used by Revenue IQ to calculate pricing outputs for other clients.

191.    Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 191 other than what is contained in public court filings and, therefore, denies the same. The referenced document described in Paragraph 191 speaks for itself, and Yardi denies any characterizations of it by Plaintiffs.

192.    The referenced document described in Paragraph 192 speaks for itself, and Yardi denies any characterizations of it by Plaintiffs.

193.    The referenced document described in Paragraph 193 speaks for itself, and Yardi denies any characterizations of it by Plaintiffs. To the extent that the allegations in Paragraph 193 relate to conduct by the DOJ, they are not factual allegations that require a denial or admission.

194.    Yardi denies the allegations in Paragraph 194. The referenced document described in Paragraph 194 speaks for itself, and Yardi denies any characterizations of it by Plaintiffs.

195.    The referenced document described in Paragraph 195 speaks for itself, and Yardi denies any characterizations of it by Plaintiffs.

## V.  RELEVANT MARKET

196.    Paragraph 196 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 196.

197.    Paragraph 197 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 197.

198.    Yardi denies the allegations in Paragraph 198.

199.    Paragraph 199 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 199.

200.    Paragraph 200 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 200. The referenced document described in Paragraph 200 speaks for itself, and Yardi denies any characterizations of it by Plaintiffs.

201.    Yardi denies the allegations in Paragraph 201, except admits that Yardi operates Revenue IQ.

202.    Paragraph 202 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 202. The referenced document described in Paragraph 202 speaks for itself, and Yardi denies any characterizations of it by Plaintiffs.

203.    Paragraph 203 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 203. Yardi

lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 203 and, therefore, denies the same.

204.    Paragraph 204 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 204. The referenced document described in Paragraph 204 speaks for itself, and Yardi denies any characterizations of it by Plaintiffs.

205.    Paragraph 205 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 205.

206.    Paragraph 206 states legal conclusions to which no response is necessary. Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 206 and, therefore, denies the same.

207.    Paragraph 207 states legal conclusions to which no response is necessary. Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 207 and, therefore, denies the same.

208.    Paragraph 208 states legal conclusions to which no response is necessary. Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 208 and, therefore, denies the same.

209.    Paragraph 209 states legal conclusions to which no response is necessary. Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 209 and, therefore, denies the same.

210.    Paragraph 210 states legal conclusions to which no response is necessary. Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 210 and, therefore, denies the same.

211.    Paragraph 211 states legal conclusions to which no response is necessary. Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 211 and, therefore, denies the same.

212.    Paragraph 212 states legal conclusions to which no response is necessary. Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 212 and, therefore, denies the same.

213.    Paragraph 213 states legal conclusions to which no response is necessary. Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 213 and, therefore, denies the same.

214.    Paragraph 214 states legal conclusions to which no response is necessary. Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 214 and, therefore, denies the same.

215.    Paragraph 215 states legal conclusions to which no response is necessary. Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 215 and, therefore, denies the same.

216.    Paragraph 216 states legal conclusions to which no response is necessary. Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 216 and, therefore, denies the same.

217.    Paragraph 217 states legal conclusions to which no response is necessary. Yardi lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 217 and, therefore, denies the same.

218.    Paragraph 218 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 218.

**VI.    CLASS ACTION ALLEGATIONS**

219.    Yardi denies the allegations in Paragraph 219, except admits that Plaintiffs purport to allege claims on behalf of the putative class described against the Defendants.

220.    Paragraph 220 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 220.

221.    Paragraph 221 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 221.

222.    Paragraph 222 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 222.

223.    Paragraph 223 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 223.

224.    Paragraph 224 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 224.

225.    Paragraph 225 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 225.

226.    Paragraph 226 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 226.

227.    Paragraph 227 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 227.

**VII.    CAUSES OF ACTION**

228.    Yardi incorporates by reference the responses contained herein.

229.    Paragraph 229 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 229.

230.    Paragraph 230 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 230.

231.    Paragraph 231 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 231.

232.    Paragraph 232 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 232.

233.    Paragraph 233 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 233.

234.    Yardi incorporates by reference the responses contained herein.

235.    Paragraph 235 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 235.

236.    Paragraph 236 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 236.

237.    Paragraph 237 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 237.

238.    Paragraph 238 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 238.

239.    Paragraph 239 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 239.

240.    Paragraph 240 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 240.

241.    Paragraph 241 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 241.

242.    Yardi incorporates by reference the responses contained herein.

243.    Paragraph 243 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 243.

244.    Paragraph 244 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 244.

245.    Paragraph 245 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 245.

246.    Paragraph 246 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 246.

247.    Paragraph 247 states legal conclusions to which no response is necessary. To the extent a response is necessary, Yardi denies the allegations in Paragraph 247.

1    248.    Paragraph 248 states legal conclusions to which no response is necessary.

2    To the extent a response is necessary, Yardi denies the allegations in Paragraph 248.

3    249.    Paragraph 249 states legal conclusions to which no response is necessary.

4    To the extent a response is necessary, Yardi denies the allegations in Paragraph 249.

5    250.    Paragraph 250 states legal conclusions to which no response is necessary.

6    To the extent a response is necessary, Yardi denies the allegations in Paragraph 250.

7    251.    Paragraph 251 states legal conclusions to which no response is necessary.

8    To the extent a response is necessary, Yardi denies the allegations in Paragraph 251.

9    252.    Paragraph 252 states legal conclusions to which no response is necessary.

10    To the extent a response is necessary, Yardi denies the allegations in Paragraph 252.

11    253.    Paragraph 253 states legal conclusions to which no response is necessary.

12    To the extent a response is necessary, Yardi denies the allegations in Paragraph 253.

13    254.    Paragraph 254 states legal conclusions to which no response is necessary.

14    To the extent a response is necessary, Yardi denies the allegations in Paragraph 254.

15    255.    Paragraph 255 states legal conclusions to which no response is necessary.

16    To the extent a response is necessary, Yardi denies the allegations in Paragraph 255.

17    256.    Paragraph 256 states legal conclusions to which no response is necessary.

18    To the extent a response is necessary, Yardi denies the allegations in Paragraph 256.

19    257.    Paragraph 257 states legal conclusions to which no response is necessary.

20    To the extent a response is necessary, Yardi denies the allegations in Paragraph 257.

21    258.    Paragraph 258 states legal conclusions to which no response is necessary.

22    To the extent a response is necessary, Yardi denies the allegations in Paragraph 258.

23    **VIII.    REQUEST FOR RELIEF**

24    259.    Yardi specifically denies that Plaintiffs are entitled to the relief requested

25    or to any relief as to the causes of action.

26

### IX. JURY TRIAL DEMANDED

260.    Yardi admits that Plaintiffs demand a jury trial.

### AFFIRMATIVE DEFENSES

By asserting the following affirmative defenses, Yardi does not allege or admit that it has the burden of proof or the burden of persuasion with respect to any of these matters.

### FIRST AFFIRMATIVE DEFENSE

### (Justified and Procompetitive Conduct)

Plaintiffs' claims are barred because all of Yardi's conduct challenged by Plaintiffs was lawful, fair, non-deceptive, expressly authorized by law, justified, and pro-competitive. Yardi's conduct constituted a bona fide business practice and was carried out in furtherance of legitimate business interests, and it was a part of Yardi's lawful business operations.

### SECOND AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiffs affirmatively waived, by words or conduct, the rights alleged to have been violated by Yardi.

### THIRD AFFIRMATIVE DEFENSE

### (Intervening and/or Supervening Cause)

Plaintiffs' claims are barred, in whole or in part, to the extent that any alleged harm or damages suffered by Plaintiffs were not proximately caused by any actions or conduct of Yardi. In particular, any harm suffered by Plaintiffs was not a direct result of Yardi's conduct but rather resulted from other intervening factors or superseding events that broke the causal chain between Yardi's conduct and Plaintiffs' alleged injuries. These intervening causes include, but are not limited to, actions by third parties, market forces, or other external factors beyond Yardi's control.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Antitrust Standing)

Plaintiffs suffered no antitrust injury. To allege antitrust injury, Plaintiffs must show that they suffered a type of injury that the antitrust laws were intended to prevent as a result of a defendant's unlawful, competition-reducing conduct. Defendants' independent decisions to license a revenue management product that generates pricing outputs based on individualized decisions does not mean those users somehow conspired to (and succeeded in) inflating apartment rents nationwide. Mere use of revenue management software is not unlawful conduct, and it is not the type of injury that the antitrust laws were intended to prevent.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' causes of action are barred, in whole or in part, by the applicable statute of limitations because they were not commenced within four years of the date when they accrued. *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055 (9th Cir. 2012). To the extent that the CCAC relies on information made public before the applicable statute of limitations, the CCAC is time barred.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiffs have failed to mitigate, minimize, or avoid their alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (Set-Off)

Plaintiffs' claims are subject to set-off as to any amounts any individual class member has failed to pay pursuant to their lease, as well as any related collection costs, attorneys fees or the like.

1

**EIGHTH AFFIRMATIVE DEFENSE**

2

**(Arbitration)**

3       Plaintiffs' claims are barred, in whole or in part, because a class cannot be certified

4    because, among other reasons, Plaintiffs and putative class members entered into contracts

5    that require arbitration of the claims at issue, require suit in a different forum, precludes a

6    jury trial, or precludes a class or other representative proceeding.

7

**NINTH AFFIRMATIVE DEFENSE**

8

**(Laches)**

9       Plaintiffs' claims for injunctive relief are barred, in whole or in part, by the

10   applicable laches period because they were not commenced within a timely fashion after

11   the date on which they accrued.

12

**TENTH AFFIRMATIVE DEFENSE**

13

**(Uncertainty of Damages)**

14      Plaintiffs' claims are barred because the alleged damages sought are too

15   speculative or uncertain.

16

**ELEVENTH AFFIRMATIVE DEFENSE**

17

**(Consent)**

18      Plaintiffs' claims are barred, in whole or in part, due to their ratification of, and

19   consent to, the conduct of Yardi.

20

**TWELFTH AFFIRMATIVE DEFENSE**

21

**(Acquiescence)**

22      Plaintiffs' claims are barred, in whole or in part, by the knowing acquiescence of

23   the Plaintiffs to the restraints of trade alleged in the Consolidated Complaint.

24

25

26

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Filed Rate Doctrine)

Plaintiffs' claims are barred, in whole or in part, by the filed rate doctrine and by the applicability of rent control ordinances to many of the leases that provide the purported basis for the allegations of the CCAC, and in many of the jurisdictions identified in the CCAC.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Res Judicata and Release)

Without admitting the existence of any contract, combination, or conspiracy in restraint of trade, and expressly denying same, Plaintiffs' claims are barred (or may become barred), in whole or in part, by the doctrine of release and/or res judicata.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Incorporating Other Defendants' Defenses)

Yardi adopts and incorporates by reference any and all other defenses asserted by any other Defendant to the extent that the defense would apply to Yardi.

## ADDITIONAL AFFIRMATIVE DEFENSES

Yardi hereby gives notice that it intends to rely on such other and further affirmative defenses as may become available or apparent during the course of discovery and trial preparation and thus reserves the right to amend its Answer to assert any such defenses.

## PRAYER FOR RELIEF

WHEREFORE, Yardi prays that:

A. The CCAC and its causes of action against Yardi be dismissed with prejudice, without leave to amend; and

B. Yardi be awarded its recoverable costs and such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Yardi hereby demands a trial by jury on all issues so triable.

\* \* \*

RESPECTFULLY SUBMITTED this 21st day of April, 2025.

**McNAUL EBEL NAWROT & HELGREN PLLC**

By: */s/ Claire Martirosian*
Claire Martirosian, WSBA No. 49528
Richard W. Redmond, WSBA No. 58835
600 University Street, Suite 2700
Seattle, WA 98101
(206) 467-1816
cmartirosian@mcnaul.com
rredmond@mcnaul.com

**DEBEVOISE & PLIMPTON LLP**

By: */s/ Maura K. Monaghan*

Maura K. Monaghan (*pro hac vice*)
Michael Schaper (*pro hac vice*)
66 Hudson Boulevard
New York, NY 10001
(212) 909-6000
mkmonaghan@debevoise.com
mschaper@debevoise.com

Abraham Tabaie (*pro hac vice*)
David Sarratt (*pro hac vice forthcoming*)
650 California Street
San Francisco, CA 94108
(415) 738-5700
atabaie@debevoise.com
dsarratt@debevoise.com

*Attorneys for Defendant YARDI SYSTEMS, INC.*