THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

*In re YARDI REVENUE MANAGEMENT
ANTITRUST LITIGATION*

Case No. 2:23-cv-01391-RSL

---

MCKENNA DUFFY and MICHAEL BRETT,
individually and on behalf of all others similarly
situated,

        Plaintiff,

vs.

YARDI SYSTEMS, INC., *et al.*,

        Defendant.

---

**EDWARD ROSE & SONS' ANSWER TO
PLAINTIFFS' CONSOLIDATED CLASS
ACTION COMPLAINT**

**JURY DEMAND**

(Consolidated with Case Nos.
2:24-cv-01948; 2:24-cv-02053)

---

    Defendant Edward Rose & Sons ("Edward Rose"), by and through its undersigned counsel, respectfully submits this Answer to Plaintiffs' Consolidated Class Action Complaint ("CCAC").

## <u>GENERAL DENIALS</u>

    All allegations not expressly admitted herein, including those in footnotes of the CCAC, are denied. Edward Rose does not interpret the headings and subheadings throughout the CCAC as well-pleaded allegations of fact to which any response is required. To the extent a response is required, Edward Rose denies all allegations in the headings and subheadings of the CCAC.

Defendant Edward Rose & Sons'
Answer to Plaintiff's Consol. Class
Action Complaint
Case No.:  2:23-CV-01391-RSL
60237073.4

Honigman LLP
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226

By referring to or admitting the existence of any documents quoted, described, or otherwise referenced in the CCAC, Edward Rose does not acknowledge or concede that such documents are what they purport to be, are accurate as to their substance, constitute business records within the meaning of the rules of evidence, or are otherwise admissible on any other basis. Further, by referring to or admitting the existence of any document quoted, described, or otherwise referenced in the CCAC, Edward Rose does not acknowledge or concede that it has any knowledge or information concerning the document quoted, described, or otherwise referenced at any particular point in time prior to the filing of the CCAC, unless explicitly admitted herein.

Edward Rose's use herein of defined terms in the CCAC should not be interpreted as, and is not, an admission that Edward Rose agrees with Plaintiffs' characterization or use of the defined terms, that the defined terms are accurate, or that the documents or items described by the defined terms actually exist. Edward Rose uses these defined terms solely for the purposes of responding to the allegations in the CCAC.

Unless otherwise stated, Edward Rose's responses herein are based on facts available to it or to its counsel as of the date of the CCAC.

Edward Rose expressly reserves the right to seek to amend and/or supplement its Answer as may be necessary.

## I.     NATURE OF THE ACTION

1.     Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 1 and, therefore, denies the same. The referenced documents and quoted statements described in Paragraph 1 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose denies the remaining allegations in Paragraph 1.

2.     Edward Rose denies the allegations in Paragraph 2.

1     3.    Edward Rose admits it competes on rental prices to attract renters. Edward Rose

2  denies the remaining allegations in Paragraph 3.

3     4.    Edward Rose denies the allegations in Paragraph 4.

4     5.    It is admitted, upon information and belief, that Yardi created a product called

5  RENTmaximizer. The referenced documents and quoted statements described in Paragraph 5

6  speak for themselves and Edward Rose denies the characterizations of them by Plaintiffs. Edward

7  Rose denies the remaining allegations in Paragraph 5.

8     6.    Edward Rose denies the allegations in the first and second sentences of Paragraph

9  6. The referenced documents and quoted statements described in Paragraph 6 speak for themselves,

10  Edward Rose denies the characterizations of them by Plaintiffs and Edward Rose denies the

11  remaining allegations in Paragraph 6.

12     7.    The referenced documents and quoted statements described in Paragraph 7 speak

13  for themselves, Edward Rose denies the characterizations of them by Plaintiffs, and Edward Rose

14  denies the remaining allegations in Paragraph 7.

15     8.    The referenced documents and quoted statements described in Paragraph 8 speak

16  for themselves, Edward Rose denies the characterizations of them by Plaintiffs, and Edward Rose

17  denies the remaining allegations in Paragraph 8.

18     9.    The referenced documents and quoted statements described in Paragraph 9 speak

19  for themselves, Edward Rose denies the characterizations of them by Plaintiffs, and Edward Rose

20  denies the remaining allegations in Paragraph 9.

21     10.    Edward Rose admits it receives data from Yardi through Revenue IQ. Edward Rose

22  also admits that it suggests comparable properties to Yardi, and receives aggregated data on those

23  properties. Edward Rose denies the remaining allegations in Paragraph 10.

24     11.    Edward Rose admits that Yardi has a product called Yardi Matrix. Edward Rose

25  further admits that it receives information from Yardi Matrix. Edward Rose lacks knowledge or

26

27

28

Defendant Edward Rose & Sons'                    -3-                Honigman LLP
Answer to Plaintiff's Consol. Class                                  2290 First National Building
Action Complaint                                                     660 Woodward Ave.
Case No.:  2:23-CV-01391-RSL                                         Detroit, MI 48226
60237073.4

1    information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11

2    and, therefore, denies the same.

3         12.    The referenced documents and quoted statements described in Paragraph 12 speak

4    for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose

5    lacks knowledge or information sufficient to form a belief as to the truth of the remaining

6    allegations in Paragraph 12 and, therefore, denies the same.

7         13.    The referenced documents and quoted statements described in Paragraph 13 speak

8    for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose

9    lacks knowledge or information sufficient to form a belief as to the truth of the remaining

10   allegations in Paragraph 13 and, therefore, denies the same.

11        14.    Edward Rose denies the allegations in first sentence of Paragraph 14. The

12   referenced documents and quoted statements described in Paragraph 14 speak for themselves, and

13   Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or

14   information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14

15   and, therefore, denies the same.

16        15.    The referenced documents and quoted statements described in Paragraph 15 speak

17   for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose

18   denies the remaining allegations in Paragraph 15.

19        16.    Edward Rose denies the allegations in the first and second sentences of Paragraph

20   16. The referenced documents and quoted statements described in Paragraph 16 speak for

21   themselves, and Edward Rose denies the characterizations of them by Plaintiffs.

22        17.    Edward Rose denies the allegations in the first sentence of Paragraph 17. The

23   referenced documents and quoted statements described in Paragraph 17 speak for themselves, and

24   Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or

25   information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17

26   and, therefore, denies the same.

27

28

18.     Edward Rose denies the allegations in the first sentence of Paragraph 18. The referenced documents and quoted statements described in Paragraph 18 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and, therefore, denies the same.

19.     Edward Rose denies the allegations in the first two sentences of Paragraph 19. The referenced documents and quoted statements described in Paragraph 19 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose denies the remaining allegations in Paragraph 19.

20.     Edward Rose denies the allegations in Paragraph 20.

21.     Edward Rose denies the allegations in the last sentence of Paragraph 21. The quoted statements in Paragraph 21 speak for themselves and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose denies the remaining allegations in Paragraph 21.

22.     Edward Rose denies the allegations in the first sentence of Paragraph 22. The referenced documents and quoted statements described in Paragraph 22 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and, therefore, denies the same.

23.     Edward Rose denies the allegations in the first sentence of Paragraph 23. The referenced documents and quoted statements described in Paragraph 23 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose denies the remaining allegations in Paragraph 23.

24.     Edward Rose denies the allegations in the first sentence of Paragraph 24. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and, therefore, denies the same.

25.     Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, denies the same.

26.     The referenced documents and quoted statements described in Paragraph 26 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 and, therefore, denies the same.

27.     The referenced documents and quoted statements described in Paragraph 27 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 and, therefore, denies the same.

28.     Edward Rose denies the allegations in Paragraph 28.

29.     Edward Rose denies the allegations in Paragraph 29.

30.     Edward Rose denies the allegations in the first sentence in Paragraph 30. The referenced documents and quoted statements described in Paragraph 30 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and, therefore, denies the same.

31.     Edward Rose denies the allegations in Paragraph 31.

32.     Edward Rose denies the allegations in the first sentence of Paragraph 32. The quoted statements described in Paragraph 32 speak for themselves and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose denies the remaining allegations in Paragraph 32.

33.     The referenced documents and quoted statements in Paragraph 33 speak for themselves and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose denies the remaining allegations in Paragraph 33.

34.     Edward Rose denies the allegations in Paragraph 34.

Defendant Edward Rose & Sons'
Answer to Plaintiff's Consol. Class
Action Complaint
Case No.:  2:23-CV-01391-RSL
60237073.4

-6-

Honigman LLP
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226

1    35.    Edward Rose denies the allegations in Paragraph 35.

2    **II.    PARTIES**

3    36.    Edward Rose lacks knowledge or information sufficient to form a belief as to the

4    truth of the matters alleged in Paragraph 36 and, therefore, denies the same.

5    37.    Edward Rose lacks knowledge or information sufficient to form a belief as to the

6    truth of the matters alleged in Paragraph 37 and, therefore, denies the same.

7    38.    Edward Rose admits that Yardi provides property management software,

8    RENTmaximizer/Revenue IQ. Edward Rose lacks knowledge or information sufficient to form a

9    belief as to the truth of the matters alleged in the remaining allegations in Paragraph 38 and,

10    therefore, denies the same.

11    39.    Edward Rose admits that A.J. Dwoskin is a multifamily property manager. Edward

12    Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining

13    matters alleged in Paragraph 39 and, therefore, denies the same.

14    40.    Edward Rose lacks knowledge or information sufficient to form a belief as to the

15    truth of the matters alleged in Paragraph 40 and, therefore, denies the same.

16    41.    Edward Rose lacks knowledge or information sufficient to form a belief as to the

17    truth of the matters alleged in Paragraph 41 and, therefore, denies the same.

18    42.    Edward Rose admits that Ardmore Residential, Inc. is a multifamily property

19    manager. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth

20    of the remaining matters alleged in Paragraph 42 and, therefore, denies the same.

21    43.    Edward Rose admits that Asset Living is a multifamily property manager. Edward

22    Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining

23    matters alleged in Paragraph 43 and, therefore, denies the same.

24    44.    Edward Rose admits that Avenue5 is a multifamily property manager. Edward Rose

25    lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters

26    alleged in Paragraph 44 and, therefore, denies the same.

27
28

45.    Edward Rose admits that Balaciano is a multifamily property manager. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 45 and, therefore, denies the same.

46.    Edward Rose admits that 2B Residential is a multifamily property manager. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 46 and, therefore, denies the same.

47.    Edward Rose admits that Banyan is a multifamily property manager. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 47 and, therefore, denies the same.

48.    Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 48 and, therefore, denies the same.

49.    Edward Rose admits that Calibrate is a multifamily property manager. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 49 and, therefore, denies the same.

50.    Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 50 and, therefore, denies the same.

51.    Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 51 and, therefore, denies the same.

52.    Edward Rose admits that Dalton is a multifamily property manager. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 52 and, therefore, denies the same.

53.    Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 53 and, therefore, denies the same.

54.    Edward Rose denies it is a Michigan corporation. Edward Rose admits that it is a "doing business as" moniker for Edward Rose Building Enterprise, LLC, d/b/a Edward Rose & Sons, a Michigan Limited Liability Company headquartered in Bloomfield Hills, Michigan.

Edward Rose denies that it is an owner of rental units, but admits that one or more of its corporate affiliates owns the rental units and properties as described in Paragraph 54 of the CCAC. Edward Rose admits only that it has used Yardi's RENTmaximizer as a tool to assist in its independent assessments of rental prices. Edward Rose denies the remaining allegations in Paragraph 54 of the CCAC.

55.     Edward Rose admits that Envolve is a multifamily property manager. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 55 and, therefore, denies the same.

56.     Edward Rose admits that FPI is a multifamily property manager. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 56 and, therefore, denies the same.

57.     Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 57 and, therefore, denies the same.

58.     Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 58 and, therefore, denies the same.

59.     Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 59 and, therefore, denies the same.

60.     Edward Rose admits that Greystar is a multifamily property manager. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 60 and, therefore, denies the same.

61.     Edward Rose admits that Grubb is a multifamily property manager. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 61 and, therefore, denies the same.

62.     Edward Rose admits that Guardian is a multifamily property manager. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 62 and, therefore, denies the same.

Defendant Edward Rose & Sons'
Answer to Plaintiff's Consol. Class
Action Complaint
Case No.:  2:23-CV-01391-RSL
60237073.4

Honigman LLP
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226

63.    Edward Rose admits that HNN is a multifamily property manager. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 63 and, therefore, denies the same.

64.    Edward Rose admits that KRE is a multifamily property manager. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 64 and, therefore, denies the same.

65.    Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 65 and, therefore, denies the same.

66.    Edward Rose admits that Manco Abbott is a multifamily property manager. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 66 and, therefore, denies the same.

67.    Edward Rose admits that McWhinney is a multifamily property manager. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 67 and, therefore, denies the same.

68.    Edward Rose admits that Morguard is a multifamily property manager. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 68 and, therefore, denies the same.

69.    Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 69 and, therefore, denies the same.

70.    Edward Rose admits that PRG is a multifamily property manager. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 70 and, therefore, denies the same.

71.    Edward Rose admits that RAM is a multifamily property manager. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 71 and, therefore, denies the same.

Defendant Edward Rose & Sons'
Answer to Plaintiff's Consol. Class
Action Complaint
Case No.:  2:23-CV-01391-RSL
60237073.4

-10-

Honigman LLP
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226

72.    Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 72 and, therefore, denies the same.

73.    Edward Rose admits that RPM is a multifamily property manager. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 73 and, therefore, denies the same.

74.    Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 74 and, therefore, denies the same.

75.    Edward Rose admits that Singh is a multifamily property manager. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 75 and, therefore, denies the same.

76.    Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 76 and, therefore, denies the same.

77.    Edward Rose admits that Summit is a multifamily property manager. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 77 and, therefore, denies the same.

78.    Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 78 and, therefore, denies the same.

79.    Edward Rose admits that Towne is a multifamily property manager. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 79 and, therefore, denies the same.

80.    Edward Rose admits that Walton is a multifamily property manager. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 80 and, therefore, denies the same.

81.    Edward Rose admits that Western National is a multifamily property manager. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 81 and, therefore, denies the same.

Defendant Edward Rose & Sons'
Answer to Plaintiff's Consol. Class
Action Complaint
Case No.:  2:23-CV-01391-RSL
60237073.4

-11-

Honigman LLP
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226

82.     Edward Rose admits that Lincoln is a multifamily property manager. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 82 and, therefore, denies the same.

83.     Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 83 and, therefore, denies the same.

84.     Edward Rose denies the allegations in Paragraph 84.

85.     Edward Rose denies the allegations in Paragraph 85.

86.     Edward Rose denies the allegations in Paragraph 86.

87.     Edward Rose denies the allegations in Paragraph 87.

88.     Edward Rose denies the allegations in Paragraph 88.

## III.    JURISDICTION AND VENUE

89.     Paragraph 89 states legal conclusions to which no response is necessary. To the extent a response is necessary, Edward Rose admits that the Court has subject matter jurisdiction over the subject matter of the case but denies any violations of any federal statute.

90.     Paragraph 90 states legal conclusions to which no response is necessary. To the extent a response is necessary, Edward Rose denies the allegations in Paragraph 90.

91.     Edward Rose denies the allegations in Paragraph 91.

92.     Edward Rose denies the allegations in Paragraph 92.

## IV.    FACTUAL BACKGROUND

93.     Edward Rose admits that Yardi provides property management software, RENTmaximizer/Revenue IQ. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93 and, therefore, denies the same.

94.     The referenced documents and quoted statements described in Paragraph 94 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 94 and, therefore, denies the same.

Defendant Edward Rose & Sons'
Answer to Plaintiff's Consol. Class
Action Complaint
Case No.:  2:23-CV-01391-RSL
60237073.4

-12-

Honigman LLP
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226

95.     The referenced documents and quoted statements described in Paragraph 95 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 95 and, therefore, denies the same.

96.     The referenced documents and quoted statements described in Paragraph 96 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 96 and, therefore, denies the same.

97.     The referenced documents and quoted statements described in Paragraph 97 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 97 and, therefore, denies the same.

98.     The referenced documents and quoted statements described in Paragraph 98 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 98 and, therefore, denies the same.

99.     The referenced documents and quoted statements described in Paragraph 99 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99 and, therefore, denies the same.

100.     The referenced documents and quoted statements described in Paragraph 100 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 100 and, therefore, denies the same.

101.     Edward Rose denies the allegations in the first sentence of Paragraph 101. The referenced documents and quoted statements described in Paragraph 101 speak for themselves,

Defendant Edward Rose & Sons'
Answer to Plaintiff's Consol. Class
Action Complaint
Case No.:  2:23-CV-01391-RSL
60237073.4

-13-

Honigman LLP
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226

and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101 and, therefore, denies the same.

102.    Edward Rose denies the allegations in the first sentence of Paragraph 102. The referenced documents and quoted statements described in Paragraph 102 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 102 and, therefore, denies the same.

103.    The referenced documents and quoted statements described in Paragraph 103 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103 and, therefore, denies the same.

104.    The referenced documents and quoted statements described in Paragraph 104 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose denies the remaining allegations in Paragraph 104.

105.    The referenced documents and quoted statements described in Paragraph 105 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose denies the remaining allegations in Paragraph 105.

106.    The referenced documents and quoted statements described in Paragraph 106 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose denies the remaining allegations in Paragraph 106.

107.    The referenced documents and quoted statements described in Paragraph 107 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose denies the remaining allegations in Paragraph 107.

Defendant Edward Rose & Sons'
Answer to Plaintiff's Consol. Class
Action Complaint
Case No.:  2:23-CV-01391-RSL
60237073.4

-14-

Honigman LLP
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226

108.    The referenced documents and quoted statements described in Paragraph 108 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose denies the remaining allegations in Paragraph 108.

109.    Edward Rose denies the allegations in Paragraph 109.

110.    The referenced documents and quoted statements described in Paragraph 110 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose denies the remaining allegations in Paragraph 110.

111.    The referenced documents and quoted statements described in Paragraph 111 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose denies the remaining allegations in Paragraph 111.

112.    The referenced documents and quoted statements described in Paragraph 112 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose denies the remaining allegations in Paragraph 112.

113.    Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and, therefore, denies the same.

114.    The referenced documents and quoted statements described in Paragraph 114 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 114 and, therefore, denies the same.

115.    Edward Rose admits the allegations in Paragraph 115.

116.    The referenced documents and quoted statements described in Paragraph 116 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 116 and, therefore, denies the same.

117.    Edward Rose denies the allegations in Paragraph 117.

118.    Edward Rose denies the allegations in Paragraph 118.

Defendant Edward Rose & Sons'
Answer to Plaintiff's Consol. Class
Action Complaint
Case No.:  2:23-CV-01391-RSL
60237073.4

-15-

Honigman LLP
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226

119.    Edward Rose denies the allegations in Paragraph 119.

120.    The referenced documents and quoted statements described in Paragraph 120 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose denies the remaining allegations in Paragraph 120.

121.    The referenced documents and quoted statements described in Paragraph 121 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose denies the remaining allegations in Paragraph 121.

122.    Edward Rose denies the allegations in Paragraph 122.

123.    The referenced documents and quoted statements described in Paragraph 123 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose denies the remaining allegations in Paragraph 123.

124.    Edward Rose denies the allegations in Paragraph 124.

125.    The referenced documents and quoted statements described in Paragraph 125 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose denies the remaining allegations in Paragraph 125.

126.    The quoted statements described in Paragraph 126 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose denies the remaining allegations in Paragraph 126.

127.    The quoted statements described in Paragraph 127 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose denies the remaining allegations in Paragraph 127.

128.    The quoted statements described in Paragraph 128 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose denies the remaining allegations in Paragraph 128.

129.    The referenced documents and quoted statements described in Paragraph 129 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose

1   lacks knowledge or information sufficient to form a belief as to the truth of the remaining

2   allegations in Paragraph 129 and, therefore, denies the same.

3       130.    Edward Rose denies the allegations in Paragraph 130.

4       131.    The referenced documents and quoted statements described in Paragraph 131 speak

5   for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose

6   lacks knowledge or information sufficient to form a belief as to the truth of the remaining

7   allegations in Paragraph 131 and, therefore, denies the same.

8       132.    The referenced documents and quoted statements described in Paragraph 132 speak

9   for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose

10  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

11  allegations in Paragraph 132 and, therefore, denies the same.

12      133.    The referenced documents and quoted statements described in Paragraph 133 speak

13  for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose

14  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

15  allegations in Paragraph 133 and, therefore, denies the same.

16      134.    The referenced documents and quoted statements described in Paragraph 134 speak

17  for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose

18  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

19  allegations in Paragraph 134 and, therefore, denies the same.

20      135.    The referenced documents and quoted statements described in Paragraph 135 speak

21  for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose

22  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

23  allegations in Paragraph 135 and, therefore, denies the same.

24      136.    The referenced documents and quoted statements described in Paragraph 136 speak

25  for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose

Defendant Edward Rose & Sons'
Answer to Plaintiff's Consol. Class
Action Complaint
Case No.:  2:23-CV-01391-RSL
60237073.4

Honigman LLP
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226

1    lacks knowledge or information sufficient to form a belief as to the truth of the remaining

2    allegations in Paragraph 136 and, therefore, denies the same.

3          137.    The referenced documents and quoted statements described in Paragraph 137 speak

4    for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose

5    denies the remaining allegations in Paragraph 137.

6          138.    The referenced documents and quoted statements described in Paragraph 138 speak

7    for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose

8    lacks knowledge or information sufficient to form a belief as to the truth of the remaining

9    allegations in Paragraph 138 and, therefore, denies the same.

10         139.    The referenced documents and quoted statements described in Paragraph 139 speak

11   for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose

12   denies the remaining allegations in Paragraph 139.

13         140.    The referenced documents and quoted statements described in Paragraph 140 speak

14   for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose

15   denies the remaining allegations in Paragraph 140.

16         141.    Edward Rose denies the allegations in Paragraph 141.

17         142.    The quoted statements described in Paragraph 142 speak for themselves, and

18   Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose denies the remaining

19   allegations in Paragraph 142.

20         143.    The quoted statements described in Paragraph 143 speak for themselves, and

21   Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose denies the remaining

22   allegations in Paragraph 143.

23         144.    The quoted statements described in Paragraph 144 speak for themselves, and

24   Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose denies the remaining

25   allegations in Paragraph 144.

26         145.    Edward Rose denies the allegations in Paragraph 145.

27

28   Defendant Edward Rose & Sons'                    -18-                Honigman LLP
     Answer to Plaintiff's Consol. Class                                 2290 First National Building
     Action Complaint                                                    660 Woodward Ave.
     Case No.:  2:23-CV-01391-RSL                                        Detroit, MI 48226
     60237073.4

146.    The referenced documents and quoted statements described in Paragraph 146 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 146 and, therefore, denies the same.

147.    Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 and, therefore, denies the same.

148.    The referenced documents and quoted statements described in Paragraph 148 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose denies the remaining allegations in Paragraph 148.

149.    The referenced documents and quoted statements described in Paragraph 149 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 149 and, therefore, denies the same.

150.    Edward Rose denies the allegations in Paragraph 150.

151.    Edward Rose denies the allegations in the first sentence in Paragraph 151. Edward Rose lacks knowledge or information sufficient to form a belief as to the allegations relating to the regression analysis described in Paragraph 151 and, therefore, denies the same. Edward Rose denies the remaining allegations in Paragraph 151.

152.    The referenced documents and quoted statements described in Paragraph 152 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 152 and, therefore, denies the same.

153.    The referenced documents and quoted statements described in Paragraph 153 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 153 and, therefore, denies the same.

Defendant Edward Rose & Sons'
Answer to Plaintiff's Consol. Class
Action Complaint
Case No.:  2:23-CV-01391-RSL
60237073.4

-19-

Honigman LLP
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226

154. The referenced documents and quoted statements described in Paragraph 154 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 154 and, therefore, denies the same.

155. The referenced documents and quoted statements described in Paragraph 155 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 155 and, therefore, denies the same.

156. Edward Rose denies the allegations in Paragraph 156.

157. Edward Rose denies the allegations in Paragraph 157.

158. Edward Rose denies the allegations in Paragraph 158.

159. Edward Rose denies the allegations in Paragraph 159.

160. Edward Rose denies the allegations in Paragraph 160.

161. The referenced documents and quoted statements described in Paragraph 161 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 161 and, therefore, denies the same.

162. The referenced documents and quoted statements described in Paragraph 162 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 162 and, therefore, denies the same.

163. Edward Rose denies the allegation in Paragraph 163.

164. The referenced documents and quoted statements described in Paragraph 164 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose denies the remaining allegations in Paragraph 164.

165.   The referenced documents and quoted statements described in Paragraph 165 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 165 and, therefore, denies the same.

166.   Edward Rose denies the allegations in Paragraph 166.

167.   The referenced documents and quoted statements described in Paragraph 167 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 167 and, therefore, denies the same.

168.   The referenced documents and quoted statements described in Paragraph 168 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 168 and, therefore, denies the same.

169.   Edward Rose denies the allegations in Paragraph 169.

170.   Edward Rose denies the allegations in Paragraph 170.

171.   Edward Rose denies the allegations in Paragraph 171.

172.   Edward Rose denies the allegations in Paragraph 172.

173.   Edward Rose denies the allegations in Paragraph 173.

174.   The quoted statements described in Paragraph 174 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 174 and, therefore, denies the same.

175.   Edward Rose denies the allegations in Paragraph 175.

176.   Edward Rose denies the allegations in Paragraph 176.

177.   Edward Rose denies the allegations in Paragraph 177.

178.   Edward Rose denies the allegations in Paragraph 178.

Defendant Edward Rose & Sons'
Answer to Plaintiff's Consol. Class
Action Complaint
Case No.:  2:23-CV-01391-RSL
60237073.4

-21-

Honigman LLP
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226

179.    Edward Rose denies the allegations in Paragraph 179.

180.    Edward Rose admits the allegations in the second sentence of Paragraph 180. Edward Rose denies the remaining allegations in Paragraph 180.

181.    Edward Rose denies the allegations in Paragraph 181.

182.    Edward Rose denies the allegations in Paragraph 182.

183.    Edward Rose denies the allegations in the first sentence of Paragraph 183. The referenced documents and quoted statements described in Paragraph 183 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose denies the remaining allegations in Paragraph 183.

184.    The referenced documents and quoted statements described in Paragraph 184 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 184 and, therefore, denies the same.

185.    The referenced documents and quoted statements described in Paragraph 185 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 185 and, therefore, denies the same.

186.    The referenced documents and quoted statements described in Paragraph 186 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 186 and, therefore, denies the same.

187.    Edward Rose denies the allegations in the first sentence of Paragraph 187. The referenced document described in Paragraph 187 speaks for itself, and Edward Rose denies the characterizations of it by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 187 and, therefore, denies the same.

Defendant Edward Rose & Sons'
Answer to Plaintiff's Consol. Class
Action Complaint
Case No.:  2:23-CV-01391-RSL
60237073.4

Honigman LLP
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226

188.    Edward Rose denies the allegations in the first sentence of Paragraph 188. The referenced documents and quoted statements described in Paragraph 188 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 188 and, therefore, denies the same.

189.    The referenced documents and quoted statements described in Paragraph 189 speak for themselves, and Edward Rose denies the characterizations of them by Plaintiffs. Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 189 and, therefore, denies the same.

190.    Edward Rose denies the allegations in Paragraph 190.

191.    Edward Rose denies the allegations in Paragraph 191.

192.    The referenced document described in Paragraph 192 speaks for itself, and Edward Rose denies the characterizations of it by Plaintiffs. Edward Rose denies the remaining allegations in Paragraph 192.

193.    The referenced document described in Paragraph 193 speaks for itself, and Edward Rose denies the characterizations of it by Plaintiffs. Edward Rose denies the remaining allegations in Paragraph 193. To the extent that the allegations in Paragraph 193 relate to conduct by the DOJ, they are not factual allegations that require a denial or admission.

194.    Edward Rose denies the allegations in Paragraph 194.

195.    The referenced document described in Paragraph 195 speaks for itself, and Edward Rose denies the characterizations of it by Plaintiffs. Edward Rose denies the remaining allegations in Paragraph 195.

## V.    RELEVANT MARKET

196.    Edward Rose denies the allegations in Paragraph 196.

197.    Edward Rose denies the allegations in Paragraph 197.

198.    Edward Rose denies the allegations in Paragraph 198.

1    199.    Edward Rose denies the allegations in Paragraph 199.

2    200.    Edward Rose denies the allegations in Paragraph 200.

3    201.    Edward Rose denies the allegations in Paragraph 201, except it admits that Yardi

4    operates Revenue IQ.

5    202.    Edward Rose denies the allegations in Paragraph 202.

6    203.    Edward Rose admits the allegations in Paragraph 203.

7    204.    Edward Rose denies the allegations in Paragraph 204.

8    205.    Edward Rose denies the allegations in Paragraph 205.

9    206.    Edward Rose denies the allegations in Paragraph 206.

10    207.    Edward Rose denies the allegations in Paragraph 207.

11    208.    Edward Rose denies the allegations in Paragraph 208.

12    209.    Edward Rose denies the allegations in Paragraph 209.

13    210.    Edward Rose denies the allegations in Paragraph 210.

14    211.    Edward Rose denies the allegations in Paragraph 211.

15    212.    Edward Rose denies the allegations in Paragraph 212.

16    213.    Edward Rose denies the allegations in Paragraph 213.

17    214.    Edward Rose denies the allegations in Paragraph 214.

18    215.    Edward Rose denies the allegations in Paragraph 215.

19    216.    Edward Rose denies the allegations in Paragraph 216.

20    217.    Edward Rose denies the allegations in Paragraph 217.

21    218.    Edward Rose denies the allegations in Paragraph 218.

22  **VI.    CLASS ACTION ALLEGATIONS**

23    219.    Edward Rose denies that plaintiffs have alleged a properly defined class. Edward

24    Rose admits that Plaintiffs purport to bring this action on behalf of themselves and the alleged

25    class. Edward Rose denies the remaining allegations of Paragraph 219.

26    220.    Edward Rose denies the allegations in Paragraph 220.

27

28

-24-

Defendant Edward Rose & Sons'
Answer to Plaintiff's Consol. Class
Action Complaint
Case No.:  2:23-CV-01391-RSL
60237073.4

Honigman LLP
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226

221.    Edward Rose denies the allegations in Paragraph 221.

222.    Edward Rose denies the allegations in Paragraph 222.

223.    Edward Rose denies the allegations in Paragraph 223.

224.    Edward Rose denies the allegations in Paragraph 224.

225.    Edward Rose denies the allegations in Paragraph 225 and denies the allegations in subparts a-e.

226.    Edward Rose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226 and, therefore, denies the same.

227.    Edward Rose denies the allegations in Paragraph 227.

## VII.    CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

### VIOLATION OF SETION 1 OF THE SHERMAN ACT FOR AGREEMENT IN RESTRAINT OF TRADE (HUB AND SPOKE CONSPIRACY) 15 U.S.C. §1

### (On Behalf of Nationwide Class for Injunctive and Equitable Relief and Compensatory Damages)

228.    Edward Rose incorporates by reference the responses contained herein.

229.    Edward Rose denies the allegations in Paragraph 229.

230.    Edward Rose denies the allegations in Paragraph 230.

231.    Edward Rose denies the allegations in Paragraph 231.

232.    Edward Rose denies the allegations in Paragraph 232.

233.    Edward Rose denies the allegations in Paragraph 233.

### SECOND CLAIM FOR RELIEF

### VIOLATION OF SECTION 1 OF THE SHERMAN ACT FOR AGREEMENT IN RESTRAINT OF TRADE (SET OF VERTICAL AGREEMENTS) 15 U.S.C. § 1

### (On Behalf Of Nationwide Class For Injunctive And Equitable Relief And Compensatory Damages)

Defendant Edward Rose & Sons'
Answer to Plaintiff's Consol. Class
Action Complaint
Case No.:  2:23-CV-01391-RSL
60237073.4

-25-

Honigman LLP
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226

234.    Edward Rose incorporates by reference the responses contained herein.

235.    Edward Rose denies the allegations in Paragraph 235.

236.    Edward Rose denies the allegations in Paragraph 236.

237.    Edward Rose denies the allegations in Paragraph 237.

238.    Edward Rose denies the allegations in Paragraph 238.

239.    Edward Rose denies the allegations in Paragraph 239.

240.    Edward Rose denies the allegations in Paragraph 240.

241.    Edward Rose denies the allegations in Paragraph 241.

### THIRD CLAIM FOR RELIEF

### VIOLATION OF SECTION 1 OF THE SHERMAN ACT
### FOR CONSPIRACY TO EXCHANGE COMPETITIVE INFORMATION
### 15 U.S.C. § 1

**(On Behalf Of Nationwide Class For Injunctive And
Equitable Relief And Compensatory Damages)**

242.    Edward Rose incorporates by reference the responses contained herein.

243.    Edward Rose denies the allegations in Paragraph 243.

244.    Edward Rose denies the allegations in Paragraph 244.

245.    Edward Rose denies the allegations in Paragraph 245.

246.    Edward Rose denies the allegations in Paragraph 246.

247.    Edward Rose denies the allegations in Paragraph 247.

248.    Edward Rose denies the allegations in Paragraph 248.

249.    Edward Rose denies the allegations in Paragraph 249.

250.    Edward Rose denies the allegations in Paragraph 250.

251.    Edward Rose denies the allegations in Paragraph 251.

252.    Edward Rose denies the allegations in Paragraph 252.

253.    Edward Rose denies the allegations in Paragraph 253.

254.    Edward Rose denies the allegations in Paragraph 254.

Defendant Edward Rose & Sons'
Answer to Plaintiff's Consol. Class
Action Complaint
Case No.:  2:23-CV-01391-RSL
60237073.4

-26-

Honigman LLP
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226

255.    Edward Rose denies the allegations in Paragraph 255.

256.    Edward Rose denies the allegations in Paragraph 256.

257.    Edward Rose denies the allegations in Paragraph 257.

258.    Edward Rose denies the allegations in Paragraph 258.

## VIII.    REQUEST FOR RELIEF

Edward Rose specifically denies that Plaintiffs are entitled to the relief requested or to any relief as to the causes of action.

## IX.    JURY DEMAND

Edward Rose admits that Plaintiffs demand a jury trial.

### AFFIRMATIVE DEFENSES

By asserting the following affirmative defenses, Edward Rose does not allege or admit that it has the burden of proof or the burden of persuasion with respect to any of these matters.

### FIRST AFFIRMATIVE DEFENSES

### (JUSTIFIED AND PROCOMPETITIVE CONDUCT)

Plaintiffs' claims are barred because all of Edward Rose's conduct challenged by Plaintiffs was lawful, fair, non-deceptive, expressly authorized by law, justified, and pro-competitive. Edward Rose's conduct constituted a bona fide business practice and was carried out in furtherance of legitimate business interests, and it was a part of Edward Rose's lawful business operations.

### SECOND AFFIRMATIVE DEFENSES

### (FAILURE TO MITIGATE)

Plaintiffs have failed to mitigate, minimize, or avoid their alleged damages.

### THIRD AFFIRMATIVE DEFENSES

### (SET-OFF)

Defendant Edward Rose & Sons'
Answer to Plaintiff's Consol. Class
Action Complaint
Case No.:  2:23-CV-01391-RSL
60237073.4

Honigman LLP
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226

Plaintiffs' claims are subject to set off as to any amounts any individual class member has failed to pay pursuant to their lease, as well as any related collection costs, attorneys' fees or the like.

### FOURTH AFFIRMATIVE DEFENSES
### (INTERVENING AND/OR SUPERVENING CAUSE)

Plaintiffs' claims are barred, in whole or in part, to the extent that any alleged harm or damages suffered by Plaintiffs were not proximately caused by any actions or conduct of Edward Rose.  In particular, any harm suffered by Plaintiffs was not a direct result of Edward Rose's conduct but rather resulted from other intervening factors or superseding events that broke the causal chain between Edward Rose's conduct and Plaintiffs' alleged injuries. These intervening causes include, but are not limited to, actions by third parties, market forces, or other external factors beyond Edward Rose's control.

### FIFTH AFFIRMATIVE DEFENSES
### (WAIVER/ACQUIESCENCE)

Plaintiffs affirmatively waived, by words or conduct, the rights alleged to have been violated by Edward Rose.

### SIXTH AFFIRMATIVE DEFENSES
### (ARBITRATION)

Plaintiffs' claims are barred, in whole or in part, because a class cannot be certified because, among other reasons, Plaintiffs and putative class members entered into contracts that require arbitration of the claims at issue, require suit in a different forum, preclude a jury trial, or preclude a class or other representative proceeding

### SEVENTH AFFIRMATIVE DEFENSES
### (LACHES)

Defendant Edward Rose & Sons'
Answer to Plaintiff's Consol. Class
Action Complaint
Case No.:  2:23-CV-01391-RSL
60237073.4

-28-

Honigman LLP
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226

Plaintiffs' claims for injunctive relief are barred, in whole or in part, by the applicable laches period because they were not commenced within a timely fashion after the date on which they accrued. *See Oliver v. SD-3C LLC*, 751 F.3d 1081 (9th Cir. 2014).

### EIGHTH AFFIRMATIVE DEFENSES

### (STATUTE OF LIMITATIONS)

Plaintiffs' causes of action are barred, in whole or in part, by the applicable statute of limitations because they were not commenced within 4 years of the date when they accrued.

### NINTH AFFIRMATIVE DEFENSES

### (FILED RATE DOCTRINE)

Plaintiffs' claims are barred by the Filed Rate Doctrine.

### ADDITIONAL AFFIRMATIVE DEFENSES

Edward Rose hereby gives notice that it intends to rely on such other and further affirmative defenses as may become available or apparent during the course of discovery and trial preparation and thus reserves the right to amend its Answer to assert any such defenses.

### PRAYER FOR RELIEF

WHEREFORE, Edward Rose prays that:

A.    The CCAC and its causes of action against Edward Rose be dismissed with prejudice, without leave to amend; and

B.    Edward Rose be awarded its recoverable costs including, but not limited to, attorneys fees, and such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Edward Rose hereby demands a trial by jury on all issues so triable.

Defendant Edward Rose & Sons'
Answer to Plaintiff's Consol. Class
Action Complaint
Case No.: 2:23-CV-01391-RSL
60237073.4

-29-

Honigman LLP
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226

1

2  DATE: April 21, 2025

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,


FENWICK & WEST LLP

*/s/ Jessica M. Kaempf*
Jessica M. Kaempf, WSBA No.: 51666

Monica Chan, WSBA No.: 58900
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206-389-4510
Facsimile: 206-389-4511
Email:      jkaempf@fenwick.com
                mchan@fenwick.com


HONIGMAN LLP

*/s/ David A. Ettinger*
David A. Ettinger, (admitted *Pro Hac Vice*)

2290 First National Building
660 Woodward Ave.
Detroit, MI 48226
Telephone:   313-465-7368
Facsimile:   313-465-7369
E mail:       dettinger@honigman.com

*Attorneys for Defendant Edward Rose & Sons*

-30-