Hon. Robert S. Lasnik

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9

*In re YARDI REVENUE MANAGEMENT
ANTITRUST LITIGATION.*

No. 2:23-cv-01391-RSL

10

MCKENNA DUFFY and MICHAEL
BRETT, individually and on behalf of all
others similarly situated,

REPLY IN SUPPORT OF NON-
RESIDENT LLC DEFENDANTS'
MOTION TO DISMISS BASED ON
LACK OF PERSONAL
JURISDICTION

11
12

Plaintiffs.

13

v.

(Consolidated with Case Nos.
2:24-cv-01948; 2:24-cv-02053)

14

YARDI SYSTEMS, INC., *et al.*,

ORAL ARGUMENT REQUESTED

15

Defendants.

16
17

     Plaintiffs do not dispute that none of the Non-Resident LLC Defendants have ties to

18

the state of Washington that would support a finding that they purposefully directed

19

activities at the state. *See Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802

20

(9th Cir. 2004). None is "at home" in Washington and none manages properties, rents to

21

residents, or otherwise conducts any business in the state. *See* Non-Resident LLC Defs.'

22

Mot. to Dismiss Based on Lack of Personal Juris. (Dkt. # 380) ("Mot.") at 9–11 and

23

accompanying declarations. Plaintiffs do not dispute any of these facts.

24

     Plaintiffs claim, however, that the lack of any contacts between Non-Resident LLC

25

Defendants and the state of Washington is immaterial because, under Section 12 of the

26

REPLY IN SUPPORT OF NON-RESIDENT LLC
DEFENDANTS' MOTION TO DISMISS BASED ON LACK
OF PERSONAL JURISDICTION
(No. 2:23-cv-01391-RSL) – Page 1

1  Clayton Act, this Court has personal jurisdiction over all Defendants given their contacts
2  with the United States.  Plaintiffs are mistaken.

3         Plaintiffs do not (because they cannot) cite a single case in which a court considered
4  the issue and held that Section 12—which by its plain and unambiguous terms applies only
5  to "proceeding[s] under the antitrust laws against *a corporation*," 15 U.S.C. § 22 (emphasis
6  added)—authorizes personal jurisdiction over LLCs or other non-corporations.  The cases
7  Plaintiffs do cite—all of which assume, without considering or analyzing the issue, that
8  Section 12 applies to non-corporations—provide no support for Plaintiffs' position.
9  Perhaps recognizing this, Plaintiffs fall back on misguided policy-based concerns about
10 how anything but their expansive (and non-textual) interpretation of the statute will imperil
11 effective antitrust enforcement.  But requiring plaintiffs to commence antitrust lawsuits in
12 courts permitted by due process to hear their claims would hardly lead to the dire
13 consequences Plaintiffs claim.

14        In sum, this Court does not have personal jurisdiction over Non-Resident LLC
15 Defendants under Section 12 of the Clayton Act and Plaintiffs' claims against those
16 Defendants must be dismissed.

17 **I.    No Court Has Held that Section 12 of the Clayton Act Authorizes Personal**
18 **Jurisdiction over LLCs.**

19        Plaintiffs cannot establish the existence of sufficient contacts between Non-Resident
20 LLC Defendants and the state of Washington to permit the exercise of personal jurisdiction
21 under the state's long-arm statute.  *See* Mot. at 12–18.  Plaintiffs concede this.  In their
22 Opposition, Plaintiffs do not even attempt to argue that any of the Non-Resident LLC
23 Defendants are "at home" in Washington, such that general jurisdiction would exist, or that
24 any of them purposefully directed activities at the state, providing a basis for a finding of
25 specific jurisdiction.
26

1    Plaintiffs instead rely solely on Section 12 of the Clayton Act as the basis for this

2    Court's jurisdiction, a statute that by its terms applies only to antitrust lawsuits "against a

3    corporation."  15 U.S.C. § 22.  Non-Resident LLC Defendants' opening brief identifies

4    several cases, including recent decisions by other district courts in the Ninth Circuit, that

5    have held expressly that Section 12 of the Clayton Act does not apply to non-corporations,

6    including LLCs like Non-Resident LLC Defendants.  *See* Mot. at 18–20 (citing, *e.g.*,

7    *GovernmentGPT Inc. v. Axon Enter. Inc.*, No. CV-24-01869-PHX-SMB, 2025 WL 743998,

8    at *7 (D. Ariz. Mar. 7, 2025) ("Based on the statute's plain language . . . there is no question

9    that Section 12 does not apply to [defendant LLC].")).

10   In response, Plaintiffs assert that "courts 'routinely' interpret a variety of business

11   organizations to be incorporated under the scope of Section 12."  Pls.' Opp. to Moving

12   Defs.' Mot. to Dismiss Based on Lack of Personal Juris. (Dkt. # 426) ("Opp.") at 10.  But

13   none of the cases they cite specifically considers, much less decides the question presented

14   here:  whether a statute that by its plain terms applies only to "corporation[s]" should also

15   be read as applying to other entities (including LLCs) that are not corporations.   In

16   *D'Augusta v. American Petroleum Institute*, for example, the Ninth Circuit stated in a

17   footnote that the district court had erred in finding a lack of personal jurisdiction over a

18   limited partnership defendant because Section 12 of the Clayton Act authorizes personal

19   jurisdiction "over any corporate antitrust defendant with minimum contacts with the

20   nation," 117 F.4th 1094, 1100 n.1 (9th Cir. 2024).  But the specific question at issue here

21   (whether Section 12 applies to non-corporations) was not even raised in *D'Augusta*, and the

22   court therefore did not consider, analyze, or decide the issue.  Instead, it appeared to simply

23   assume that Section 12 applied to the limited partnership defendant before it.[1]  All of the

24   other cases Plaintiffs cite suffer from the same problem, because none considers the relevant

25

26   ---

[1] Regardless, because the court in *D'Augusta* also stated expressly that it "affirmed the district court's order of dismissal on other grounds," its observations concerning Section 12 of the Clayton Act are only dicta.

REPLY IN SUPPORT OF NON-RESIDENT LLC
DEFENDANTS' MOTION TO DISMISS BASED ON LACK
OF PERSONAL JURISDICTION
(No. 2:23-cv-01391-RSL) – Page 3

question and holds that Section 12 of the Clayton Act should be interpreted to apply to non-corporations.[2]

Plaintiffs' cited authority is entitled to no weight—particularly in the face of an unbroken line of cases that specifically considered the relevant question and determined that Section 12 does not apply to non-corporations. *See* Mot. at 18–20. Cases like those cited by Plaintiffs that merely "stumble into decisions on questions neither raised nor discussed by the parties . . . are not treated as authoritative on those . . . nonlitigated points." *Lum v. City & Cnty. of Honolulu*, 963 F.2d 1167, 1170 n.1 (9th Cir. 1992); *see also Cooper Indus. v. Aviall Servs., Inc.*, 543 U.S. 157, 170 (2004) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents."). Accordingly, because the specific issue of whether Section 12 applies to non-corporations was "never raised or discussed" in the cases on which Plaintiffs rely, those courts' "unstated assumption" on that "non-litigated issue[]" does not provide valid legal support for Plaintiffs' theory. *Sakamoto v. Duty Free Shoppers, LTD*, 764 F.2d 1285, 1288 (9th Cir. 1985); *see also Medialdea v. L. Off. of Evan L. Loeffler PLLC*, No. C09-55, 2009 WL 3246799, at *3 (W.D. Wash. Oct. 2, 2009) (finding case cited by plaintiff offered "no precedential holdings" on a "non-litigated issue").

Plaintiffs cite no case holding that Section 12 of the Clayton Act authorizes personal jurisdiction over non-corporations, because no such case exists. Without that support,

---

[2] *See McCarthy v. Intercontinental Exch., Inc.*, No. 20-cv-08532, 2022 WL 4227247, at *2 (N.D. Cal. Sept. 13, 2022) (finding personal jurisdiction under Section 12 based on contacts with the United States but *without considering whether Section 12 reaches non-corporations*); *In re Hard Drive Suspension Assemblies Antitrust Litig.*, No. 19-md-02918, 2020 WL 5135816, at *2 (N.D. Cal. Aug. 31, 2020) (same); *S&W Forest Prods. Ltd. v. Cedar Shake & Shingle Bureau*, No. C19-202, 2019 WL 3716457, at *3 (W.D. Wash. Aug. 7, 2019) (same); *Shields v. Fed'n Internationale de Natation*, 419 F. Supp. 3d 1188, 1202 (N.D. Cal. 2019) (same); *Cont'l Auto. Sys., Inc. v. Avanci, LLC*, No. 19-cv-02520, 2019 WL 6735604, at *6 (N.D. Cal. Dec. 11, 2019) (finding that potential transferee district would have personal jurisdiction based on contacts with the United States but *without considering whether Section 12 reaches non-corporations*).

1      Plaintiffs offer this Court no basis to exercise personal jurisdiction and their claims against

2      Non-Resident LLC Defendants must be dismissed under Federal Rule of Civil Procedure

3      12(b)(2).

4      **II.      Antitrust Defendants Will Not "Avoid Antitrust Liability" If the Court**

5      **Interprets Section 12 Consistently with Its Plain Language.**

6              Lacking any caselaw holding that Section 12 authorizes personal jurisdiction,

7      Plaintiffs resort to predictions of dire consequences for antitrust enforcement if "any

8      corporation could . . . avoid antitrust liability in every federal court outside of its home

9      district merely by converting to an LLC." Opp at 6. But this is neither Non-Resident LLC

10     Defendants' position nor is it true. Even under a proper reading of Section 12, LLCs can

11     be sued in antitrust cases in any jurisdiction in which plaintiffs can establish the existence

12     of personal jurisdiction based on a traditional minimum contacts analysis. Plaintiffs

13     themselves refer to two cases against Google LLC in which the government established

14     personal jurisdiction and litigated cases successfully based on allegations that Google

15     transacts business in the forum jurisdiction and sells products and services to consumers

16     throughout the United States.[3] Because the jurisdictions in which a non-corporation

17     defendant could be sued for antitrust violations would match the jurisdictions in which it

18     could be sued for almost every other cause of action, Plaintiffs' contrived concern about the

19     impact of interpreting Section 12 faithful to its language (and consistent with every case

20     that has addressed the issue) is overblown and should be rejected.

21

22     _____

23     [3] *See* Am. Compl. ¶¶ 16, 18, *United States, et al. v. Google LLC* ("*Google I*"), No. 1:20-cv-03010 (D.D.C. Jan. 15, 2021) (Dkt. # 94); Am. Compl. ¶¶ 307, 309, *United States, et al. v. Google LLC* ("*Google II*"), No. 1:23-cv-00108 (E.D. Va. Apr. 17, 2023) (Dkt. # 120).

24     Plaintiffs assert incorrectly that the government relied on Section 12 as the basis for personal jurisdiction in its cases against Google. Opp. at 11. The government's jurisdictional

25     statements in both cases are simply that "[t]he Court has personal jurisdiction over Google," without reference to Section 12. But the government relies on Section 12 (along with 28

26     U.S.C. § 1391) as the basis for venue "because Google transacts business and is found within this District." *See* Am. Compl. ¶ 307, *Google I*; Am. Compl. ¶ 16, *Google II*.

**III.     Allegations that Non-Resident LLC Defendants Conspired with Other Defendants Do Not Save Plaintiffs' Claims.**

Plaintiffs suggest vaguely that allegations of Non-Resident LLC Defendants' participation in a conspiracy support this Court's exercise of personal jurisdiction.  *See* Opp. at 8–12.  But Plaintiffs are again incorrect.  Washington has explicitly rejected conspiracy as a basis for obtaining personal jurisdiction under its long-arm statute.  *Silver Valley Partners, LLC v De Motte*, 400 F. Supp. 2d 1262, 1268 (W.D. Wash. 2005) ("If an out-of-state defendant's activities do not meet the test for imposition of either general jurisdiction or specific jurisdiction, traditional notions of 'fair play and substantial justice' would be abused by hailing that defendant into a local court on the mere claim that the defendant was a co-conspirator with a defendant whose activities do meet the test."); *Hewitt v. Hewitt*, 78 Wn. App. 447, 896 P.2d 1312, 1316 (1995) (disapproving of conspiracy jurisdiction, *i.e.,* jurisdiction over a nonresident conspirator based on a resident co-conspirator's acts).  And the suggestion that the alleged sharing of information about Non-Resident LLC Defendants' own rental activities outside of Washington could have had any impact on rents or renters in Washington lacks common sense and plausibility and cannot be credited in any event.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (observing that courts must call on their "judicial experience and common sense" in evaluating the plausibility of complaints).[4]

**IV.     No Amendment Could Cure Plaintiffs' Pleading Failure and Their Claims Against Non-Resident LLC Defendants Should Be Dismissed with Prejudice.**

Plaintiffs neither allege any facts showing contacts between Non-Resident LLC Defendants and the state of Washington nor contest the facts Non-Resident LLC Defendants submitted demonstrating the lack of any such contacts.  Because sufficient contacts with

---

[4] Plaintiffs' themselves recognize that renters typically prioritize certain locations when choosing where to live, *see* Consol. Class Action Compl. (Dkt. # 226) ¶¶ 180, 203, meaning rental rates for apartments owned or operated by Non-Resident LLC Defendants in distant states can have no competitive impact on rental rates charged for apartments in Washington.

the state of Washington do not exist to render jurisdiction in this Court proper, any attempted amendment would be futile and Plaintiffs' claims against Non-Resident LLC Defendants should be dismissed with prejudice. *See Cali v. Rosenberg*, 45 F.3d 435, 1994 WL 721802, at *3 (9th Cir. 1994) (affirming with-prejudice dismissal where plaintiffs conceded they could not supply facts needed to support claim, making any amendment futile); *Gilchrist v. First Nat'l Bank of Omaha*, No. C17-5104, 2018 WL 317267, at *3 (W.D. Wash. Jan. 8, 2018) (dismissing with prejudice because the court could "conceive of no amendment that would" address pleading deficiencies "and Plaintiff has proposed none").

## IV.    Conclusion

For the foregoing reasons, and those stated in Non-Resident LLC Defendants' opening brief, Plaintiffs claims must be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(2).

1            * * *

2            RESPECTFULLY SUBMITTED this 2nd day of June, 2025.

3

4    **HOLLAND & KNIGHT LLP**                    **BYRNES KELLER CROMWELL LLP**

5    By: /s/ Kristin M. Asai                      By: /s/ Paul R. Taylor
     Kristin M. Asai, WSBA No. 49511              Paul R. Taylor, WSBA No. 14851
6    601 SW Second Avenue, Suite 1800             1000 Second Avenue, 38th Floor
     Portland, OR 97204                           Seattle, WA 98104
7    Phone: 503.517.2948                          Phone: 206.622.2000
     Fax: 503.241.8014                            Fax: 206.622.2522
8    kristin.asai@hklaw.com                       ptaylor@byrneskeller.com

9
     David C. Kully (*pro hac vice*)              **KING & SPALDING LLP**
10   Sara J. Benson (*pro hac vice*)
     800 17th St. NW, Suite 1100                  Erin Munger (*pro hac vice*)
11   Washington, DC 20006                         Jeffrey S. Cashdan (*pro hac vice*)
     Phone: 202.469.5415                          Lohr A. Beck (*pro hac vice*)
12   Fax: 202.955.5564                            1180 Peachtree St. NE,, Suite 1600
     david.kully@hklaw.com                        Atlanta, GA 30309
13   sara.benson@hklaw.com                        Phone: 404.572.2852
                                                  emunger@kslaw.com
14                                                jcashdan@kslaw.com
     Kenneth L. Racowski (*pro hac vice*)         lohr.beck@kslaw.com
15   1650 Market Street, Suite 3300
     Philadelphia, PA 19103                       *Attorneys for Defendant Envolve*
16   Phone: 215.252.9580                          *Communities, LLC*
     Fax: 215.867.6070
17   kenneth.racowski@hklaw.com

18
     *Attorneys for Defendant Grubb Properties,*
19   *LLC and McWhinney Property Management,*
     *LLC*
20

21
     **VAN KAMPEN & CROWE PLLC**                  **MCCULLOCH KLEINMAN LAW**
22
     By: /s/ Al Van Kampen                        By: /s/ Kevin McCulloch
23   Al Van Kampen, WSBA No. 13670                Kevin McCulloch, WSBA No. 51587
     P.O. Box 33632                               8713 Golden Gardens Dr. NW
24   Seattle, WA 98133                            Seattle, WA 98117
     Phone: 206.386.7353                          Phone: 646.704.2278
25   AVanKampen@VKClaw.com                        kevin@mkiplaw.com

26

REPLY IN SUPPORT OF NON-RESIDENT LLC
DEFENDANTS' MOTION TO DISMISS BASED ON LACK
OF PERSONAL JURISDICTION
(No. 2:23-cv-01391-RSL) – Page 8

1

2

**MILLER SHAKMAN LEVINE & FELDMAN LLP**

3    Thomas M. Staunton (*pro hac vice*)
     Edward W. Feldman (*pro hac vice*)
4    Daniel M. Feeney (*pro hac vice*)
     Michael L. Shakman (*pro hac vice*)
5    30 West Monroe Street, Suite 1900
     Chicago, IL 60603
6    Phone: 312.263.3700
7    Fax: 312.263.3270
     tstaunton@MillerShakman.com
8    efeldman@MillerShakman.com
     dfeeney@MillerShakman.com
9    mlshak@aol.com

10
     *Attorneys for Defendant The Habitat*
11   *Company LLC*

12

13   **CORR CRONIN LLP**

14   By: */s/ Eric A. Lindberg*
     Eric A. Lindberg, WSBA No. 43596
15   1015 Second Avenue, Floor 10
     Seattle, WA 98104-1001
16   elindberg@corrcronin.com

17   **WILLIAMS MULLEN**

18
     James M. Burns (*pro hac vice*)
19   8350 Broad Street, Suite 1600
     Tysons, VA 22102
20   jmburns@williamsmullen.com

21
     *Attorneys for Banyan Realty Partners LLC*
22   *and Singh Management Co. LLC*

23

24   **FENNEMORE CRAIG, P.C.**

25   By: */s/ Stephen C. Willey*
     Stephen C. Willey, WSBA  No. 24499
26   1425 Fourth Avenue, Suite 800
     Seattle, WA  98101-2272

**LEE SCHWALB LLC**

Charles D. Lee (*pro hac vice*)
Myndee M. Lee (*pro hac vice*)
7381 West 133rd – Second Floor
Overland Park, KS 66213
Phone: 913.549.8820
clee@leeschwalb.com
mlee@leeschwalb.com

*Attorneys for Defendant LumaCorp LLC,*
*f.k.a LumaCorp Inc.*

**BALLARD SPAHR LLP**

By: */s/ Callie A. Castillo*
Callie A. Castillo, WSBA No. 38214
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Phone:  206.223.7000
castilloca@ballardspahr.com

*Attorneys for Defendant Towne Properties*
*Asset Management Company, Ltd.*

**ANGELI & CALFO LLC**

By: */s/ Tyler Weaver*
Harold A Malkin, WSBA No. 30986
Tyler Weaver, WSBA No. 29413
701 Pike St., Suite 1625

Phone: 206.749.0500
swilley@fennemorelaw.com

**WOMBLE BOND DICKINSON LLP**

Jeffrey A. Topor (*pro hac vice*)
Michelle Victoria F. Catapang (*pro hac vice*)
Tomio B. Narita (*pro hac vice*)
50 California Street, Suite 2750
San Francisco, CA 94111
Phone: 415.765.6274
jeff.topor@wbd-us.com
michelle.catapang@wbd-us.com
tomio.narita@wbd-us.com

*Attorneys for Defendant Walton
Communities, LLC*

Seattle, WA 98101
Phone: 503-703-4810
harold@angelicalfo.com
tylerw@angelicalfo.com

**THOMPSON HINE LLP**

Alexandra Nelson (*pro hac vice*)
Two Alliance Center
3560 Lenox Rd NE, Suite 1600
Atlanta, GA 30326
Phone: 404.407.3604
alex.nelson@thompsonhine.com

George Bashour (*pro hac vice*)
300 Madison Avenue, 27th Floor
New York, NY 10017
Phone : 440.503.1008
Fax: 212.344.6101
george.bashour@thompsonhine.com

Mark Butscha, Jr. (*pro hac vice*)
3900 Key Center
127 Public Square
Cleveland, OH 44114
Phone: 216.566.5500
mark.butscha@thompsonhine.com

*Attorneys for Defendant Woodward
Management Partners, LLC*

REPLY IN SUPPORT OF NON-RESIDENT LLC
DEFENDANTS' MOTION TO DISMISS BASED ON LACK
OF PERSONAL JURISDICTION
(No. 2:23-cv-01391-RSL) – Page 10

1

**CERTIFICATE OF COMPLIANCE**

2

The undersigned, counsel of record for Grubb Properties, LLC and McWhinney

3

Property Management, LLC certifies that this brief contains 2,038 words, in compliance

4

with LCR 7(e)(4).

5

6

_/s/ Kristin M. Asai_
Kristin M. Asai

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26