# EXHIBIT A

*EXECUTION COPY*

1

2

3

4

5

6

7        **UNITED STATES DISTRICT COURT**

8        **WESTERN DISTRICT OF WASHINGTON**

9        **AT SEATTLE**

10   *In re YARDI REVENUE MANAGEMENT*
     *ANTITRUST LITIGATION*
11

12   MCKENNA DUFFY and MICHAEL BRETT,          No. 2:23-cv-01391-RSL
     individually and on behalf of all others similarly
13   situated,                                  **SETTLEMENT AGREEMENT**

14                   Plaintiffs,

15
               v.
16

17   YARDI SYSTEMS, INC., *et al.*,

18                   Defendants.

19

20

21

22

23

24

25

26

27

28

SETTLEMENT AGREEMENT

011188-11/2957871 V1
127809648.2 0079724-00002



*Execution Copy*

1

## TABLE OF CONTENTS

2

**Page**

A.    Definitions ...............................................................................................................2

B.    Stipulation to Class Certification.............................................................................6

C.    Approval of this Settlement Agreement and Dismissal of the Consolidated
      Federal Actions.........................................................................................................6

D.    Releases, Discharge, and Covenant Not to Sue.......................................................8

E.    Payment of the Settlement Amount .........................................................................9

F.    The Settlement Fund...............................................................................................10

G.    Taxes.......................................................................................................................13

H.    Rescission ..............................................................................................................13

I.    Practice Changes ....................................................................................................16

J.    Cooperation ............................................................................................................17

K.    Miscellaneous ........................................................................................................20

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SETTLEMENT AGREEMENT

011188-11/2957871 V1
127809648.2 0079724-00002


HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

This Settlement Agreement ("Settlement Agreement") is made and entered into this ⎯27th⎯ day of March, 2025 (the "Execution Date"), by and between Defendants FPI Management, Inc. ("FPI"), and Plaintiffs McKenna Duffy and Michael Brett (collectively "Plaintiffs"), who filed suit in the above captioned case both individually and as representatives of multifamily renters. Plaintiffs enter this Settlement Agreement both individually and on behalf of the Settlement Class, as defined below.

WHEREAS, in the Actions, as defined below, Plaintiffs allege that FPI participated in a conspiracy to raise, fix, maintain, or stabilize multifamily rental prices in violation of Section 1 of the Sherman Act and corresponding state laws;

WHEREAS, FPI denies Plaintiffs' allegations in the Actions and has asserted defenses to Plaintiffs' claims;

WHEREAS, extensive arm's-length settlement negotiations, including arm's-length negotiations overseen by an impartial mediator, have taken place over the course of several months between Plaintiffs' Settlement Class Counsel and counsel for FPI;

WHEREAS, the Consolidated Federal Actions, as defined below, will continue against the Non-FPI Defendants unless Plaintiffs separately settle with any of the Non-FPI Defendants;

WHEREAS, Plaintiffs have conducted an extensive investigation into the facts and the law regarding the claims asserted in the Actions, and have concluded that a settlement with FPI according to the terms set forth below is fair, reasonable, and adequate and in the best interest of Plaintiffs and the Settlement Class;

WHEREAS, FPI believes that it is not liable for the claims asserted and has good defenses to Plaintiffs' claims and meritorious pre-trial and post-trial motions, but nevertheless has decided to enter into this Settlement Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, to obtain the nationwide releases, orders, and judgment contemplated by this Settlement Agreement, and to put to rest with finality all claims that Plaintiffs and Settlement Class Members have or could have asserted against the Released Parties, as defined below; and

011188-11/2957871 V1
127809648.2 0079724-00002

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE     (206) 623-0594 FAX

WHEREAS, FPI in addition to any settlement payments set forth below, has agreed to cooperate with Plaintiffs and to implement certain practice changes, each as set forth in this Settlement Agreement.

NOW, THEREFORE, in consideration of the agreements and releases set forth herein and other good and valuable consideration, and intending to be legally bound, it is agreed by and between FPI and the Plaintiffs that the Consolidated Federal Actions be settled, compromised, and dismissed with prejudice as to FPI only, without costs to Plaintiffs, the Settlement Class or FPI except as provided for herein, subject to the approval of the Court, on the following terms and conditions:

**A.    Definitions**

The following terms, as used in this Settlement Agreement, have the following meanings:

1.    "Actions" means *Duffy, et al., v. Yardi Systems, Inc. et. al*, No. 2:23-cv-01391-RSL (W.D. Wash.), *Frank, et al., v. Yardi Systems, Inc.*, *et al.*, No. 2:24-cv-02053-RSL (W.D. Wash.), and *Shewmaker, et al., v. Yardi Systems, Inc. et al.*, No. 2:24-cv-01948-RSL (W.D. Wash) (collectively referred to as the "Consolidated Federal Actions"),  and together with both *Mach, et al. v. Yardi Systems, Inc., et al*., No. 24-cv-063117 (Alameda County Cal. Super. Ct.) and any other action at the time of final approval of the Settlement that alleges Released Claims on behalf of all or part of the Settlement Class against FPI (the "Actions").

2.    "Court" means the U.S. District Court for the Western District of Washington.

3.    "Defendants" means any defendant named in on or more of the Actions.

4.    "Effective" means that all conditions set forth below in the definition of "Effective Date" have occurred.

5.    "Effective Date" means the date when: (a) the Court has entered a final judgment order approving the Settlement set forth in this Settlement Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and a final judgment dismissing the Consolidated Federal Actions against FPI with prejudice has been entered; and (b) the time for appeal or to seek permission to appeal from the Court's approval of the Settlement and the entry of a final judgment has expired or, if appealed, approval of the Settlement and the final judgment have been affirmed in their entirety by

SETTLEMENT AGREEMENT – 2

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

the Court of last resort to which such appeal has been taken and such affirmance is no longer subject to further appeal or review; excluding, however, any appeal or other proceedings unrelated to this Settlement Agreement initiated by any Non-FPI Defendant or any person or entity related to the Non-FPI Defendant, and any such appeal or other proceedings shall not delay the Settlement Agreement from becoming final and shall not apply to this section; nor shall this section be construed as an admission that such parties have standing or other rights of objection or appeal with respect to this Settlement. It is agreed that neither the provisions of Federal Rule of Civil Procedure 60 nor the All Writs Act, 28 U.S.C. § 1651, shall be considered in determining the above-stated times.

6.     "Opt-Out Renters" means members of the Settlement Class who have timely exercised their rights to be excluded from the Settlement Class or have otherwise obtained Court approval to exercise such rights.

7.     "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity, and such individual's or entity's spouse, heirs, predecessors, successors, representatives, affiliates and assignees.

8.     "Released Claims" means all federal or state law claims, counterclaims, answers, cross-claims, any judicial, administrative or other proceedings of any kind in any jurisdiction, actions, causes of action, costs, damages, debts, demands, expenses, liabilities, losses, obligations, proceedings, and suits of every kind and nature, liquidated or unliquidated, fixed or contingent, in law, equity, or otherwise, whether asserted or unasserted, whether presently known or unknown, whether anticipated or unanticipated, and whether direct or derivative, that Plaintiffs and the Settlement Class ever had, now have or hereafter may acquire, whether known or unknown, on account of any action, inaction, matter, thing, or event, that occurred or failed to occur at any time in the past, from the beginning of time through and including the end of the Class Period, arising out of or relating to the factual predicate of any of the Actions. The Released Claims include but are not

SETTLEMENT AGREEMENT – 3

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

limited to the antitrust and consumer protection claims brought in the Actions.  For the avoidance of doubt, the Released Claims include claims arising from the same factual predicate that could be brought under similar state and federal statutes.  This settlement does not release any claims or potential claims against property owners that retained FPI to perform management services. This release also does not release current claims against any other current defendant in the Actions.

9.     "Released Parties" means FPI and any and all of its past, present, and future, direct and indirect, parent companies, subsidiary companies, affiliated companies, including all of their respective predecessors and successors, and each and all of their present, former, and future principals, partners, officers, directors, supervisors, employees, agents, stockholders, members, representatives, insurers, attorneys, heirs, executors, administrators, beneficiaries, and representatives of any kind.   Notwithstanding this definition, "Released Parties" shall not include the Non-FPI Defendants not included within the preceding definition, or their past, present and future, direct and indirect corporate parents (including holding companies), subsidiaries, related entities and affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), predecessors, and successors, and all of their respective franchisees, officers, directors, managing directors, members, managers, employees, agents, contractors, independent contractors, attorneys, legal or other representatives, accountants, auditors, experts, trustees, trusts, heirs, beneficiaries, estates, executors, administrators, insurers, and assigns. For the avoidance of doubt, the foregoing release is not intended to and does not release  any claims based on the conduct of any Person that FPI acquires or that acquires FPI, or which becomes affiliated with FPI after the Execution Date, for conduct of that Person that took place before the Execution Date. For the avoidance of doubt, this settlement does not release any property owners that retained FPI in any way to perform management services.

10.     "Releasing Parties" means Plaintiffs, the Settlement Class, and any Settlement Class Member (including any of their predecessors, successors, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates, acting in their capacity as such; and for entities including any of their past, present or future officers, directors, insurers,

SETTLEMENT AGREEMENT – 4

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE     (206) 623-0594 FAX

*EXECUTION COPY*

general or limited partners, members, managers, divisions, stockholders, agents, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, joint ventures, subsidiaries, heirs, executors, administrators, predecessors, successors and assigns, acting in their capacity as such solely with respect to the claims based on or derived from claims of the Plaintiffs or Settlement Class Members.

11.     "Settlement" means the settlement of the Consolidated Federal Actions, and settlement of the Released Claims, as contemplated by this Settlement Agreement.

12.     "Settlement Class" means the class of persons that will be certified by the Court for settlement purposes only, namely, all persons and entities in the United States that leased multifamily housing in the United States from a landlord that used Yardi's RENTmaximizer or Revenue IQ software programs, or from its division, subsidiary, predecessor, agent, or affiliate, at any time during the period of September 8, 2019, until the date of entry of an order granting preliminary approval of the Settlement Agreement.[1]

13.     "Settlement Class Counsel" means Hagens Berman Sobol Shapiro, LLP for purposes of approving the Settlement Agreement and certification of the Settlement Class.

14.     "Settlement Class Member" means a member of the Settlement Class who does not file a valid request for exclusion from the Settlement Class.

15.     "Settling Parties" means Plaintiffs and FPI.

16.     "Total Monetary Settlement Amount" means payment of $2,800,000 (Two-Million and Eight-Hundred Thousand Dollars) in United States currency. All costs of settlement, including all payments to class members, all attorneys' fees and costs, all service awards to current and former class representatives, and all costs of notice and administration, will be paid out of the Total

---

[1] Specifically excluded from this Class are Defendants; the officers, directors, or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded from this Class are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, and any coconspirator identified in this action.

SETTLEMENT AGREEMENT – 5

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

011188-11/2957871 V1
127809648.2 0079724-00002

Monetary Settlement Amount, and FPI will pay nothing apart from the Total Monetary Settlement Amount.

**B.      Stipulation to Class Certification**

17.      The Settling Parties hereby stipulate for purposes of this Settlement only that the requirements of Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3) are satisfied and, subject to Court approval, the Settlement Class shall be certified for settlement purposes as to FPI. The Settling Parties stipulate and agree to the conditional certification of the Settlement Class for purposes of this Settlement only.  Should, for whatever reason, the Settlement not become Effective, the Settling Parties' stipulation to class certification as part of the Settlement shall become null and void.

18.      Neither this Settlement Agreement, nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of this Settlement Agreement should be intended to be, construed as, or deemed to be evidence of an admission or concession by FPI that a class should be or should have been certified for any purposes other than settlement, and none of them shall be admissible in evidence for any such purpose in any proceeding.

**C.      Approval of this Settlement Agreement and Dismissal of the Consolidated Federal Actions**

19.      The Settling Parties agree to make reasonable best efforts to effectuate this Settlement Agreement, including, but not limited to, seeking the Court's approval of procedures (including the giving of class notice under Federal Rules of Civil Procedure 23(c) and (e)); scheduling a final fairness hearing to obtain final approval of the Settlement and the final dismissal with prejudice of the Consolidated Federal Actions as to FPI.  Plaintiffs and the Settlement Class shall use their best efforts to assist FPI in obtaining dismissal with prejudice from any of the Actions pending in state court.

20.      Plaintiffs will submit to the Court a motion requesting that the Court preliminarily approve the Settlement (the "Motion").  Plaintiffs shall file the Motion for preliminary approval no later than six (6) months after the Execution Date, unless otherwise agreed by the Parties. FPI will

SETTLEMENT AGREEMENT – 6

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1   have a reasonable amount of time to review the Motion and may provide comments before it is filed,

2   but Plaintiffs are not obligated to accept any of FPI's comments.  The Motion shall include a

3   proposed form of order preliminarily approving the Settlement and enjoining Releasing Parties from

4   prosecuting any Released Claims in any forum until the Effective Date of this Settlement. The

5   Motion will also request appointment of Hagens Berman Sobol Shapiro, LLP as Settlement Class

6   Counsel, and FPI will not oppose this request. The Settling Parties shall take all reasonable actions as

7   may be necessary to obtain preliminary approval of the Settlement.  To the extent the Court finds that

8   the Settlement does not meet the standard for preliminary approval, the Settling Parties will negotiate

9   in good faith to modify the Settlement Agreement directly and will endeavor to resolve any issues to

10  the satisfaction of the Court.

11           21.     The Settling Parties agree that Plaintiffs may at their sole discretion: (i) seek to

12  include notice of this Settlement to the Settlement Class and for claim administration along with the

13  settlement of any other Defendant or (ii) seek approval of a separate plan for providing class notice

14  of this Settlement in a manner that meets the requirements of due process and Federal Rule of Civil

15  Procedure 23 ("Class Notice").  The timing of any request to disseminate Class Notice to the

16  Settlement Class will be at the discretion of Settlement Class Counsel.  This will not be a claims-

17  made settlement.

18           22.     Within ten (10) calendar days after the filing with the Court of this Settlement

19  Agreement and the accompanying motion papers seeking its preliminary approval, FPI will cause

20  notice of the Settlement Agreement to be served upon appropriate State and Federal officials as

21  provided in the Class Action Fairness Act, 28 U.S.C. § 1715.

22           23.     If the Settlement is preliminarily approved by the Court, Plaintiffs shall timely seek

23  final approval of the Settlement and entry of a final judgment order as to FPI:

24                   (a)     certifying the Settlement Class under Federal Rule of Civil Procedure 23(b),

25                           solely for purposes of this Settlement;

26

27

28

011188-11/2957871 V1
127809648.2 0079724-00002



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

(b)     granting final approval of the Settlement as fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23(e) and directing the consummation of the Settlement according to its terms;

(c)     directing that, as to FPI only, the Consolidated Federal Actions be dismissed with prejudice and, except as provided for herein, without costs;

(d)     reserving exclusive jurisdiction over the Settlement and this Settlement Agreement, including reserving exclusive jurisdiction over the administration and consummation of this Settlement to the United States District Court for the Western District of Washington; and

(e)     determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing entry of final judgment as to FPI.

24.     This Settlement Agreement will become Effective only after the occurrence of all conditions set forth above in the definition of the Effective Date.

**D.     Releases, Discharge, and Covenant Not to Sue**

25.     Upon the occurrence of the Effective Date, the Releasing Parties expressly and irrevocably waive, and fully, finally, and forever settle, discharge, and release the Released Parties from any and all Released Claims.  In connection therewith, upon the Effective Date, each of the Releasing Parties: (i) shall forever be enjoined from prosecuting in any forum any Released Claims against any of the Released Parties; and (ii) agrees and covenants not to sue any of the Released Parties with respect to any Released Claims.  For avoidance of doubt, this release extends to, but only to, the fullest extent permitted by law.

26.     The Releasing Parties may hereafter discover facts other than or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims. Nevertheless, the Releasing Parties expressly, fully, finally, and forever settle and release, and, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal with Prejudice in the Consolidated Federal Actions shall have, fully, finally, and forever settled and released, any and all Released Claims, without regard to the subsequent discovery or

SETTLEMENT AGREEMENT – 8

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

existence of such other, different, or additional facts, as well as any and all rights and benefits existing under (i) Cal. Civ. Code Section 1542, which provides as follows:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

or any equivalent, similar or comparable present or future law or principle of law of any jurisdiction, or (ii) any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth above, without regard to the subsequent discovery or existence of such other, different, or additional facts. The Releasing Parties acknowledge that the inclusion of unknown claims in the definition of Released Claims was separately bargained for and was a material element of this Settlement Agreement.

27. The Releasing Parties intend by this Settlement Agreement to settle with and release only the Released Parties and the Released Claims, and the Settling Parties do not intend this Settlement Agreement, or any part hereof, or any other aspect of the proposed Settlement or release, to release or otherwise affect in any way any other claims of the Releasing Parties, including claims concerning product liability, breach of warranty, breach of contract or tort of any kind (other than a breach of contract or tort arising out of or relating to any factual predicate in the Actions), a claim arising out of violation of the Uniform Commercial Code, or a claim for personal or bodily injury. The release does not extend to any individual claims that a class member may have against his or her own multifamily housing operator based on a breach of contract, breach of fiduciary duty, malpractice, negligence or other tort claim, other than a claim that a class member paid an excessive price due to the claims at issue in the Actions.

**E.    Payment of the Settlement Amount**

28. Plaintiffs will open a special interest-bearing settlement escrow account or accounts, established for that purpose as a qualified settlement fund as defined in Section 1.468B-1(a) of the U.S. Treasury Regulations (the "Escrow Account"). Within five (5) business days after the Effective Date and after Settlement Counsel has provided appropriate wire instructions, FPI will deposit 50%

SETTLEMENT AGREEMENT – 9

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

of the Total Monetary Settlement Fund into the Escrow Account. If the Effective Date occurs on or before June 15, 2026, then FPI will pay an additional 25% into the Escrow Account no later than July 21, 2026, and the remaining 25% no later than July 31, 2027. If the Effective Date occurs on or after June 16, 2026, then FPI will pay an additional 25% into the Escrow Account within forty-five (45) days after the Effective Date, and the remaining 25% no later than July 31, 2027. All accrued interest from FPI's payments into the Escrow Account shall be for the benefit of the Settlement Class unless the Settlement is not approved, or is rescinded, in which case the interest shall be for the benefit of FPI.

**F.    The Settlement Fund**

29.    The Total Monetary Settlement Amount and any interest earned thereon shall be held in the Escrow Account and constitute the "Settlement Fund." The full and complete cost of the settlement notice, claims administration, Settlement Class Members' compensation, current and former class representatives' incentive awards, attorneys' fees and reimbursement of all actual expenses of the Consolidated Federal Actions, any other litigation costs of Plaintiffs (all as approved by the Court), and all applicable taxes, if any, assessable on the Settlement Fund or any portion thereof, will be paid out of the Settlement Fund. In no event will FPI's monetary liability with respect to the Settlement exceed the Total Monetary Settlement Amount.

30.    The Settling Parties and their counsel will not have any responsibility, financial obligation, or liability for any fees, costs, or expenses related to providing notice to the Settlement Class or administering the settlement. Such fees, costs, or expenses shall be paid solely from the Settlement Fund with Court approval. The balance of the Settlement Fund shall be disbursed to Settlement Class Members as provided in a Plan of Allocation (as defined below) approved by the Court. The Settling Parties shall have the right to audit amounts paid from the Settlement Fund.

31.    After preliminary approval of the Settlement and approval of a class notice plan, Settlement Class Counsel may utilize a portion of the Settlement Fund to provide notice of the Settlement to potential members of the Settlement Class. FPI will not object to Plaintiffs' counsel withdrawing from the Settlement Fund, subject to any necessary Court approval, up to $250,000 to

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1  pay the costs for notice.  If notice of one or more other settlements is included in the notice of the

2  FPI settlement, then the cost of such notice will be apportioned equitably between (or among) the

3  FPI Settlement Fund and the other settling Defendant(s)' settlement funds.  The amount spent or

4  accrued for notice and notice administration costs is not refundable to FPI in the event the Settlement

5  Agreement is disapproved, jointly rescinded, or otherwise fails to become effective.

6          32.     After an order from the Court granting preliminary approval of the Settlement, and

7  subject to Settlement Class Counsel's sole discretion as to timing, except that the timing must be

8  consistent with rules requiring that Settlement Class Members be given the opportunity to review fee

9  applications, Settlement Class Counsel may apply to the Court for a fee award, plus expenses, and

10 costs incurred, and current and former class representative service awards to be paid out of the

11 Settlement Fund.  Within 14 business days after any order by the Court awarding attorneys' fees,

12 expenses, or class representative incentive awards, the escrow agent for the Settlement Fund shall

13 pay any approved attorneys' fees, expenses, costs, and class representative service award up by wire

14 transfer as directed by Settlement Class Counsel in accordance with and attaching the Court's Order.

15 Notwithstanding the existence of any timely filed objections thereto, or potential for appeal

16 therefrom, or collateral attack on this Settlement or any part thereof. Settlement Class Counsel shall

17 thereafter be solely responsible for allocating the fee and expense award among other Plaintiffs'

18 counsel in a manner in which Settlement Class Counsel may agree or have agreed based on their

19 assessment of the overall respective contributions of such counsel to the initiation, prosecution, and

20 resolution of the Action. However, if and when, as a result of any appeal and further proceedings on

21 remand, or successful collateral attack, the fee and expense award is reduced or reversed, or return of

22 the Settlement Amount is required, then within fifteen (15) business days after receiving notice from

23 FPI of such an order from a court of appropriate jurisdiction, each other Plaintiffs' Counsel law firm

24 that that has received any fees or expenses shall refund to the Settlement Fund such funds previously

25 paid to it, plus interest thereon at the same rate as earned on the Settlement Fund, in an amount

26 consistent with such reversal or reduction. Settlement Class Counsel and each other law firm that

27 serves as Plaintiffs' Counsel, as a condition of receiving a portion of the attorneys' fees and expense

28

SETTLEMENT AGREEMENT – 11

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1   award, on behalf of itself and each partner, shareholder, or member of it, agrees that the law firm and

2   its partners, shareholders, and/or members are subject to the jurisdiction of the Court for purposes of

3   enforcing the provisions of this paragraph.

4         33.     The Settlement Fund will be invested in United States Government Treasury

5   obligations or United States Treasury money market funds.

6         34.     FPI will not have any responsibility, financial obligation, or liability whatsoever with

7   respect to the investment, distribution, use, or administration of the Settlement Fund, including, but

8   not limited to, the costs and expenses of such investment, distribution, use or administration except

9   as expressly otherwise provided in this Settlement Agreement.  FPI's only payment obligation is to

10   pay the Total Monetary Settlement Amount.

11         35.     There will be no reduction of the Total Monetary Settlement Amount based on Opt-

12   Out Renters.  The Settlement will be non-reversionary except as set forth below in Section H.  If the

13   Settlement becomes Effective, no proceeds from the Settlement will revert to FPI regardless of the

14   claims that are made.

15         36.     No disbursements shall be made from the Settlement Fund prior to the Effective Date

16   of this Settlement Agreement except as described in Paragraphs 31 and 32 above and 41 below.

17         37.     The distribution of the Settlement Fund shall be administered pursuant to a plan of

18   allocation (the "Plan of Allocation") proposed by Settlement Class Counsel in their sole and absolute

19   discretion and subject to the approval of the Court.  FPI will have no participatory or approval rights

20   with respect to the Plan of Allocation.  It is understood and agreed by the Settling Parties that any

21   proposed Plan of Allocation, including, but not limited to, any adjustments to an authorized

22   claimant's claim, is completely independent of and is not a part of this Settlement Agreement and is

23   to be considered by the Court separately from the Court's consideration of the fairness,

24   reasonableness, and adequacy of the Settlement Agreement.  The Settlement Class, Plaintiffs, and

25   FPI shall be bound by the terms of the Settlement Agreement, irrespective of whether the Court or

26   any other court, including on any appeal, disapproves or modifies the Plan of Allocation, and any

27

28

SETTLEMENT AGREEMENT – 12

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

modification or rejection of the Plan of Allocation shall not affect the validity or enforceability of this Settlement Agreement or otherwise operate to terminate, modify, or cancel that Agreement.

38.    The Releasing Parties will look solely to the Settlement Fund for settlement and satisfaction against the Released Parties of all Released Claims and shall have no other recovery against FPI or the Released Parties.

**G.    Taxes**

39.    Settlement Class Counsel is solely responsible for filing all informational and other tax returns necessary to report any net taxable income earned by the Settlement Fund and shall file all informational and other tax returns necessary to report any income earned by the Settlement Fund and shall be solely responsible for taking out of the Settlement Fund, as and when legally required, any tax payments, including interest and penalties due on income earned by the Settlement Fund.  All taxes (including any interest and penalties) due with respect to the income earned by the Settlement Fund shall be paid from the Settlement Fund.  FPI has no responsibility to make any filings relating to the Settlement Fund and will have no responsibility to pay tax on any income earned by the Settlement Fund or to pay any taxes on the Settlement Fund unless the Settlement does not become Effective and the Settlement Fund is returned to FPI.  In the event the Settlement does not become Effective and any funds including interest or other income are returned to FPI, FPI will be responsible for the payment of all taxes (including any interest or penalties), if any, on said interest or other income in connection with the Settlement Fund, and Settlement Counsel shall ensure that the Settlement Administrator provides to FPI full and complete information related to the Escrow Account to enable FPI to determine whether any taxes may be owed on the funds returned to FPI. FPI makes no representations regarding, and will not be responsible for, the tax consequences of any payments made pursuant to this Settlement Agreement to Settlement Class Counsel or to any Settlement Class Member.

**H.    Rescission**

40.    If the Court does not certify the Settlement Class as defined in this Settlement Agreement, or if the Court does not approve this Settlement Agreement in all material respects, or if

SETTLEMENT AGREEMENT – 13

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

such approval is modified in or set aside on appeal in any material respects, or if the Court does not enter final approval, or if any judgment approving this Settlement Agreement is materially modified or set aside on appeal, or if all of the conditions for the Effective Date do not occur, or if the Opt-Out Renters exceed 10% of the Settlement Class Members and FPI elects to revisit the terms of this Settlement, then FPI and Plaintiffs agree to discuss in good faith within thirty (30) days whether any adjustments to this Settlement Agreement are appropriate, including whether termination is appropriate, unless an extension is otherwise agreed upon by the Parties.  After the expiration of the 30-day period, or the expiration of any extension of that period agreed to by the Parties, and if the Parties have not agreed to a new proposed settlement agreement, then this Settlement Agreement may be rescinded by FPI or by Plaintiffs on behalf of the Settlement Class by written notice to the Court and to counsel for the other Settling Party filed and served within ten (10) business days of the entry of an order not granting court approval or having the effect of disapproving or materially modifying the terms of this Settlement Agreement.  A modification or reversal on appeal of any amount of the Settlement Fund that the Court authorizes to be used to pay Plaintiffs' fees or litigation expenses shall not be deemed a modification of all or a part of the terms of this Settlement Agreement or such final judgment order.

41.    If the Settlement or Settlement Agreement is rescinded for any reason, then the balance of the Total Monetary Settlement Amount in the Settlement Fund will be returned to FPI within fifteen (15) days pursuant to wire instructions provided by FPI's Counsel to Settlement Class Counsel.  In the event that the Settlement Agreement is rescinded, the funds already expended from the Settlement Fund for the costs of notice and administration will not be returned to FPI.  Funds to cover notice and administration expenses that have been incurred but not yet paid from the Settlement Fund will also not be returned to FPI.

42.    If the Settlement or Settlement Agreement is rescinded for any valid reason before payment of claims to Settlement Class Members, then the Settling Parties will be restored to their respective positions in the Consolidated Federal Actions as of November 13, 2024.  Plaintiffs and FPI agree that any rulings or judgments that occur in the Consolidated Federal Actions on or after

SETTLEMENT AGREEMENT – 14

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

November 13, 2024 and before this Settlement Agreement is rescinded will not bind Plaintiffs, FPI, or any of the Released Parties.  Plaintiffs and FPI agree to waive any argument of claim or issue preclusion against Plaintiffs or FPI arising from such rulings or judgments.  In the event of rescission, the Consolidated Federal Actions will proceed as if this Settlement Agreement had never been executed and this Settlement Agreement, and representations or agreements made in conjunction with this Settlement Agreement, may not be used in the Actions or otherwise for any purpose.  FPI and Plaintiffs expressly reserve all rights if the Settlement Agreement does not become Effective or if it is rescinded by FPI or the Plaintiffs   The Settling Parties agree that pending deadlines for motions not yet filed shall be tolled for the period from November 13, 2024 until the date this Settlement or Settlement Agreement is rescinded, and no Settling Party shall contend that filing or renewal of such motions was rendered untimely by or was waived by the operation of this Settlement Agreement

43.    FPI warrants and represents that it is not "insolvent" within the meaning of applicable bankruptcy laws as of the time this Settlement Agreement is executed, and, will be deemed to warrant and represent, that it is not "insolvent" within the meaning of applicable bankruptcy laws at the time that payments of the Settlement Amount are actually transferred or made to the Escrow Account.  In the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the actual transfer of the Settlement Amount, or any portion thereof, by or on behalf of FPI to be a preference, voidable transfer, fraudulent transfer or similar transaction under Title 11 of the U.S. Code (Bankruptcy) or applicable state law and any portion thereof is required to be refunded and such amount is not promptly deposited in the Escrow Account by or on behalf of FPI, then, at the election of Plaintiffs' counsel, the settlement may be terminated and the releases given and the judgment entered pursuant to the Settlement shall be null and void.

44.    The Settling Parties' rights to terminate this Settlement Agreement and withdraw from this Settlement Agreement are a material term of this Settlement Agreement.

45.    FPI reserves all of its legal rights and defenses with respect to any claims brought by potential Opt-Out Renters.

SETTLEMENT AGREEMENT – 15



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

EXECUTION COPY

## I.    Practice Changes

46.    FPI agrees to the following injunctive relief for three (3) years following the Effective Date:

(i)    FPI will not promote the use of particular revenue management software (or the utilities or functionalities thereof) among other managers of multifamily residential apartments or with owners of multifamily residential apartments that are not managed by FPI, except that FPI can promote particular revenue management software to current and prospective clients.

(ii)    FPI will not license or use revenue management software if that software requires FPI to accept all recommended prices or to accept recommended prices with any particular frequency.

(iii)    FPI will not license or use revenue management software without written confirmation from the software vendor that: (i) non-public, confidential information that the software obtains from another manager of multifamily residential apartments or an owner of multifamily residential apartments that are not managed by FPI will not be used in any way, included in aggregated and anonymized form, when recommending prices for leases to FPI; or (ii) the prices recommended for leases to another manager of multifamily residential apartments or to an owner of multifamily residential apartments that are not managed by FPI, including in aggregated and anonymized form, will not be disclosed to FPI.

(iv)    FPI will not license or use revenue management software, without written confirmation from the software vendor that: (i) FPI's non-public, confidential information will not be used in any way, including in aggregated and anonymized form, when recommending prices for leases to another manager of multifamily residential apartments or owners of multifamily residential apartments that are not managed by FPI; or (ii) the prices recommended to FPI

011188-11/2957871 V1
127809648.2 0079724-00002

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1          will not be disclosed to another manager of multifamily residential apartments

2          or owners of multifamily residential apartments that are not managed by FPI,

3          including in aggregated and anonymized form.

4      (v)    If FPI chooses to license or use third-party revenue management software of

5          any kind, FPI will not, at any point, permit any functionality to be enabled that

6          would automatically accept or adopt recommendations provided by the third-

7          party revenue management software.

8      (vi)   FPI will adopt a written policy prohibiting employees from communicating to

9          other managers of multifamily residential apartments (or with owners of

10         multifamily residential apartments that are not managed by FPI) non-public,

11         confidential information about FPI's rental prices, including any information

12         about concessions or discounts.

13      47.    FPI will implement these practice changes no later than three months after the

14 Effective Date. Settlement Class Counsel may consent, or FPI may petition the Court, to delete or

15 modify these practice changes described in Paragraph 46 based upon changed circumstances. All

16 disputes arising out of or relating to these practice changes described in Paragraph 46, including their

17 interpretation and FPI's compliance with these practice changes, shall be resolved exclusively by

18 Greg Lindstrom (GLindstrom@phillipsadr.com), or if he is no longer associated with PhillipsADR,

19 then by another mediator from PhillipsADR to be mutually agreed by the Parties.

20      48.    FPI acknowledges that the implementation and/or continuation of the practice changes

21 described in Paragraph 46 are a material component of this Settlement Agreement.

22 **J.**     **Cooperation**

23      49.    As part of the consideration for this Settlement, FPI agrees to provide reasonable

24 cooperation as described in this Paragraph 49.  Within a reasonable time after receiving a request

25 from Settlement Class Counsel:

26       i.    FPI shall produce to Plaintiffs non privileged documents that hit upon reasonable

27          search terms and are responsive to reasonable document requests from four (4) FPI

28

SETTLEMENT AGREEMENT – 17

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

employees responsible for providing revenue management services to be mutually agreed. The reasonable search terms shall also be run on a reasonable set of centrally stored documents. Plaintiffs may also make a limited number of requests for go-get documents.

ii.  To the extent not already available from Yardi, FPI shall produce to Plaintiffs all benchmarking reports in its possession that it received from Yardi through Yardi Revenue IQ.

iii. To the extent not already available from Yardi, FPI shall produce to Plaintiff's structured data identified after a reasonable search related to the rental of apartments priced using Yardi RMS products. FPI's counsel will use reasonable efforts, including seeking information from FPI employees, to respond to a reasonable number of Plaintiffs' questions regarding the structured data.

iv.  FPI shall produce to Plaintiffs any documents produced to any other plaintiffs, or any federal, state, or other domestic regulator, concerning the subject matter of the Actions or any allegations within the same factual predicate of the Actions, with any documents produced to such entities after execution of this Agreement to be produced within ten business days after their production to such other plaintiffs or regulators.

v.   FPI's counsel will use reasonable efforts, including seeking information from FPI employees, to respond to a reasonable number of Plaintiffs' questions regarding the general method in which FPI uses Revenue IQ and RentMaximizer and any communications with any defendant re the same.

vi.  FPI shall make available one 30(b)(6) witness for a deposition not to exceed seven (7) record hours;

vii. FPI shall make available one 30(b)(1) witness for a deposition not to exceed seven (7) record hours;

SETTLEMENT AGREEMENT – 18

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

viii.    FPI shall make available one employee who will participate as a witness at trial if requested by Plaintiffs; such request shall be made to FPI's counsel not less than sixty (60) days prior to the first day of trial.

ix.    FPI shall respond to up to five interrogatories propounded by Plaintiffs; and

x.    FPI shall use reasonable efforts to assist Plaintiffs in authenticating documents and/or things produced in the Actions.

50.    FPI's cooperation obligations, as set forth in Paragraph 49, shall not require the production of information, testimony, and/or documents that are protected from disclosure by the attorney-client privilege, work product doctrine, joint defense privilege, or any other applicable privilege or doctrine.

51.    FPI agrees to refrain from enforcing arbitration, class waiver and/or jury trial waiver provisions against members of the Settlement Class.

52.    All disputes arising out of or relating to FPI's cooperation obligations, as set forth in Paragraph 49, including their interpretation and FPI's compliance with any request made by Plaintiffs, shall be resolved exclusively by Greg Lindstrom (GLindstrom@phillipsadr.com), taking into account whether providing the requested information will be burdensome for FPI, or if he is no longer associated with PhillipsADR, then by another mediator from PhillipsADR to be mutually agreed by the Parties.

53.    FPI's obligation to cooperate will not be affected by the release set forth in this Settlement Agreement or the final judgment orders with respect to FPI.  Unless this Settlement Agreement is rescinded, disapproved, or otherwise fails to become Effective, the obligations to cooperate as set forth in Paragraph 49, will continue until the date that final judgment has been entered in the Consolidated Federal Actions against the non-FPI Defendants and the time for appeal or to seek permission to appeal from the entry of a final judgment has expired or, if appealed, any final judgment has been affirmed in its entirety by the Court of last resort to which such appeal has been taken and such affirmance is no longer subject to further appeal or review.

SETTLEMENT AGREEMENT – 19

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

54.    FPI acknowledges that the cooperation obligations set forth in Paragraph 49 are a material component of this Settlement Agreement and agrees to use its reasonable best efforts to provide the cooperation specified in Paragraph 49.

**K.    Miscellaneous**

55.    This Settlement Agreement and any actions taken to carry out the Settlement are not intended to be, nor may they be deemed or construed to be, an admission or concession of liability, or of the validity of any claim, defense, or point of fact or law on the part of any party.  FPI denies the material allegations of the complaints in the Actions.  Neither this Settlement Agreement, nor the fact of Settlement, nor settlement proceedings, nor the settlement negotiations, nor any related document, shall be used as an admission of any fault or omission by FPI, or be offered in evidence as an admission, concession, presumption, or inference of any wrongdoing by FPI in any proceeding, or be offered as a concession or agreement to jurisdiction in any court (other than in connection with the enforcement of this Settlement Agreement) by FPI or any Released Parties in any proceeding.

56.    The Settling Parties reached the Settlement Agreement after considering the risks and costs of litigation.  The Settling Parties agree to continue to maintain the confidentiality of all settlement discussions and materials exchanged during the settlement negotiation.  The terms of the settlement continue to be subject to FRE 408 and must be kept strictly confidential until a motion for preliminary approval is filed—except as agreed in writing by the Settling Parties or as necessary or advisable for FPI to meet any financial reporting obligations and its obligations to any lender or creditor in the reasonable discretion of its legal counsel..

57.    Any disputes relating to this Settlement Agreement will be governed by Washington law without regard to conflicts of law provisions.  The Parties will not use FPI's agreement to be governed by Washington law as grounds for personal jurisdiction in any litigation, including, but not limited to, continued litigation in the Actions in the event that the Settlement is not finally approved. For the avoidance of doubt, FPI does not waive and reserves all defenses and rights, including, but not limited to, concerning personal jurisdiction.

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

58.     This Settlement Agreement does not settle or compromise any claim by Plaintiffs or any other Settlement Class Member against (a) any Non-FPI Defendant or (b) any alleged co-conspirator or other person or entity other than the Released Parties.  All rights of any Settlement Class Member against any Non-FPI Defendant or an alleged co-conspirator or other person or entity other than the Released Parties are specifically reserved by Plaintiffs and the other Settlement Class Members.

59.     This Settlement Agreement constitutes the entire agreement among Plaintiffs and FPI pertaining to the settlement of the Consolidated Federal Actions, and the settlement of the Release Claims, against FPI.  This Settlement Agreement may be modified or amended only by a writing executed by Plaintiffs and FPI.

60.     This Settlement Agreement may be executed in counterparts by Plaintiffs and FPI, and a DocuSign, facsimile or pdf signature shall be deemed an original signature for purposes of executing this Settlement Agreement.

61.     Neither Plaintiffs nor FPI shall be considered the drafter of this Settlement Agreement or any of its provisions for the purpose of any statute, the common law, or rule of interpretation that would or might cause any provision of this Settlement Agreement to be construed against the drafter.

62.     The provisions of this Settlement Agreement shall, where possible, be interpreted in a manner to sustain their legality and enforceability.

63.     The Court shall retain jurisdiction over the implementation and enforcement of this Settlement Agreement and the Settlement.

64.     The terms of the Settlement Agreement are and shall be binding upon and inure to the benefit of, to the fullest extent possible, each of the Releasing Parties and the Released Parties, and upon all other Persons claiming any interest in the subject matter hereto through any of the Settling Parties, Releasing Parties, Released Parties, and any Settlement Class Members.

65.     Each Settling Party acknowledges that he, she or it has been and is being fully advised by competent legal counsel of such Settling Party's own choice and fully understands the terms and conditions of this Settlement Agreement, and the meaning and import thereof, and that such Settling

1   Party's execution of this Settlement Agreement is with the advice of such Settling Party's counsel

2   and of such Settling Party's own free will.  Each Settling Party represents and warrants that it has

3   sufficient information regarding the transaction and the other parties to reach an informed decision

4   and has, independently and without relying upon the other parties, and based on such information as

5   it has deemed appropriate, made its own decision to enter into this Settlement Agreement and was

6   not fraudulently or otherwise wrongfully induced to enter into this Settlement Agreement.

7          66.      Each of the undersigned attorneys represents that he or she is fully authorized to enter

8   into the terms and conditions of, and to execute, this Settlement Agreement.

9   SETTLEMENT CLASS COUNSEL

10  By _____

11  Steve W. Berman
    Hagens Berman Sobol Shapiro LLP

12

13  FPI MANAGEMENT, INC.

14  By _____

15  Charles H. Samel
    Stoel Rives LLP

16  Counsel for FPI Management, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

SETTLEMENT AGREEMENT – 22

