# EXHIBIT A

1
2
3
4
5
6

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

*In re YARDI REVENUE MANAGEMENT ANTIRUST LITIGATION*

WYLIE DUFFY and MICHAEL BRETT, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

YARDI SYSTEMS, INC., *et al.*,

Defendants.

No. 2:23-cv-01391-RSL

**SETTLEMENT AGREEMENT**



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF CONTENTS

**Page**

A.   Definitions ................................................................................................................2

B.   Stipulation to Class Certification.............................................................................5

C.   Approval of this Settlement Agreement and Dismissal of the Actions.....................6

D.   Releases, Discharge, and Covenant Not to Sue........................................................8

E.   Payment of the Settlement Amount ........................................................................10

F.   The Settlement Fund...............................................................................................10

G.   Taxes......................................................................................................................12

H.   Rescission ..............................................................................................................13

I.   Practice Changes ....................................................................................................15

J.   Cooperation ...........................................................................................................17

K.   Miscellaneous ........................................................................................................18

SETTLEMENT AGREEMENT – 2

011188-11/3331147 V1

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

This Settlement Agreement ("Settlement Agreement") is made and entered into this 21st day of November, 2025 (the "Execution Date"), by and between Defendants Balke Brown Transwestern, Inc. and 2B Residential, LLC  ("BALKE BROWN"), and Plaintiffs Wylie Duffy and Michael Brett (collectively "Plaintiffs"), who filed suit in the above captioned case both individually and as representatives of multifamily renters.  Plaintiffs enter this Settlement Agreement both individually and on behalf of the Settlement Class, as defined below.

WHEREAS, in the Actions Plaintiffs allege that BALKE BROWN participated in a conspiracy to raise, fix, maintain, or stabilize multifamily rental prices in violation of Section 1 of the Sherman Act and corresponding state laws;

WHEREAS, BALKE BROWN denies Plaintiffs' allegations in the Actions and has asserted defenses to Plaintiffs' claims;

WHEREAS, BALKE BROWN ceased using Yardi's Revenue IQ product altogether as of August 23, 2025;

WHEREAS, BALKE BROWN contends that Yardi's Revenue IQ product did not require BALKE BROWN to accept all recommended prices or to accept recommended prices with any particular frequency;

WHEREAS, BALKE BROWN further contends that it did not and does not have any implicit or explicit price-fixing agreement with any other rental property owners or managers;

WHEREAS, extensive arm's-length settlement negotiations have taken place over the course of several months between Plaintiffs' Settlement Class Counsel and counsel for BALKE BROWN;

WHEREAS, the Actions will continue against the Non-BALKE BROWN Defendants unless Plaintiffs separately settle with any of the Non-BALKE BROWN Defendants;

WHEREAS, Plaintiffs have conducted an extensive investigation into the facts and the law regarding the claims asserted in the Actions, and have concluded that a settlement with BALKE BROWN according to the terms set forth below is fair, reasonable, and adequate and in the best interest of Plaintiffs and the Settlement Class;

WHEREAS, BALKE BROWN believes that it is not liable for the claims asserted and has good defenses to Plaintiffs' claims and meritorious pre-trial and post-trial motions, but nevertheless has

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE     (206) 623-0594 FAX

1    decided to enter into this Settlement Agreement to avoid further expense, inconvenience, and the

2    distraction of burdensome and protracted litigation, to obtain the nationwide releases, orders, and

3    judgment contemplated by this Settlement Agreement, and to put to rest with finality all claims that

4    Plaintiffs and Settlement Class Members have or could have asserted against the Released Parties, as

5    defined below; and

6            WHEREAS, BALKE BROWN in addition to any settlement payments set forth below, has

7    agreed to cooperate with Plaintiffs and to implement certain practice changes, each as set forth in this

8    Settlement Agreement.

9            NOW, THEREFORE, in consideration of the agreements and releases set forth herein and other

10   good and valuable consideration, and intending to be legally bound, it is agreed by and between

11   BALKE BROWN and the Plaintiffs that the Action be settled, compromised, and dismissed with

12   prejudice as to BALKE BROWN only, without costs to Plaintiffs, the Settlement Class or BALKE

13   BROWN except as provided for herein, subject to the approval of the Court, on the following terms

14   and conditions:

15   **A.     Definitions**

16           The following terms, as used in this Settlement Agreement, have the following meanings:

17           1.      "Actions" means *Duffy v. Yardi Systems, Inc. et. al*, No. 2:23-cv-01391-RSL (W.D.

18   Wash.); *Mach, et al. v. Yardi Systems, Inc., et al*., No. 24-cv-063117 (Alameda County Cal. Super.

19   Ct.); *Frank, et al., v. Yardi Systems, Inc*., et al., No. 8:24-cv-00617 (C.D. Cal.); *Shewmaker, et al., v.

20   Yardi Systems, Inc.*, No. 4:24-cv-00085 (M.D. Ga.); and any other action pending at the time of final

21   approval of the Settlement Agreement that allege Released Claims on behalf of all or part of the

22   Settlement Class against BALKE BROWN.

23           2.      "Court" means the U.S. District Court for the Western District of Washington.

24           3.      "Defendants" means all defendants named in *Duffy, Frank, Shemaker, and Mach*.

25           4.      "Effective" means that all conditions set forth below in the definition of "Effective

26   Date" have occurred.

27           5.      "Effective Date" means the date when: (a) the Court has entered an order granting

28   final approval of the Settlement set forth in this Settlement Agreement under Rule 23(e) of the

SETTLEMENT AGREEMENT – 2

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

Federal Rules of Civil Procedure and a final judgment dismissing the Actions against BALKE BROWN with prejudice; and (b) the time for appeal or to seek permission to appeal from the Court's approval of the Settlement and the entry of a final judgment has expired or, if appealed, approval of the Settlement and the final judgment have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance is no longer subject to further appeal or review; excluding, however, any appeal or other proceedings unrelated to this Settlement Agreement initiated by any Non-BALKE BROWN Defendant or any person or entity related to the Non-BALKE BROWN Defendant, and any such appeal or other proceedings shall not delay the Settlement Agreement from becoming final and shall not apply to this section; nor shall this section be construed as an admission that such parties have standing or other rights of objection or appeal with respect to this Settlement. It is agreed that neither the provisions of Federal Rule of Civil Procedure 60 nor the All Writs Act, 28 U.S.C. § 1651, shall be considered in determining the above-stated times.

6.    "Opt-Out Renters" means members of the Settlement Class who have timely exercised their rights to be excluded from the Settlement Class or have otherwise obtained Court approval to exercise such rights.

7.    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity, and such individual's or entity's spouse, heirs, predecessors, successors, representatives, affiliates and assignees. For the avoidance of doubt, Persons include all real estate brokerages.

8.    "Released Claims" means all claims, counterclaims, answers, cross-claims, judicial, administrative, or other proceedings of any kind in any jurisdiction, actions, causes of action, costs, damages, debts, demands, expenses, liabilities, losses, obligations, proceedings, and suits of every kind and nature, liquidated or unliquidated, fixed or contingent, in law, equity, or otherwise, whether asserted or unasserted, whether presently known or unknown, whether anticipated or unanticipated, and whether direct or derivative, that Plaintiffs and the Settlement Class ever had, now have, or hereafter may acquire, whether known or unknown, on account of any action, inaction, matter, thing,

SETTLEMENT AGREEMENT – 3

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1    or event that occurred or failed to occur at any time in the past, from the beginning of time through

2    and including the end of the Class Period, arising out of or relating to the factual predicate of the

3    Actions. This settlement does not release property owners that retained BALKE BROWN to perform

4    management services. This release also does not release current claims against any other current

5    defendant in the Actions.

6           9.      "Released Parties" means BALKE BROWN its officers, directors, employees, agents,

7    predecessors, successors, subsidiaries, affiliates, assigns, insurers, and attorneys. Notwithstanding

8    this definition, "Released Parties" shall not include the Non- BALKE BROWN Defendants not

9    included within the preceding definition, or their past, present and future, direct and indirect

10   corporate parents (including holding companies), subsidiaries, related entities and affiliates,

11   associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of

12   1934), predecessors, and successors, and all of their respective franchisees, officers, directors,

13   managing directors, members, managers, employees, agents, contractors, independent contractors,

14   attorneys, legal or other representatives, accountants, auditors, experts, trustees, trusts, heirs,

15   beneficiaries, estates, executors, administrators, insurers, and assigns. For the avoidance of doubt, the

16   foregoing release is not intended to and does not release BALKE BROWN or any other Person for

17   any claims based on the conduct of any multifamily housing operator acquired by BALKE BROWN

18   or any other Person that becomes affiliated with BALKE BROWN after the Execution Date for

19   conduct which took place before the Execution Date.

20          10.     "Releasing Parties" means Plaintiffs and any Settlement Class Members (including

21   any of their immediate family members, heirs, representatives, administrators, executors, devisees,

22   legatees, and estates, acting in their capacity as such; and for entities including any of their past,

23   present, or future officers, directors, insurers, general or limited partners, members, managers,

24   divisions, stockholders, agents, attorneys, employees, legal representatives, trustees, parents,

25   associates, affiliates, joint ventures, subsidiaries, heirs, executors, administrators, predecessors,

26   successors, and assigns, acting in their capacity as such solely with respect to the claims based on or

27   derived from claims of the Plaintiffs or Settlement Class Members).

28

SETTLEMENT AGREEMENT – 4

011188-11/3331147 V1



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

11.    "Settlement" means the settlement of the Action contemplated by this Settlement Agreement.

12.    "Settlement Class" means the class of persons that will be certified by the Court for settlement purposes only, namely, all persons and entities in the United States that leased multifamily housing in the United States from a landlord that used Yardi's RENTmaximizer or Revenue IQ software programs, or from its division, subsidiary, predecessor, agent, or affiliate, at any time during the period of September 8, 2019, until the date of entry of an order granting preliminary approval of the Settlement Agreement.

13.    "Settlement Class Counsel" means Hagens Berman Sobol Shapiro, LLP for purposes of approving the Settlement Agreement and certification of the Settlement Class.

14.    "Settlement Class Member" means a member of the Settlement Class who does not file a valid request for exclusion from the Settlement Class.

15.    "Settling Parties" means Plaintiffs and BALKE BROWN.

16.    "Total Monetary Settlement Amount" means payment of **$295,000 (Two Hundred and Ninety-Five Thousand U.S. dollars)** in United States currency.  All costs of settlement, including all payments to class members, all attorneys' fees and costs, all service awards to current and former class representatives, and all costs of notice and administration, will be paid out of the Total Monetary Settlement Amount, and BALKE BROWN will pay nothing apart from the Total Monetary Settlement Amount.

**B.    Stipulation to Class Certification**

17.    The Settling Parties hereby stipulate for purposes of this Settlement only that the requirements of Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3) are satisfied and, subject to Court approval, the Settlement Class shall be certified for settlement purposes as to BALKE BROWN.  The Settling Parties stipulate and agree to the conditional certification of the Settlement Class for purposes of this Settlement only.  Should, for whatever reason, the Settlement not become Effective, the Settling Parties' stipulation to class certification as part of the Settlement shall become null and void.

SETTLEMENT AGREEMENT – 5

011188-11/3331147 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

18.     Neither this Settlement Agreement, nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of this Settlement Agreement should be intended to be, construed as, or deemed to be evidence of an admission or concession by BALKE BROWN that a class should be or should have been certified for any purposes other than settlement, and none of them shall be admissible in evidence for any such purpose in any proceeding.

**C.    Approval of this Settlement Agreement and Dismissal of the Actions**

19.     The Settling Parties agree to make reasonable best efforts to effectuate this Settlement Agreement, including, but not limited to, seeking the Court's approval of procedures (including the giving of class notice under Federal Rules of Civil Procedure 23(c) and (e)); scheduling a final fairness hearing to obtain final approval of the Settlement and the final dismissal with prejudice of the Action as to BALKE BROWN. Plaintiffs and the Settlement Class shall use their best efforts to assist BALKE BROWN in obtaining dismissal with prejudice from any Actions pending in state court.

20.     Plaintiffs will submit to the Court a motion requesting that the Court preliminarily approve the Settlement (the "Motion").  Plaintiffs shall file the Motion for preliminary approval no later than twenty (20) days after the Execution Date on or before December 11, 2025. The Motion shall include a proposed form of order preliminarily approving the Settlement and enjoining Releasing Parties from prosecuting any Released Claims in any forum until the Effective Date of this Settlement. The Motion will also request appointment of Hagens Berman Sobol Shapiro, LLP as Settlement Class Counsel and BALKE BROWN will not oppose this request. At least 48 hours before submission to the Court, the papers in support of the Motion for preliminary approval shall be provided by Settlement Class Counsel to BALKE BROWN for its review.  To the extent that BALKE BROWN objects to any aspect of the Motion, it shall communicate such objection to Settlement Class Counsel and the Settling Parties shall meet and confer to resolve any such objection.  The Settling Parties shall take all reasonable actions as may be necessary to obtain preliminary approval of the Settlement.  To the extent the Court finds that the Settlement does not meet the standard for preliminary approval, the Settling Parties will negotiate in good faith to modify

HAGENS BERMAN

1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

the Settlement Agreement directly and will endeavor to resolve any issues to the satisfaction of the Court.

21.    The Settling Parties agree that Plaintiffs may at their sole discretion: (i) seek to include notice of this Settlement to the Settlement Class and for claim administration along with the settlement of any other Defendant or (ii) seek approval of a separate plan for providing class notice of this Settlement in a manner that meets the requirements of due process and Federal Rule of Civil Procedure 23 ("Class Notice").  Plaintiffs will provide BALKE BROWN with the form of notice that they decide upon. To the extent that BALKE BROWN has any comments, it should provide them within 24 hours of receiving the form of notice. The timing of any request to disseminate Class Notice to the Settlement Class will be at the discretion of Settlement Class Counsel.  This will not be a claims-made settlement.

22.    Within ten (10) calendar days after the filing with the Court of this Settlement Agreement and the accompanying motion papers seeking its preliminary approval, BALKE BROWN will cause notice of the Settlement Agreement to be served upon appropriate State and Federal officials as provided in the Class Action Fairness Act, 28 U.S.C. § 1715.

23.    If the Settlement is preliminarily approved by the Court, Plaintiffs shall timely seek final approval of the Settlement and entry of a final judgment order as to BALKE BROWN:

(a)    certifying the Settlement Class under Federal Rule of Civil Procedure 23(b), solely for purposes of this Settlement;

(b)    granting final approval of the Settlement as fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23(e) and directing the consummation of the Settlement according to its terms;

(c)    directing that, as to BALKE BROWN only, the Actions be dismissed with prejudice and, except as provided for herein, without costs;

(d)    reserving exclusive jurisdiction over the Settlement and this Settlement Agreement, including reserving exclusive jurisdiction over the administration and consummation of this Settlement to the United States District Court for the Western District of Washington; and

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1        (e)      determining under Federal Rule of Civil Procedure 54(b) that there is no just

2                 reason for delay and directing entry of final judgment as to BALKE BROWN.

3        24.      This Settlement Agreement will become Effective only after the occurrence of all

4 conditions set forth above in the definition of the Effective Date.

5 **D.      Releases, Discharge, and Covenant Not to Sue**

6        25.      Upon the occurrence of the Effective Date, the Releasing Parties expressly and

7 irrevocably waive, and fully, finally, and forever settle, discharge, and release the Released Parties

8 from, any and all manner of claims, demands, actions, suits, and causes of action, whether individual,

9 class, representative, or otherwise in nature, for damages, restitution, disgorgement, interest, costs,

10 expenses, attorneys' fees, fines, civil or other penalties, or other payment of money, or for injunctive,

11 declaratory, or other equitable relief, whenever incurred, whether directly, indirectly, derivatively, or

12 otherwise, whether known or unknown, suspected or unsuspected, in law or in equity, that any

13 Releasing Party ever had, now has, or hereafter can, shall, or may have and that have accrued as of

14 the date of preliminary approval of the Settlement arising from or related to the Released Claims.

15 The Released Claims include but are not limited to the antitrust and consumer protection claims

16 brought in the Actions. For the avoidance of doubt, this includes claims arising from the same factual

17 predicate that could be brought under similar state and federal statutes.  In connection therewith,

18 upon the Effective Date of Settlement, each of the Releasing Parties: (i) shall forever be enjoined

19 from prosecuting in any forum any Released Claims against any of the Released Parties that accrued

20 from the beginning of time through the date of final approval of the Settlement; and (ii) agrees and

21 covenants not to sue any of the Released Parties with respect to any Released Claims.  For avoidance

22 of doubt, this release extends to, but only to, the fullest extent permitted by law.

23        26.      The Releasing Parties may hereafter discover facts other than or different from those

24 which they now know or believe to be true with respect to the subject matter of the Released Claims.

25 Nevertheless, the Releasing Parties expressly, fully, finally, and forever settle and release, and, upon

26 the Effective Date, shall be deemed to have, and by operation of the Final Judgment and Order of

27 Dismissal with Prejudice in the Actions shall have, fully, finally, and forever settled and released,

28 any and all Released Claims, without regard to the subsequent discovery or existence of such other,

SETTLEMENT AGREEMENT – 8

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

different, or additional facts, as well as any and all rights and benefits existing under (i) Cal. Civ. Code Section 1542, which provides as follows:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

or any equivalent, similar or comparable present or future law or principle of law of any jurisdiction, including but not limited to Section 20-7-11 of the South Dakota Codified Laws, which provides that "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR;" or (ii) any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth above, without regard to the subsequent discovery or existence of such other, different, or additional facts. The Releasing Parties acknowledge that the inclusion of unknown claims in the definition of Released Claims was separately bargained for and was a material element of this Settlement Agreement.

27.    The Releasing Parties intend by this Settlement Agreement to settle with and release only the Released Parties, and the Settling Parties do not intend this Settlement Agreement, or any part hereof, or any other aspect of the proposed Settlement or release, to release or otherwise affect in any way any claims concerning product liability, breach of warranty, breach of contract or tort of any kind (other than a breach of contract or tort based on any factual predicate in this Action), a claim arising out of violation of the Uniform Commercial Code, or personal or bodily injury. The release does not extend to any individual claims that a class member may have against his or her own multifamily housing operator based on a breach of contract, breach of fiduciary duty, malpractice, negligence or other tort claim, other than a claim that a class member paid an excessive price due to the claims at issue in this Actions.

SETTLEMENT AGREEMENT – 9

011188-11/3331147 V1



1          **E.     Payment of the Settlement Amount**

2                   28.     Plaintiffs will open a special interest-bearing settlement escrow account or accounts,

3          established for that purpose as a qualified settlement fund as defined in Section 1.468B-1(a) of the

4          U.S. Treasury Regulations (the "Escrow Account").  Within 30 business days after preliminary

5          approval of the Settlement by the Court, BALKE BROWN will deposit 50% of the Total Monetary

6          Settlement Fund into the Escrow Account.  BALKE BROWN will pay an additional 25% into the

7          Escrow Account on or before July 21, 2026, and the remaining 25% on or before July 31, 2027.  All

8          accrued interest from BALKE BROWN's payments into the Escrow Account shall be for the benefit

9          of the plaintiff class unless the Settlement is not approved, or is rescinded, in which case the interest

10         shall be for the benefit of BALKE BROWN.

11         **F.     The Settlement Fund**

12                  29.     The Total Monetary Settlement Amount and any interest earned thereon shall be held

13         in the Escrow Account and constitute the "Settlement Fund."  The full and complete cost of the

14         settlement notice, claims administration, Settlement Class Members' compensation, current and

15         former class representatives' incentive awards, attorneys' fees and reimbursement of all actual

16         expenses of the Actions, any other litigation costs of Plaintiffs (all as approved by the Court), and all

17         applicable taxes, if any, assessable on the Settlement Fund or any portion thereof, will be paid out of

18         the Settlement Fund.  In no event will BALKE BROWN's monetary liability with respect to the

19         Settlement exceed the Total Monetary Settlement Amount.

20                  30.     The Settling Parties and their counsel will not have any responsibility, financial

21         obligation, or liability for any fees, costs, or expenses related to providing notice to the Settlement

22         Class or administering the settlement.  Such fees, costs, or expenses shall be paid solely from the

23         Settlement Fund with Court approval.  The balance of the Settlement Fund shall be disbursed to

24         Settlement Class Members as provided in a Plan of Allocation (as defined below) approved by the

25         Court.  The Settling Parties shall have the right to audit amounts paid from the Settlement Fund.

26                  31.     After preliminary approval of the Settlement and approval of a class notice plan,

27         Settlement Class Counsel may utilize a portion of the Settlement Fund to provide notice of the

28         Settlement to potential members of the Settlement Class.  BALKE BROWN will not object to

SETTLEMENT AGREEMENT – 10

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1  Plaintiffs' counsel withdrawing from the Settlement Fund, subject to any necessary Court approval,

2  up to $50,000 to pay the costs for notice.  If notice of one or more other settlements is included in the

3  notice of the BALKE BROWN settlement, then the cost of such notice will be apportioned equitably

4  between (or among) the BALKE BROWN Settlement Fund and the other settling Defendant(s)'

5  settlement funds.  The amount spent or accrued for notice and notice administration costs is not

6  refundable to BALKE BROWN in the event the Settlement Agreement is disapproved, jointly

7  rescinded, or otherwise fails to become effective.

8          32.     Subject to Settlement Class Counsel's sole discretion as to timing, except that the

9  timing must be consistent with rules requiring that Settlement Class Members be given the

10  opportunity to review fee applications, Settlement Class Counsel may apply to the Court for a fee

11  award, plus expenses, and costs incurred, and current and former class representative service awards

12  to be paid out of the Settlement Fund.  Within 14 business days after any order by the Court

13  awarding attorneys' fees, expenses, or class representative incentive awards, the escrow agent for the

14  Settlement Fund shall pay any approved attorneys' fees, expenses, costs, and class representative

15  service award up to the amount specified in Paragraph 31 above for such fees, expenses, costs, and

16  class representative service award by wire transfer as directed by Settlement Class Counsel in

17  accordance with and attaching the Court's Order. Any decision by the Court declining to award

18  attorneys' fees, expenses, costs incurred, or class representative service or incentive awards to

19  Settlement Class Counsel, or declining to award the amount of attorneys' fees, expenses, costs

20  incurred, or class representative service or incentive awards requested by Settlement Class Counsel,

21  will not be grounds for modification or termination of this Settlement Agreement.

22          33.     The Settlement Fund will be invested in United States Government Treasury

23  obligations or United States Treasury money market funds.

24          34.     BALKE BROWN will not have any responsibility, financial obligation, or liability

25  whatsoever with respect to the investment, distribution, use, or administration of the Settlement

26  Fund, including, but not limited to, the costs and expenses of such investment, distribution, use or

27  administration except as expressly otherwise provided in this Settlement Agreement.  BALKE

28  BROWN's only payment obligation is to pay the Total Monetary Settlement Amount.

SETTLEMENT AGREEMENT – 11

HAGENS BERMAN

1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

35.    There will be no reduction of the Total Monetary Settlement Amount based on Opt-Out Renters.  The Settlement will be non-reversionary except as set forth below in Section H.  If the Settlement becomes Effective, no proceeds from the Settlement will revert to BALKE BROWN regardless of the claims that are made.

36.    No disbursements shall be made from the Settlement Fund prior to the Effective Date of this Settlement Agreement except as described in Paragraphs 31 and 32 above and 41 below.

37.    The distribution of the Settlement Fund shall be administered pursuant to a plan of allocation (the "Plan of Allocation") proposed by Settlement Class Counsel in their sole and absolute discretion and subject to the approval of the Court. BALKE BROWN will have no participatory or approval rights with respect to the Plan of Allocation.  It is understood and agreed by the Settling Parties that any proposed Plan of Allocation, including, but not limited to, any adjustments to an authorized claimant's claim, is completely independent of and is not a part of this Settlement Agreement and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement Agreement. The administrator or other entity responsible for the distribution of the Settlement Fund is authorized to evaluate claims for receipt of payments from the Settlement Fund for fraud, and to deny any fraudulent claims. The Settlement Class, Plaintiffs, and BALKE BROWN shall be bound by the terms of the Settlement Agreement, irrespective of whether the Court or any other court, including on any appeal, disapproves or modifies the Plan of Allocation, and any modification or rejection of the Plan of Allocation shall not affect the validity or enforceability of this Settlement Agreement or otherwise operate to terminate, modify, or cancel that Agreement.

38.    The Releasing Parties will look solely to the Settlement Fund for settlement and satisfaction against the Released Parties of all Released Claims and shall have no other recovery against BALKE BROWN or the Released Parties.

**G.    Taxes**

39.    Settlement Class Counsel is solely responsible for filing all informational and other tax returns necessary to report any net taxable income earned by the Settlement Fund and shall file all informational and other tax returns necessary to report any income earned by the Settlement Fund

SETTLEMENT AGREEMENT – 12

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1  and shall be solely responsible for taking out of the Settlement Fund, as and when legally required,

2  any tax payments, including interest and penalties due on income earned by the Settlement Fund.  All

3  taxes (including any interest and penalties) due with respect to the income earned by the Settlement

4  Fund shall be paid from the Settlement Fund.  BALKE BROWN has no responsibility to make any

5  filings relating to the Settlement Fund and will have no responsibility to pay tax on any income

6  earned by the Settlement Fund or to pay any taxes on the Settlement Fund unless the Settlement does

7  not become Effective and the Settlement Fund is returned to BALKE BROWN.  In the event the

8  Settlement does not become Effective and any funds including interest or other income are returned

9  to BALKE BROWN, BALKE BROWN will be responsible for the payment of all taxes (including

10  any interest or penalties), if any, on said interest or other income in connection with the Settlement

11  Fund.  BALKE BROWN makes no representations regarding, and will not be responsible for, the tax

12  consequences of any payments made pursuant to this Settlement Agreement to Settlement Class

13  Counsel or to any Settlement Class Member.

14  **H.    Rescission**

15        40.    If the Court does not certify the Settlement Class as defined in this Settlement

16  Agreement, or if the Court does not approve this Settlement Agreement in all material respects, or if

17  such approval is modified in or set aside on appeal in any material respects, or if the number of Opt-

18  Out Renters equals or exceeds one percent (1%) of the total number of Settlement Class Members, or

19  if the Court does not enter final approval, or if any judgment approving this Settlement Agreement is

20  materially modified or set aside on appeal, or if all of the conditions for the Effective Date do not

21  occur, then this Settlement Agreement may be rescinded by BALKE BROWN or by Plaintiffs on

22  behalf of the Settlement Class by written notice to the Court and to counsel for the other Settling

23  Party filed and served within 10 business days of the entry of an order not granting court approval or

24  having the effect of disapproving or materially modifying the terms of this Settlement Agreement.  A

25  modification or reversal on appeal of any amount of the Settlement Fund that the Court authorizes to

26  be used to pay Plaintiffs' fees or litigation expenses shall not be deemed a modification of all or a

27  part of the terms of this Settlement Agreement or such final judgment order.

28

SETTLEMENT AGREEMENT – 13

011188-11/3331147 V1

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

41.     If the Settlement or Settlement Agreement is rescinded for any reason, then the balance of the Total Monetary Settlement Amount in the Settlement Fund will be promptly returned to BALKE BROWN.  Plaintiffs and BALKE BROWN agree that any rulings or judgments that occur in the Actions on or after November 21, 2025 and before this Settlement Agreement is rescinded will not bind Plaintiffs, BALKE BROWN, or any of the Released Parties.  Plaintiffs and BALKE BROWN agree to waive any argument of claim or issue preclusion against Plaintiffs or BALKE BROWN arising from such rulings or judgments.  In the event that the Settlement Agreement is rescinded, the funds already expended from the Settlement Fund for the costs of notice and administration will not be returned to BALKE BROWN.  Funds to cover notice and administration expenses that have been incurred but not yet paid from the Settlement Fund will also not be returned to BALKE BROWN.

42.     If the Settlement or Settlement Agreement is rescinded for any valid reason before payment of claims to Settlement Class Members, then the Settling Parties will be restored to their respective positions in the Actions as of November 21, 2025.    In the event of rescission, the Actions will proceed as if this Settlement Agreement had never been executed and this Settlement Agreement, and representations or agreements made in conjunction with this Settlement Agreement, may not be used in the Actions or otherwise for any purpose.  BALKE BROWN and Plaintiffs expressly reserve all rights if the Settlement Agreement does not become Effective or if it is rescinded by BALKE BROWN or the Plaintiffs, including, but not limited to, any defenses concerning the Court's lack of personal jurisdiction over BALKE BROWN or any Released Parties. The Settling Parties agree that pending deadlines for motions not yet filed, and all deadlines (whether pending or past) for motions that will be withdrawn pursuant to this Settlement Agreement, shall be tolled for the period from November 21, 2025, until the date this Settlement or Settlement Agreement is rescinded, and no Settling Party shall contend that filing or renewal of such motions was rendered untimely by or was waived by the operation of this Settlement Agreement.

43.     BALKE BROWN warrants and represents that it is not "insolvent" within the meaning of applicable bankruptcy laws as of the time this Settlement Agreement is executed, and, will be deemed to warrant and represent, that it is not "insolvent" within the meaning of applicable

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

bankruptcy laws at the time that payments of the Settlement Amount are actually transferred or made to the Escrow Account. In the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the actual transfer of the Settlement Amount, or any portion thereof, by or on behalf of BALKE BROWN to be a preference, voidable transfer, fraudulent transfer or similar transaction under Title 11 of the U.S. Code (Bankruptcy) or applicable state law and any portion thereof is required to be refunded and such amount is not promptly deposited in the Escrow Account by or on behalf of BALKE BROWN, then, at the election of Plaintiffs' counsel, the settlement may be terminated and the releases given and the judgment entered pursuant to the Settlement shall be null and void.

44. The Settling Parties' rights to terminate this Settlement Agreement and withdraw from this Settlement Agreement are a material term of this Settlement Agreement.

45. BALKE BROWN reserves all of its legal rights and defenses with respect to any claims brought by potential Opt-Out Renters.

**I.     Practice Changes**

46. As soon as practicable, and in no event later than six months after the Effective Date, BALKE BROWN (defined for purposes of this paragraph to include present and future, direct and indirect corporate subsidiaries, related entities and affiliates, predecessors, and successors but not franchisees) for three (3) years following final approval of the settlement agreement will implement or continue the following practices:

> (i)     BALKE BROWN will not promote the use of particular revenue management software (or the utilities or functionalities thereof) among other managers of multifamily residential apartments or with owners of multifamily residential apartments that are not managed by BALKE BROWN, except that BALKE BROWN can promote particular revenue management software to current and prospective clients.

> (ii)     BALKE BROWN will not license or use revenue management software if that software requires BALKE BROWN to accept all recommended prices or to accept recommended prices with any particular frequency.

SETTLEMENT AGREEMENT – 15

011188-11/3331147 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE     (206) 623-0594 FAX

1           (iii)      BALKE BROWN will not license or use revenue management software without

2    written confirmation from the software vendor that: (i) non-public, confidential

3    information that the software obtains from another manager of multifamily

4    residential apartments or an owner of multifamily residential apartments that

5    are not managed by BALKE BROWN will not be used in any way, included in

6    aggregated and anonymized form, when recommending prices for leases to

7    BALKE BROWN; or (ii) the prices recommended for leases to another manager

8    of multifamily residential apartments or to an owner of multifamily residential

9    apartments that are not managed by BALKE BROWN, including in aggregated

10    and anonymized form, will not be disclosed to BALKE BROWN.

11           (iv)      BALKE BROWN will not license or use revenue management software,

12    without written confirmation from the software vendor that: (i) BALKE

13    BROWN's non-public, confidential information will not be used in any way,

14    including in aggregated and anonymized form, when recommending prices for

15    leases to another manager of multifamily residential apartments or owners of

16    multifamily residential apartments that are not managed by BALKE BROWN;

17    or (ii) the prices recommended to BALKE BROWN will not be disclosed to

18    another manager of multifamily residential apartments or owners of multifamily

19    residential apartments that are not managed by BALKE BROWN, including in

20    aggregated and anonymized form.

21           (v)       If BALKE BROWN chooses to license or use third-party revenue management

22    software of any kind, BALKE BROWN will not, at any point, permit any

23    functionality to be enabled that would automatically accept or adopt

24    recommendations provided by the third-party revenue management software.

25           (vi)      BALKE BROWN will adopt a written policy prohibiting employees from

26    communicating to other managers of multifamily residential apartments (or

27    with owners of multifamily residential apartments that are not managed by

28    BALKE BROWN) non-public, confidential information about BALKE

HAGENS BERMAN

1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1    BROWN's rental prices, including any information about concessions or

2    discounts.

3        47.    Settlement Class Counsel may consent, or BALKE BROWN may petition the Court,

4    to delete or modify these practice changes based upon changed circumstances.

5        48.    BALKE BROWN acknowledges that the implementation and/or continuation of the

6    practices set forth here are a material component of this Settlement Agreement and agrees to use its

7    reasonable best efforts to implement the practice changes specified in this Section to the extent not

8    yet fully implemented, as soon as practicable, and in no event later than six months after the

9    Effective Date.

10   **J.    Cooperation**

11       49.    BALKE BROWN (defined for purposes of this paragraph to include present and

12   future, direct and indirect corporate subsidiaries, related entities and affiliates, predecessors, and

13   successors but not franchisees) will provide valuable cooperation to Plaintiffs as follows in the

14   Actions, including but not limited to the following.

15       i.    To the extent not already available from Yardi, and to the extent the information is

16           available to BALKE BROWN, BALKE BROWN shall produce to Plaintiff's

17           structured data identified after a reasonable search related to the rental of apartments

18           priced using Yardi RMS products. BALKE BROWN's counsel will use reasonable

19           efforts, including seeking information from BALKE BROWN employees, to

20           respond to a reasonable number of Plaintiffs' questions regarding the structured

21           data.

22       ii.    BALKE BROWN shall produce to Plaintiffs any documents produced to any other

23           plaintiffs, or any federal, state, or other domestic regulator, concerning the subject

24           matter of the Actions or any allegations within the same factual predicate of the

25           Actions, with any documents produced to such entities after execution of this

26           Agreement to be produced within ten business days after their production to such

27           other plaintiffs or regulators.

28

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

iii.    BALKE BROWN shall use reasonable efforts to assist Plaintiffs in authenticating documents and/or things produced in the Actions.

50.    BALKE BROWN's cooperation obligations, as set forth in Paragraph 49, shall not require the production of information, testimony, and/or documents that are protected from disclosure by the attorney-client privilege, work product doctrine, joint defense privilege, or any other applicable privilege or doctrine.

51.    BALKE BROWN agrees to refrain from enforcing arbitration, class waiver and/or jury trial waiver provisions against members of the Settlement Class.

52.    BALKE BROWN's obligation to cooperate will not be affected by the release set forth in this Settlement Agreement or the final judgment orders with respect to BALKE BROWN. Unless this Settlement Agreement is rescinded, disapproved, or otherwise fails to become Effective, the obligation to cooperate as set forth here will continue until the date that final judgment has been entered in the Actions against the non- BALKE BROWN Defendants and the time for appeal or to seek permission to appeal from the entry of a final judgment has expired or, if appealed, any final judgment has been affirmed in its entirety by the Court of last resort to which such appeal has been taken and such affirmance is no longer subject to further appeal or review.

53.    BALKE BROWN acknowledges that the cooperation set forth here is a material component of this Settlement Agreement and agrees to use its reasonable best efforts to provide the cooperation specified in this Section.

**K.    Miscellaneous**

54.    This Settlement Agreement and any actions taken to carry out the Settlement are not intended to be, nor may they be deemed or construed to be, an admission or concession of liability, or of the validity of any claim, defense, or point of fact or law on the part of any party.  BALKE BROWN denies the material allegations of the complaints in the Actions.  Neither this Settlement Agreement, nor the fact of Settlement, nor settlement proceedings, nor the settlement negotiations, nor any related document, shall be used as an admission of any fault or omission by BALKE BROWN, or be offered in evidence as an admission, concession, presumption, or inference of any wrongdoing by BALKE BROWN in any proceeding, or be offered as a concession or agreement to

SETTLEMENT AGREEMENT – 18

011188-11/3331147 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1    jurisdiction in any court (other than in connection with the enforcement of this Settlement

2    Agreement) by BALKE BROWN or any Released Parties in any proceeding.

3        55.    The Settling Parties reached the Settlement Agreement after considering the risks and

4    costs of litigation.  The Settling Parties agree to continue to maintain the confidentiality of all

5    settlement discussions and materials exchanged during the settlement negotiation.  The terms of the

6    settlement continue to be subject to FRE 408 and must be kept strictly confidential until a motion for

7    preliminary approval is filed—except as agreed in writing by the Settling Parties or as necessary or

8    advisable for BALKE BROWN to meet any financial reporting obligations and its obligations to any

9    lender or creditor in the reasonable discretion of its legal counsel, including, but not limited to, any

10    press release that the Companies may issue disclosing the existence of the Settlement and the Total

11    Settlement Amount.

12        56.    Any disputes relating to this Settlement Agreement will be governed by Washington

13    law without regard to conflicts of law provisions.  The Parties will not use BALKE BROWN's

14    agreement to be governed by Washington law as grounds for personal jurisdiction in any litigation,

15    including, but not limited to, continued litigation in the Actions in the event that the Settlement is not

16    finally approved.  For the avoidance of doubt, BALKE BROWN does not waive and reserves all

17    defenses and rights, including, but not limited to, concerning personal jurisdiction.

18        57.    This Settlement Agreement does not settle or compromise any claim by Plaintiffs or

19    any other Settlement Class Member against (a) any Non-BALKE BROWN Defendant or (b) any

20    alleged co-conspirator or other person or entity other than the Released Parties.  All rights of any

21    Settlement Class Member against any Non-BALKE BROWN Defendant or an alleged co-conspirator

22    or other person or entity other than the Released Parties are specifically reserved by Plaintiffs and the

23    other Settlement Class Members.

24        58.    This Settlement Agreement constitutes the entire agreement among Plaintiffs and

25    BALKE BROWN pertaining to the Settlement of the Actions against BALKE BROWN.  This

26    Settlement Agreement may be modified or amended only by a writing executed by Plaintiffs and

27    BALKE BROWN.

28

SETTLEMENT AGREEMENT – 19

011188-11/3331147 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

59.    This Settlement Agreement may be executed in counterparts by Plaintiffs and BALKE BROWN, and a DocuSign, facsimile or pdf signature shall be deemed an original signature for purposes of executing this Settlement Agreement.

60.    Neither Plaintiffs nor BALKE BROWN shall be considered the drafter of this Settlement Agreement or any of its provisions for the purpose of any statute, the common law, or rule of interpretation that would or might cause any provision of this Settlement Agreement to be construed against the drafter.

61.    The provisions of this Settlement Agreement shall, where possible, be interpreted in a manner to sustain their legality and enforceability.

62.    The Court shall retain jurisdiction over the implementation and enforcement of this Settlement Agreement and the Settlement.

63.    The terms of the Settlement Agreement are and shall be binding upon and inure to the benefit of, to the fullest extent possible, each of the Releasing Parties and the Released Parties, and upon all other Persons claiming any interest in the subject matter hereto through any of the Settling Parties, Releasing Parties, Released Parties, and any Settlement Class Members.

64.    Each Settling Party acknowledges that he, she or it has been and is being fully advised by competent legal counsel of such Settling Party's own choice and fully understands the terms and conditions of this Settlement Agreement, and the meaning and import thereof, and that such Settling Party's execution of this Settlement Agreement is with the advice of such Settling Party's counsel and of such Settling Party's own free will.  Each Settling Party represents and warrants that it has sufficient information regarding the transaction and the other parties to reach an informed decision and has, independently and without relying upon the other parties, and based on such information as it has deemed appropriate, made its own decision to enter into this Settlement Agreement and was not fraudulently or otherwise wrongfully induced to enter into this Settlement Agreement.

65.    Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Settlement Agreement.

DATED:  November 21, 2025

SETTLEMENT AGREEMENT – 20

011188-11/3331147 V1

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

SETTLEMENT CLASS COUNSEL

_____

HAGENS BERMAN SOBOL SHAPIRO LLP


Balke Brown Transwestern, Inc.

By _____
   *Thomas A. Bené*

2B Residential, LLC

By _____
   *Thomas A. Bené*

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX