Hon. Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| *In re* YARDI REVENUE MANAGEMENT ANTITRUST LITIGATION<br><br>WYLIE DUFFY and MICHAEL BRETT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YARDI SYSTEMS, INC., *et al.*,<br><br>Defendants. | Case No. 2:23-cv-01391-RSL<br><br>**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>(Consolidated with Case Nos. 2:24-cv-01948; 2:24-cv-02053) |

PLS.' NOTICE OF SUPPLEMENTAL AUTHORITY.
(No. 2:23-cv-01391-RSL)
011188-11/3443591 V1



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

1	Plaintiffs respectfully submit this Notice of Supplemental Authority to bring to the Court's attention the Statement of Interest of the United States of America, filed February 27, 2026, in *In re Frozen Potato Products Antitrust Litigation*, Case No. 1:24-cv-11801 (N.D. Ill.) (Dkt. 266) (attached hereto as Exhibit A). The Statement of Interest was filed by the Antitrust Division of the U.S. Department of Justice and addresses the legal standards governing standalone information-exchange claims under Section 1 of the Sherman Act.

The Statement of Interest is relevant to Defendant Yardi's Motion for Summary Judgment (Dkt. 474) and Plaintiffs' Opposition (Dkt. 492), particularly as to Count III (information exchange). The United States addresses two legal questions presented here: (1) whether sharing competitively sensitive information through a third-party intermediary with a mutual expectation of reciprocity can establish concerted action under Section 1 (Statement at 6–10); and (2) whether exchanges of aggregated, anonymized, or backward-looking information are subject to a presumption of legality or are instead evaluated under the rule of reason's fact-specific inquiry (Statement at 10–15).

On the second point, the United States takes the position that there is no categorical rule rendering exchanges of aggregated or backward-looking data presumptively lawful, and that courts should assess whether such exchanges tend to suppress competition based on the facts and circumstances of each case. Statement at 12–15.

DATED: March 10, 2026          Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

*/s/ Steve W. Berman*
Steve W. Berman (WSBA No. 12536)
*/s/ Theodore Wojcik*
Theodore Wojcik (WSBA No. 55553)
*/s/ Stephanie A. Verdoia*
Stephanie A. Verdoia (WSBA No. 58636)
*/s/ Xiaoyi Fan*
Xiaoyi Fan (WSBA No. 56703)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

PLS.' NOTICE OF SUPPLEMENTAL AUTHORITY
(No. 2:23-cv-01391-RSL) – 1
011188-11/3443591 V1


1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

1
2
3
4
5
6
7
8

Facsimile: (206) 623-0594
steve@hbsslaw.com
tedw@hbsslaw.com
stephaniev@hbsslaw.com
kellyf@hbsslaw.com

Rio S. Pierce (pro hac vice)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
riop@hbsslaw.com

*Attorneys for Plaintiffs*

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLS.' NOTICE OF SUPPLEMENTAL AUTHORITY
(No. 2:23-cv-01391-RSL) – 2
011188-11/3443591 V1

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX