**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| *In Re YARDI REVENUE MANAGEMENT ANTITRUST LITIGATION* | No. 2:23-cv-01391-RSL |
| WYLIE DUFFY, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YARDI SYSTEMS, INC., *et al.*,<br><br>Defendants. | **ORDER GRANTING THE NON-RESIDENT LLC DEFENDANTS' MOTION TO DISMISS** |

This matter comes before the Court on the "Non-Resident LLC Defendants' Motion to Dismiss Based on Lack of Personal Jurisdiction." Dkt. 380. Plaintiffs, as the parties asserting personal jurisdiction, have the burden of proving that the Court has the power to force the non-resident LLC defendants to appear before it. *Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174, 1177-78 (9th Cir. 2004). When, as here, the Court makes a jurisdictional ruling without holding an evidentiary hearing, plaintiffs must make only a prima facie showing that personal jurisdiction exists. *Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1187 (9th Cir. 2002).

Plaintiffs argue that the Court may exercise personal jurisdiction over certain non-corporation defendants pursuant to the Clayton Act or, in the alternative, under Washington's long-arm statute, RCW 4.28.185. The moving defendants argue that jurisdiction pursuant to section 12 of the Clayton Act does not attach to them because they are not corporations and that plaintiffs have failed to allege

ORDER GRANTING THE NON-RESIDENT LLC
DEFENDANTS' MOTION TO DISMISS – 1

sufficient Washington-specific contacts to exercise general or specific jurisdiction under Washington law.

**A. Section 12 of the Clayton Act**

Section 12 of the Clayton Act authorizes nationwide service of process and applies to "[a]ny suit, action, or proceeding under the antitrust laws against a corporation ...." 15 U.S.C. § 22. The parties disagree as to whether limited liability companies are "corporations" as that term is used in Section 12. All of the cases that squarely address this issue, including one from this district, side with defendants and hold that Section 12 does not apply to an LLC or other non-corporation defendant. *See, e.g.*, *World Ass'n of Icehockey Players Unions N. Am. Div. v. Nat'l Hockey League*, No. 2:24-CV-02135-TL, 2025 WL 2591413, at *17–18 (W.D. Wash. May 23, 2025); *GovernmentGPT Inc. v. Axon Enter. Inc.*, 769 F.Supp.3d 959, 978–79 (D. Ariz. 2025). While this result is not intuitive, the Southern District of New York explained that:

> "Persons," as defined in the Clayton Act, are "deemed to include corporations and associations"; yet section 12 of the same act, which authorizes extraterritorial service, specifies only "corporation." This specificity necessarily excludes individuals and voluntary associations from those amenable to extraterritorial service.

184 F. Supp. 958, 959 (S.D.N.Y. 1959).

The cases on which plaintiffs rely are inapposite because the distinction between corporations and unincorporated business entities was not raised, discussed, or analyzed. *See, e.g.*, *D'Augusta v. Am. Petroleum Inst.*, 117 F.4th 1094, 1100 n.1 (9th Cir. 2024); *McCarthy v. Intercontinental Exchange, Inc.*, No. 20-cv-05832-JD, 2022 WL 4227247, at *1-2 (N.D. Cal. Sept. 13, 2022). These cases therefore shed no light on the applicability of Section 12 when a non-corporate entity is named as a defendant.

The Court finds *World Association of Icehockey Players Unions* and *GovernmentGPT* persuasive and will not apply Clayton Act jurisdiction to the non-resident LLC defendants.

ORDER GRANTING THE NON-RESIDENT LLC
DEFENDANTS' MOTION TO DISMISS – 2

**B. Washington Long-Arm Statute**

The only remaining basis for exercising personal jurisdiction over the non-resident LLCs is the Washington long-arm statute, RCW 4.28.185, which requires that the assertion of jurisdiction over each defendant comport with due process. In other words, plaintiffs must make a prima facie showing that each defendant has minimum contacts with Washington such that an assertion of jurisdiction does not "offend traditional notions of fair play and substantial justice." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). Because Section 12 of the Clayton Act does not apply, Washington, rather than the United States, is the relevant forum for purposes of the minimum contacts analysis.

Plaintiffs argue that by joining a conspiracy to raise prices on multifamily housing throughout the United States, the moving defendants purposefully directed their activities at Washington. But plaintiffs have made no allegations suggesting that the non-resident LLCs targeted the housing market in the forum or purposefully directed any acts or transactions toward Washington, specifically, as compared to the other 49 states of the union. At most, plaintiffs have alleged that the non-resident LLCs entered into a contract with a California company to share data from and receive data in their own places of residence in order to maximize rents in their home markets. While the alleged conspiracy had the potential to impact rental prices in housing markets with which the moving defendants have no connection, such impacts were certainly not defendants' goal and cannot support a finding that the non-resident LLC defendants purposefully directed activities toward Washington.

To the extent plaintiffs argue that the non-resident LLCs' participation in a nationwide antitrust conspiracy is sufficient to establish purposeful direction, the Washington long-arm statute does not allow the acts of resident defendants to be imputed to non-resident defendants simply because plaintiffs allege a conspiracy. *Hewitt v. Hewitt*, 78 Wn. App. 447, 453–55 (1995). Courts in this district have similarly rejected the conspiracy theory of long-arm jurisdiction. *World Ass'n of Icehockey Players Unions* , 2591413, at \*22; *Fifteen Twenty-One Second Ave. Condo. Ass'n. v.*

ORDER GRANTING THE NON-RESIDENT LLC
DEFENDANTS' MOTION TO DISMISS – 3

*Viracon, LLC*, No. C23-1999, 2024 WL 4277847, at *3 (W.D. Wash. Sept. 24, 2024); *Silver Valley Partners, LLC v. De Motte*, 400 F. Supp. 2d 1262, 1268 (W.D. Wash. 2005). In the absence of a prima facie showing that the non-resident LLCs themselves undertook intentional actions expressly aimed at Washington, the use of a conspiracy/imputation theory of long-arm jurisdiction would violate due process principles. *Hewitt*, 78 Wn. App. At 454 (citing *Kipperman v. McCone*, 422 F. Supp. 869, 873 n. 14 (N.D. Cal. 1976)).

For all of the foregoing reasons, the Court finds that it cannot assert personal jurisdiction over the non-resident LLC defendants. The motion to dismiss is therefore GRANTED, and the claims against defendants Banyan Living Ohio LLC, Envolve Communities, LLC, Grubb Properties, LLC, The Habitat Company LLC, LumaCorp LLC, f/k/a LumaCorp Inc., McWhinney Property Management, LLC, Singh Management Co. LLC, Towne Properties Asset Management Company, Ltd., Walton Communities, LLC, and Woodward Management Partners, LLC are hereby DISMISSED.[1]

Dated this 30th day of March, 2026.

Robert S. Lasnik
United States District Judge

---

[1] The dismissal is without prejudice because, absent an adverse adjudication on the merits, plaintiffs could refile these claims in a forum that could exercise personal jurisdiction over the moving defendants.

ORDER GRANTING THE NON-RESIDENT LLC
DEFENDANTS' MOTION TO DISMISS – 4