**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| *In Re YARDI REVENUE MANAGEMENT ANTITRUST LITIGATION* | No. 2:23-cv-01391-RSL |
| WYLIE DUFFY, *et al.*, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> YARDI SYSTEMS, INC., *et al*., <br><br> Defendants. | **ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH BALKE BROWN TRANSWESTERN, INC. AND 2B RESIDENTIAL, LLC** |

Now before the Court is Plaintiffs' Motion for Preliminary Approval of Settlement with Balke Brown Transwestern, Inc. and 2b Residential, LLC. The Court, having reviewed the Motion, its accompanying memorandum, the Settlement Agreement between Balke Brown Transwestern, Inc., and 2b Residential, LLC and Plaintiffs, and the file, hereby **ORDERS**:

1.     This Court has jurisdiction over this action and each of the parties to the Settlement Agreement.

2.     This Court certifies a Settlement Class defined as: "All persons and entities in the United States that leased multifamily housing in the United States from a landlord that used Yardi's RENTmaximizer or Revenue IQ software programs, or from its division, subsidiary, predecessor, agent, or affiliate, at any time during the period of September 8, 2019, until the date of entry of an order granting preliminary approval of the Settlement Agreement." This class definition is in all

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
WITH BALKE BROWN TRANSWESTERN, INC. AND 2B RESIDENTIAL, LLC – 1

material respects the same settlement class proposed in Plaintiffs' Consolidated Amended Class Action Complaint, ECF No. 226 ¶¶ 1, 228-258 , and the same class set forth in the Settlement Agreement. *See* Settlement Agreement at 5.

3.      The Court appoints the law firm of Hagens Berman Sobol Shapiro LLP as Lead counsel for the Settlement Class.

4.      Upon review of the record, the Court finds that the proposed Settlement Agreement has been negotiated at arm's length, falls within the range of possible approval, and is hereby preliminarily approved, subject to further consideration at the Court's Fairness Hearing. The Court finds that the Settlement Agreement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the Settlement may be given to the Settlement Class when appropriate.

5.      At a later time, Lead Counsel will move the Court to approve a program to notify members of the Settlement Class of these and any other then-pending settlements. The Court defers formal notice to the Settlement Class at this stage.

6.      At a later time, Lead Counsel will move the Court to approve a plan to allocate the Settlement Fund among the Settlement Class. The Court defers approval of a plan of allocation at this stage.

7.      After Class Notice has been approved and disseminated, the Court shall hold a hearing on the Proposed Settlements to determine whether they are fair, reasonable, and adequate, and whether they should be finally approved by the Court (the "Fairness Hearing").

8.      After Notice has been disseminated, Class Members who wish to exclude themselves from any of these Settlements will be required to submit an appropriate and timely request for exclusion, and Class Members who wish to object to any of these Settlements must submit an appropriate and timely written statement of the grounds for objection. Class Members who wish to appear in person to object to any of these Agreements may do so at the Fairness Hearing pursuant to

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH BALKE BROWN TRANSWESTERN, INC. AND 2B RESIDENTIAL, LLC – 2

directions by the Court.

9.      Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used as defined in that Settlement Agreement.

10.     If any Settlement Agreement is terminated or rescinded in accordance with its provisions, or otherwise does not become Final, then the Settlement Agreement and all proceedings in connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided otherwise in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs, the Settling Defendant, and the members of the Class. The Parties shall also comply with any terms or provisions of the Settlement Agreement applicable to termination, rescission, or the Settlement otherwise not becoming Final.

11.     Neither this Order nor any Settlement Agreement shall be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, or regulation, or of any liability or wrongdoing by any Settling Defendant or of the truth of any of Plaintiffs' Claims or allegations, nor shall it be deemed or construed to be an admission nor evidence of Released Parties' defenses.

12.     The Action with respect to Plaintiffs' Claims is stayed as to the Released Parties (as that term is defined in the Settlement Agreement) except as necessary to effectuate this Settlement.

**IT IS SO ORDERED.**

Dated this 30th day of March, 2026.

*Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
WITH BALKE BROWN TRANSWESTERN, INC. AND 2B RESIDENTIAL, LLC – 3