Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

*In re YARDI REVENUE MANAGEMENT ANTITRUST LITIGATION.*

MCKENNA DUFFY, individually and on behalf of all others similarly situated,

Plaintiffs.

v.

YARDI SYSTEMS, INC., *et al.*,

Defendants.

No. 2:23-cv-01391-RSL

**DEFENDANT YARDI SYSTEMS' MOTION TO SEAL CERTAIN INFORMATION IN DOCUMENTS LODGED CONDITIONALLY UNDER SEAL BY PLAINTIFFS IN OPPOSITION TO YARDI'S MOTION TO EXCLUDE**

**NOTE ON MOTION CALENDAR: June 22, 2026**

(Consolidated with Case Nos. 2:24-cv-01948; 2:24-cv-02053)

## MEMORANDUM OF POINTS AND AUTHORITIES

Throughout this litigation, Defendant Yardi Systems ("Yardi") has demonstrated a commitment to public transparency, filing extensive exhibits and expert analyses on the public docket that detail the actual mechanics of Yardi's Revenue IQ software.  Consistent with the Ninth Circuit's strong presumption of public access and the compelling-reasons standard, Yardi requests that only certain limited sensitive information be maintained under seal.  In favor of offering maximum transparency into how its software works and how clients use it in practice, Yardi's requests are narrowly tailored to protect proprietary client data and sensitive information regarding Yardi's source code.  Yardi's clients entrust Yardi to safeguard and not make public their confidential and sensitive information, and discovery of the information that Yardi is moving to seal could damage client and Yardi business interests; and/or pose information security risks.

Accordingly, portions of Dr. Ioana Marinescu's Second Report (hereinafter, "Marinescu's Second Report")[1] and portions of the Deposition Transcript of Mihran Yenikomshian (hereinafter, "Yenikomshian Transcript")[2] attached as Exhibit 1 and Exhibit 3, respectively, to the Berman Declaration offered in Opposition to Yardi's Motion to Exclude Dr. Ioana Marinescu, Plaintiffs' Motion to Exclude Dr. Catherine Tucker, and Plaintiffs' Motion to Exclude Mihran Yenikomshian warrant protection from public disclosure.[3] The specific portions warranting protection in Marinescu's Second Report reside on Figure 19 and on pages vii, viii, ix, x, 33, 35, 64, 69, 73, 112, 128–30, 150–52, 167–69, 184–86, and 201–03. The specific portions warranting protection in the Yenikomshian Transcript reside on page and line numbers 177:14, 180:10, 180:12, 248:2,

---

[1] Dkt. 555-1.

[2] Dkt. 555-3.

[3] Attached as Exhibit A to the contemporaneously filed declaration of Abraham A. Tabaie is an annotated—but otherwise identical—version of Marinescu's Second Report as the Marinescu Second Report attached hereto.

248:11, and 251:11.

Yardi respectfully submits this Memorandum of Points and Authorities in support of its Motion to Seal the identified portions of Marinescu's Second Report and the Yenikomshian Transcript.[4]

## LEGAL STANDARD

The public's right of access to judicial records "is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Courts routinely protect records from disclosure where they might serve "as sources of business information that might harm a litigant's competitive standing." *Id.* The Ninth Circuit requires a party to demonstrate "compelling reasons" to seal materials attached to dispositive motions. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Compelling reasons exist to seal materials where "court files might . . . release trade secrets," *Cent. Freight Lines, Inc. v. Amazon Fulfillment Servs.*, 2019 WL 5103311, at *2 (W.D. Wash. Oct. 11, 2019) (quoting *Kamakana*, 447 F.3d at 1179), and where materials comprise sensitive business information generally. *See Nixon*, 435 U.S. at 598 (finding disclosure of such materials "might harm a litigant's competitive standing"); *see also, e.g.*, *Philips N. Am. LLC v. Summit Imaging Inc.*, 2021 WL 1865626, at *2 (W.D. Wash. May 4, 2021) (finding a compelling reason to seal technical documents that include "internal operations of the parties' technology and procedures"); *FTC v. Amazon.com, Inc.*, 2016 WL 4162440, at *1 (W.D. Wash. Mar. 22, 2016) (finding a compelling reason to seal "confidential business information"); *Impossible Foods Inc. v. Impossible X LLC*, 2025 WL 2662898, at *3 (N.D. Cal. Sept. 17, 2025) (finding compelling reasons to seal entire documents where materials discussed internal business and financial decision-making strategies).

Under Local Civil Rule 5(g), a party seeking to seal a filing must make "[a] specific

---

[4] None of the information contained in Exhibits 2, 4, and 5 to the Berman Declaration (Dkt. 555) contain proprietary or sensitive information and thus can be filed on the public docket.

YARDI SYSTEMS' MOTION TO SEAL
(No. 2:23-cv-01391-RSL) – Page 3

statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (*i*) the legitimate private or public interests that warrant the relief sought; (*ii*) the injury that will result if the relief sought is not granted; and (*iii*) why a less restrictive alternative to the relief is not sufficient." LCR 5(g)(3)(B). Yardi seeks to seal narrow categories of sensitive, proprietary technical and strategic information that are integral to its business and the business interest of its clients. There are thus compelling reasons to maintain this limited information under seal in accordance with Local Civil Rule 5(g).

## ARGUMENT

*First*, Yardi has legitimate "compelling reasons" and an overriding privacy interest to preserve the confidentiality of its and its clients' sensitive and proprietary information contained in Marinescu's Second Report and Yenikomshian Transcript including confidential information regarding (1) Yardi or its clients' internal business strategies and other competitively sensitive information; and (2) certain references to Yardi's proprietary source code. LCR 5(g)(3)(B)(i); *see* Bustany Decl. ¶¶ 3–5. Courts routinely recognize a compelling reason to maintain the confidentiality of this type of sensitive information. *Philips N. Am. LLC*, 2021 WL 1865626, at *2 (sealing "technical documents that describe the components and internal operations" of proprietary systems and business documents containing trade secrets or strategic financial information); *Cent. Freight Lines*, 2019 WL 5103311, at *2 (concluding that the information filed under seal "relates to confidential business details relating to [a business's] internal processes and procedures, and disclosure of that material could result in improper use by business competitors," such that compelling reasons to maintain the seal existed); *S.L. by & through J.L. v. Cross*, 675 F. Supp. 3d 1138, 1147 (W.D. Wash. 2023) (Lasnik, J.) (granting motion to seal where "the documents [were] deemed confidential by defendants for proprietary business purposes"); *In re Zillow Grp., Inc. S'holder Derivative Litig.*, 2019 WL 3428664, at *2 (W.D. Wash. July 30, 2019)

(granting motion to file "confidential business information" under seal).

The information Yardi seeks to maintain under seal contains competitively sensitive information. Yardi only seeks to seal limited information on pages vii, viii, ix, x, 33, 35, 73, 150-52, 167-69, 184-86, and 201-03 of Marinescu's Second Report that contain granular information related to client performance and business operations. Additionally, the source code and other technical references Yardi seeks to protect on Figure 19 and pages vii, 64, 69, 112, and 128-30 of Marinescu's Second Report and on pages 177:14, 180:10, 180:12, 248:2, 248:11, and 251:11 of the Yenikomshian Transcript embody confidential design architecture and functionality that derive independent economic value from not being publicly known. Bustany Decl. ¶¶ 3, 5. Collectively, public disclosure of the identified portions of these documents would expose sensitive competitive information, enable improper use by Yardi and its clients' competitors, cause concrete harm to Yardi's and its clients' commercial standing, and could be used to attempt to circumvent data security protections. *Id.* at ¶¶ 3–6. Disclosure of this highly sensitive information to the public could, among other things, threaten the security of Yardi's systems and expose Yardi and its clients to significant competitive harm in the marketplace. *Id.*

Yardi therefore takes significant steps to safeguard the confidentiality of this information, including, among other things, restricting access to sensitive information about Yardi's source code and client confidential information to specific Yardi personnel, having strict information security practices in place that require Yardi employees to keep information about Yardi's systems and Yardi client information confidential, and placing contractual confidentiality restrictions on Yardi personnel that cover the information that Yardi is moving to seal in its sealing motion. *Id.* at ¶ 6. Additionally, Yardi is contractually bound to protect its client's confidential information from public disclosure. *Id.* Courts have routinely found that public disclosure of this type of confidential information supports sealing. *See*, *e.g.*, *Philips N. Am. LLC*, 2021 WL 1865626, at \*2; *Genuine Enabling Tech.*

*LLC. v. Nintendo Co, Ltd.*, 2020 WL 4366181, at \*2 (W.D. Wash. July 30, 2020) (holding that there were compelling reasons to keep technical documents that contained business and proprietary interests under seal); *see also Amazon.com, Inc.*, 2016 WL 4162440, at \*1 (granting motion to seal "confidential business information").

*Second*, Yardi and Yardi's clients will suffer significant competitive injury if certain parts of Marinescu's Second Report and Yenikomshian Transcript are made public. LCR 5(g)(3)(B)(ii). Yardi's competitors and its clients' competitors could access the information if made public. *See Nixon*, 435 U.S. at 598 (holding that there is a reason to seal when a document includes "business information that might harm a litigant's competitive standing"); *Clearly Food & Beverage Co. v. Top Shelf Beverages, Inc.*, 102 F. Supp. 3d 1154, 1178 (W.D. Wash. 2015) (sealing documents that contain information "which could be used against [the sealing party] by competitors"); *Douglas v. Xerox Bus. Servs. LLC*, 2014 WL 12641056, at \*1 (W.D. Wash. Apr. 11, 2014) (granting a motion to seal documents "that would primarily be of interest for Defendants' competitors"). Public disclosure of this highly sensitive information could place Yardi and its clients at a competitive disadvantage within its industry and threaten the security of Yardi's information systems. Bustany Decl. ¶ 5.

*Third*, no less restrictive means exist to protect Yardi or its clients' interest in preserving the confidentiality of the information. LCR 5(g)(3)(B)(iii). As detailed in the table below and accompanying Bustany Declaration ¶¶ 3–4, Yardi proposes limited redactions to select portions of Marinescu's Second Report and Yenikomshian Transcript that are narrowly tailored to protect (1) client names or other identifying details and (2) the names of certain Yardi source code files. Yardi favors transparency whenever possible and thus has made every effort to request to seal a limited amount of confidential, sensitive, and proprietary information that would prejudice Yardi's interest in preserving the confidentiality of such information. The limited redactions to Marinescu's Second Report

and Yenikomshian Transcript that Yardi seeks to seal will leave the vast majority of these materials available for public review.

In sum, the sealing request is narrowly tailored and limited solely to Yardi and its clients' proprietary technical and competitively sensitive business information. The request seeks protection only for non-public information that, if disclosed, would reveal proprietary business information about Yardi's clients and proprietary information regarding the design, and functionality, and competitive strategies underlying Yardi's products and services provided to Yardi's clients. No broader sealing is sought, and public access to all other portions of the record remains unaffected.

| Information Yardi Requests to Seal | Basis for Sealing |
|---|---|
| Portions of Marinescu's Second Report (Dkt. 555-1) contained on pages: vii, viii, ix, x, 33, 35, 73, 150-152, 167-169, 184-186, and 201-203. | Contains confidential, proprietary, and competitively sensitive client information and information related to Yardi's business strategies about client relationships. Public disclosure of this highly sensitive information would place Yardi and its clients at a competitive disadvantage in their respective industries. |
| Portions of Marinescu's Second Report (Dkt. 555-1) contained on Figure 19 and on pages: vii, 64, 69, 112, and 128-130. | Contains highly confidential technical information regarding Yardi's proprietary source code, release of which would threaten the security of Yardi's information systems and place Yardi at a competitive disadvantage by providing competitors insight into Yardi's software. |
| Portions of the Yenikomshian Transcript (Dkt 555-3) contained on pages: 177:14, 180:10, 180:12, 248:2, 248:11, and 251:11. | Contains highly confidential technical information regarding Yardi's proprietary source code, release of which would threaten the security of Yardi's information systems and place Yardi at a competitive disadvantage by providing competitors insight into Yardi's software. |

**CONCLUSION**

For the foregoing reasons, Yardi respectfully requests that the Court grant the Motion and enter the proposed order sealing the identified portions of Marinescu's Second Report and Yenikomshian Transcript offered in support of Plaintiffs' Opposition to Yardi's Motion to Exclude, Plaintiffs' Motion to Exclude Dr. Catherine Tucker, and Plaintiffs' Motion to Exclude Mihran Yenikomshian.

Respectfully Submitted,

Dated: June 8, 2026

**DEBEVOISE & PLIMPTON LLP**

By: */s/ Maura K. Monaghan*
Maura K. Monaghan (*pro hac vice*)
Michael Schaper (*pro hac vice*)
66 Hudson Boulevard
New York, NY 10001
(212) 909-6000
mkmonaghan@debevoise.com
mschaper@debevoise.com

Abraham Tabaie (*pro hac vice*)
David Sarratt (*pro hac vice*)
650 California Street
San Francisco, CA 94108
(415) 738-5700
atabaie@debevoise.com
dsarrat@debevoise.com

**McNAUL EBEL NAWROT & HELGREN PLLC**

By: */s/ Claire Martirosian*
Claire Martirosian, WSBA No. 49528
Richard W. Redmond, WSBA No. 58835
600 University Street, Suite 2700
Seattle, WA 98101
(206) 467-1816
cmartirosian@mcnaul.com
rredmond@mcnaul.com

*Attorneys for Defendant Yardi Systems.*

**CERTIFICATION**

On June 5, 2026, pursuant to LCR 5(g)(3)(A), the Parties' counsel conferred about Yardi's request to seal portions of the Marinescu's Second Report, which Plaintiffs stated they did not oppose. On June 8, 2026, counsel for Yardi additionally inquired about Yardi's request to seal the portions of the Yenikomshian Transcript as contemplated herein, but Plaintiffs had not yet responded as of the time of filing this Motion.

By: */s/ Claire Martirosian*
Claire Martirosian

YARDI SYSTEMS' MOTION TO SEAL
(No. 2:23-cv-01391-RSL) – Page 9