Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| *In re YARDI REVENUE MANAGEMENT ANTITRUST LITIGATION.* | No. 2:23-cv-01391-RSL |
| MCKENNA DUFFY, individually and on behalf of all others similarly situated, | **[PROPOSED]** |
| Plaintiffs. | **ORDER GRANTING YARDI SYSTEMS' MOTION TO STRIKE IOANA MARINESCU'S SECOND REPORT AND FOR ATTORNEY'S FEES UNDER RULE 37** |
| v. | |
| YARDI SYSTEMS, INC., *et al.*, | |
| Defendants. | (Consolidated with Case Nos. 2:24-cv-01948; 2:24-cv-02053) |

This matter came before the Court on Defendant Yardi Systems' Motion to Strike Dr. Ioana Marinescu's Second Report and Motion for Attorney's Fees under Federal Rule of Civil Procedure ("Rule") 37. Having reviewed the parties' briefing, expert materials, and applicable law pertaining to Rule 37 and Rule 26, the Court finds that Dr. Marinescu's Second Report ("Second Report") violates the Court's April 1, 2026 Order (Dkt. No. 537) and is neither a proper rebuttal report pursuant to Rule 26(a)(2)(D)(ii), nor a proper supplemental report pursuant to Rule 26(a)(2)(E). *See Clear-View Techs., Inc. v. Rasnick*, 2015 WL 3509384, at *4 (N.D. Cal. June 3, 2015) (allowing a party to "backdoor [affirmative expert opinions] under the guise of 'rebuttal' testimony would render Rule 26's limits generally meaningless); *K&N Engineering, Inc. v. Spectre Performance*, 2011 WL

12131157, at *6-1 (C.D. Cal. May 12, 2011) (striking supplemental expert report as "an attempt to submit additional opinions to [an] initial report").

The Court therefore exercises the "self-executing [and] automatic" sanction of Rule 37(c)(1) and ORDERS that Yardi's Motion to Strike is hereby GRANTED. *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). The below-listed sections; paragraphs; and all figures and tables incorporated therein from Dr. Marinescu's Second Report are hereby stricken from the record, along with all references thereto in Plaintiffs' Opposition to Yardi's Motion to Exclude Expert Testimony of Professor Ioana Marinescu (Dkt. No. 548) and Plaintiffs Motion to Exclude Defendant's Expert Catherine Tucker (Dkt. No. 550) and any other filings or argument.

The Court finds that Yardi should likewise be awarded the payment of reasonable expenses, including attorney's fees, that it incurred in bringing its Motion to Strike and in responding to the new opinions contained in Dr. Marinescu's Second Report. The Court therefore ORDERS that Yardi furnish to the Court, within 14 days, a memorandum of fees and costs incurred as described above.

| Second Report Section or Paragraph Number[1] | Second Report Section Title | Substantive Category |
|---|---|---|
| §1.2 | Yardi's Experts Revised Price Index Conclusions Are Driven by a Single Unjustified Methodological Choice | YLPI Construction; Time Gaps |
| §1.3 | Dr. Tucker's Panel Regressions Critique Rests on Misunderstandings of My Methodology, Introduces Attenuation Bias, and Is Contradicted by Regressions She Omits | PUMA/"Co-conspirator" Analysis |

[1] Unless otherwise indicated, where a section or subsection number is listed (e.g., §1.2, §3), that entire section or subsection, including all underlying subsections incorporated therein, is stricken. Where specific paragraph number(s) are listed (e.g., §1.4, ¶¶ 44, 46–47), only those specific paragraphs in the identified section or subsection are stricken.

| Second Report Section or Paragraph Number[1] | Second Report Section Title | Substantive Category |
|---|---|---|
| §1.4, ¶¶ 44, 46–47 | Mr. Yenikomshian's Rebuttal Opinions Based on his Source Code Analysis Reaches Unfounded Economic Conclusions | Common Function; Comp Trend |
| §2, ¶ 58 | My Analysis of How Revenue IQ Uses Non-Public Data Is Generally Unaddressed by Yardi's Experts | Benchmarking |
| §3 | Yardi's Experts' Revised YLPI Lacks Any Methodological Support and is Inconsistent with the Record | YLPI Construction; Data Outliers; Time Gaps |
| §3.1 | A Reliable Index Must be Constructed to Reflect All Relevant Price Movements | YLPI Construction; Time Gaps |
| §3.2, ¶¶ 106–07 | Yardi's Internal Pricing Analysis Showed Revenue IQ Users "Beat the Market" by Pricing Above Non-RM Users and Growing Rents Faster than Yardi's Experts Suggest | YLPI Construction; Time Gap |
| §4 | Yardi's Experts Introduce Vacancy Bias to the YLPI | YLPI Construction; Time Gaps |
| §4.1 | Yardi's Experts Misread My Deposition Testimony and Opening Report to Justify a Flawed Assumption in their Revised YLPI | YLPI Construction; Time Gaps |
| §4.2 | Yardi's Experts Ignore All Price Increases Across Non-Adjacent Months-Disregarding 161,008 Price Increases Across Vacancies As Short as 29 Days | YLPI Construction; Time Gaps |
| §4.3 | Ignoring These Vacancies Introduces a Form of Selection Bias that BLS Calls "Vacancy Bias" | YLPI Construction; Time Gaps |
| §4.4 | Vacancy Bias Single-Handedly Eliminates The Yardi Index Premium and Drives Yardi's Experts Conclusions | YLPI Construction; Time Gaps |
| §5 | My Core Conclusions are Robust to Yardi's Experts' Proposed Outlier Screening, Which Rests on Inconsistency Across their Analyses and Misunderstanding of My Testimony | YLPI Construction; Data Outliers |
| §5.1 | Even Adopting Yardi's Experts' Most Stringent Outlier Cleaning Confirms My Core Conclusions | YLPI Construction; Data Outliers |

ORDER GRANTING MOTION TO STRIKE
(No. 2:23-cv-01391-RSL) – Page 3

| Second Report Section or Paragraph Number[1] | Second Report Section Title | Substantive Category |
|---|---|---|
| §5.2 | My Original Outlier Cleaning Followed My. Yenikomshian's Original Approach and Was Reliable | YLPI Construction; Data Outliers |
| §5.3 | Yardi's Experts Appear to Have Misread My Opening Report and Backup Materials When Justifying Their Revised $20 Effective Rent Threshold | YLPI Construction; Data Outliers |
| §6 | My Panel Regressions Conservatively Measure How Revenue IQ Adoption Affects Local Rents – and Dr. Tucker's Omitted Results Support This | PUMA/"Co-conspirator" Analysis |
| §6.1 | My Panel Regressions Measure Revenue IQ's Effect on Local Rents and Dr. Tucker's Assertion to the Contrary Relies on Significant Misunderstanding | PUMA/"Co-conspirator" Analysis |
| §6.2 | Dr. Tucker Biases Her Revised Regressions By Inconsistently Treating Properties That Do Add to Revenue IQ's Pricing Power | PUMA/"Co-conspirator" Analysis |
| §6.3 | Dr. Tucker's Own Methodology Confirms My Results in 15 Regressions Her Report Omits | PUMA/"Co-conspirator" Analysis |
| §7 | Dr. Tucker's Enforcement Opinions are Disconnected From Both Canonical Cartel Theory and Record Evidence | TAM Enforcement |
| §8.2 | Mr. Yenikomshian's Analysis of Clients' Reference Rents Is Consistent with the Economics of Coordinated Pricing | Common Formula/Reference Rent |
| §8.3.1 | Mr. Yenikomshian Attributes Assumptions and Thresholds to My Analysis That Neither I Nor the Literature I Cite Endorse | Benchmarking; Comp Trend |
| §8.3.3 | Economists Understand That Price Movements Propagate Across Interconnected Geographic Rental Markets, Even Without Direct Comp Set Overlap | Comp Trend |
| §8.4[2] | Clients' Additional Configurations Do Not Override the Trend Rules and are Consistent with the Economics of Coordinated Pricing | Common Formula; Comp Trend |
| §8.4.1 | Mr. Yenikomshian Admitted that Clients' Additional Configurations Rarely, If Ever, Overrule the Comp Trend Rule or Combined Trend Rule Signal | Comp Trend; Common Formula |

[2] Section 8.4.2 is excepted from this Order.

ORDER GRANTING MOTION TO STRIKE
(No. 2:23-cv-01391-RSL) – Page 4

| Second Report Section or Paragraph Number[1] | Second Report Section Title | Substantive Category |
|---|---|---|
| §9.2 | Dr. Mitzenmacher's Benchmarking Opinions Ignore the Relevant Literature and Factual Record | Benchmarking |
| App'x A | Parameter Estimates From My Panel Regressions Are Not Statistically Significantly Different When Removing Outliers | PUMA/"Co-conspirator" Analysis; Date Outliers |
| App'x B | Client Acceptance Analysis, Including Recommended Rent Outliers | Common Function |
| App'x C | Outlier Sensitivity Analysis | YLPI Construction; Data Outliers; Time Gap; PUMA/"Co-Conspirator" Analysis |

IT IS SO ORDERED.

DATED this ___ day of _____, 2026.

_____
Honorable Robert S. Lasnik
United States District Judge