UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| *In re YARDI REVENUE MANAGEMENT ANTITRUST LITIGATION.* | CASE NO. 2:23-cv-01391-RSL |
| MCKENNA DUFFY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs.<br><br>v.<br><br>YARDI SYSTEMS, INC., *et al.*,<br><br>Defendants. | ORDER GRANTING PLAINTIFFS' MOTION TO UNPHASE DISCOVERY AND RESOLVING RELATED MOTIONS |

This matter comes before the Court on twelve motions. Defendant Yardi Systems, Inc. ("Yardi") moves for summary judgment (Dkt. 474), and plaintiffs move to unphase discovery or, alternatively, to deny summary judgment (Dkt. 500). The parties also filed

four expert-related motions[1] and six related motions to seal.[2] Having reviewed the memoranda, declarations, exhibits, and remainder of the record, the Court finds and rules as follows.

**BACKGROUND**

In the operative Consolidated Class Action Complaint, plaintiffs allege that Yardi and the landlord defendants engaged in anticompetitive conduct in the multifamily housing market in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. Dkt. 226. The claims center on Yardi's revenue-management software product that assists multifamily property managers in setting rental prices. Plaintiffs assert three theories of liability: (1) a hub-and-spoke conspiracy consisting of agreements between Yardi and individual landlord defendants to use the product and a horizontal agreement among the landlord defendants to use the program to artificially inflate rents; (2) unlawful vertical restraints arising from the individual agreements between Yardi and the landlord defendants; and (3) an agreement

[1] *See* Yardi's Motion to Exclude Plaintiffs' Expert Ioana Marinescu, Ph.D. (Dkt. 530); Plaintiffs' Motion to Exclude Defendants' Expert Catherine Tucker (Dkt. 550); Plaintiffs' Motion to Exclude Defendants' Expert Mihran Yenikomshian (Dkt. 552); and Yardi's Motion to Strike Ioana Marinescu's Second Report and for Attorneys' Fees Under Rule 37 (Dkt. 560).

[2] *See* Plaintiffs' Motion to Seal Portions of their Motion to Unphase Discovery (Dkt. 499); Yardi's Motion to Seal Certain Information Submitted in Connection with Plaintiffs' Motion to Unphase Discovery (Dkt. 506); Yardi's Motion to Seal Certain Documents Lodged Conditionally Under Seal in Opposition to its Motion for Summary Judgment (Dkt. 519); Yardi's Motion to Seal Materials Submitted in Support of its Reply on Summary Judgment (Dkt. 522); Plaintiffs' Motion to Seal Portions of their Motions to Exclude Defendants' Experts Catherine Tucker and Mihran Yenikomshian and related exhibits (Dkt. 549); and Yardi's Motion to Seal Certain Information Lodged Conditionally Under Seal in Opposition to its Motion to Exclude Plaintiffs' Expert (Dkt. 558).

among defendants to exchange detailed, timely, competitively sensitive, and non-public information through Yardi.

**Phased Discovery**

On February 21, 2025, Yardi moved to phase discovery, asking the Court to stay discovery directed to the landlord defendants while the parties conducted an initial period of discovery focused on Yardi and its revenue-management software. Dkt. 212. On March 24, 2025, the Court granted the motion in part. Dkt. 278. The Court observed that plaintiffs' antitrust claims depended largely on allegations that Yardi used confidential and commercially sensitive client data to recommend pricing, leasing, and renewal strategies and that its clients generally adopted those recommendations. Because the truth of those allegations could not be resolved at the pleading stage, the Court concluded that targeted discovery concerning Yardi's products and practices might permit threshold issues concerning the viability of plaintiffs' claims to be resolved without immediately undertaking discovery against the landlord defendants. The Court therefore temporarily stayed discovery against the landlord defendants and authorized an initial phase of discovery directed to Yardi (hereafter "Phase One").

Phase One discovery encompassed Yardi's revenue-management software functions, what inputs it uses, how it generates pricing recommendations, whether and for what purposes it uses or shares confidential, non-public information, the extent to which clients can control or affect recommendations, how clients configure the software, and the rate at which clients adopt Yardi's recommendations. Dkt. 278 at 3. Although Phase One

was directed only to Yardi, the Court recognized from the outset that discovery from the landlord defendants might ultimately be necessary. Plaintiffs specifically argued that landlord communications and other evidence outside Phase One could support their antitrust claims even if Phase One undermined their allegations concerning how Yardi's software operates, and the Court made clear that it would take the phased nature of discovery into account when considering any dispositive motion. *Id*. at 2, fn. 2.

Phase One discovery concluded on November 14, 2025, and Yardi thereafter filed its present motion for summary judgment. Dkt. 474. In connection with their opposition to summary judgment, plaintiffs filed the present motion asking the Court to end phased discovery and permit discovery to proceed beyond Yardi to the landlord defendants. Dkt. 500.

## DISCUSSION

### Yardi's Motion for Summary Judgment and Plaintiffs' Motion to Unphase Discovery

Having reviewed the motion to end phased discovery and the briefing related to Yardi's summary judgment motion, the Court concludes that continued limitation of discovery to Phase One is no longer warranted. Yardi points to evidence supporting its position that no conspiracy existed, including evidence regarding individualized software configurations, client-selected reference rents, clients' ability to modify or reject pricing recommendations, and the absence of any direct use of one client's confidential information in calculating another client's pricing output. *See* Dkt. 474. But Yardi's

summary judgment arguments do not turn solely on the technological features of its products. They also ask the Court to draw inferences regarding the landlord defendants' knowledge, understanding, communications, and conduct, including whether their use of Yardi's products and interactions with Yardi reflected independent decisionmaking or participation in the alleged concerted activity. The purpose of phasing discovery was to determine whether threshold Yardi-focused discovery could obviate the need for broader discovery. It has not. The Court therefore concludes that the record should be developed through the remainder of discovery before plaintiffs' remaining claims are resolved on summary judgment.[3]

Yardi also devotes substantial attention to establishing that it complied with its Phase One discovery obligations. *See* Dkt. 508. The Court need not resolve that dispute because its decision to end phased discovery does not depend on a finding that Yardi failed to comply with the Court's prior order. District courts have inherent authority to manage their dockets "with a view toward the efficient and expedient resolution of cases," *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016), and broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Exercising that authority, the Court will lift the temporary stay of discovery directed to the landlord defendants and permit the parties to proceed with the remainder of discovery. Plaintiffs' Motion to Unphase

---

[3] Plaintiffs are no longer pursuing Count II in the Consolidated Class Action Complaint. *See* Dkt. 492 at 25. Because plaintiffs have unequivocally abandoned Count II, summary judgment is GRANTED as to Count II. The discussion that follows concerns Counts I and III.

Discovery (Dkt. 500) is therefore GRANTED. For the same reason, Yardi's Motion for Summary Judgment (Dkt. 474) is otherwise DENIED without prejudice to renewal following completion of discovery. This ruling expresses no view on the ultimate merits of Yardi's arguments.

The Court next addresses the four motions to seal materials submitted in connection with plaintiffs' motion to unphase discovery and Yardi's motion for summary judgment. Dkts. 499, 506, 519, 522. Plaintiffs provisionally filed portions of their motion to unphase discovery and related exhibits under seal because Yardi had designated the material confidential under the agreed-upon protective order entered in this case. Dkt. 499. Yardi thereafter submitted the showing required by LCR 5(g), seeking to maintain under seal limited portions of the materials containing confidential client information, proprietary business information, and technical information concerning Yardi's source code. Dkt. 506. Yardi has demonstrated compelling reasons to maintain that information under seal because it and its clients take measures to preserve its confidentiality and public disclosure could cause competitive and security-related harm. The requested redactions are narrowly tailored, as reflected in the redacted versions filed at Dkts. 507 and 509, and leave the remainder of the materials available to the public. Accordingly, Plaintiffs' Motion to Seal (Dkt. 499) and Yardi's Motion to Seal (Dkt. 506) are GRANTED.

Yardi makes a substantially similar showing in support of its motions to seal materials submitted with plaintiffs' opposition to, and Yardi's reply in support of, summary judgment. Dkts. 519, 522. As with the materials addressed in Dkt. 506, Yardi has

demonstrated that the identified materials contain confidential and competitively sensitive client information and proprietary technical information, including information concerning Yardi's source code, software, and related technical processes, that Yardi and its clients take measures to protect from disclosure and whose disclosure could cause competitive or security-related harm. The requests are narrowly tailored, seeking limited redactions where practicable and complete sealing only where confidential information is intertwined throughout the documents. The proposed redactions are reflected in attachments 2–51 to Dkt. 519 and the public redacted versions filed at Dkts. 523-1, 526, and 527. Accordingly, Yardi's Motions to Seal (Dkts. 519, 522) are GRANTED.

**The Expert-Related Motions**

The Court also DENIES without prejudice the parties' pending expert-related motions. Yardi's Motion to Exclude Plaintiffs' Expert Ioana Marinescu, Ph.D. (Dkt. 530), Plaintiffs' Motion to Exclude Defendants' Expert Catherine Tucker (Dkt. 550), Plaintiffs' Motion to Exclude Defendants' Expert Mihran Yenikomshian (Dkt. 552), and Yardi's Motion to Strike Ioana Marinescu's Second Report and for Attorneys' Fees Under Rule 37 (Dkt. 560) were briefed on the basis of the Phase One record. Additional discovery may affect the scope of the experts' opinions, require supplementation of their reports, or otherwise alter the issues presented by those motions. The parties may raise any remaining expert-related issues on a complete record following the remainder of discovery. Because the Court does not reach the merits of the parties' expert-related motions, it likewise DENIES without prejudice the related motions to seal (Dkts. 549, 558). The materials

currently filed under seal in connection with those motions shall remain under seal pending further order. If a party seeks to maintain any such materials under seal in connection with a renewed expert-related motion, it must file an appropriate request under LCR 5(g).

**CONCLUSION**

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiffs' Motion to Unphase Discovery (Dkt. 500) is GRANTED. The temporary stay of discovery directed to the landlord defendants is lifted, and the parties may proceed with the remainder of discovery.

2. Yardi's Motion for Summary Judgment (Dkt. 474) is GRANTED as to Count II and otherwise DENIED without prejudice to renewal following completion of discovery.

3. Plaintiffs' Motion to Seal (Dkt. 499) and Yardi's Motions to Seal (Dkts. 506, 519, 522) are GRANTED.

4. Yardi's Motion to Exclude Plaintiffs' Expert Ioana Marinescu, Ph.D. (Dkt. 530), Plaintiffs' Motion to Exclude Defendants' Expert Catherine Tucker (Dkt. 550), Plaintiffs' Motion to Exclude Defendants' Expert Mihran Yenikomshian (Dkt. 552), and Yardi's Motion to Strike Ioana Marinescu's Second Report and for Attorneys' Fees Under Rule 37 (Dkt. 560) are DENIED without prejudice.

5. The related motions to seal (Dkts. 549, 558) are DENIED without prejudice. The materials currently filed under seal in connection with those motions shall remain under seal pending further order. If a party seeks to maintain any such materials under seal

in connection with a renewed expert-related motion, it must file an appropriate request under LCR 5(g).

6. Within 28 days of the date of this Order, the parties shall file a joint status report and proposed discovery plan addressing the remainder of discovery and other related case management dates.

Dated this 13th day of October 2026.

Robert S. Lasnik
United States District Judge