**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

*In Re YARDI REVENUE MANAGEMENT ANTITRUST LITIGATION*

---

MCKENNA DUFFY, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

YARDI SYSTEMS, INC., *et al.*,

Defendants.

Case No.: 2:23-cv-01391-RSL

**JOINT CASE MANAGEMENT STATEMENT**

**ORAL HEARING REQUESTED BY DEFENDANTS**

(Consolidated with Case Nos. 2:24-cv-01948; 2:24-cv-02053)

**<u>Plaintiffs' Position Statement</u>**

**I. Introduction**

The Court has already decided that this case needs a full record. It ended phased discovery because Yardi's summary judgment arguments "do not turn solely on the technological features of its products." Dkt. 582 at 4–5. They "also ask the Court to draw inferences regarding the landlord defendants' knowledge, understanding, communications, and conduct." *Id.* at 5. The Court therefore held that "the record should be developed through the remainder of discovery" before Plaintiffs' claims are resolved, and it lifted the stay on discovery directed to the Landlord Defendants. *Id.* at 5; *id.* At 8 ¶ 1.

Plaintiffs' schedule takes the steps that order requires one at a time. Fact discovery comes first. Class certification follows, briefed on a complete record. Merits experts and summary judgment come last. Three checkpoints keep discovery on pace. By day 75, the parties agree on the scope of production or bring their disputes to the Court. By day 90, Yardi completes its transactional data production.[1] By day 165, Defendants substantially complete production. The parties then have about six months to review what has been produced and take depositions. Given that there are more than 30 landlord defendants, six months is not a long time to complete document review and take depositions.

Defendants propose a schedule in which these stages run on top of one another. Their schedule sets no interim deadlines for production. There is no date to resolve the scope of production, no date for Yardi's transactional data, and no date for substantial completion. Fact

[1] Transactional data are the lease-level records of rents charged, lease terms, and related unit information. Plaintiffs' economists use those records to build the regression analyses that measure how the alleged conduct affected rents. That analysis is central to both class certification and damages.

discovery would simply end in approximately 11 months. Under Defendants' schedule, Plaintiffs' class certification motion would be due August 9, 2027, while documents are still being produced and depositions are still being taken. Defendants would file their opposition on October 6, 2027, which happens to be the day fact discovery closes. Plaintiffs would make their case for certification before all the evidence is in, and Defendants would answer with the benefit of the completed record.

Defendants then jumble together merits and class certification. Opening merits expert reports would be due November 5, 2027, and Plaintiffs' class certification reply on November 20, 2027. That crowds three major events into 45 days: the close of fact discovery, opening merits expert reports, and Plaintiffs' class certification reply. The burden of these overlapping deadlines falls disproportionately on Plaintiffs, who would have to absorb the last productions and depositions from the final weeks of discovery, serve opening merits reports, and answer Defendants' opposition and class certification experts. Then, once expert discovery closes, Defendants' schedule sets nothing at all for 46 days before summary judgment motions are due.

Plaintiffs' schedule is the more practical and equitable one. It paces discovery with interim deadlines that leave sufficient time for both documents to be produced and used. Class certification follows on the completed record, with both sides working from the same evidence. Plaintiffs ask that the Court adopt their proposed schedule.

## II. Background

Phase One discovery covered one defendant and a limited set of topics about how Yardi's software works. It still took nearly eight months, from the Court's March 24, 2025 order to the

close of Phase One on November 14, 2025. And despite the limited scope of this discovery, Yardi still made significant productions several months after the close of Phase One discovery.[2]

Informed by that experience, Plaintiffs proposed a schedule on October 22 in response to the Court's order. Defendants responded with their own on November 2.[3] Plaintiffs then revised their proposal to move closer to Defendants on several points, including shortening fact discovery and accelerating class certification briefing. Defendants replied that they "could likely compromise" on one additional month of fact discovery "if the remainder of the case schedule was consistent with Defendants' proposal." The parties are, therefore, at an impasse.

## III. Argument

The Court should adopt Plaintiffs' proposed schedule for three reasons. It gives the remaining discovery the time Phase One showed it will take. Its interim deadlines keep discovery on pace. And it lets both sides brief class certification on the same complete record.

First, Plaintiffs' schedule provides the parties with a realistic amount of time. Plaintiffs' proposal allows about eleven months of fact discovery. That estimate is grounded in the parties' experience with Phase One. Phase One was limited to a single defendant and a defined set of questions about how Yardi's software works, and it still took the parties nearly eight months to complete. Dkt. 582 at 3–4. The discovery that remains is broader in both respects. Each Landlord Defendant must separately identify custodians, negotiate search terms, collect and review

[2] The largest came on January 20, 2026, two months after Phase One closed, and consisted of roughly 14,500 notes of meetings between Yardi's Technical Account Managers ("TAMs") and clients, spanning about 220,000 pages.

[3] Plaintiffs will provide Defendants the proposed complaint by November 18, before seeking leave to file it. The amendment would focus on adding Landlord Defendants identified through the discovery produced to date. If the parties cannot agree, Plaintiffs will promptly move for leave to amend.

documents for privilege, and produce witnesses for deposition. This discovery goes to the questions the Court identified as still open, including the Landlord Defendants' "knowledge, understanding, communications, and conduct." *Id.* at 5.

Defendants rely on the Court's December 2024 scheduling order, which set an early class certification deadline. ECF No. 194. But the Court entered that schedule before the Consolidated Class Action Complaint added approximately 20 Landlord Defendants. That deadline was set for the case as it then existed. The case has changed since.

Plaintiffs' schedule allows the parties to focus on completing that discovery before briefing class certification, while Defendants' proposal would require them to divide their attention between the two. Eleven months is a reasonable period for that discovery only if the parties are not also briefing class certification.

Second, Plaintiffs' interim deadlines are designed to keep discovery orderly and give both sides reasonable time to do their work. Substantial completion by day 165 would give Defendants roughly five and a half months to produce documents and leave Plaintiffs roughly six months to review the production, take depositions, and pursue follow-up discovery.

Defendants say they cannot agree to these deadlines without first seeing Plaintiffs' requests. Yardi has had Plaintiffs' transactional data requests since they were served before discovery was phased and the Landlord Defendants received Plaintiffs' revised requests on November 10, 2026. If Defendants object to their scope, the day-75 deadline brings those disputes to the Court early, when they can be resolved without moving the schedule. Defendants also say Phase Two must be "tailored" because Phase One issues have been "conclusively resolved in [their] favor." But Defendants previously defined Phase Two as "all other merits and class-related discovery," Dkt.

252 at 5, and the Court "expresse[d] no view on the ultimate merits of Yardi's arguments." Dkt. 582 at 6. Disputes over scope are what the day-75 deadline is for.

Third, under Defendants' schedule, Plaintiffs would move for class certification on a partial record and Defendants would oppose on the complete one. Class certification is sometimes briefed while fact discovery is still open. That can work when both sides brief on the same record and keep developing it together. That would not happen here. Most of this record does not yet exist. There has been no discovery from any of the Landlord Defendants. This is particularly important because Yardi has contended that "Lessor Defendants indeed use Revenue IQ in unique ways that preclude class certification." Dkt. 252 at 5 n.6. Plaintiffs disagree. But Yardi cannot make each Landlord Defendant's use of the software a class certification issue and then ask that the motion be filed before discovery for those defendants is complete.

Yet Defendants' schedule would have Plaintiffs move about two months before fact discovery closes. The Landlord Defendants would still be producing documents. Their witnesses would still be sitting for depositions. Defendants' opposition would be due the day discovery closes. Defendants say the overlap "allows [them] to take limited discovery in response to Plaintiffs' class certification motion." That is the asymmetry. Defendants would see Plaintiffs' brief and then keep taking fact discovery. Plaintiffs would see Defendants' opposition with discovery already closed. Plaintiffs' reply cannot fix that. A reply answers the opposition. It is not a second motion.

Plaintiffs' schedule separates those steps and allocates enough time to give the Parties a proper chance to develop the factual record for the benefit of the court. Class certification briefing begins 15 days after fact discovery closes, so both sides start from the same record. Opening merits reports follow 20 days after the class certification reply. Each step finishes before the next one starts.

Defendants object that Plaintiffs' sequence delays class certification by four months. When Defendants sought phased discovery, they told the Court that Plaintiffs had "erroneously claim[ed] that phased discovery will unduly delay class certification." Dkt. 252 at 2, 4. Phasing has since delayed class certification by more than eighteen months. Four more months is not an undue delay. It gives the parties time to develop the factual record, brief class certification on a shared, common record, and then proceed to the merits.

**IV. Conclusion**

The Court lifted the stay so that the record could be developed before Plaintiffs' claims are decided. Plaintiffs' schedule gives the remaining discovery the time it needs, sets deadlines that keep it moving, and puts class certification after the record is complete. Plaintiffs ask the Court to enter it, as set out in Exhibit A. Plaintiffs welcome a scheduling conference if it would assist the Court.

**EXHIBIT A: PLAINTIFFS' PROPOSED CASE MANAGEMENT AND DISCOVERY SCHEDULE**

* Example dates are adjusted for weekends and federal holidays.

| **Event** | **Proposed Deadline** | **Example Schedule: Case Schedule Entered November 17, 2026*** |
|---|---|---|
| Plaintiffs serve written discovery on Landlord Defendants[4] | 7 days after entry of case schedule | November 24, 2026 |
| Initial disclosures pursuant to FRCP 26(a)(1) and amended initial disclosures | 14 days after entry of case schedule | December 1, 2026 |
| Parties agree on scope of production or present disputes to the Court | 75 days after entry of case schedule | February 1, 2027 |
| Yardi completes production of transactional data | 90 days after entry of case schedule | February 16, 2027 |
| Defendants substantially complete production | 165 days after entry of case schedule | May 3, 2027 |
| Close of fact discovery | 360 days after entry of case schedule | November 12, 2027 |
| Plaintiffs file class certification motion and serve class certification expert disclosures and reports | 15 days after close of fact discovery | November 29, 2027 |
| Defendants file class certification opposition and serve class certification expert disclosures and reports | 75 days after close of fact discovery | January 26, 2028 |
| Plaintiffs file class certification reply | 120 days after close of fact discovery | March 13, 2028 |
| Parties serve opening merits expert disclosures and reports | 140 days after close of fact discovery | March 31, 2028 |
| Parties serve rebuttal merits expert disclosures and reports | 200 days after close of fact discovery | May 30, 2028 |
| Parties serve reply merits expert disclosures and reports | 245 days after close of fact discovery | July 14, 2028 |
| Close of all discovery | 260 days after close of fact discovery | July 31, 2028 |
| Parties file summary judgment motions | 260 days after close of fact discovery | July 31, 2028 |
| Parties file oppositions to summary judgment motions | 305 days after close of fact discovery | September 12, 2028 |
| Parties file replies in support of summary judgment motions | 335 days after close of fact discovery | October 12, 2028 |

[4] Plaintiffs served written discovery on the Landlord Defendants on November 10.

**Defendants' Proposed Schedule**

| Event | Proposed Deadline or Date | Example Schedule: Case Schedule Entered November 17, 2026 (dates falling on weekends or federal holidays adjusted to the next business day) |
|---|---|---|
| Plaintiffs serve written discovery on Landlord Defendants | 7 days after entrance of case schedule | November 24, 2026 |
| Initial Disclosures pursuant to FRCP 26(a)(1) and Amended Initial Disclosures | 30 days after entrance of case schedule | December 17, 2026 |
| Plaintiffs file class certification motion and serve class certification expert disclosures and reports | 263 days (~8.6 months) after entrance of case schedule | August 9, 2027 |
| Defendants file class certification opposition and serve class certification expert disclosures and reports | 323 days after entrance of case schedule | October 6, 2027 |
| Close of Fact Discovery | 323 days (~10.6 months) after entrance of case schedule | October 6, 2027 |
| Plaintiffs file class certification reply | 45 days after the close of fact discovery | November 22, 2027 |
| Parties serve opening merits expert disclosures and reports | 30 days after the close of fact discovery | November 5, 2027 |
| Parties serve rebuttal merits expert disclosures and reports | 90 days after the close of fact discovery | January 4, 2028 |
| Parties serve reply merits expert disclosures and reports | 111 days after the close of fact discovery | January 25, 2028 |
| Close of all discovery | 125 days after the close of fact discovery | February 8, 2028 |
| Parties file summary judgment motions | 171 days after the close of fact discovery | March 27, 2028 |
| Parties file oppositions to summary judgment motions | 231 days after the close of fact discovery | May 24, 2028 |
| Parties file replies in support of summary judgment motions | 261 days after the close of fact discovery | June 23, 2028 |

**Defendants' Position Statement**

Phase One was not "limited to a single defendant and a defined set of questions about how Yardi's software works," as Plaintiffs claim. Phase One discovery addressed (1) how Yardi's software—the purported hub of the algorithmic conspiracy Plaintiffs alleged—works, (2) how the Landlord Defendants used it, and (3) how the Landlord Defendants communicated with Yardi about it. In deferring review of Yardi's summary judgment motion, this Court acknowledged that Yardi has presented evidence "regarding individualized software configurations, client-selected reference rents, clients' ability to modify or reject pricing recommendations, and the absence of any direct use of one client's confidential information in calculating another client's pricing output." ECF No. 582 at 4–6. But that does not by any stretch put this case at square one for discovery. Rather, the Court found that discovery from the Landlord Defendants could bear on "landlord defendants' knowledge, understanding, communications, and conduct, including whether their use of Yardi's products and interactions with Yardi reflected independent decision-making or participation in the alleged concerted activity." *See id*. The limited scope of discovery that remains is potential evidence from Landlord Defendants on precisely those questions.[5]

As discussed in further detail below, Defendants' proposed schedule affords Plaintiffs a fair opportunity to pursue that evidence but does so efficiently and without the additional delay of roughly 3.5 months Plaintiffs propose. Plaintiffs' proposed interim document production deadlines are unworkable for purposes of this schedule because, while Plaintiffs served additional discovery yesterday, Defendants have not had any meaningful opportunity to fully consider their scope or propriety, other than to see that they are generally overbroad and unrestrained. Phase Two discovery should be tailored and focused on what remains; it should not provide an opportunity for Plaintiffs to (1) relitigate issues that Yardi respectfully submits have been conclusively resolved in Defendants' favor or (2) engage in fishing expeditions unrelated to the

[5] As the Court is aware, Phase Two discovery does not start on a blank slate, as Yardi has produced more than 210,000 custodial documents, massive amounts of source code and structured data, and over 14,500 notes documenting client calls between Yardi and Landlord Defendants.

allegations in the Consolidated Complaint. Given the Phase One record, as Yardi has already explained, further discovery cannot create any dispute as to the fact that Yardi's *software* does not take one client's confidential, non-public information and use it to recommend prices for any other client. Nor can further discovery manufacture any dispute as to whether Yardi's software restricts Revenue IQ clients from accepting, rejecting, or modifying their own calculated pricing outputs, which are in the first instance based on that client's own selected inputs. Plaintiffs' discovery should therefore be limited to the categories of information identified by this Court and should not attempt to rebut and relitigate the record on Phase One issues.[6]

I. Timing for Class Certification

Plaintiffs would begin class certification briefing only after fact discovery closes. That inverts the sequence in Defendants' proposal and in the Court's original scheduling order, which set class certification less than four months out from the entry of the case scheduling order. ECF No. 194 at 1. Defendants' proposal offers more than double that amount of time for Plaintiffs to move for class certification. Plaintiffs' proposal erases any efficiency—ignoring the extensive discovery they have already received—and instead proposes delaying class certification by at least four *additional* months, with cascading delays for the rest of the case schedule.[7] The Court should retain Defendants' proposed overlapping fact discovery/class certification schedule, which is consistent with the practice in the Western District of Washington, and which allows Defendants to take limited discovery in response to Plaintiffs' class certification motion, if needed.

---

[6] Defendants propose a schedule based on Plaintiffs' allegations in the Consolidated Class Action Complaint (ECF No. 226), which is the third complaint in this matter, has been the operative complaint since March 5, 2025, and was the basis for all of Phase One discovery and summary judgment briefing. Plaintiffs have suggested a potential intent to file a further consolidated complaint in this action, to which Defendants requested a proposed redline of any amended allegations. Plaintiffs declined to provide one. In any event, further substantive amendment would be entirely improper at this late stage.

[7] Plaintiffs' proposal extends fact discovery by roughly one month beyond what Defendants propose. While approximately eleven months of fact discovery is ample, especially given the discovery already produced here, the difference between these two positions would be workable were it not for the overall inefficiency and delay in Plaintiffs' staggered class certification proposal.

II. Fixed Production Deadlines Are Premature

The next disagreement between Plaintiffs and Defendants is that Plaintiffs propose fixed deadlines for Yardi's production of transactional data and substantial completion of all Defendants' document productions, even though the Parties have yet to establish the scope of the remaining discovery, even at a high level. Plaintiffs' subsequent suggestion that the Parties include a 75-day deadline to present discovery scope disputes to the Court acknowledges the problem but compounds it. In Plaintiffs' scenario, the Parties would present disputes to the Court on day 75, but Yardi must still complete its production of transactional data just 15 days thereafter, and Defendants collectively have only 90 days thereafter to substantially complete document production. That is unreasonable by any measure but is particularly so where Plaintiffs themselves describe the discovery that remains as "broader" than anything in Phase One. Plaintiffs cannot on the one hand claim that they need ample time to develop a factual record (a point Defendants strongly dispute, given the broad scope of Phase One discovery) while on the other demanding that Defendants meet unnecessarily stringent interim deadlines.

Relatedly, Plaintiffs appear to have ignored relevance, proportionality, or restraint in connection with the discovery served on Landlord Defendants just yesterday. A cursory review shows the opposite as Plaintiffs served 69 document requests on each Landlord Defendant.[8]

Defendants intend to produce appropriate discovery on a rolling basis, but Plaintiffs cannot be permitted to set hard deadlines without clarity on what Defendants will be required to produce, and with an apparent willingness to impose unreasonable and unduly burdensome discovery burdens on the Landlord Defendants.

---

[8] *See, e.g.*, RFP No. 14 (all communications with any other landlord and/or Yardi, regardless of the subject matter, and even extending to records like telephone bills and travel logs); RFP No. 33 (all documents and communications relating to competitive conditions in "any Multifamily Housing Market, however defined"); and RFP No. 55 (transaction-level data for all tenant payments, all payments to Yardi, and all costs incurred for each U.S. multifamily property owned or managed, without limitations to Revenue IQ use). Plaintiffs similarly suggest an intent to merely revive all of their existing transactional data requests to Yardi, again disregarding the massive amounts of data that Yardi already produced in Phase One.

Defendants' proposed approach is consistent with the Court's December 2024 scheduling order, which established a final discovery cutoff without imposing a separate substantial-completion deadline. ECF No. 194 at 1. That approach makes good sense here, where the Parties should first define the scope of discovery and then agree on a reasonable production timetable, as courts in this District contemplate. *See Walech v. Target Corp.*, 2012 WL 1068068, at *10 n.11 (W.D. Wash. Mar. 28, 2012) (directing parties to work together to establish a reasonable production schedule). If disputes arise, the Court can resolve them on a concrete record rather than impose deadlines now.

III. <u>Remaining Scheduling Disputes</u>

The Parties otherwise disagree on two narrow points:

*First,* merits expert reply reports. While the Parties agree to allow 60 days for expert rebuttal reports, Plaintiffs propose a further 45 days for expert reply reports, while Defendants propose 21. Plaintiffs' proposal does not properly account for the narrow scope of reply reports.

*Second,* the deadline for summary judgment. Plaintiffs propose filing summary judgment motions on the same day expert discovery closes, just 15 days after merits reply reports. Defendants' proposal provides a reasonable period of 14 more days to complete expert discovery, obtain and incorporate expert deposition transcripts, assess the full record, and prepare dispositive motions.

IV. <u>Conclusion</u>

Defendants respectfully request a live scheduling conference with the Court to address the Parties' remaining disagreements, including by Zoom should that be the Court's preference. Given the significance of these issues to the scope, cost, and duration of this litigation, Defendants believe an opportunity to address them directly with the Court would be productive. Defendants are prepared to proceed efficiently and request entry of a schedule that permits appropriately targeted discovery while moving this case toward resolution without unnecessary delay and additional burden on dozens of defendants, many of whom are quite small.

DATED: November 10, 2026

Respectfully submitted,

**DEBEVOISE & PLIMPTON LLP**

By: */s/ Abraham Tabaie*
Abraham Tabaie (*pro hac vice*)
David Sarratt (*pro hac vice*)
650 California Street
San Francisco, CA 94108
Telephone: (415) 738-5700
atabaie@debevoise.com
dsarratt@debevoise.com

Maura K. Monaghan (*pro hac vice*)
Michael Schaper (*pro hac vice*)
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000
mkmonaghan@debevoise.com
mschaper@debevoise.com

**MCNAUL EBEL NAWROT & HELGREN PLLC**
Claire Martirosian, WSBA No. 49528
600 University Street, Suite 2700
Seattle, WA 98101
Telephone: (206) 467-1816
cmartirosian@mcnaul.com

*Attorneys for Defendant*
YARDI SYSTEMS

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: */s/ Steve W. Berman*
Steve W. Berman (WSBA No. 12536)
Theodore J Wojcik (WSBA No. 55553)
Stephanie A Verdoia (WSBA No. 58636)
Xiaoyi Fan (WSBA No. 56703)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com
tedw@hbsslaw.com
stephaniev@hbsslaw.com
kellyf@hbsslaw.com

Rio S Pierce
715 Hearst Avenue, Suite 3000
Berkeley, CA 94710
Telephone: (510) 725-3000
riop@hbsslaw.com

*Attorneys for Plaintiffs*
MCKENNA DUFFY

**VINSON & ELKINS LLP**
By: /s/ Adam Hudes
Adam Hudes (*pro hac vice*)
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037
Phone: (202) 639-6632
Fax: (202) 879-8822
Email: ahudes@velaw.com

Nicole Castle (*pro hac vice*)
1114 Avenue of the Americas
32nd Floor
New York, NY 10036
Phone: (212) 237-0096
Email: ncastle@velaw.com

*Attorneys for Defendant RPM Living, LLC*

**VAN KAMPEN & CROWE PLLC**
By: /s/ Al Van Kampen
Al Van Kampen, WSBA No. 13670
AVanKampen@VKClaw.com
P.O. Box 33632
Seattle, Washington 98133

**VINSON & ELKINS LLP**
By: /s/ Michael W. Scarborough
Michael W. Scarborough
(admitted pro hac vice)
mscarborough@velaw.com
Dylan I. Ballard (admitted pro hac vice)
dballard@velaw.com
M. Kevin Costello (admitted pro hac vice)
kcostello@velaw.com
Madison Lo (admitted pro hac vice)
mlo@velaw.com

555 Mission Street, Suite 2000
San Francisco, CA 94105
Telephone: (415) 979-6900
Stephen Medlock (admitted pro hac vice)
2200 Pennsylvania Avenue NW, Suite 500
Washington, DC 20037
Telephone: (202) 639-6500
Email: smedlock@velaw.com

Mackenzie Newman (admitted pro hac vice)
1114 Avenue of the Americas
32nd Floor
New York, NY 10036
Telephone: (212) 237-0000
Email: mnewman@velaw.com

*Attorneys for Defendant Bridge Property Management, L.C.*

**CARRUTHERS & ROTH, P.A.**

By: /s/ Robert N. Young
Robert N. Young NCSB #35679
Mike J. Allen NCSB #18030
*Admitted Pro Hac Vice*
235 N. Edgeworth Street
Greensboro, NC 27401
Phone: (336) 379-8651
Fax: (336) 478-117
rny@crlaw.com
mja@crlaw.com

*Counsel for Defendant Ardmore Residential, Inc.*

**PREG O'DONNELL & GILLETT PLLC**

Bennett J. Hansen, WSBA #24205
Daniel Rankin, WSBA #49673
401 Union Street, Suite 1900
Seattle, WA 98101-2668
bhansen@pregodonnell.com
drankin@pregodonnell.com

*Local Counsel for Defendant Ardmore Residential, Inc.*

**FREY BUCK**
By: /s/ *Joseph A. Toups*
Daniel A. Brown, WSBA #22028
Joseph A. Toups, WSBA #57024
1200 Sixth Avenue, Ste. 850
Telephone: (206) 486-8000
Fax: (206) 902-9660
dbrown@freybuck.com
jtoups@freybuck.com

*Attorneys for Defendant HNN ASSOCIATES, LLC*

By: /s/ *Brittney S. Rivers*

**DICKINSON WRIGHT PLLC**
Brittney S. Rivers, WSBA # 54068
BRivers@DWlaw.com
920 Fifth Avenue, Suite 3400
Seattle, Washington 98104
Tel: (206) 386-5900

**BAKER BOTTS LLP**
Danny David (admitted pro hac)
danny.david@bakerbotts.com
BAKER BOTTS L.L.P.
910 Louisiana Street
Houston, TX 77002
Telephone: (713) 229-4055

James Kress (admitted pro hac)
james.kress@bakerbotts.com
BAKER BOTTS L.L.P.
700 K. Street, NW
Washington, DC 20001
Telephone: (202) 639-7884

*Counsel for Defendant Avenue5 Residential, LLC*

*By: /s/ Kevin Flannery*
Kevin Flannery, WSBA No. 54890
Elizabeth B. Kinsman, WSBA No. 58063
Keith Ketterling (pro hac vice)
209 SW Oak St., Suite 500
Portland, OR 97204
Phone: (503) 227-1600
Fax: (503) 227-6840
Email:kflannery@stollberne.com
ekinsman@stollberne.com
kketterling@stollberne.com

*Attorneys for Defendant Guardian Management, LLC*

**STOKES LAWRENCE, P.S.**

*By: /s/ Valerie Walker*

Mathew Harrington (WSBA #33276)
Valerie Walker (WSBA #52584)
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101-2393
Telephone: (206) 626-6000
Fax: (206) 464-1496
Mathew.Harrington@stokeslaw.com
Valerie.Walker@stokeslaw.com

**SPENCER FANE LLP**

Shelby B Menard (pro hac vice)
5700 Granite Pkwy, Suite 650
Plano, TX 75024
Telephone: 972-324-0352
Fax: 972-324-0301
smenard@spencerfane.com

Donald Heeman (pro hac vice)
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
Telephone : 612-268-7006
dheeman@spencerfane.com

*Attorneys for Defendant, MANCO ABBOTT, INC.*

**DLA PIPER LLP (US)**

*/s/ Anthony Todaro*
Anthony Todaro, WSBA No. 30391
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
Tel: (206) 839-4800
Fax:(206) 839-4801
E-mail: anthony.todaro@us.dlapiper.com

Gregory J. Casas, *Admitted Pro Hac Vice*
Emily Willis Collins, *Admitted Pro Hac Vice*
303 Colorado Street, Suite 3000
Austin, Texas 78701
Tel: (512) 457-7290
Fax: (512) 721-2390
E-mail: greg.casas@us.dlapiper.com
E-mail: emily.collins@us.dlapiper.com

AND

Becky L. Caruso, *Admitted Pro Hac Vice*
51 John F. Kennedy Parkway, Suite 120
Short Hills, NJ 07078-2704
Tel: (973) 520-2550
Fax: (973) 520-2551
E-mail: becky.caruso@us.dlapiper.com

*Counsel for Defendant Willow Bridge Property Company*

s/ *Brian S. Epley*
Brian S. Epley, WSBA No. 48412
Jon W. Monson, WSBA No. 43912
1455 SW Broadway, Suite 1500
Portland, OR, 97201-3412
Tele: (503) 224-3092
Email: bepley@cablehuston.com
Email: jmonson@cablehuston.com

*Attorneys for Defendant Dalton Management, Inc.*

**BERESFORD BOOTH**
*/s/ Caleb J. Tingstad*
Caleb J. Tingstad
145 Third Avenue South
Edmonds, WA 98020
(425) 776-4100
calebt@beresfordlaw.com

*Attorney for Defendants Goodman Real Estate, Inc. and GRE Management, LLC*

**FRESHFIELDS US LLP**

*/s/ Heather P. Lamberg*
Heather P. Lamberg, *Pro Hac Vice*
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4797
Email: heather.lamberg@freshfields.com

*Attorney for Defendant Goodman Real Estate, Inc.*

**BERESFORD BOOTH PLLC**
*/s/ Todd J. Cook*
Todd J. Cook, WSBA No. 44729
Caleb J. Tingstad, WSBA No. 59883
145 Third Avenue South
Edmonds, WA 98020
(425) 776-4100
toddc@beresfordlaw.com
calebt@beresfordlaw.com

**STEVENS & LEE, P.C.**
Joseph E. Wolfson (pro hac vice)
Michael A. Cedrone (pro hac vice)
1500 Market Street
East Tower, 18th Floor
Philadelphia, PA 19102
(215) 751-1249
joseph.wolfson@stevenslee.com
michael.cedrone@stevenslee.com

*Attorneys for Defendant KRE Group, Inc.*

**MORGAN, LEWIS & BOCKIUS LLP**
By: *s/ Molly A. Terwilliger*
Molly A. Terwilliger, WSBA #28449
Amy P. Taylor, WSBA # 53644
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email:molly.terwilliger@morganlewis.com
amy.taylor@morganlewis.com

-and-

**DAVIS POLK & WARDWELL LLP**

Arthur J. Burke, *Pro Hac Vice*
Gregory S. Morrison, *Pro Hac Vice*
450 Lexington Avenue
New York, NY 10017
Phone: (212) 450-4000
Email: arthur.burke@davispolk.com
Email: gregory.morrison@davispolk.com

*Attorneys for Defendant Sentinel Real Estate Corporation*

**K&L GATES LLP**

By: *s/ Tyler K. Lichter*
Tyler K. Lichter, WSBA # 51090
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Phone: (206) 623-7580
Fax: (206) 623-7022
Email: tyler.lichter@klgates.com

Lauren Norris Donahue (*pro hac vice*)
70 W. Madison St., Suite 3300
Chicago, IL 60602
Phone: (312) 372-1121
Fax: (312) 827-8000
Email: lauren.donahue@klgates.com

Derek Sutton (*pro hac vice*)
301 Hillsborough St., Suite 1200
Raleigh, NC 27603
Phone: (919) 743-7331
Fax: (919) 516-2122
Email: derek.sutton@klgates.com

*Attorneys for Defendant R.D. Merrill Real Estate Holdings, LLC*

**FENWICK & WEST LLP**
*/s/ Jessica M. Kaempf*
Jessica M. Kaempf, WSBA No.: 51666
Monica Chan, WSBA No.: 58900
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206-389-4510
Facsimile: 206-389-4511
Email: jkaempf@fenwick.com
mchan@fenwick.com

**HONIGMAN LLP**
*/s/ David A. Ettinger*
David A. Ettinger, (admitted *Pro Hac Vice*)

2290 First National Building
660 Woodward Ave.
Detroit, MI 48226
Telephone: 313-465-7368
Facsimile: 313-465-7369
E mail: dettinger@honigman.com

*Attorneys for Defendant Edward Rose & Sons*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
By: s/ Ke Zhu
Ke Zhu (WSBA No. 61761)
ke.zhu@orrick.com
401 Union Street, Suite 3300
Seattle, WA 98101-2668
Telephone: +1 206 839 4300
Facsimile: +1 206 839 4301

By: /s/ Boris Bershteyn
Boris Bershteyn (admitted pro hac vice)

By: /s/Karen Hoffman Lent
Karen Hoffman Lent (admitted pro hac vice)

By: /s/Evan R. Kreiner
Evan R. Kreiner (admitted pro hac vice)

By: /s/Sam Auld
Sam Auld (admitted pro hac vice)

By: /s/Adam Kochman
Adam Kochman (admitted pro hac vice)

**SKADDEN ARPS SLATE MEAGHER & FLOM LLP**
One Manhattan West
395 9th Avenue
New York, New York 10001
(212) 735-3000
boris.bershteyn@skadden.com
karen.lent@skadden.com
evan.kreiner@skadden.com
sam.auld@skadden.com
adam.kochman@skadden.com

*Attorneys for Defendant Greystar Management Services, LLC*

**CORR CRONIN LLP**
By: /s/ Eric A. Lindberg
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
Phone: (206) 625-8600
Fax: (206) 625-0900
Email: elindberg@corrcronin.com

**WILLIAMS MULLEN**

James M. Burns (pro hac admission granted)
8350 Broad Street, Suite 1600
Tysons, VA 22102
Phone: (703) 760-5223
Fax: (703) 748-0244
Email: jmburns@williamsmullen.com

*Counsel for Defendant Oakland Management Corp., d/b/a Beztak Management Company*

**ARETE LAW GROUP PLLC**

By: /s/ Jeremy Roller
Jeremy E. Roller, WSBA No. 32021
Lisa M. Herb, WSBA No. 23161
600 University Street, Suite 2420
Seattle, WA 98101
Phone: (206) 428-3250
Fax: (206) 428-3251
jroller@aretelaw.com
lherb@aretelaw.com

*Attorneys for Defendant Affinity Property Management, LLC*

**ARETE LAW GROUP PLLC**

By: /s/ Jeremy Roller
Jeremy E. Roller, WSBA No. 32021
Lisa M. Herb, WSBA No. 23161
600 University Street, Suite 2420
Seattle, WA 98101
Phone: (206) 428-3250
Fax: (206) 428-3251
jroller@aretelaw.com
lherb@aretelaw.com

*Attorneys for Defendant Balaciano Group*

**HALL GRIFFIN LLP**

/s/ Kasandra Goldberg
Michael J. Pepek, Pro Hac Vice
Jeremy T. Katz, Pro Hac Vice
Kasandra C. Goldberg, Pro Hac Vice

1851 East First Street, 10th Floor
Santa Ana, California 92705-4052
Phone: (714) 918-7000
Fax: (714) 918-6996
mpepek@hallgriffin.com
jkatz@hallgriffin.com
kgoldberg@hallgriffin.com

*Attorneys for Defendant,* *Western National Securities d/b/a Western National Property Management*

SNELL & WILMER
Mallory L. B. Satre, (SBN 50194)
Snell & Wilmer
600 University Street, Suite 310
Seattle, WA 98101
Phone: (206) 741-1408
msatre@swlaw.com

Clifford S. Davidson, (SBN 48313)
Snell & Wilmer
601 SW Second Avenue, Suite 2000
Portland, OR 97204
Phone: (503) 443-6099
(425) 748-5055
csdavidson@swlaw.com

*Local counsel for Defendant, Western National Securities d/b/a Western National Property Management*

**FREEMAN MATHIS & GARY, LLP**

By: */s/ Paul S. Smith*
Paul S. Smith, WSBA #28099
701 Fifth Ave., 42nd Floor
Seattle, WA 98104
Email: Paul.Smith@fmglaw.com

Scott Eric Anderson*
Email: scott.anderson@fmglaw.com
Cameron N. Regnery*
Email: cameron.regnery@fmglaw.com
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339

*Attorneys for Defendant RAM Partners, LLC*
(** previously admitted pro hac vice for other named defendant in this action*)

**FOGARTY LAW GROUP PLLC**
By: */s/ Paul E. Fogarty*
Paul E. Fogarty (WSBA # 26929)
Securities Building
1904 Third Ave., Suite 933
Seattle WA 98154
Tel.: (206) 441-0172
pfogarty@fogartylawgroup.com

-and-

**NORTON ROSE FULBRIGHT US LLP**

Eliot Turner*
NORTON ROSE FULBRIGHT US LLP
1550 Lamar, Suite 2000
Houston, TX 77010-3095
Tel.: (713) 651-5151
eliot.turner@nortonrosefulbright.com

Michael Swartzendruber*
2200 Ross Ave., Suite 3600
Dallas, Texas 7520-7932
Tel: (214) 855-8000
Michael.swartzendruber@nortonrosefulbright.com

**Admitted pro hac vice*

*Attorneys for Defendant Creekwood Property Corporation d/b/a Tonti Properties*

**GORDON REES SCULLY MANSUKHANI, LLP**

/s/*Todd A. Bowers*
Todd A. Bowers, WSBA #24638
Gordon Rees Scully Mansukhani, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5197
Fax: (206) 689-2822
Email: tbowers@grsm.com

*Attorney for Defendant Summit Management Services, Inc.*

**BRADLEY BERNSTEIN SANDS LLP**

*/s/ Heidi B. Bradley*
Heidi B. Bradley (WSBA No. 35759)
2800 First Avenue, Suite 326
Seattle, WA 98121
Telephone: (206) 337-6551
Email: hbradley@bradleybernstein.com

*/s/ Darin M. Sands*
Darin M. Sands (WSBA No. 35865)
1211 NW Glisan St. Suite 204
Portland, OR 97209
Telephone: (503)734-2480
Email: dsands@bradleybernstein.com

*Attorneys for Defendant Morguard Management Company Inc.*

**BENNETT BIGELOW & LEEDOM, P.S.**

By: */s/ Michael Madden*
Michael Madden, WSBA No. 8747
David M. Norman, WSBA No. 40564
601 Union Street, Suite 1500
Seattle, WA 98101-1363
Telephone: (206) 622-5511
Fax: (206) 622-8986
Email: mmadden@bbllaw.com
dnorman@bbllaw.com

**HOGAN LOVELLS CADWALADER US LLP**

Michael M. Maddigan, *pro hac vice*
Joseph R. O'Connor, *pro hac vice*
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
Fax: (310) 785-4601
Email: michael.maddigan@hoganlovells.com
joe.oconnor@hoganlovells.com

*Attorneys for Defendant A.J. Dwoskin & Associates*

**BARNES & THORNBURG, LLP**

By:*/s/ Eric Fisher*
Eric Fisher (WSBA No. 49443)
2029 Century Park East, Suite 300
Los Angeles, CA 90067
Tel: 310-284-3880
Fax: 310-284-3894
Email: efisher@btlaw.com

*Attorneys for PRG Real Estate Management, Inc.*

**SUMMIT LAW GROUP, PLLC**

By *s/ Christopher T. Wion*
Christopher T. Wion, WSBA No. 33207
Molly J. Gibbons, WSBA No. 58357
315 Fifth Avenue S., Suite 1000
Seattle, WA 98104
Telephone: (206) 676-7000
chrisw@summitlaw.com
mollyg@summitlaw.com

**BELL NUNNALLY & MARTIN LLP**

David A. Walton (*pro hac vice*)
John F. Guild (*pro hac vice*)
Troy L. Hales (*pro hac vice*)
Bell Nunnally & Martin LLP
2323 Ross Avenue, Suite 1900
Dallas, Texas 75201
Tel. (214) 740-1445
Fax (214) 740-5745
dwalton@bellnunnally.com
jguild@bellnunnally.com
thales@bellnunnally.com

*Attorneys for Defendant Asset Living LLC*