UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| *In re YARDI REVENUE MANAGEMENT ANTITRUST LITIGATION.* | CASE NO. 2:23-cv-01391-RSL |
| MCKENNA DUFFY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YARDI SYSTEMS, INC., *et al.*,<br><br>Defendants. | ORDER SETTING CASE MANAGEMENT SCHEDULE |

Having reviewed the parties' Joint Case Management Statement (Dkt. 593) and the remaining record, the Court enters the following case management schedule.

In its prior order terminating phased discovery, the Court concluded that resolution of plaintiffs' claims required further development of the factual record, including evidence concerning the landlord defendants' knowledge, communications, and conduct. Dkt. 582. The parties now disagree primarily about the timing of class certification relative to fact discovery and whether interim document production deadlines should be imposed.

The Court concludes that plaintiffs' proposed sequencing is appropriate under the circumstances of this case. Although class certification may ordinarily be addressed before fact discovery closes, the outstanding discovery concerning the landlord defendants is potentially relevant to class certification, including whether differences in their use of Yardi's software preclude certification. Requiring plaintiffs to move for class certification before that discovery is complete would be premature. The Court therefore adopts plaintiffs' proposal to complete fact discovery before briefing class certification, followed by merits expert discovery and dispositive motions.

The Court also agrees that interim discovery deadlines are appropriate. Given the number of defendants and the volume of anticipated discovery, establishing only a final discovery cutoff risks leaving insufficient time to review documents, conduct depositions, and address disputes arising from the productions. Nevertheless, defendants raise legitimate concerns about establishing firm production deadlines before the scope of the remaining discovery has been determined. The Court has therefore adjusted plaintiffs' proposed deadlines to allow additional time for the parties to resolve those issues and complete production.

The parties are expected to cooperate in defining the scope of discovery and completing their obligations efficiently. Nothing in this Order resolves any dispute concerning the relevance or proportionality of particular discovery requests, nor does it limit discovery based on defendants' characterization of the evidence developed during

Phase One. Such disputes, if they cannot be resolved through the parties' good-faith efforts, shall be presented to the Court in accordance with the applicable rules.

Accordingly, the Court ORDERS as follows.

**Case Management Schedule**

The following deadlines are established:

- Initial and amended Rule 26(a)(1) disclosures: December 21, 2026;
- Parties resolve disputes concerning the scope of document production or identify unresolved disputes for the Court: February 3, 2027;
- Yardi substantially completes production of transactional data: April 5, 2027;
- Defendants substantially complete document production: May 19, 2027;
- Close of fact discovery: November 15, 2027;
- Plaintiffs file class certification motion and serve supporting expert disclosures and reports: December 15, 2027;
- Defendants file class certification opposition and serve supporting expert disclosures and reports: February 14, 2028;
- Plaintiffs file class certification reply: March 29, 2028;
- Parties serve opening merits expert disclosures and reports: April 28, 2028;
- Parties serve rebuttal merits expert disclosures and reports: June 27, 2028;
- Parties serve reply merits expert disclosures and reports: July 27, 2028;
- Close of expert discovery: August 28, 2028;
- Summary judgment motions: September 25, 2028;

- Responses to summary judgment motions: November 9, 2028; and
- Replies in support of summary judgment motions: December 11, 2028.

The parties shall promptly meet and confer regarding the scope and timing of outstanding document productions. No later than February 3, 2027, they shall file a joint status report identifying any unresolved disputes concerning the scope of production and proposing a procedure for their prompt resolution. Discovery shall proceed on all matters not subject to a genuine dispute.

The interim production deadlines shall apply to discovery within the scope agreed upon by the parties or ordered by the Court. The parties shall produce responsive, nonprivileged materials on a rolling basis and shall not defer production until the applicable deadline. Any request to modify a production deadline must be supported by good cause.

**Proposed Amendment of the Complaint**

Plaintiffs indicate that they intend to seek leave to amend the operative complaint to add additional landlord defendants identified through discovery. Any motion for leave to amend shall be filed by December 20, 2026. If leave to amend is granted, the parties shall meet and confer and, within fourteen (14) days of the order granting leave, submit a joint status report identifying any modifications to the case management schedule necessitated by the amendment. The existing deadlines shall remain in effect unless otherwise ordered by the Court.

**Modification of Deadlines**

The Court recognizes that the complexity of this litigation, the number of parties, and the pending question of amendment may require adjustments to the schedule as discovery progresses. Nevertheless, the parties are expected to comply with the deadlines established herein. Any request for modification must be supported by good cause under Federal Rule of Civil Procedure 16(b)(4).

The Court will consider whether adjustments to the merits expert discovery and dispositive motion deadlines are warranted following resolution of class certification. In the meantime, all deadlines remain in effect unless modified by further order.

DATED this 20th day of November 2026.

Robert S. Lasnik
United States District Judge